# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

ROBERT FRAZIER, *et al.*, individually and on behalf of a class of similarly situated persons,

*Plaintiffs-Appellants*

*v.*

PRINCE GEORGE'S COUNTY, MARYLAND, *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
For the District of Maryland, Case No. 8:22-cv-01768

## JOINT APPENDIX
## VOLUME I of IV (JA1–527)

Jeremy D. Cutting
Sumayya Saleh
Jeffrey D. Stein
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
cody@civilrightscorps.org

Elizabeth R. Cruikshank
Mary B. McCord
William Powell
Seth Wayne
INSTITUTE FOR CONSTITUTIONAL
   ADVOCACY AND PROTECTION
GEORGETOWN UNIVERSITY
   LAW CENTER
600 New Jersey Ave. NW
Washington, D.C. 20001
erc56@georgetown.edu

*Counsel for Plaintiffs-Appellants*

Shelley L. Johnson
Andrew J. Murray
PRINCE GEORGE'S COUNTY
   OFFICE OF LAW
1301 McCormick Dr., Suite 4100
Largo, Maryland 20774
sljohnson@co.pg.md.us

*Counsel for County-Appellees*

Kathryn Elizabeth Hummel
Kevin M. Cox
James O. Spiker IV
OFFICE OF THE ATTORNEY
   GENERAL OF MARYLAND
200 St Paul Pl., 20th Floor
Baltimore, MD 21202
khummel@oag.state.md.us

*Counsel for Judge-Appellees*

(listing of counsel continued on next page)

Howard M. Shapiro
Matthew T. Martens
Sonika Data
Britany Riley-Swanbeck
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
howard.shapiro@wilmerhale.com

Robert L. Boone
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
robert.boone@wilmerhale.com

*Additional counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

## Volume I

Page

Docket Entries re Case No. 8:22-cv-01768.............................................................JA1

Doc. 1: Complaint, filed July 19, 2022.................................................................JA20

Exhibits to Plaintiffs' Motion for Preliminary Injunction, filed July 19, 2022

    Doc. 2-4: Declaration of Peter Im ................................................ JA70
    Doc. 2-5: Declaration of Allison Heldreth ................................... JA82
    Doc. 2-6: Case Documents of Leslie Sharp .................................. JA94
    Doc. 2-11: Declaration of Christina Meiring.............................. JA111
    Doc. 2-15: Pretrial Division Response to Maryland Public
        Information Act Request (May 2022) ................................ JA119
    Doc. 2-16: Pretrial Division Response to Maryland Public
        Information Act Request (March 2021).............................. JA130
    Doc. 2-22: Declaration of Jeffrey Campbell and Exhibit A .................... JA141
    Doc. 2-23: Declaration of Brandon Ruben and Exhibit A ...................... JA162
    Doc. 2-24: Declaration of Maria Hughes..................................... JA177
    Doc. 2-25: Declaration of Claire Glenn (2022) .......................... JA181
    Doc. 2-31: Declaration of Miramba Williams .............................. JA190
    Doc. 2-33: Declaration of Claire Glenn (2020) .......................... JA193
    Doc. 2-35: Case Documents of Donnell Davis .......................... JA197
    Doc. 2-36: Case Documents of Robert Frazier .......................... JA213
    Doc. 2-38: Case Documents of Anibal Hernandez ................... JA224
    Doc. 2-39: Declaration of Christopher Butler............................. JA226
    Doc. 2-43: Declaration of Allie Horwitz...................................... JA228
    Doc. 2-48: Declaration of Elmer Laguan-Salinas ..................... JA233
    Doc. 2-49: Declaration of Adrienne Worthington ..................... JA248

Doc. 59: County Defendants' Notice Regarding Named Plaintiffs,
    filed August 3, 2022 ...........................................................................JA256

    Doc. 59-1: Robert Frazier Court Records ................................... JA264
    Doc. 59-2: Anibal Hernandez Court Records ............................ JA274
    Doc. 59-3: D.P. Court Records .................................................... JA284
    Doc. 59-4: Christopher Butler Court Records ........................... JA293
    Doc. 59-5: Miramba Williams Court Records ........................... JA296
    Doc. 59-6: Donnell Davis Court Records ................................... JA307

i

Doc. 59-7: Leslie Sharp Court Records ..................................................JA317

Doc. 59-8: Elmer Laguan-Salinas Court Records....................................JA334

Doc. 59-9: Adrienne Worthington Court Records ...................................JA352

Doc. 60: County Defendants' Corrected Notice Regarding Named Plaintiffs,
    filed August 4, 2022 ....................................................................................JA370

Exhibits to Defendants' Motion to Dismiss and Opposition to Motion for Preliminary
    Injunction, filed September 26, 2022

    Doc. 64-1: County Defendants' Memorandum of Law in Support .........JA378

    Doc. 64-2: Affidavit of Jeffery Logan .....................................................JA415

    Doc. 64-3: Pretrial PowerPoint ...............................................................JA420

    Doc. 64-4: Levels of Pretrial Supervision ...............................................JA428

    Doc. 64-5: Pretrial Policy Manual ...........................................................JA437

    Doc. 64-6: Notification to Court .............................................................JA458

Doc. 65: Affidavit of Corenne Labbé...............................................................JA461

Doc. 66: Judge Defendants' Motion to Dismiss..............................................JA463

    Doc. 66-3: Plaintiffs' Status – Summary Chart ......................................JA465

    Doc. 66-4: Affidavit of Jeffrey Logan .....................................................JA467

    Doc. 66-5: Robert Frazier's Case Docket (District Court) ......................JA473

    Doc. 66-6: Robert Frazier's Case Docket (Circuit Court) .......................JA475

    Doc. 66-7: Anibal Hernandez's Case Docket (District Court) ................JA479

    Doc. 66-8: Christopher Butler's Case Docket (District Court)................JA482

    Doc. 66-9: Christopher Butler's Case Docket (Circuit Court)................JA485

    Doc. 66-10: Miramba Williams's Case Docket (District Court) .............JA491

    Doc. 66-11: Elmer Laguan-Salinas's Case Docket (District Court).........JA494

    Doc. 66-12: Elmer Laguan-Salinas's Case Docket (Circuit Court)..........JA497

    Doc. 66-13: Transcript, Telephone Conference,
        August 17, 2022 (excerpts) ................................................................JA501

Exhibit to County Defendants' Supplement to their Motion to Dismiss,
    filed October 7, 2022

    Doc. 69-1: Affidavit of Guy Merritt........................................................JA517

Exhibits to Judge Defendants' Supplement to their Motion to Dismiss,
    filed October 7, 2022

Doc. 70-1: Affidavit of Guy Merritt.............................................JA518

Doc. 70-2: Plaintiffs' Status – Summary Chart ........................JA520

Exhibit to Plaintiffs' Reply in Support of Their Motion for Preliminary Injunction, filed October 10, 2022

Doc. 72-4: D. Owens Declaration ............................................JA522

Doc. 80: Order Granting Motion to Dismiss for Lack of Jurisdiction, filed October 25, 2022 ......................................................................JA526

## Volume II

Exhibits to Plaintiffs' Notice of Filing Court Records, filed November 24, 2022

Doc. 83-1: Robert Frazier Court Records ................................JA528

Doc. 83-2: Anibal Hernandez Court Records ..........................JA600

Doc. 83-4: Christopher Butler Court Records ..........................JA616

Doc. 83-5: Miramba Williams Court Records ..........................JA721

Doc. 83-6: Elmer Laguan-Salinas Court Records ....................JA728

Doc. 83-7: Donnell Davis Court Records ................................JA754

Doc. 83-8: Leslie Sharp Court Records ...................................JA769

Doc. 83-9: Adrienne Worthington Court Records ...................JA782

Doc. 85: Plaintiffs' Supplemental Notice of Filing Court Records, filed December 16, 2022..............................................................JA805

Doc. 85-1: Robert Frazier Supplemental Case Documents ......JA818

Doc. 85-2: Anibal Hernandez Supplemental Case Documents .............JA823

Doc. 85-3: Miramba Williams Supplemental Case Documents ..............JA894

Doc. 85-4: Elmer Laguan-Salinas Supplemental Case Documents..........JA927

Doc. 85-5: Donnell Davis Supplemental Case Documents ......JA985

Doc. 85-6: Leslie Sharp Supplemental Case Documents ......JA1017

Doc. 85-7: Adrienne Worthington Supplemental Case Documents .......JA1043

Doc. 87: Plaintiffs' Second Supplemental Notice of Filing Court Records and Response to Defendants' Letter, filed January 12, 2023 .....................JA1082

Doc. 87-3: Christopher Butler Hearing Transcript, October 28, 2021 ..............................................................JA1141

Doc. 87-4: Leslie Sharp Hearing Transcript, June 14, 2021 ..................JA1167

Doc. 90: Memorandum Opinion on Defendants' Motions to Dismiss ............JA1184

Doc. 91: Order on Defendants' Motions to Dismiss .......................................JA1209

## Volume III

Doc. 92: Plaintiffs' Third Supplemental Notice of Filing Court Record, filed
    February 1, 2023 .......................................................................................JA1211

        Doc. 92-1: Christopher Butler Supplemental Case Documents..............JA1223
        Doc. 92-2: Robert Frazier Transcript of Hearing, May 31, 2022 ..........JA1228

Doc. 97-2: Plaintiffs' Motion for Reconsideration Under Rule 54(b) .............JA1291

Exhibits to Judge Defendants' Motion for Clarification and Reconsideration, filed
    February 21, 2023

        Doc. 98-1: Plaintiffs' Status Updates......................................................JA1293
        Doc. 98-2: Miramba Williams's Case Docket (Circuit Court) ...............JA1294
        Doc. 98-3: Christopher Butler Trial Assignment....................................JA1298
        Doc. 98-4: Miramba Williams Bail Order ..............................................JA1300

Doc. 104: Order Regarding Class Certification, Motions for Reconsideration,
    Motion for Preliminary Injunction, filed March 3, 2023 ...........................JA1301

Doc. 108: Order Denying Motion for Preliminary Injunction,
    filed March 14, 2023....................................................................................JA1303

Exhibit to Judge Defendants' Reply in Support of Motion for Clarification and
    Reconsideration, filed March 27, 2023

        Doc. 112-1: Plaintiffs' Status Updates....................................................JA1304

Doc. 118: Correspondence re: Letter to Hon. Peter J. Messitte,
    filed April 7, 2023, with Attachments A & B .............................................JA1307

Exhibit to County's Status Report, filed April 28, 2023

Doc. 124-1: Revised Pretrial Release Level 4 SOP ...............................JA1312

Doc. 124-2: Pretrial Release Document..................................................JA1326

Doc. 124-3: Response to Appendix A Questions....................................JA1330

Doc. 128: Memorandum Opinion on Motions for Reconsideration ...............JA1333

Doc. 129: Order on Motions for Reconsideration ...............................JA1344

Doc. 137: Memorandum Order ......................................................JA1346

Doc. 143: Memorandum Opinion Denying Plaintiff's Motion for
  Partial Judgment or for Certification or Partial Appeal .............................JA1347

Doc. 144: Order Denying Plaintiff's Motion for Partial Judgment
  or for Certification or Partial Appeal .......................................................JA1352

Doc. 147: Judge Defendants' Notice, excerpts .................................JA1354

Doc. 149: Scheduling Order ........................................................JA1358

Doc. 151: County Defendant's Answer..............................................JA1363

Doc. 153: Judge Defendants' Answer, excerpts..................................JA1381

Doc. 156: Memorandum Opinion Denying Plaintiffs' Motion
  for Preliminary Injunction, filed November 22, 2023 .................................JA1385

Doc. 157: Order Denying Plaintiffs' Motion for Preliminary Injunction
  and Setting Hearing ....................................................................JA1395

Doc. 170-1: Transcript of Status Conference Held on 12/20/23 ......................JA1396

Doc. 173: County Defendant's Motion for Judgment on the Pleadings ...........JA1421

Doc. 173-1: Memorandum of Law in Support.......................................JA1423

Doc. 174: Judge Defendants' Motion for Judgment on the Pleadings..............JA1435

Doc. 174-1: Memorandum of Law in Support.......................................JA1437

Doc. 175: Judge Defendants' Motion to Quash ................................................JA1456

Doc. 180: Order Granting Motion to Stay Discovery ......................................JA1458

Exhibit to County Defendant's Notice, filed January 30, 2024

     Doc. 183-1: Butler Sentencing Docs.......................................................JA1460

Doc. 184: Memorandum Regarding Deadlines ................................................JA1462

Doc. 185: Plaintiffs' Opposition to Judges' Motion to Quash .........................JA1463

     Doc. 185-1: Plaintiffs' First Interrogatories to Judge Defendants ..........JA1489

Doc. 211: Memorandum Opinion Granting Motion to Quash and Motions for
     Judgment on the Pleadings ..........................................................................JA1498

Doc. 212: Order Granting Motion to Quash and Motions for
     Judgment on the Pleadings ..........................................................................JA1537

Doc. 213: Notice of Appeal ............................................................................JA1539

## Volume IV—Sealed

Exhibit to Plaintiffs' Notice of Filing Court Records, filed November 24, 2022

     Doc. 84: D.P. Court Records [FILED UNDER SEAL] .........................JA1541

# U.S. District Court
## District of Maryland (Greenbelt)
## CIVIL DOCKET FOR CASE #: 8:22-cv-01768-PJM

Butler et al v. Prince Georges County, Maryland et al

Assigned to: Judge Peter J. Messitte

Case in other court:  USCA, 23-06359

USCA, 24-01380

Cause: 42:1983pr Prisoner Civil Rights

Date Filed: 07/19/2022

Date Terminated: 03/29/2024

Jury Demand: Plaintiff

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2022 | 1 | COMPLAINT *and Demand for Jury Trial* against Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Kenneth Gray, Robert Heffron Jr., Corenne Labbe, Tanya Law, Donnaka Lewis, Jeffrey Logan, Gregory Powell, Prince Georges County, Maryland, Cathy Serrette, Stacey Cobb Smith ( Filing fee $ 402 receipt number AMDDC-10057297.), filed by Leslie Sharp, Anibal Hernandez, Robert Frazier, Donnell Davis, D.P., Adrienne Worthington, Elmer Laguan-Salinas, Christopher Butler, Miramba Williams. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Summons - Clark-Edwards, # 4 Summons - Denton, # 5 Summons - Bereano, # 6 Summons - Serrette, # 7 Summons - Labbe, # 8 Summons - Lewis, # 9 Summons - Powell, # 10 Summons - Logan, # 11 Summons - Bielec, # 12 Summons - Gray, # 13 Summons - Allen, # 14 Summons - County, # 15 Summons - Heffron, Jr., # 16 Summons - Carrington, # 17 Summons - Smith, # 18 Summons - Law)(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 2 | MOTION for Preliminary Injunction by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Memorandum in Support, # 2 Index of Exhibits, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47)(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 3 | Summons Issued 21 days as to Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Kenneth Gray, Robert Heffron Jr., Corenne Labbe, Tanya Law, Donnaka Lewis, Jeffrey Logan, Gregory Powell, Prince Georges County, Maryland, Cathy Serrette, Stacey Cobb Smith.(ybs, Deputy Clerk) (Entered: 07/19/2022) |
| 07/19/2022 | 4 | MOTION to Certify Class by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Exhibit A - Memorandum of Law in Support Thereto and Exhibits, # 2 Exhibit B - Proposed Order, # 3 Exhibit C - Downer Declaration, # 4 Exhibit |

| | | |
|---|---|---|
| | | D - Wayne Declaration, # 5 Exhibit E - Williams Declaration)(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 5 | MOTION for Permission for Minor Named Plaintiff and His Mother, as Next Friend, to Proceed Under Pseudonyms and to Omit Their Home Address From the Complaint by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 6 | -SEALED - NOTICE of Filing Under Seal - Exhibit 8 to Motion for Preliminary Injunction by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 2 MOTION for Preliminary Injunction (Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 7 | MOTION to Seal *Exhibit 8 to Motion for Preliminary Injunction* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 8 | Memorandum re 2 MOTION for Preliminary Injunction *(Correction to Attachment #2)* filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington. (Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | | Case Reassigned to Judge Paula Xinis. Magistrate Judge Ajmel Ahsen Quereshi no longer assigned to the case. (kns, Deputy Clerk) (Entered: 07/19/2022) |
| 07/19/2022 | 9 | NOTICE of Appearance by Thomas Bredar on behalf of Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Bredar, Thomas) (Entered: 07/19/2022) |
| 07/19/2022 | 10 | MOTION to Appear Pro Hac Vice for Ayana Williams (Filing fee $100, receipt number AMDDC-10058668.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | | Case Reassigned to Judge Peter J. Messitte. Judge Paula Xinis no longer assigned to the case. (kns, Deputy Clerk) (Entered: 07/19/2022) |
| 07/19/2022 | 11 | MOTION to Appear Pro Hac Vice for Jeremy D. Cutting (Filing fee $100, receipt number AMDDC-10058742.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 12 | MOTION to Appear Pro Hac Vice for Donna M. Farag (Filing fee $100, receipt number AMDDC-10058746.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 13 | MOTION to Appear Pro Hac Vice for Ellen K. Connell (Filing fee $100, receipt number AMDDC-10058747.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | 14 | MOTION to Appear Pro Hac Vice for Ellora Thadaney Israni (Filing fee $100, receipt number AMDDC-10058749.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, |

| | | |
|---|---|---|
| | | Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [15](#) | MOTION to Appear Pro Hac Vice for Matthew T. Martens (Filing fee $100, receipt number AMDDC-10058754.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [16](#) | MOTION to Appear Pro Hac Vice for Robert L. Boone (Filing fee $100, receipt number AMDDC-10058758.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [17](#) | MOTION to Appear Pro Hac Vice for Ryan Downer (Filing fee $100, receipt number AMDDC-10058764.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [18](#) | MOTION to Appear Pro Hac Vice for Sonika R. Data (Filing fee $100, receipt number AMDDC-10058774.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [19](#) | MOTION to Appear Pro Hac Vice for Seth Wayne (Filing fee $100, receipt number AMDDC-10058776.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [20](#) | MOTION to Appear Pro Hac Vice for Timothy J. Perla (Filing fee $100, receipt number AMDDC-10058778.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [21](#) | MOTION to Appear Pro Hac Vice for Yoseph T. Desta (Filing fee $100, receipt number AMDDC-10058781.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/19/2022) |
| 07/19/2022 | [22](#) | NOTICE of Appearance by Britany Nicole Riley on behalf of Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Riley, Britany) (Entered: 07/19/2022) |
| 07/20/2022 | [23](#) | WAIVER OF SERVICE Returned Executed by Leslie Sharp, Anibal Hernandez, Robert Frazier, Donnell Davis, D.P., Adrienne Worthington, Elmer Laguan-Salinas, Christopher Butler, Miramba Williams. Lakeecia Allen waiver sent on 9/19/2022, answer due 9/19/2022; Bryon Bereano waiver sent on 7/20/2022, answer due 9/19/2022; John Bielec waiver sent on 7/20/2022, answer due 9/19/2022; Scott Carrington waiver sent on 7/20/2022, answer due 9/19/2022; Ada Clark-Edwards waiver sent on 7/20/2022, answer due 9/19/2022; Brian Denton waiver sent on 7/20/2022, answer due 9/19/2022; Robert Heffron Jr. waiver sent on 7/20/2022, answer due 9/19/2022; Donnaka Lewis waiver sent on 7/20/2022, answer due 9/19/2022; Gregory Powell waiver sent on 7/20/2022, answer due 9/19/2022; Cathy Serrette waiver sent on 7/20/2022, answer due 9/19/2022; Stacey Cobb Smith waiver sent on 7/20/2022, answer due 9/19/2022.(Williams, Edward) (Entered: 07/20/2022) |
| 07/21/2022 | 24 | PAPERLESS ORDER granting [10](#) Motion to Appear Pro Hac Vice on behalf of Ayana Williams. Directing attorney Ayana Williams to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not |

| | | |
|---|---|---|
| | | already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 25 | PAPERLESS ORDER granting 11 Motion to Appear Pro Hac Vice on behalf of Jeremy D. Cutting. Directing attorney Jeremy D. Cutting to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 26 | PAPERLESS ORDER granting 12 Motion to Appear Pro Hac Vice on behalf of Donna M. Farag. Directing attorney Donna M. Farag to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 27 | PAPERLESS ORDER granting 13 Motion to Appear Pro Hac Vice on behalf of Ellen K. Connell. Directing attorney Ellen K. Connell to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 28 | PAPERLESS ORDER granting 14 Motion to Appear Pro Hac Vice on behalf of Ellora Thadaney Israni. Directing attorney Ellora Thadaney Israni to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 29 | PAPERLESS ORDER granting 15 Motion to Appear Pro Hac Vice on behalf of Matthew T. Martens. Directing attorney Matthew T. Martens to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 30 | PAPERLESS ORDER granting 16 Motion to Appear Pro Hac Vice on behalf of Robert L. Boone. Directing attorney Robert L. Boone to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 31 | QC NOTICE: 17 Motion to Appear Pro Hac Vice, filed by D.P., Adrienne Worthington, Miramba Williams, Christopher Butler, Leslie Sharp, Robert Frazier, Donnell Davis, Anibal Hernandez, Elmer Laguan-Salinas needs to be modified. See attachment for details and corrective actions needed regarding the signature(s) on the motion. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 32 | PAPERLESS ORDER granting 18 Motion to Appear Pro Hac Vice on behalf of Sonika R. Data. Directing attorney Sonika R. Data to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
| 07/21/2022 | 33 | PAPERLESS ORDER granting 19 Motion to Appear Pro Hac Vice on behalf of Seth Wayne. Directing attorney Seth Wayne to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |

| 07/21/2022 | 34 | PAPERLESS ORDER granting 20 Motion to Appear Pro Hac Vice on behalf of Timothy Jeffrey Perla. Directing attorney Timothy Jeffrey Perla to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/21/2022. (mh4s, Deputy Clerk) (Entered: 07/21/2022) |
|---|---|---|
| 07/22/2022 | 35 | MOTION to Appear Pro Hac Vice for Donna M. Farag (Filing fee $100, receipt number AMDDC-10064257.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/22/2022) |
| 07/22/2022 | 36 | MOTION to Appear Pro Hac Vice for Ryan Downer (Filing fee $100, receipt number AMDDC-10064538.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 07/22/2022) |
| 07/22/2022 | 37 | PAPERLESS ORDER granting 21 Motion to Appear Pro Hac Vice on behalf of Yoseph T. Desta. Directing attorney Yoseph T. Desta to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/22/2022. (mh4s, Deputy Clerk) (Entered: 07/22/2022) |
| 07/22/2022 | 38 | WAIVER OF SERVICE Returned Executed by Leslie Sharp, Anibal Hernandez, Robert Frazier, Donnell Davis, D.P., Adrienne Worthington, Elmer Laguan-Salinas, Christopher Butler, Miramba Williams. Corenne Labbe waiver sent on 7/20/2022, answer due 9/19/2022; Jeffrey Logan waiver sent on 7/20/2022, answer due 9/19/2022; Prince Georges County, Maryland waiver sent on 7/20/2022, answer due 9/19/2022.(Williams, Edward) (Entered: 07/22/2022) |
| 07/22/2022 | 39 | WAIVER OF SERVICE Returned Executed by Leslie Sharp, Anibal Hernandez, Robert Frazier, Donnell Davis, D.P., Adrienne Worthington, Elmer Laguan-Salinas, Christopher Butler, Miramba Williams. Kenneth Gray waiver sent on 7/20/2022, answer due 9/19/2022; Tanya Law waiver sent on 7/20/2022, answer due 9/19/2022.(Williams, Edward) (Entered: 07/22/2022) |
| 07/22/2022 | 40 | NOTICE of Appearance by Kevin M Cox on behalf of Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Cox, Kevin) (Entered: 07/22/2022) |
| 07/22/2022 | 41 | NOTICE of Appearance by James O Spiker, IV on behalf of Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Spiker, James) (Entered: 07/22/2022) |
| 07/25/2022 | 42 | Request for Conference (Cox, Kevin) (Entered: 07/25/2022) |
| 07/25/2022 | 43 | NOTICE of Appearance by Andrew J Murray on behalf of Prince Georges County, Maryland (Murray, Andrew) (Entered: 07/25/2022) |
| 07/25/2022 | 44 | NOTICE of Appearance by Shelley Lynn Johnson on behalf of Prince Georges County, Maryland (Johnson, Shelley) (Entered: 07/25/2022) |
| 07/25/2022 | 45 | RESPONSE re 42 Request for Conference filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington.(Williams, Edward) (Entered: 07/25/2022) |

| 07/26/2022 | 46 | NOTICE of Appearance by Shelley Lynn Johnson on behalf of Corenne Labbe (Johnson, Shelley) (Entered: 07/26/2022) |
|---|---|---|
| 07/26/2022 | 47 | NOTICE of Appearance by Shelley Lynn Johnson on behalf of Kenneth Gray (Johnson, Shelley) (Entered: 07/26/2022) |
| 07/26/2022 | 48 | NOTICE of Appearance by Shelley Lynn Johnson on behalf of Tanya Law (Johnson, Shelley) (Entered: 07/26/2022) |
| 07/26/2022 | 49 | NOTICE of Appearance by Shelley Lynn Johnson on behalf of Jeffrey Logan (Johnson, Shelley) (Entered: 07/26/2022) |
| 07/26/2022 | 50 | PAPERLESS NOTICE OF SCHEDULING TELEPHONE CONFERENCE and advising counsel/parties of record that a telephone conference will be held on July 27, 2022 at 5:00 p.m. Dial-in information has been emailed to the parties. Signed by Judge Peter J. Messitte on 7/26/2022. (ybs, Deputy Clerk) (Entered: 07/26/2022) |
| 07/26/2022 | 51 | PAPERLESS NOTICE OF SCHEDULING TELEPHONE CONFERENCE and advising counsel/parties of record that a telephone conference will be held on Wednesday, July 27, 2022 at 5:00 p.m. (jmhs, Chambers) (Entered: 07/26/2022) |
| 07/27/2022 | 52 | Telephone Conference (re status of case) held on 7/27/2022 for 1 hour and 15 minutes before Judge Peter J. Messitte.(Court Reporter: Renee Ewing) (jmhs, Chambers) (Entered: 07/27/2022) |
| 07/27/2022 | 53 | PAPERLESS ORDER granting 35 Motion to Appear Pro Hac Vice on behalf of Donna M. Farag, Ryan Downer. Directing attorney Donna M. Farag, Ryan Downer to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering; granting 36 Motion to Appear Pro Hac Vice on behalf of Donna M. Farag, Ryan Downer. Directing attorney Donna M. Farag, Ryan Downer to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 7/27/2022. (dm4s, Deputy Clerk) (Entered: 07/27/2022) |
| 07/28/2022 | 54 | ORDER granting 5 MOTION for Permission for Minor Named Plaintiff and His Mother, as Next Friend, to Proceed Under Pseudonyms and to Omit Their Home Address From the Complaint. Signed by Judge Peter J. Messitte on 7/27/2022. (ybs, Deputy Clerk) Modified on 7/28/2022 (ybs, Deputy Clerk). (Entered: 07/28/2022) |
| 07/28/2022 | 55 | ORDER granting 7 MOTION to Seal Exhibit 8 to Motion for Preliminary Injunction. Signed by Judge Peter J. Messitte on 7/28/2022. (ybs, Deputy Clerk) (Entered: 07/28/2022) |
| 07/28/2022 | 56 | MEMORANDUM ORDER memorializing the July 27, 2022 telephone conference. Signed by Judge Peter J. Messitte on 7/28/2022. (ybs, Deputy Clerk) (Entered: 07/28/2022) |
| 08/02/2022 | 57 | Consent MOTION for Extension of Time by Prince Georges County, Maryland (Attachments: # 1 Text of Proposed Order)(Johnson, Shelley) (Entered: 08/02/2022) |
| 08/03/2022 | 58 | ORDER granting 57 Consent MOTION for Extension of Time. Signed by Judge Peter J. Messitte on 8/3/2022. (ybs, Deputy Clerk) (Entered: 08/03/2022) |
| 08/03/2022 | 59 | Correspondence re: Report ordered by Court - ECF56 (Attachments: # 1 Exhibit Plaintiff Frazier, # 2 Exhibit Plaintiff Hernandez, # 3 Exhibit Plaintiff D.P., # 4 Exhibit Plaintiff Butler, # 5 Exhibit Plaintiff Williams, # 6 Exhibit Plaintiff Davis, # 7 Exhibit Plaintiff |

| | | |
|---|---|---|
| | | Sharp, # 8 Exhibit Plaintiff Laquan-Salinas, # 9 Exhibit Plaintiff Worthington)(Johnson, Shelley) (Entered: 08/03/2022) |
| 08/04/2022 | 60 | Corrected Correspondence re: Report ordered by Court - ECF56 (Johnson, Shelley) (Entered: 08/04/2022) |
| 08/11/2022 | 61 | RESPONSE re 60 Corrected Correspondence re: Report ordered by Court - ECF56 filed by All Plaintiffs. (Attachments: # 1 Exhibit 1 - Christopher Butler Docket Sheet)(Wayne, Seth) Modified on 8/12/2022 (ybs, Deputy Clerk). (Entered: 08/11/2022) |
| 08/17/2022 | 62 | Telephone Conference (re status of case) held on 8/17/2022 for 1 hour before Judge Peter J. Messitte.(Court Reporter: Patricia Klepp) (jmhs, Chambers) (Entered: 08/17/2022) |
| 09/25/2022 | 63 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 8/17/22, before Judge Peter J. Messitte. Court Reporter/Transcriber Patricia Klepp, Telephone number 3013443228. Total number of pages filed: 37. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 10/17/2022. Redacted Transcript Deadline set for 10/26/2022. Release of Transcript Restriction set for 12/27/2022.(pk4, Court Reporter) (Entered: 09/25/2022) |
| 09/26/2022 | 64 | MOTION to Dismiss for Lack of Jurisdiction by Prince Georges County, Maryland (Attachments: # 1 Memorandum in Support, # 2 Exhibit Ex. 1 - Logan Exhibit, # 3 Exhibit Ex. 1A - Powerpoint, # 4 Exhibit Ex. 1B - Levels of Pretrial Supervision, # 5 Exhibit Ex. 1C - DOC Policy & Procedure, # 6 Exhibit Ex. 1D - Written Notification to Court, # 7 Text of Proposed Order)(Johnson, Shelley) (Entered: 09/26/2022) |
| 09/26/2022 | 65 | Supplement to 64 MOTION to Dismiss for Lack of Jurisdiction filed by Prince Georges County, Maryland *Ex. 2 - Corenne Labbe Affidavit* (Johnson, Shelley) (Entered: 09/26/2022) |
| 09/26/2022 | 66 | MOTION to Dismiss for Lack of Jurisdiction by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Attachments: # 1 Memorandum in Support Memorandum in Support, # 3 List of Exhibits, # 3 Exhibit Exhibit 1 (Status Summary), # 4 Exhibit Exhibit 2 (Logan Affidavit), # 5 Exhibit Exhibit 3 (Frazier District Court Docket), # 6 Exhibit Exhibit 4 (Frazier Circuit Court Docket), # 7 Exhibit Exhibit 5 (Hernandez District Court Docket), # 8 Exhibit Exhibit 6 (Butler District Court Docket), # 9 Exhibit Exhibit 7 (Butler Circuit Court Docket), # 10 Exhibit Exhibit 8 (Williams District Court Docket), # 11 Exhibit Exhibit 9 (Laguan-Salinas District Court Docket), # 12 Exhibit Exhibit 10 (Laguan-Salinas Circuit Court Docket), # 13 Exhibit Exhibit 11 (Transcript - Excerpt), # 14 Text of Proposed Order Proposed Order)(Spiker, James) (Entered: 09/26/2022) |
| 10/06/2022 | 67 | MOTION for Leave to File *Combined Response to Motions to Dismiss* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order)(Israni, Ellora) (Entered: 10/06/2022) |
| 10/07/2022 | 68 | PAPERLESS ORDER GRANTING 67 Motion for Leave to File Combined Response to Motions to Dismiss. Plaintiffs are permitted to file one consolidated brief of no more than forty-five (45) pages. Signed by Judge Peter J. Messitte on 10/7/2022. (jmhs, Chambers) (Entered: 10/07/2022) |
| 10/07/2022 | 69 | Supplement to 64 MOTION to Dismiss for Lack of Jurisdiction , 65 Supplement filed by Prince Georges County, Maryland (Attachments: # 1 Exhibit Ex. 3, Guy Merritt Affidavit) (Johnson, Shelley) (Entered: 10/07/2022) |

| 10/07/2022 | [70](#) | Supplement to [66](#) MOTION to Dismiss for Lack of Jurisdiction filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Attachments: # [1](#) Exhibit, # [2](#) Exhibit)(Cox, Kevin) (Entered: 10/07/2022) |
| --- | --- | --- |
| 10/10/2022 | [71](#) | RESPONSE in Opposition re [66](#) MOTION to Dismiss for Lack of Jurisdiction , [64](#) MOTION to Dismiss for Lack of Jurisdiction filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington.(Wayne, Seth) (Entered: 10/10/2022) |
| 10/10/2022 | [72](#) | REPLY to Response to Motion re [2](#) MOTION for Preliminary Injunction filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington. (Attachments: # [1](#) Exhibit 1 - J. Brown Docket, # [2](#) Exhibit 2 - A. Heldreth Supp. Decl., # [3](#) Exhibit 3 - Y. Muhammad Bond Order, # [4](#) Exhibit 4 - D. Owens Decl.)(Wayne, Seth) (Entered: 10/10/2022) |
| 10/11/2022 | 73 | QC NOTICE: [71](#) Response in Opposition to Motion, filed by D.P., Adrienne Worthington, Miramba Williams, Christopher Butler, Leslie Sharp, Robert Frazier, Donnell Davis, Anibal Hernandez, Elmer Laguan-Salinas was filed incorrectly. *\*The following attachments or exhibits are missing - Proposed Order. To correct this problem, file Proposed Order using the event Notice (Other) and link Proposed Order to [71](#) . (ols, Deputy Clerk) (Entered: 10/11/2022)* |
| 10/11/2022 | [74](#) | NOTICE by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re [71](#) Response in Opposition to Motion, *Proposed Order* (Wayne, Seth) (Entered: 10/11/2022) |
| 10/14/2022 | [75](#) | MOTION to Appear Pro Hac Vice for Elizabeth R. Cruikshank (Filing fee $100, receipt number AMDDC-10209153.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 10/14/2022) |
| 10/20/2022 | [76](#) | RETURN PLEADING ORDER. Signed by Judge Peter J. Messitte on 10/19/2022. (Attachments: # [1](#) First Page of Returned Document)c/m 10/20/2022 - mg3s, Deputy Clerk) (Entered: 10/20/2022) |
| 10/21/2022 | [77](#) | REPLY to Response to Motion re [66](#) MOTION to Dismiss for Lack of Jurisdiction filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith.(Spiker, James) (Entered: 10/21/2022) |
| 10/21/2022 | [78](#) | REPLY to Response to Motion re [2](#) MOTION for Preliminary Injunction , [64](#) MOTION to Dismiss for Lack of Jurisdiction filed by Prince Georges County, Maryland.(Johnson, Shelley) (Entered: 10/21/2022) |
| 10/25/2022 | [79](#) | Motion Hearing held on 10/25/2022 re [64](#) Motion to Dismiss filed by Prince Georges County, Maryland - Argued - Taken Under Advisement [66](#) Motion to Dismiss of The Judge Defendants filed by Robert Heffron Jr., Lakeecia Allen, Gregory Powell, Donnaka Lewis, Scott Carrington, Brian Denton, John Bielec, Bryon Bereano, Cathy Serrette, Ada Clark-Edwards, Stacey Cobb Smith,- Argued - Taken Under Advisement for reasons stated on the record by and before Judge Peter J. Messitte. (Court Reporter: Renee Ewing - 4C) (dhs, Deputy Clerk) (Entered: 10/25/2022) |
| 10/25/2022 | [80](#) | ORDER granting [64](#) Motion to Dismiss for Lack of Jurisdiction; deferring ruling on [64](#) , [66](#) Motion to Dismiss for Lack of Jurisdiction; CANCELLING hearing scheduled for November 8-9, 2022; directing counsel for Plaintiff to provide copies of documents to the Court and to counsel for the Defendants. Signed by Judge Peter J. Messitte on |

| | | |
|---|---|---|
| | | 10/25/2022. (ybs, Deputy Clerk) Modified on 10/26/2022 (ybs, Deputy Clerk). (Entered: 10/26/2022) |
| 10/26/2022 | 81 | QC NOTICE: 75 Motion to Appear Pro Hac Vice, filed by D.P., Adrienne Worthington, Miramba Williams, Christopher Butler, Leslie Sharp, Robert Frazier, Donnell Davis, Anibal Hernandez, Elmer Laguan-Salinas needs to be modified. See attachment for details and corrective actions needed regarding the signature(s) on the motion. (mh4s, Deputy Clerk) (Entered: 10/26/2022) |
| 10/28/2022 | 82 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/25/2022, before Judge Messitte. Court Reporter/Transcriber Renee Ewing, Telephone number 301-344-3227. Total number of pages filed: 138. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 11/18/2022. Redacted Transcript Deadline set for 11/28/2022. Release of Transcript Restriction set for 1/26/2023.(re, Court Reporter) (Entered: 10/28/2022) |
| 11/24/2022 | 83 | NOTICE by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 80 Order on Motion to Dismiss/Lack of Jurisdiction,,, (Attachments: # 1 Exhibit A: Frazier Court Records, # 2 Exhibit B: Hernandez Court Records, # 3 Exhibit C: D.P. Court Records, # 4 Exhibit D: Butler Court Records, # 5 Exhibit E: Williams Court Records, # 6 Exhibit F: Laguan-Salinas Court Records, # 7 Exhibit G: Davis Court Records, # 8 Exhibit H: Sharp Court Records, # 9 Exhibit I: Worth Court Records)(Cutting, Jeremy) (Entered: 11/24/2022) |
| 11/24/2022 | 84 | -SEALED - NOTICE of Filing Under Seal Ex. C: D.P. Court Records by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 83 Notice (Other),, (Cutting, Jeremy) (Entered: 11/24/2022) |
| 12/16/2022 | 85 | NOTICE by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 80 Order on Motion to Dismiss/Lack of Jurisdiction,,, (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Israni, Ellora) (Entered: 12/16/2022) |
| 12/19/2022 | 86 | Correspondence re: Plaintiffs' Filing of Court Records (ECF No. 85) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Spiker, James) (Entered: 12/19/2022) |
| 01/12/2023 | 87 | NOTICE by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Israni, Ellora) (Entered: 01/12/2023) |
| 01/12/2023 | 88 | -SEALED - NOTICE of Filing Under Seal Exhibit A to Plaintiffs' Notice by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 87 Notice (Other), (Israni, Ellora) (Entered: 01/12/2023) |
| 01/12/2023 | 89 | -SEALED - NOTICE of Filing Under Seal Exhibit B to Plaintiffs' Notice by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 87 Notice (Other), (Israni, Ellora) (Entered: 01/12/2023) |

| Date | Doc | Description |
|---|---|---|
| 01/24/2023 | 90 | MEMORANDUM OPINION. Signed by Judge Peter J. Messitte on 1/24/2023. (ybs, Deputy Clerk) (Entered: 01/24/2023) |
| 01/24/2023 | 91 | ORDER granting in part and denying in part 64 and 66 Motion to Dismiss for Lack of Jurisdiction; directing counsel to submit a Joint Proposed Scheduling Order. Signed by Judge Peter J. Messitte on 1/24/2023. (ybs, Deputy Clerk) (Entered: 01/24/2023) |
| 02/01/2023 | 92 | NOTICE by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 80 Order on Motion to Dismiss/Lack of Jurisdiction,,, (Attachments: # 1 Exhibit, # 2 Exhibit)(Israni, Ellora) (Entered: 02/01/2023) |
| 02/02/2023 | 93 | Consent MOTION for Extension of Time *to file Motion for Reconsideration* by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Attachments: # 1 Text of Proposed Order)(Spiker, James) (Entered: 02/02/2023) |
| 02/07/2023 | 94 | PAPERLESS ORDER GRANTING 93 Consent Motion for Extension of Time to File Motion for Reconsideration. Signed by Judge Peter J. Messitte on 2/7/2023. (jmhs, Chambers) (Entered: 02/07/2023) |
| 02/15/2023 | 95 | MOTION to Withdraw as Attorney *of Yoseph T. Desta* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order) (Williams, Edward) (Entered: 02/15/2023) |
| 02/16/2023 | 96 | ORDER granting 95 Motion to Withdraw as Attorney. Attorney Yoseph T. Desta terminated. Signed by Judge Peter J. Messitte on 2/16/2023. (kb3s, Deputy Clerk) (Entered: 02/16/2023) |
| 02/21/2023 | 97 | MOTION for Leave to File *Plaintiffs' Motion for Reconsideration Under Rule 54(b)* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order Granting Plaintiffs Leave to File, # 2 Attachment : Plaintiffs' Motion for Reconsideration, # 3 Memorandum in Support of Plaintiffs' Motion for Reconsideration, # 4 Text of Proposed Order Granting Plaintiffs' Motion for Reconsideration)(Cutting, Jeremy) (Entered: 02/21/2023) |
| 02/21/2023 | 98 | MOTION for Reconsideration re 91 Order on Motion to Dismiss/Lack of Jurisdiction, 90 Memorandum Opinion by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Text of Proposed Order)(Cox, Kevin) (Entered: 02/21/2023) |
| 02/22/2023 | 99 | PAPERLESS ORDER GRANTING 97 Plaintiffs' Partially Unopposed Motion to File Out-of-Time Motion for Reconsideration Under Rule 54(b). Signed by Judge Peter J. Messitte on 2/22/2023. (jmhs, Chambers) (Entered: 02/22/2023) |
| 02/23/2023 | 100 | Status Report Submitted *(Joint Status Report and Proposed Scheduling Order)* by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Spiker, James) (Entered: 02/23/2023) |
| 02/23/2023 | 101 | Correspondence re: Plaintiffs' Motion for Extension of Time (Johnson, Shelley) (Entered: 02/23/2023) |
| 02/23/2023 | 102 | NOTICE by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington re 101 |

| | | |
|---|---|---|
| | | Miscellaneous Correspondence (Israni, Ellora) (Entered: 02/23/2023) |
| 03/02/2023 | 103 | Telephone Conference (re status of case) held on 3/2/2023 for 1 hour and 10 minutes before Judge Peter J. Messitte.(Court Reporter: Renee Ewing) (jmhs, Chambers) (Entered: 03/02/2023) |
| 03/03/2023 | 104 | ORDER denying 4 Motion to Certify Class. Signed by Judge Peter J. Messitte on 3/2/2023. (kb3s, Deputy Clerk) (Entered: 03/03/2023) |
| 03/09/2023 | 105 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 03/02/2023, before Judge Messitte. Court Reporter/Transcriber Renee Ewing, Telephone number 301-344-3227. Total number of pages filed: 49. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 3/30/2023. Redacted Transcript Deadline set for 4/10/2023. Release of Transcript Restriction set for 6/7/2023.(re, Court Reporter) (Entered: 03/09/2023) |
| 03/13/2023 | 106 | STATUS REPORT by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Wayne, Seth) (Entered: 03/13/2023) |
| 03/14/2023 | 107 | PAPERLESS ORDER APPROVING 106 Joint Status Report. Signed by Judge Peter J. Messitte on 3/14/2023. (jmhs, Chambers) (Entered: 03/14/2023) |
| 03/14/2023 | 108 | ORDER denying 2 Motion for Preliminary Injunction. Signed by Judge Peter J. Messitte on 3/14/2023. (kb3s, Deputy Clerk) (Entered: 03/14/2023) |
| 03/16/2023 | 109 | RESPONSE in Opposition re 97 MOTION for Leave to File *Plaintiffs' Motion for Reconsideration Under Rule 54(b)* filed by Prince Georges County, Maryland.(Johnson, Shelley) (Entered: 03/16/2023) |
| 03/16/2023 | 110 | RESPONSE in Opposition re 98 MOTION for Reconsideration re 91 Order on Motion to Dismiss/Lack of Jurisdiction, 90 Memorandum Opinion filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington.(Wayne, Seth) (Entered: 03/16/2023) |
| 03/27/2023 | 111 | REPLY to Response to Motion re 97 MOTION for Leave to File *Plaintiffs' Motion for Reconsideration Under Rule 54(b)* filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington.(Israni, Ellora) (Entered: 03/27/2023) |
| 03/27/2023 | 112 | REPLY to Response to Motion re 98 MOTION for Reconsideration re 91 Order on Motion to Dismiss/Lack of Jurisdiction, 90 Memorandum Opinion filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith. (Attachments: # 1 Exhibit Exhibit A)(Spiker, James) (Entered: 03/27/2023) |
| 03/30/2023 | 113 | MOTION for Extension of Time to File *County Pre Trial Release Policy/Standard Operating Procedure* by Prince Georges County, Maryland(Murray, Andrew) (Entered: 03/30/2023) |
| 03/31/2023 | 114 | RESPONSE in Opposition re 113 MOTION for Extension of Time to File *County Pre Trial Release Policy/Standard Operating Procedure* filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington. (Attachments: # 1 Exhibit, # 2 Exhibit)(Israni, Ellora) (Entered: 03/31/2023) |

| 03/31/2023 | 115 | RESPONSE re 114 Response in Opposition to Motion, *for extension of time* filed by Prince Georges County, Maryland.(Murray, Andrew) (Entered: 03/31/2023) |
|---|---|---|
| 03/31/2023 | 116 | REPLY to Response to Motion re 113 MOTION for Extension of Time to File *County Pre Trial Release Policy/Standard Operating Procedure Order* filed by Prince Georges County, Maryland.(Murray, Andrew) (Entered: 03/31/2023) |
| 04/04/2023 | 117 | ORDER granting 113 MOTION for Extension of Time to File County Pre Trial Release Policy/Standard Operating Procedure. Signed by Judge Peter J. Messitte on 4/4/2023. (kb3s, Deputy Clerk) (Entered: 04/04/2023) |
| 04/07/2023 | 118 | Correspondence re: Letter to Hon. Peter J. Messitte providing update (Spiker, James) (Entered: 04/07/2023) |
| 04/11/2023 | 119 | NOTICE OF APPEAL by Christopher Butler, D.P., Robert Frazier, Anibal Hernandez, Miramba Williams. Filing fee $ 505, receipt number AMDDC-10537163.(Israni, Ellora) (Entered: 04/11/2023) |
| 04/11/2023 | 120 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 119 Notice of Appeal. IMPORTANT NOTICE: To access forms which you are required to file with the United States Court of Appeals for the Fourth Circuit please go to http://www.ca4.uscourts.gov and click on Forms & Notices.(av4s, Deputy Clerk) (Entered: 04/11/2023) |
| 04/13/2023 | 121 | MOTION to Stay by Prince Georges County, Maryland (Attachments: # 1 Text of Proposed Order)(Murray, Andrew) (Entered: 04/13/2023) |
| 04/13/2023 | 122 | USCA Case Number 23-6359 for 119 Notice of Appeal filed by D.P., Robert Frazier, Anibal Hernandez, Miramba Williams, Christopher Butler. Case Manager - Emily Borneisen (av4s, Deputy Clerk) (Entered: 04/13/2023) |
| 04/20/2023 | 123 | RESPONSE in Opposition re 121 MOTION to Stay filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington.(Israni, Ellora) (Entered: 04/20/2023) |
| 04/28/2023 | 124 | STATUS REPORT by Prince Georges County, Maryland (Attachments: # 1 Exhibit Pretrial Release SOP, # 2 Exhibit Pretrial Release Doc, # 3 Exhibit Response to Appendix A Questions)(Johnson, Shelley) (Entered: 04/28/2023) |
| 05/03/2023 | 125 | MEMORANDUM ORDER Directing Plaintiff to file a response to the County's Status Report by May 15, 2023, and the County may file a reply by May 22, 2023. Signed by Judge Peter J. Messitte on 5/3/2023. (kb3s, Deputy Clerk) (Entered: 05/03/2023) |
| 05/15/2023 | 126 | RESPONSE re 124 Status Report filed by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington.(Israni, Ellora) (Entered: 05/15/2023) |
| 05/17/2023 | 127 | MEMORANDUM ORDER denying 121 Motion to Stay filed by Prince Georges County, Maryland. Signed by Judge Peter J. Messitte on 5/17/2023. (kk5s, Deputy Clerk) (Entered: 05/17/2023) |
| 06/07/2023 | 128 | MEMORANDUM OPINION. Signed by Judge Peter J. Messitte on 6/7/2023. (kb3s, Deputy Clerk) (Entered: 06/07/2023) |
| 06/07/2023 | 129 | ORDER denying 98 Motion for Reconsideration re 91 Order on Motion to Dismiss/Lack of Jurisdiction, 90 Memorandum Opinion ; Denying 97 MOTION for Leave to File Plaintiffs' Motion for Reconsideration Under Rule 54(b*; Denying 124 Status Report(Request to Dismiss Plaintiff's Complaint) filed by Prince Georges County,* |

| | | |
|---|---|---|
| | | *Maryland. Signed by Judge Peter J. Messitte on 6/7/2023. (kb3s, Deputy Clerk) (Entered: 06/07/2023)* |
| 06/16/2023 | [130](#) | Request for Conference (Spiker, James) (Entered: 06/16/2023) |
| 06/20/2023 | 131 | PAPERLESS NOTICE OF SCHEDULING TELEPHONE CONFERENCE and advising counsel/parties of record that a telephone conference will be held on Thursday, June 29, 2023 at 11:00 a.m. Counsel were previously provided dial-in information via email.(jmhs, Chambers) (Entered: 06/20/2023) |
| 06/20/2023 | [132](#) | MOTION for Entry of Judgment under Rule 54(b) *or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Israni, Ellora) (Entered: 06/20/2023) |
| 06/21/2023 | [133](#) | MOTION to Withdraw as Attorney *of Ayana Williams* by Christopher Butler, Miramba Williams (Attachments: # [1](#) Text of Proposed Order)(Williams, Edward) (Entered: 06/21/2023) |
| 06/21/2023 | [134](#) | ORDER granting [133](#) Motion to Withdraw as Attorney. Attorney Ayana Williams terminated. Signed by Judge Peter J. Messitte on 6/21/2023. (kb3s, Deputy Clerk) (Entered: 06/21/2023) |
| 06/27/2023 | [135](#) | RESPONSE re [130](#) Request for Conference *and Proposed Scheduling Order* filed by Christopher Butler, Miramba Williams.(Israni, Ellora) (Entered: 06/27/2023) |
| 06/29/2023 | 136 | Telephone Conference (re status of case) held on 6/29/2023 for 40 minutes before Judge Peter J. Messitte.(Court Reporter: Kathy Cortopassi) (jmhs, Chambers) (Entered: 06/29/2023) |
| 07/05/2023 | [137](#) | MEMORANDUM ORDER directing Defendant Prince George's County to file a response to Plaintiff's Motion for Entry of Judgment by 7/7/2023; directing parties to submit a joint proposed Scheduling Order; directing that Plaintiffs may provide Defendants with a list of intended discovery pursuits no later than 7/31/2023. Signed by Judge Peter J. Messitte on 7/5/2023. (dg3s, Deputy Clerk) (Entered: 07/05/2023) |
| 07/07/2023 | [138](#) | [FILED IN ERROR] NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/29/23, before Judge Messitte. Court Reporter/Transcriber Kathy Cortopassi, Telephone number 301-344-3499. Total number of pages filed: 30. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 7/28/2023. Redacted Transcript Deadline set for 8/7/2023. Release of Transcript Restriction set for 10/5/2023.(kc3, Court Reporter) Modified on 7/17/2023 (dg3s, Deputy Clerk). (Entered: 07/07/2023) |
| 07/07/2023 | [139](#) | RESPONSE in Opposition re [132](#) MOTION for Entry of Judgment under Rule 54(b) *or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292* filed by Prince Georges County, Maryland. (Attachments: # [1](#) Exhibit Ex, 1 - Clark Construction Unreported Opinion, # [2](#) Text of Proposed Order)(Johnson, Shelley) (Entered: 07/07/2023) |
| 07/07/2023 | [140](#) | RESPONSE in Opposition re [132](#) MOTION for Entry of Judgment under Rule 54(b) *or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292 Amended* filed by Prince Georges County, Maryland. (Attachments: # [1](#) Exhibit Ex. 1, Clark Construction Unreported Opinion, # [2](#) Text of Proposed Order)(Johnson, Shelley) (Entered: 07/07/2023) |

| | | |
|---|---|---|
| 07/17/2023 | [141](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/29/23, before Judge Messitte. Court Reporter/Transcriber Kathy Cortopassi, Telephone number 301-344-3499. Total number of pages filed: 30. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 8/7/2023. Redacted Transcript Deadline set for 8/17/2023. Release of Transcript Restriction set for 10/16/2023.(kc3, Court Reporter) (Entered: 07/17/2023) |
| 07/21/2023 | [142](#) | REPLY to Response to Motion re [132](#) MOTION for Entry of Judgment under Rule 54(b) *or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292* filed by Christopher Butler, Miramba Williams. (Attachments: # [1](#) Text of Proposed Order)(Israni, Ellora) (Entered: 07/21/2023) |
| 08/09/2023 | [143](#) | MEMORANDUM OPINION. Signed by Judge Peter J. Messitte on 8/9/2023. (kb3s, Deputy Clerk) (Entered: 08/10/2023) |
| 08/09/2023 | [144](#) | ORDER denying [132](#) MOTION for Entry of Judgment under Rule 54(b) or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292. Signed by Judge Peter J. Messitte on 8/9/2023. (kb3s, Deputy Clerk) (Entered: 08/10/2023) |
| 08/30/2023 | [145](#) | MOTION to Withdraw as Attorney *Ryan C. Downer* by Christopher Butler, Miramba Williams (Attachments: # [1](#) Text of Proposed Order)(Israni, Ellora) (Entered: 08/30/2023) |
| 08/30/2023 | [146](#) | ORDER granting [145](#) Motion to Withdraw as Attorney. Attorney Ryan Downer terminated. Signed by Judge Peter J. Messitte on 8/30/2023. (kb3s, Deputy Clerk) (Entered: 08/30/2023) |
| 09/08/2023 | [147](#) | Correspondence re: Defendants' Proposed Scheduling Order (Spiker, James) (Entered: 09/08/2023) |
| 09/08/2023 | [148](#) | Correspondence re: Plaintiffs' Proposed Scheduling Order (Israni, Ellora) (Entered: 09/08/2023) |
| 09/19/2023 | [149](#) | SCHEDULING ORDER: Status Report due by 4/26/2023. Signed by Judge Peter J. Messitte on 9/19/2023. (kb3s, Deputy Clerk) (Entered: 09/19/2023) |
| 09/29/2023 | [150](#) | Local Rule 103.3 Disclosure Statement by Prince Georges County, Maryland (Johnson, Shelley) (Entered: 09/29/2023) |
| 09/29/2023 | [151](#) | ANSWER to [1](#) Complaint,,,, by Prince Georges County, Maryland.(Johnson, Shelley) (Entered: 09/29/2023) |
| 09/29/2023 | [152](#) | Local Rule 103.3 Disclosure Statement by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Cox, Kevin) (Entered: 09/29/2023) |
| 09/29/2023 | [153](#) | ANSWER to [1](#) Complaint,,,, by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith.(Cox, Kevin) (Entered: 09/29/2023) |
| 10/13/2023 | [154](#) | STATUS REPORT *Joint Initial Report* by Christopher Butler, Miramba Williams(Williams, Edward) (Entered: 10/13/2023) |
| 11/15/2023 | [155](#) | JUDGMENT of USCA (certified copy) Vacating District Court Order entered March 14, 2023 and Remanding to the District Court for further proceedings consistent with the Court's decision as to [119](#) Notice of Appeal filed by D.P., Robert Frazier, Anibal Hernandez, Miramba Williams, Christopher Butler. (Attachments: # [1](#) Opinion)(slss, Deputy Clerk) (Entered: 11/16/2023) |

| | | |
|---|---|---|
| 11/22/2023 | 156 | MEMORANDUM OPINION regarding 2 Motion for Preliminary Injunction. Signed by Judge Peter J. Messitte on 11/22/2023. (jmhs, Chambers) (Entered: 11/22/2023) |
| 11/22/2023 | 157 | ORDER DENYING 2 Plaintiffs' Motion for a Preliminary Injunction. Signed by Judge Peter J. Messitte on 11/22/2023. (jmhs, Chambers) (Entered: 11/22/2023) |
| 12/07/2023 | 158 | MANDATE of USCA issued as to 119 Notice of Appeal filed by D.P., Robert Frazier, Anibal Hernandez, Miramba Williams, Christopher Butler (av4s, Deputy Clerk) (Entered: 12/07/2023) |
| 12/08/2023 | 159 | ORDER Directing counsel for the parties to advise Chambers, before close of business on Thursday, December 14, 2023', regarding how much time will be needed for argument and witness testimony at the preliminary injunction hearing. Signed by Judge Peter J. Messitte on 12/8/2023. (kb3s, Deputy Clerk) (Entered: 12/08/2023) |
| 12/08/2023 | 160 | RESPONSE re 159 Order, *Request for Continuance* filed by Christopher Butler, Miramba Williams. (Attachments: # 1 Text of Proposed Order)(Israni, Ellora) (Entered: 12/08/2023) |
| 12/11/2023 | 161 | MEMORANDUM ORDER setting a telephone conference for December 13, 2023 at 5:30 p.m. Signed by Judge Peter J. Messitte on 12/11/2023. (jmhs, Chambers) (Entered: 12/11/2023) |
| 12/13/2023 | 162 | PAPERLESS NOTICE OF RESCHEDULING TELEPHONE CONFERENCE and advising counsel/parties of record that a telephone conference has been rescheduled to Tuesday, December 19, 2023 at 5:30 p.m. Counsel were previously provided dial-in information via email.(jmhs, Chambers) (Entered: 12/13/2023) |
| 12/14/2023 | 163 | Correspondence re: (Cox, Kevin) (Entered: 12/14/2023) |
| 12/14/2023 | 164 | Correspondence re: Motion for Preliminary Injunction (Murray, Andrew) (Entered: 12/14/2023) |
| 12/20/2023 | 165 | Telephone Conference (re status of case) held on 12/19/2023 for 30 minutes before Judge Peter J. Messitte. Motions Hearing scheduled for January 9, 2024 at 11:00 a.m. is CANCELLED. (Court Reporter: Renee Ewing) (jmhs, Chambers) (Entered: 12/20/2023) |
| 12/20/2023 | 166 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 12/19/2023, before Judge Messitte. Court Reporter/Transcriber Renee Ewing, Telephone number 301-344-3227. Total number of pages filed: 24. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 1/10/2024. Redacted Transcript Deadline set for 1/22/2024. Release of Transcript Restriction set for 3/19/2024.(re, Court Reporter) (Entered: 12/20/2023) |
| 12/20/2023 | 167 | REQUEST for Extension of Time to File (Cox, Kevin) (Entered: 12/20/2023) |
| 12/21/2023 | 168 | ORDER Granting Request for extension of time. Signed by Judge Peter J. Messitte on 12/21/2023. (heps, Deputy Clerk) (Entered: 12/21/2023) |
| 12/22/2023 | 169 | MOTION to Compel *Compliance with Subpoena* by Christopher Butler, Miramba Williams (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(Israni, Ellora) (Entered: 12/22/2023) |
| 12/29/2023 | 170 | MOTION to Stay *Discovery Pending Resolution of Dispositive Motions* by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Gregory Powell, Prince Georges County, Maryland, Cathy Serrette, |

| | | |
|---|---|---|
| | | Stacey Cobb Smith (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Cox, Kevin) (Entered: 12/29/2023) |
| 01/05/2024 | 171 | RESPONSE in Opposition re 169 MOTION to Compel *Compliance with Subpoena* filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith. (Attachments: # 1 Text of Proposed Order)(Cox, Kevin) (Entered: 01/05/2024) |
| 01/05/2024 | 172 | RESPONSE in Opposition re 170 MOTION to Stay *Discovery Pending Resolution of Dispositive Motions* filed by Christopher Butler, Miramba Williams. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Israni, Ellora) (Entered: 01/05/2024) |
| 01/18/2024 | 173 | MOTION for Judgment on the Pleadings by Prince Georges County, Maryland (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Murray, Andrew) (Entered: 01/18/2024) |
| 01/18/2024 | 174 | MOTION for Judgment on the Pleadings by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Cox, Kevin) (Entered: 01/18/2024) |
| 01/18/2024 | 175 | MOTION to Quash *Subpoenas and for Protective Order* by Lakeecia Allen, Robert Heffron Jr. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Cox, Kevin) (Entered: 01/18/2024) |
| 01/19/2024 | 176 | NOTICE by Christopher Butler, Miramba Williams *re: Plaintiffs' Availability for an Evidentiary Hearing in March, 2024* (Wayne, Seth) (Entered: 01/19/2024) |
| 01/19/2024 | 177 | REPLY to Response to Motion re 169 MOTION to Compel *Compliance with Subpoena* filed by Christopher Butler, Miramba Williams.(Wayne, Seth) (Entered: 01/19/2024) |
| 01/19/2024 | 178 | REPLY to Response to Motion re 170 MOTION to Stay *Discovery Pending Resolution of Dispositive Motions* filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Prince Georges County, Maryland, Cathy Serrette, Stacey Cobb Smith. (Cox, Kevin) (Entered: 01/19/2024) |
| 01/24/2024 | 179 | MOTION to Appear Pro Hac Vice for Jeffrey Stein (Filing fee $100, receipt number AMDDC-11046686.) by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington(Williams, Edward) (Entered: 01/24/2024) |
| 01/25/2024 | 180 | MEMORANDUM ORDER granting 170 MOTION to Stay Discovery Pending Resolution of Dispositive Motions; all further discovery is STAYED. Signed by Judge Peter J. Messitte on 1/25/2024. (mg3s, Deputy Clerk) (Entered: 01/25/2024) |
| 01/26/2024 | 181 | PAPERLESS ORDER granting 179 Motion to Appear Pro Hac Vice on behalf of Jeffrey Stein. Directing attorney Jeffrey Stein to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 1/26/2024. (mh4s, Deputy Clerk) (Entered: 01/26/2024) |
| 01/26/2024 | 182 | Correspondence re: Requesting Clarification re Upcoming Deadlines (Israni, Ellora) (Entered: 01/26/2024) |
| 01/30/2024 | 183 | Correspondence re: Defendants' motion for judgment (Attachments: # 1 Attachment Butler case docket entries)(Murray, Andrew) (Entered: 01/30/2024) |

| 01/31/2024 | 184 | ORDER RE: Plaintiffs' deadline for Rule 26(a)(2) disclosures, disclosures fall within the bounds of discovery and therefore that deadline is STAYED pending the Court's resolution of Defendants' Motions for Judgments on the Pleadings. Signed by Judge Peter J. Messitte on 1/31/2024. (kb3s, Deputy Clerk) (Entered: 01/31/2024) |
|---|---|---|
| 02/01/2024 | 185 | RESPONSE in Opposition re 175 MOTION to Quash *Subpoenas and for Protective Order* filed by Christopher Butler, Miramba Williams. (Attachments: # 1 Exhibit)(Israni, Ellora) (Entered: 02/01/2024) |
| 02/07/2024 | 186 | MOTION for Leave to File *a Consolidated Response to Defendants' Motions for Judgment on the Pleadings* by Christopher Butler, Miramba Williams (Attachments: # 1 Plaintiffs' Combined Opposition to County (Doc. 173) and Judge (Doc. 174) Defendants' Motions for Judgment on the Pleadings, # 2 Text of Proposed Order)(Williams, Edward) (Entered: 02/07/2024) |
| 02/08/2024 | 187 | MOTION to Withdraw as Attorney *Ellora Thadaney Israni* by Christopher Butler, Miramba Williams (Attachments: # 1 Text of Proposed Order)(Israni, Ellora) (Entered: 02/08/2024) |
| 02/08/2024 | 188 | ORDER granting 187 Motion to Withdraw as Attorney. Attorney Ellora Thadaney Israni terminated. Signed by Judge Peter J. Messitte on 2/8/2024. (kb3s, Deputy Clerk) (Entered: 02/08/2024) |
| 02/08/2024 | 189 | ORDER granting 186 MOTION for Leave to File a Consolidated Response to Defendants' Motions for Judgment on the Pleadings. Signed by Judge Peter J. Messitte on 2/8/2024. (kb3s, Deputy Clerk) (Entered: 02/08/2024) |
| 02/20/2024 | 190 | REPLY to Response to Motion re 175 MOTION to Quash *Subpoenas and for Protective Order* filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith.(Spiker, James) (Entered: 02/20/2024) |
| 02/20/2024 | 191 | REPLY to Response to Motion re 174 MOTION for Judgment on the Pleadings filed by Lakeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, Cathy Serrette, Stacey Cobb Smith.(Cox, Kevin) (Entered: 02/20/2024) |
| 02/21/2024 | 192 | MOTION to Withdraw as Attorney *Matthew Martens* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order) (Williams, Edward) (Entered: 02/21/2024) |
| 02/21/2024 | 193 | REPLY to Response to Motion re 186 MOTION for Leave to File *a Consolidated Response to Defendants' Motions for Judgment on the Pleadings* filed by Prince Georges County, Maryland.(Murray, Andrew) (Entered: 02/21/2024) |
| 02/22/2024 | 194 | ORDER granting 192 MOTION to Withdraw as Attorney Matthew Martens. Attorney Matthew T. Martens terminated. Signed by Judge Peter J. Messitte on 2/21/2024. (kb3s, Deputy Clerk) (Entered: 02/22/2024) |
| 03/14/2024 | 195 | NOTICE of Appearance by Howard M Shapiro on behalf of Christopher Butler, Miramba Williams (Shapiro, Howard) (Entered: 03/14/2024) |
| 03/17/2024 | 196 | NOTICE by Christopher Butler, Miramba Williams *re: Defendant Judge Subpoenas* (Wayne, Seth) (Entered: 03/17/2024) |
| 03/18/2024 | 197 | MOTION to Quash *Subpoenas To Appear and Testify During Hearing On April 3, 2024* by Lakeecia Allen, Robert Heffron Jr. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Spiker, James) (Entered: 03/18/2024) |
| 03/18/2024 | 198 | MOTION to Shorten Time *for Plaintiffs to Respond to Motion to Quash Hearing Subpoenas* by Lakeecia Allen, Robert Heffron Jr. (Attachments: # 1 Text of Proposed Order)(Spiker, James) (Entered: 03/18/2024) |
| 03/19/2024 | 199 | MOTION to Appear Pro Hac Vice for Sarah E. Maciel (Filing fee $100, receipt number AMDDC-11156063.) by Christopher Butler, Miramba Williams(Riley, Britany) (Entered: 03/19/2024) |
| 03/19/2024 | 200 | MOTION to Appear Pro Hac Vice for Sumayya Saleh (Filing fee $100, receipt number AMDDC-11156064.) by Christopher Butler, Miramba Williams(Riley, Britany) (Entered: 03/19/2024) |
| 03/20/2024 | 201 | PAPERLESS ORDER granting 199 Motion to Appear Pro Hac Vice on behalf of Sarah E. Maciel. Directing attorney Sarah E. Maciel to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 3/20/2024. (mh4s, Deputy Clerk) (Entered: 03/20/2024) |
| 03/20/2024 | 202 | PAPERLESS ORDER granting 200 Motion to Appear Pro Hac Vice on behalf of Sumayya Saleh. Directing attorney Sumayya Saleh to register for pro hac vice filing in the District of Maryland through PACER at https://pacer.uscourts.gov/ if attorney has not already done so. The *Pro Hac Vice* option must be selected when registering. Signed by Clerk on 3/20/2024. (mh4s, Deputy Clerk) (Entered: 03/20/2024) |
| 03/20/2024 | 203 | MOTION to Withdraw as Attorney *Timothy Perla* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order)(Shapiro, Howard) (Entered: 03/20/2024) |
| 03/20/2024 | 204 | MOTION to Withdraw as Attorney *Edward Williams* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order)(Shapiro, Howard) (Entered: 03/20/2024) |
| 03/20/2024 | 205 | MOTION to Withdraw as Attorney *Ellen Connell* by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington (Attachments: # 1 Text of Proposed Order)(Shapiro, Howard) (Entered: 03/20/2024) |
| 03/22/2024 | 206 | RESPONSE in Opposition re 197 MOTION to Quash *Subpoenas To Appear and Testify During Hearing On April 3, 2024* filed by Christopher Butler, Miramba Williams.(Saleh, Sumayya) (Entered: 03/22/2024) |
| 03/26/2024 | 207 | PAPERLESS ORDER: NOTICE advising counsel/parties of record that the Preliminary Injunction Hearing scheduled for April 3, 2024 is CANCELLED. Signed by Judge Peter J. Messitte on 3/26/2024. (kb3s, Deputy Clerk) (Entered: 03/27/2024) |
| 03/26/2024 | 208 | MARGINAL ORDER granting 203 Motion to Withdraw as Attorney. Attorney Timothy Jeffrey Perla terminated. Signed by Judge Peter J. Messitte on 3/26/2024. (kb3s, Deputy Clerk) (Entered: 03/27/2024) |
| 03/26/2024 | 209 | MARGINAL ORDER granting 204 Motion to Withdraw as Attorney. Attorney Edward Henderson Williams, II terminated. Signed by Judge Peter J. Messitte on 3/26/2024. (kb3s, Deputy Clerk) (Entered: 03/27/2024) |
| 03/26/2024 | 210 | MARGINAL ORDER granting 205 Motion to Withdraw as Attorney. Attorney Ellen K. Connell terminated. Signed by Judge Peter J. Messitte on 3/26/2024. (kb3s, Deputy |

| | | |
|---|---|---|
| | | Clerk) (Entered: 03/27/2024) |
| 03/29/2024 | 211 | MEMORANDUM OPINION. Signed by Judge Peter J. Messitte on 3/29/2024. (dass, Deputy Clerk) (Entered: 04/01/2024) |
| 03/29/2024 | 212 | ORDER granting the Subpoenaed Judges' 175 Motion to Quash; granting the County's 173 Motion for Judgment on the Pleadings; granting the Judge Defendants' 174 Motion for Judgment on the Pleadings; cancelling the preliminary injunction hearing scheduled; entering final judgment in favor of all Defendants against all Plaintiffs; closing case. Signed by Judge Peter J. Messitte on 3/29/2024. (dass, Deputy Clerk) (Entered: 04/01/2024) |
| 04/26/2024 | 213 | NOTICE OF APPEAL by Christopher Butler, D.P., Donnell Davis, Robert Frazier, Anibal Hernandez, Elmer Laguan-Salinas, Leslie Sharp, Miramba Williams, Adrienne Worthington. Filing fee $ 605, receipt number AMDDC-11228437.(Cutting, Jeremy) (Entered: 04/26/2024) |
| 04/29/2024 | 214 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 213 Notice of Appeal,. IMPORTANT NOTICE: To access forms which you are required to file with the United States Court of Appeals for the Fourth Circuit please go to http://www.ca4.uscourts.gov and click on Forms & Notices.(av4s, Deputy Clerk) (Entered: 04/29/2024) |
| 04/30/2024 | 215 | USCA Case Number 24-1380 for 213 Notice of Appeal, filed by D.P., Adrienne Worthington, Miramba Williams, Christopher Butler, Leslie Sharp, Robert Frazier, Donnell Davis, Anibal Hernandez, Elmer Laguan-Salinas. Case Manager - Rachel Phillips (av4s, Deputy Clerk) (Entered: 04/30/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/20/2024 15:07:00 | | |
| **PACER Login:** | ccutting | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-cv-01768-PJM |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

ROBERT FRAZIER,
13400 Dille Dr, Upper Marlboro, MD 20772

ANIBAL HERNANDEZ,
13400 Dille Dr, Upper Marlboro, MD 20772

D.P., a minor, by and through his next friend
and guardian K.P.,

CHRISTOPHER BUTLER,
13400 Dille Dr, Upper Marlboro, MD 20772

MIRAMBA WILLIAMS,
13400 Dille Dr, Upper Marlboro, MD 20772

DONNELL DAVIS,
3608 Rock Creek Church Road NW,
Washington, DC 20010

LESLIE SHARP,
653 E Capitol St. SE, Apt. B3, Washington,
DC, 20003

ELMER LAGUAN-SALINAS, and
3716 Jefferson St. Hyattsville, MD 20782

ADRIENNE WORTHINGTON
Address unknown

individually and on behalf of a class
of similarly situated persons,

       Plaintiffs,

    v.

PRINCE GEORGE'S COUNTY,
MARYLAND,
1301 McCormick Drive, Suite 4100,
Largo, MD 20774

Case No.   8:22-cv-1768

**JURY TRIAL DEMANDED**

**JA20**

CORENNE LABBÉ, in her official capacity as
Director of the Prince George's County
Department of Corrections,
13400 Dille Dr, Upper Marlboro, MD 20772

JEFFREY LOGAN, in his official capacity as
Division Chief of the Prince George's County
Population Management Division,
13400 Dille Dr, Upper Marlboro, MD 20772

KENNETH GRAY, in his official capacity as
Section Chief of the Prince George's County
Community Supervision Section,
13400 Dille Dr, Upper Marlboro, MD 20772

TANYA LAW, in her official capacity as Unit
Chief of the Prince George's County
Monitoring Services Unit,
13400 Dille Dr, Upper Marlboro, MD 20772

and

LAKEECIA ALLEN, BRYON BEREANO,
JOHN BIELEC, SCOTT CARRINGTON,
ADA CLARK-EDWARDS, STACEY COBB
SMITH, BRIAN DENTON, ROBERT
HEFFRON JR., DONNAKA LEWIS,
GREGORY POWELL, and CATHY
SERRETTE, in their personal capacities and
official capacities as District and Circuit Court
Judges for the District and Circuit Courts of
Maryland for Prince George's County,
14735 Main St, Upper Marlboro, MD 20772

Defendants.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## STATEMENT OF THE CASE

1.      Every night, hundreds of people are jailed awaiting trial in Prince George's County, Maryland, despite the absence of any legally sufficient order that they be detained.

2.      These unlawfully jailed people comprise approximately one-third of the entire population of the Prince George's County Jail.

3.      No court has found that they are too dangerous to be released. Nor has any court found that they would be a flight risk if released.

4.      In fact, the opposite is true. A judge has decided that each of these people could safely be released into the community with appropriate conditions.

5.      Nevertheless, each person remains in jail, in violation of their state and federal constitutional rights, because Prince George's County District and Circuit Court Judges have abdicated their responsibilities and instead referred to unaccountable non-judicial county officials the decision of whether, when, and under what conditions the presumptively innocent person will be released. These pretrial referrals often occur even when the judges ostensibly order the person to be released.

6.      The county officials, employed by the Population Management Division of the Prince George's County Department of Corrections ("the Pretrial Division"), make these critical decisions behind closed doors, without a hearing or the participation of the arrested person or the state, and based on the officials' own criteria unrelated to public safety or flight risk.

7.      Moreover, these county officials take weeks or months to reach a decision, during which time the jailed persons suffer the severe harms attendant to pretrial incarceration, including being cut off from their family, friends, and attorneys; losing their homes and jobs; and lacking adequate physical and mental healthcare.

8.     At the end of the lengthy processing time, the officials often decide not to release those who have been referred to the Pretrial Division. In many cases, no explanation is provided.

9.     Plaintiffs Robert Frazier, Anibal Hernandez, D.P.,[1] Christopher Butler, Miramba Williams, Donnell Davis, Leslie Sharp, Elmer Laguan-Salinas, and Adrienne Worthington are among those who have been—and in some cases, continue to be—illegally jailed through the referral process.

10.     In each Plaintiff's case, a judge determined during a bail review hearing that pretrial detention was unnecessary and authorized (or, in some cases, actually ordered) their release. But in each case, the judge delegated the decision about whether and when release would actually occur, and under what conditions, to unaccountable county officials in the Pretrial Division.

11.     Each Plaintiff then languished in the Jail for weeks or months as the Pretrial Division decided, behind closed doors, whether to release Plaintiffs.

12.     In some cases, the Pretrial Division decided not to release Plaintiffs at all, for arbitrary reasons not found by any judicial officer (and indeed, sometimes rejected by one)—not based on whether Plaintiffs posed a danger to the community or their likelihood of returning to court.

13.     Donnell Davis was detained for 90 days after a judge authorized his release. He was locked in his jail cell for 23 hours each day during the height of the COVID-19 pandemic. He was only released when, at trial, he was found not guilty of all charges against him.

---

[1] Because D.P. is a minor, only his initials are used. *See* Fed. R. Civ. P. 5.2. He brings this lawsuit by and through his next friend and guardian, K.P., who will be filing a Motion to Proceed Under Pseudonym in order to protect D.P.'s identity.

14.     Leslie Sharp was detained for 29 days after a judge ordered him released. He missed his best friend's funeral and was separated from his bedridden grandmother and 12-year-old daughter. He was released when the State dismissed all charges against him on the day of trial.

15.     Elmer Laguan-Salinas was detained for 92 days after a judge authorized his release. During this time, he lost his home and was separated from his 14-month-old daughter. He was housed in a cell with worms and black water. After three months of delays, he was finally released. He has not been convicted of any of the crimes of which he is accused.

16.     Adrienne Worthington was detained for more than a week after a judge authorized her release. She spent Christmas and New Year's in the Jail, separated from her children and grandchildren. While jailed, she fell behind on rent and lost her house. After she was released, the State dropped all charges against her. She remains unhoused to this day.

17.     Meanwhile, Plaintiffs Robert Frazier, Anibal Hernandez, D.P., Christopher Butler, and Miramba Williams remain illegally jailed at this moment.

18.     Robert Frazier was authorized for release on May 31, 2022. His mother died soon thereafter. He was not released in time to pay his respects. On June 21, the court ordered his release. He remains in the Jail 49 days after his release was authorized, and nearly a month after it was ordered.

19.     Anibal Hernandez was ordered released on June 25, 2022. His attorney has emailed the Jail no fewer than six times trying to effectuate this order. Three weeks later, Mr. Hernandez is still detained.

20.     D.P. is a 16-year-old boy. A judge authorized his release on June 21, 2022. Nearly a month later, he remains jailed, separated from his mother and seven-year-old twin sisters. Because he has been detained for so long, he will likely be held back in school.

21.     Christopher Butler was arrested on October 26, 2021, and ordered released on February 18, 2022. Five months later, he remains detained. He has not seen his 10-year-old daughter in the nine months since he was arrested, as the Jail does not permit children to visit.

22.     Miramba Williams was authorized for release on July 5, 2022. Nearly two weeks later, he remains incarcerated, locked in his cell for 23 hours each day.

23.     Every additional day that Plaintiffs are incarcerated—separated from their families, jobs, homes, medical treatment, and other crucial components of life—inflicts additional harm.

24.     On behalf of themselves, and all others similarly situated, Plaintiffs seek a declaration that Defendants' policies and practices violate their rights under the United States and Maryland Constitutions, an injunction against the continuation of these unconstitutional practices, and compensation for the harm they have suffered.

## JURISDICTION AND VENUE

25.     This is a civil rights action arising under 42 U.S.C. § 1983, 28 U.S.C. § 2201, *et seq.*, the Fourteenth Amendment to the United States Constitution, and Maryland state law. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

26.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to the claims take place at the Prince George's County District Courts in Hyattsville and Upper Marlboro, Maryland, and the Prince George's County Detention Center in Upper Marlboro, Maryland ("the Jail").

## THE LAW OF BAIL AND PRETRIAL RELEASE

27.    "In our society [pretrial] liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

28.    To ensure that pretrial detention remains a "carefully limited exception," the Fourteenth Amendment to the United States Constitution requires rigorous substantive and procedural protections before a person can be detained while awaiting trial.

29.    Substantively, the right to pretrial liberty is "fundamental." *Id.* at 750. Pretrial detention is only constitutionally permissible if a judicial officer has found that detention is *necessary* to protect the government's interests in reasonably assuring the safety of the community or guarding against the risk of flight by the arrested person. A person may not be detained before trial if *any* less restrictive means can serve the government's interests.

30.    Procedurally, orders of pretrial detention are only constitutionally adequate if they are the product of a "full-blown adversary hearing," which includes consideration of alternative conditions of release and recorded findings of fact and a statement of reasons for the decision to detain, among other protections. *Id*. at 750–52. Of significant relevance here, pretrial detention decisions must be made by a "neutral decisionmaker." *Id.* at 750.

31.    Interpreting the U.S. Constitution, the Maryland Court of Special Appeals has held that pretrial detention based on dangerousness "may not be ordered unless the judicial officer is persuaded by clear and convincing evidence that no condition or combination of conditions of pretrial release can reasonably protect against the danger that the defendant poses to the safety of an identifiable person or to the community at large." *Wheeler v. State*, 864 A.2d 1058, 1065 (Md. Ct. Spec. App. 2005).

32.     Maryland Rule of Criminal Causes 4-216.1, which governs pretrial release and incarceration, "is designed to promote the release of defendants" prior to trial. Md. Rule 4-216.1(b)(1).

33.     Rule 4-216.1 prohibits pretrial detention unless a "judicial officer" finds a "reasonable likelihood" that, if released, the arrested person will not re-appear in court or will be a danger to the community. The Rule requires "individualized consideration" of the "least onerous condition or combination of conditions . . . that will reasonably ensure (A) the appearance of the defendant, and (B) the safety of each alleged victim, other persons, and the community[.]" Md. Rule 4-216.1(b)(2)–(3).

34.     Rule 4-216.1 prescribes the list of factors that a judicial officer may consider in determining whether to release a person awaiting trial, among them "the recommendation of any pretrial release services program that . . . is willing to provide an acceptable level of supervision over the defendant during the period of release if so directed by the judicial officer." Md. Rule 4-216.1(f)(1). Importantly, although the Rule contemplates a pretrial services program making a *recommendation*, the ultimate decision about whether to detain or release a person pretrial must be made by a judicial officer.

## STATEMENT OF FACTS

**I.     The Policies and Practices Governing Pretrial Release in Prince George's County Violate Constitutional Requirements of Substantive and Procedural Due Process.**

35.     Every day, courts in Prince George's County violate substantive and procedural constitutional requirements. Thousands of people have been—and many continue to be—detained in violation of their constitutional and legal rights.

## The Initial Appearance

36.     After a person is arrested in Prince George's County, they are brought before a judicial commissioner for an initial appearance.

37.     Initial appearances take place in the judicial commissioner's office at the Jail, behind closed doors, generally within one day after arrest.

38.     At the initial appearance, the judicial commissioner can order the person released on recognizance or an unsecured bond, released upon payment of a secured cash bond, or held without bond.[2] If the commissioner grants release on recognizance or a cash bond, the commissioner may also specify additional conditions of release.

39.     No prosecutor is present to submit evidence as to whether ongoing detention is necessary. Nevertheless, many people remain detained after their initial appearance.

40.     Each initial appearance concludes within minutes.

41.     Persons given an unsecured bond or released on their own recognizance are released after their initial appearance.

42.     Persons given a secured cash bond may be released after their initial appearance if they are able to pay the bond amount. Those who cannot pay remain detained.[3]

## The Bail Review Hearing

43.     When a person remains detained after their initial appearance—either because they cannot afford the cash bond that was set, or because they were detained without bond—they appear for a bail review hearing before a District Court judge on the next day the court is in session.

---

[2] The judicial commissioner must hold certain people without bond under Maryland law. Only a judge can set bond or release these people. *See* Md. Code Ann., Crim. Proc. § 5-202.

[3] People regularly remain detained because they are unable to pay the cash bond that has been set.

44.     Because the District Court is not in session on weekends or holidays, bail review hearings regularly occur 48-72 hours after a person's initial appearance.

45.     Before an arrested person's bail review hearing, the Pretrial Division[4] compiles an "Intake Fact Sheet" for each person and provides it to the court.

46.     The Intake Fact Sheet is intended to provide the judge with information about the arrested person's criminal history, any prior failures to appear in court, residence, and employment.

47.     Intake Fact Sheets often contain significant errors and omissions.

48.     If at the bail review hearing, the detained person has not retained counsel, the District Court appoints counsel or defers the hearing until the person secures counsel.

49.     At the hearing, defense counsel is usually required to speak first and to make an affirmative argument as to why their client should be released pretrial on recognizance or conditions. The burden is effectively placed on defense counsel to present evidence as to why their client can be released.

50.     The Assistant State's Attorney ("ASA") is generally not asked to present evidence or even explain why continued detention is necessary. To the extent the ASA presents evidence at the hearing, it is typically limited to the statement of charges or criminal history. At some bail review hearings, the ASA does not make any argument at all.

51.     A representative from the Pretrial Division—often Defendant Jeffrey Logan—is usually present at bail review hearings but does not speak unless asked to by the judge.

52.     Bail review hearings generally only last a few minutes.

53.     At the conclusion of the hearing, the judge decides whether to leave the judicial commissioner's initial bail determination in place or change it. Possible outcomes include release

---

[4] Maryland does not have a statewide agency responsible for supervising people who are released awaiting trial. Each county decides whether it will establish such an agency.

on recognizance, release on an unsecured money bond, release on a secured money bond (payable at 10 percent or 100 percent), non-financial pretrial conditions, and detention without bond. As explained below, any of these outcomes may be paired with a referral to the Pretrial Division.

54.     After the hearing, if the person remains detained, the Court issues a written Commitment Pending Hearing order ("bail order").

55.     Bail orders are generally only a few lines long and contain little information.  If the court orders the person detained, it generally does not issue factual findings on the record explaining why detention is necessary or why less restrictive conditions will not suffice to protect the community and/or ensure return to court.

56.     If a person remains detained after their bail review hearing, their next court date will usually be at least 30 days later.

57.     What happens after the initial bail review hearing depends on the crimes with which the arrested person is charged. For offenses punishable by incarceration of less than three years or a fine of less than $2,500, the case typically remains with the District Court.

58.     All other cases must be adjudicated in Circuit Court. In such cases, if probable cause is found at a preliminary hearing or the hearing is waived, and the State's Attorney subsequently indicts the case, the case is transferred to Circuit Court. After the transfer, bail and pretrial release become a Circuit Court matter.

59.     If the detained person would like to have their bail reconsidered after their first bail review hearing, they must file a motion with either the District Court or Circuit Court, depending on whether their case has been transferred. As explained below, motions for subsequent bail review hearings are often denied without a hearing.

<u>Pretrial Referrals</u>

60.     In addition to whatever conditions of release they impose, District and Circuit Court judges frequently provide a "pretrial option" (also known as "authorizing pretrial") or a "pretrial order" (collectively, "pretrial referral" or "referral to pretrial").

61.     Pretrial referrals outsource one of the most important decisions in any criminal case—whether a presumptively innocent person will be jailed awaiting trial—to unelected, non-judicial employees in the County Department of Corrections.

62.     If a person is "held without bond with a pretrial option," (or, equivalently, "held without bond, pretrial authorized"), the judge has authorized the person's release; but the determination of whether, when, and on what conditions release actually occurs is delegated to the Pretrial Division. The arrested person will remain in the Jail until the Pretrial Division makes its decision, and thereafter if the Division decides not to release them.

63.     Similarly, if the court imposes a cash bond with a pretrial referral, the person can be released if they pay the cash bond; or, if they do not pay the cash bond, at the discretion of the Pretrial Division. If the person cannot afford the cash bond as set, the only way they can be released is if the Division elects to release them. Detained persons will necessarily wait in the Jail until the Division makes its decision.

64.     Sometimes instead of a pretrial option or authorization, the judge will issue a "pretrial order" of release. But a pretrial order is not treated as a true "order." Both judges and the Pretrial Division have interpreted "pretrial order" as an instruction merely to place to person at the front of the Pretrial Division's processing queue, functionally delegating to the Division authority to determine whether the person will be released. Pretrial options are more common than pretrial orders. Judges have in some cases refused to give pretrial orders, as opposed to pretrial options,

stating on the record that it is not fair to have someone "jump the line" of people waiting on a release decision from the Pretrial Division.

65.     In all cases, by issuing a pretrial referral—whether by "option" or "order"—the judge has determined that detention is not necessary and that the person may be released at the discretion of the Pretrial Division.[5] If the Pretrial Division decides to release a person given a referral, there is no further involvement of the court. The same is true if the Division decides not to release.

<u>Post-Pretrial Referral Process</u>

66.     If an arrested person is referred to pretrial, their case file is sent to the Pretrial Division after the bail review hearing. The Pretrial Division then processes the file and determines, in its sole discretion, whether, when, and on what conditions to release the person pretrial. There are no further findings or direction from the court.

A.  *<u>The Pretrial Division Has Established Levels of Supervision.</u>*

67.     The Pretrial Division has established four fixed "levels of supervision."

68.     Each level has a set of criteria that a person must meet in order to be released and a set slate of conditions to be imposed once a person is released. The criteria and conditions are determined by the Pretrial Division, without judicial input or oversight.

69.     Level 1 is the least restrictive. Level 4, which amounts to home detention, is the most restrictive.

70.     When the court issues a pretrial referral to someone, it sometimes specifies a level. For example, if the Court "authorizes pretrial at Level 3," the Pretrial Division interprets this to

---

[5] At times, judges will combine a purported finding that detention is necessary by clear and convincing evidence with a pretrial referral. The referral, which permits release after processing by the Pretrial Division with no additional hearings, evidence, or findings, essentially negates the preceding finding.

mean that the detained person may only be considered for release at Level 3 or higher. If the Pretrial Division decides that the person is not eligible for release at Level 3 or 4, the person remains detained.

71.     When the court does not specify a level, the Pretrial Division considers itself to have discretion to determine what level of supervision, if any, at which to release the detained person. The Pretrial Division has determined that persons charged with certain crimes are only eligible for release at Level 4.

72.     Some cases are designated, by either the court or by the Pretrial Division, as "Admin Review" cases. This is generally understood to mean that Defendant Logan himself, as the Pretrial Division Chief, must sign off before the person can be released.

B. *The Pretrial Division Delays Processing Pretrial Referrals.*

73.     When a judge issues a pretrial referral, they do not order a date or a timeline by which the Pretrial Division must render a release decision.

74.     The Pretrial Division regularly delays or defers its release decision for weeks or months without consequence.

75.     Defense attorneys who contact the Pretrial Division days or weeks after their client's bail review hearing are regularly informed that their client's case has not even begun to be processed.

76.     When people charged with crimes that must be adjudicated in Circuit Court are referred to pretrial, the Division often does not even begin to process their pretrial referral until after their preliminary hearing—which is generally 30 days after the bail review hearing at which the referral was made. In the interim, they remain jailed.

77.     While the Pretrial Division has not made a release decision either way, defense attorneys are generally not permitted to seek reconsideration of their clients' bail orders.

78.     Thus, during the Division's weeks or months of "processing," people given pretrial referrals remain in a state of purgatorial detention, not knowing when they will go home—or even if there will be a determination as to whether they can go home.

C.  *The Pretrial Division's "Process" Is Opaque.*

79.     The Pretrial Division's decision-making on each pretrial referral takes place at its offices in the Department of Corrections, behind closed doors.

80.     The Pretrial Division proceeds without notice to or any communication with the detained person and without an adversarial hearing in which counsel is present and either side can present argument and evidence to a neutral decision-maker charged with issuing recorded findings.

81.     During the weeks or months that a referral sits with the Pretrial Division, Division staff provide no affirmative notice to the person or their counsel regarding what investigation (if any) is happening or where the person is in the queue.

82.     The only way for a detained person to obtain a status update is to call or email the Pretrial Division. Because detained persons are often unable to contact the Division directly, an attorney, family member, or friend must reach out on their behalf.

83.     People who contact the Pretrial Division on behalf of a detained person rarely receive a response. When they do, they are regularly given inconsistent or incorrect information.

84.     When defense attorneys do manage to reach someone at the Division, they are often told that the Division has not yet assigned a case manager to their client or that Division staff has not yet reviewed the client's file.

85.     Regularly calling and emailing the Pretrial Division is not only the sole means to remain informed, it is also often necessary to effectuate release. Defense attorneys who have time and are familiar with the Pretrial Division regularly make repeated phone calls and send repeated emails to provide the Division with additional information to facilitate release or to ask why a decision has not been made. Often, it is pressure and information from defense attorneys that eventually achieves release by the Division.

D.   _The Pretrial Division Makes Unauthorized and Arbitrary Detention Decisions._

86.     In many cases, the Division never explicitly refuses to release a person. Instead, the person remains in purgatorial pretrial detention until the pending criminal case is resolved.

87.     In many other cases, the Pretrial Division declines to release persons whom the court has referred. In these instances, the person remains detained until their criminal case is resolved or they are able to convince a judge to modify their bail.

88.     When the Pretrial Division decides to detain someone despite a pretrial referral, the only notice it (sometimes) provides of its decision is a letter sent to the court, often weeks after it has made its determination. The arrested person, their counsel, and their family are not otherwise proactively informed of the Division's decision. On the occasions the Division sends out a letter, it rarely offers an explanation for its detention decision.

89.     In many cases, the letter to the court is never sent, and there is no way to know that the Division has outright refused release to a person other than to call the Division.

90.     When it deigns to explain its decisions, the Pretrial Division often justifies itself using criteria that were known to the court at the time it made the pretrial referral.

91.     For example, the Pretrial Division often refuses to release due to the "nature of the charged offense"—effectively overruling the court's referral for pretrial release, which the court issued after reviewing that same information.

92.     The Pretrial Division also often refuses to release people based on their criminal history, which is listed on the Intake Fact Sheet that the Division itself prepares ahead of bail review hearings, and which the court in turn presumably considered before making the pretrial referral.

93.     Similarly, the Pretrial Division refuses to release people because of the alleged victim's objections, even in cases where the alleged victim appeared and was heard at the bail review hearing that resulted in the court issuing a pretrial referral.

94.     Moreover, the Pretrial Division often declines to release persons awaiting trial because the alleged victim purportedly cannot be reached—after little or no effort by the Pretrial Division to contact the alleged victim.

95.     The alleged victim's approval of release is considered necessary by the Division even where the charges were privately instituted by the same person filing a citizen's complaint.[6] Accordingly, in Prince George's County, any person may institute criminal charges against another person and then, if the arrested person is issued a pretrial referral, also ensure they are detained pending trial.

96.     The Pretrial Division also regularly declines to release persons awaiting trial based on criteria that are largely arbitrary and/or not related or only vaguely related to the safety of the community or flight risk.

---

[6] Maryland permits civilians to institute criminal complaints against other civilians.

17

**JA36**

97.     For example, the Pretrial Division has refused to release persons awaiting trial because it says it "cannot verify" a home address. This often means that detained people who live alone cannot be released because there is no one else living at their home who can "verify" the address while they sit in jail.

98.     This also means that people who are unhoused and are issued a pretrial referral are denied pretrial release.

99.     For people who are only eligible for release on Level 4 (i.e., home detention)— either by the court's order or by the Pretrial Division's own criteria—the Pretrial Division will not release unless the person has a "verified" Prince George's County address to reside at, a "cooperative" person to reside with, and, in some instances, a landline.[7]

100.    The Pretrial Division declines to release persons awaiting trial due to "institutional behavior," a term that the Division has not defined.

101.    The Pretrial Division declines to release persons awaiting trial for reasons the Division itself has caused. For example, the Pretrial Division has refused to release people who have warrants for failures to appear at court dates in other jurisdictions, even when those warrants were only issued because the person was detained in Prince George's County on their court date awaiting processing by the Division.

102.    The Pretrial Division's release and detention policies are ever evolving and inconsistent. For example, the Pretrial Division has declined to release some people because they have an additional open case but has, in other instances, agreed to release other people with additional open cases.  This discrepancy in treatment is not readily apparent and has not been explained by the Division.

---

[7] The Pretrial Division applies these requirements even when the court knew at the time it authorized release on Level 4 that the person resides outside Prince George's County.

103. Similarly, the Pretrial Division has sometimes accepted utility bills as a means of address verification. But in other cases, it has insisted on a copy of the lease or mortgage—with no explanation for the inconsistent conduct.

104. The Pretrial Division regularly shifts its goalposts. People referred to pretrial are often denied release for reasons which are not listed on the Pretrial Division's own published eligibility criteria. Defense attorneys who help the Division clear a purported roadblock to a client's release—for example, by providing contact information for the client's family—are often then told that the Division will not release the client for another, unrelated reason.

E. *Judges Do Not Enforce or Require the Division to Abide by the Judicial Determinations Made in the Pretrial Referrals.*

105. If the Pretrial Division declines to release a person even though they have been referred to pretrial, the only way to challenge this decision is to file a new motion with the court.

106. Judges regularly decline to hear motions for bail reconsideration that have been filed by persons for whom the Pretrial Division is delaying or denying release.

107. When follow-up bail review hearings are granted, they regularly are not scheduled for more than a week after the motion was filed. By the time such a hearing takes place, the person often has been detained for weeks or months after the court referred them for release.

108. When follow-up bail review hearings are held, judges typically do not inquire into the Pretrial Division's delay or refusal to release the person. When they do ask, judges usually accept the Pretrial Division's explanations without question.

109. Judges have indicated that they agree with the Pretrial Division's interpretation of "pretrial order," i.e., that these "orders" do not actually bind the Division to release the person.

110. Judges typically require defense counsel to show "changed circumstances" in order to entertain a motion for bail reconsideration. There is no law requiring "changed circumstances"

in order to receive reconsideration of one's bail. Judges typically do not accept the Pretrial Division's delay or refusal to release the referred person as a qualifying changed circumstance.

111.    When defense attorneys have filed *habeas corpus* petitions seeking to have their client's pretrial referrals reviewed by a higher court, they are usually sent back to the bail-setting court for a *de novo* bail review hearing.

112.    The Pretrial Division's delay—or, in some instances, outright refusals—in executing pretrial referrals has been repeatedly and openly discussed in District and Circuit Courts. Judges have indicated that they are aware of the Division's delays and refusals. Nevertheless, judges regularly shrug off their constitutional responsibility to determine whether, when, and on what conditions people charged with crimes will be released before trial.

113.    The differences between a constitutionally compliant bail system and the system as it functions in Prince George's County are captured by the following illustration:

## A Constitutionally Compliant Bail System



## The Prince George's County Bail System



**JA40**

II.     **Defendants' Practices are Persistent, Widespread, and Have Led to Overcrowding of the Prince George's County Jail.**

114.    The population of the Prince George's County Jail has, in recent months, consistently stood at more than 900 people. In March 2020, at the onset of the pandemic, the population was reduced from its regular count of more than 700 people, to fewer than 600 people. It then quickly returned to its pre-pandemic levels and has since skyrocketed far beyond those.

115.    Approximately 80 percent of people detained at the Jail are Black.

116.    Almost everyone detained at the Jail is awaiting trial and remains presumptively innocent.

117.    A substantial proportion of those detained at the Jail have received pretrial referrals to the Pretrial Division.

118.    Defendant Logan has estimated that approximately one-third of people at the Jail remain detained despite having received a pretrial referral.

119.    The Department of Corrections has represented that, from December 1, 2018, to February 28, 2021, 1,208 people were given pretrial referrals. This is about 50 referrals per month.

120.    Over 20 percent of those referred—246 people—were never released pursuant to their pretrial referral. The other 962 people were released days, weeks, or months after the Pretrial Division received their files, and in many cases only after requesting and appearing at subsequent bail review hearings.

121.    In May 2020, a comprehensive review of the Jail population identified 127 people out of a total population of 503 who had received pretrial referrals to the Pretrial Division. That is, over one quarter of the people in the Jail remained detained even though no judge had determined that they could not be safely released. Eighty of those people had been referred to pretrial more

than one month prior and 48 had been referred to the Pretrial Division more than three months prior, making up about one out of every ten people in the Jail.

122.    A recent review of bail review hearings found that 27 percent of bail review hearings in Prince George's County from January to May 2022 resulted in a pretrial referral. But only about half of those referred to pretrial during this period had actually been released on pretrial supervision by July 15, 2022.[8] Those people waited an average of 38 day after their bail review hearings to be released. About 20 percent of them waited more than 60 days.

123.    The other half of people referred to pretrial during that period remained incarcerated or on home detention as of July 15, 2022. Of those who remained detained, 44 percent had been detained for more than 60 days since their bail review hearing.

124.    One third of those who were ordered released on pretrial supervision in the first five months of 2022 remained in the Jail as of July 15, 2022.

125.    For people whose cases were in Circuit Court, the data was even more startling: Only about a quarter of people referred to the Pretrial Division in the first five months of the year had been released by July 15. People whose cases are in Circuit Court spent, on average, 83 days in jail after being referred for pretrial release.

**III.    Defendants' Practices Harm Arrested People and Their Communities.**

126.    The pretrial referral process is particularly jarring because it gives detained persons and their families false hope. When judges announce at bail review hearings that they are "authorizing pretrial release," arrested people and their families regularly cheer. They then become devastated once they learn from defense counsel that an authorization of pretrial release does not, in fact, result in pretrial release—at least not any time soon.

---

[8] This does not include people "released" on home detention, as public jail data refers to these people as detained.

127.    Pretrial incarceration harms detained peoples' lives beyond loss of liberty. People who are detained awaiting trial endure degrading and life-threatening conditions in jail.

128.    For instance, people who are subjected to pretrial incarceration experience an worsening of existing—or a higher likelihood of developing—mental illness; a high likelihood of assault, including sexual assault, especially in the first few days of incarceration; exposure to communicable diseases; inability to exercise; deprivation of sunlight and fresh air; and forcible separation from children and family.

129.    The harmful effects of pretrial incarceration are particularly acute at the Prince George's County Jail, which was sued for its deliberate indifference to the needs of those it incarcerated during the COVID-19 pandemic. *See* Complaint, *Seth v. McDonough*, No. 20-CV-01028 (D. Md. Apr. 21, 2020), ECF No. 2.

130.    In issuing a temporary restraining order against the Prince George's County Department of Corrections, the court in *Seth* found that the Jail had "recklessly disregarded the health and safety of detainees exposed to COVID-19, particularly those at high-risk of complications if infected," thereby putting them in "serious jeopardy." *Seth v. McDonough*, 461 F. Supp. 3d 242, 262–63 (D. Md. 2020); *see also id.* at 261–62.

131.    The Department of Corrections' failure to safeguard the health and safety of those incarcerated in the Jail continued throughout the *Seth* lawsuit. In late 2021, post-settlement jail inspections found rampant disregard of requests for medical attention, "an absolute lack of any mental health care," insufficient drinking water, blood on cell walls, visible colonies of mold, cold food and showers, and a lack of heat in the winter.

132.    The Prince George's County Jail has not allowed children to visit detained people for more than two years. This means that some parents detained at the Jail have not seen their children for as long as they have been detained, in some cases more than two years.

133.    Pretrial incarceration has a domino effect on arrested people and their communities. Common consequences of pretrial incarceration include loss of employment, loss of housing, missed payments on utilities and other bills, and loss of physical and/or legal custody of children.

134.    Being detained also has a significant impact on the legal outcome of a person's case. People who are detained awaiting trial are more likely to plead guilty than people who await trial at home, even if they are innocent.[9] Incarcerated people have a harder time preparing their defenses; studies show that people who are detained pretrial face worse outcomes at trial and sentencing than those released pretrial, even when charged with the same offense and controlling for all other factors.[10] A person's pretrial detention thus has an irreparable impact on the outcome of their criminal case, and on the person's life for years afterward.

135.    Pretrial detention also makes communities less safe. Several studies have shown that just two or three days in pretrial detention increases the likelihood that a person will commit

---

[9] *See* Arpit Gupta et al., *The Heavy Costs of High Bail: Evidence from Judge Randomization*, 45 J. LEGAL STUD. 471, 471–72 (2016) ("Many defendants who are detained on money bail before trial eventually choose to plead guilty in exchange for release rather than risk continued detention or an uncertain trial outcome.").

[10] *See* Christopher Lowenkamp et al., *Investigating the Impact of Pretrial Detention on Sentencing Outcomes*, LAURA & JOHN ARNOLD FOUND. 12, 14 (Nov. 2013), https://bit.ly/3PjDgbO (those detained for the entire pretrial period are more likely to be sentenced to jail and prison—and receive longer sentences—than those who are released at some point before trial or case disposition); Megan T. Stevenson, *Distortion of Justice: How the Inability to Pay Bail Affects Case Outcomes*, 34 J.L. ECON. & ORG. 511, 535–36 (2018) ("Pretrial detention leads to an expected increase of 124 days in the maximum days of the incarceration sentence, a 42% increase over the mean.").

a crime in the future and increases the future risk level of even low-risk persons.[11] People who are detained for a few days following arrest are more likely to miss court dates in the future because of the destabilizing effects of short periods in jail.[12] In other words, detention for just a few days increases recidivism.

136.    Detaining fewer people pretrial benefits the community as a whole. For example, under a consent decree approved by a federal court in November 2019, Harris County, Texas, has been releasing most people arrested for misdemeanors promptly and modified procedures at bail hearings to comply with the Constitution. Since the consent decree has been in place, the number of persons arrested for misdemeanors who had a new charge filed within a year has decreased, while the percentage of misdemeanor cases resulting in conviction has dropped by more than 50 percent and the share of cases dismissed or resulting in acquittal has nearly doubled.[13]

137.    Releasing more people before trial is fiscally prudent as well, as pretrial detention is enormously expensive.

---

[11] *See* Timothy R. Schnacke, *Fundamentals of Bail: A Resource Guide for Pretrial Practitioners and a Framework for American Pretrial Reform*, NAT'L INST. OF CORR. 15–16 (Sept. 2014), https://goo.gl/jr7sMg; Christopher T. Lowenkamp et al., Laura & John Arnold Found., *The Hidden Costs of Pretrial Detention* 3 (2013), https://bit.ly/2u0Lj5d (studying 153,407 people and finding that low-risk arrested persons detained 2–3 days were almost 40 percent more likely to commit new crimes before trial than persons held no more than 24 hours); Paul Heaton et al., *The Downstream Consequences of Misdemeanor Pretrial Detention*, 69 STAN. L. REV. 711, 768 (2017) ("While pretrial detention clearly exerts a protective effect in the short run, for misdemeanor defendants it may ultimately serve to compromise public safety," and finding that in a representative group of 10,000 misdemeanor offenders, pretrial detention would cause an additional 600 misdemeanors and 400 felonies compared to if the same group were released).

[12] *See also* Gupta et al., *supra* note 10, at 494.

[13] Brandon L. Garrett et al., *Monitoring Pretrial Reform in Harris County: Fourth Report of the Court-Appointed Monitor*, ODONNELL V. HARRIS COUNTY DECREE (Apr. 18, 2022), https://bit.ly/3PG3rt8.

138.   Thus, every day of pretrial detention inflicts additional, irreparable harm against both detained persons and their communities. Where no Court has determined that pretrial detention is necessary, that harm is especially unjustifiable.

## PARTIES

### Robert Frazier

139.   Plaintiff Robert Frazier is 40 years old. Until recently, he worked in construction and lived with his fiancée and their four-year-old daughter in Washington, D.C. He also has three other living children, including a five-year-old son.

140.   Mr. Frazier was arrested on May 28, 2022. Due to the Memorial Day holiday, he did not appear for a bail review hearing until May 31. At that hearing, Judge Bryon Bereano reviewed Mr. Frazier's Intake Fact Sheet—which stated, *inter alia*, that Mr. Frazier had an outstanding traffic detainer—and issued a pretrial referral authorizing Mr. Frazier's release at Level 4.

141.   On June 21, after Mr. Frazier's attorney filed a motion for bail reconsideration, Judge Ada Clark-Edwards again referred Mr. Frazier to pretrial, this time ordering that he be released at Level 4. Nevertheless, Mr. Frazier remained detained.

142.   Shortly after he was referred for pretrial release, Mr. Frazier's mother passed away. Mr. Frazier was not released in time to see his mother's body before she was put to rest.

143.   Mr. Frazier had a seizure while at the Jail. He was transferred a cell in the medical unit with feces, bugs, and worms. He has yet to see a doctor. He has open wounds and ulcers in his mouth, and he broke a tooth trying to eat solid food because the Jail refused to give him soft food until recently. He has yet to see a dentist. The Jail confiscated his toothbrush.

144.     As the Jail does not permit children to visit, Mr. Frazier has not seen his four-year-old daughter or five-year-old son since he was arrested.

145.     To date, Mr. Frazier has not been contacted by anyone at the Pretrial Division. He does not know why he remains detained or when he might be released.

146.     Jail officers have given Mr. Frazier inconsistent explanations as to why he remains detained. One officer told him that the head of the Pretrial Division did not want Mr. Frazier released for an unknown reason. Another officer told him that his ongoing detention is unrelated to any individualized assessment, but instead is a consequence of the Pretrial Division's general refusal to release people in order to "make up" for revenue lost from COVID-19 jail releases.

147.     Meanwhile, Defendant Logan has suggested to Mr. Frazier's attorney that the Division does not want to release Mr. Frazier because of the Virginia traffic detainer. At the same time, Defendant Logan has acknowledged that the court knew about the detainer when it authorized, then ordered, Mr. Frazier's release—but expressed concern about the court's decision.

148.     Forty-nine days since the court authorized Mr. Frazier's release, and 28 days since the court ordered his release, Mr. Frazier remains in the Jail, with no idea if or when he will go home.

<u>Anibal Hernandez</u>

149.   Plaintiff Anibal Hernandez is 29 years old. Until recently, he worked in construction and lived in Hyattsville, Maryland with his wife, one-year-old daughter, parents, and other family.

150.   Mr. Hernandez was arrested on June 22, 2022, and appeared before Judge LaKeecia Allen for a bail review hearing on June 24.

151.    The Intake Fact Sheet prepared by the Pretrial Division stated that Mr. Hernandez had no prior failures to appear in the court and that he had only a brief and dated criminal record. Judge Allen issued a pretrial referral ordering Mr. Hernandez released at any level.

152.    That same day, Mr. Hernandez's attorney emailed Defendant Logan the statement of charges, Intake Fact Sheet, and contact information for Mr. Hernandez's family.

153.    Yet Mr. Hernandez remained in the Jail. Every few days—a total of five more times—Mr. Hernandez's attorney emailed Defendant Logan requesting an update or explanation. He received no substantive responses. Meanwhile, when Mr. Hernandez's family called the Pretrial Division, they were told that the Division did not even know why Mr. Hernandez remained in the Jail. Mr. Hernandez has not seen his one-year-old daughter since he was arrested.

154.    On July 12, Mr. Hernandez's attorney filed a motion seeking to require Defendant Labbé to show cause why Mr. Hernandez's pretrial referral had been ignored or be held in contempt of court.

155.    Finally, the following day, July 13, Defendant Logan responded to Mr. Hernandez's attorney and stated that the Pretrial Division would not release Mr. Hernandez because the Division could not "verify" an address for him. Defendant Logan did not explain what efforts (if any) the Division had made to identify and verify an address for Mr. Hernandez, or whether it had contacted Mr. Hernandez's family—whose information his attorney had provided the day of his bail review hearing. Mr. Hernandez's show-cause motion was denied that same day.

156.    Mr. Hernandez remains in the Jail, 25 days after the court ordered him released. He does not know if or when he will go home.

### D.P.

157.   Plaintiff D.P. is a 16-year-old boy. He lives with his mother and seven-year-old twin sisters, whom he sometimes babysits, in Oxon Hill, Maryland. He is finishing the 10th grade. He likes to read, play video games, and eat his favorite foods, pizza and chicken.

158.   D.P. was arrested on Thursday, June 16, 2022. Due to the Juneteenth court holiday, he did not appear before a judge until the following Tuesday, June 21.

159.   At that bail review hearing, Judge Ada Clark-Edwards issued a Level 4 pretrial referral authorizing D.P.'s release to his mother's house on home detention. But the Division did not release him.

160.   At a subsequent hearing on June 28, Judge Brian Denton again authorized D.P.'s release. After that hearing, D.P.'s attorney sent the Division the statement of charges, Intake Fact Sheet—which states that D.P. has never been convicted of any crime or failed to appear in court— and a copy of his mother's lease.

161.   To this date, the Division has taken no action on his case.

162.   D.P.'s mother and attorneys have called and emailed the Pretrial Division, requesting D.P.'s release or at least an explanation as to why he has not been released. The Division has provided neither. No one at the Division has ever returned his mother's calls.

163.   While he was in the Jail, D.P. was placed on suicide watch in the adult medical unit. He was allowed out of his cell for one hour per day,[14] usually between midnight and 1 A.M.

---

[14] *See* U.S. Dep't of Justice, Report and Recommendations Concerning the Use of Restrictive Housing – Final Report 1–3 (Jan. 2016), https://www.justice.gov/archives/dag/file/815551/download (defining "solitary confinement" or "restrictive housing" as being locked in one's cell for 22 or more hours per day and detailing the "serious, long-lasting harm" that restrictive housing causes).

164.    D.P. was in the Jail for three weeks before being transferred to a juvenile facility. Even after his transfer, he retains his pretrial referral. The Division can release him at any time.

165.    As a result of his prolonged pretrial detention, D.P. has been unable to complete online summer school and will likely be held back from the 11th grade. His mother has had to quit her weekend job—she relies on D.P. to babysit—and has had difficulty securing the childcare necessary to visit him, as the Jail does not permit D.P.'s seven-year-old sisters to visit with her.

166.    Nearly a month since the court authorized his release, D.P. remains detained, with no idea if or when he will go home.

Christopher Butler

167.    Plaintiff Christopher Butler is 32 years old. Until he was arrested in October 2021, he worked at FedEx Field stadium, lived with his mother in Capitol Heights, Maryland, and saw his now-10-year-old daughter every day.

168.    At a bail hearing in his case on February 18, 2022, Judge Cathy Serrette issued a pretrial referral ordering Mr. Butler released. Judge Serrette read and acknowledged the seriousness of the charges against Mr. Butler before giving this order.

169.    But to this date, the Pretrial Division refuses to release Mr. Butler—purportedly because of the nature of the charges against him.

170.    For the nine months that Mr. Butler has been detained at the Jail, he has not been permitted to see his daughter. He missed her 10th birthday.

171.    At a hearing on June 29, the court affirmed that it had ordered Mr. Butler released, but did not actually effect his release. Instead, the court set a subsequent hearing for July 25.

172.    Five months and one day after the court ordered his release, Mr. Butler remains jailed, with no idea if or when he will go home.

<u>Miramba Williams</u>

173.    Plaintiff Miramba Williams is 27 years old. Until his arrest last month, he was taking classes at the University of the District of Columbia, training to work in the HVAC business, and living with his father in Suitland, Maryland.

174.    Mr. Williams was arrested on June 30, 2022. Due to the Fourth of July holiday, did not appear before a judge for a bail review hearing until July 5.

175.    At that hearing, Judge Gregory Powell issued Mr. Williams a pretrial referral.

176.    Mr. Williams, however, remains in the Jail. When his parents called the Pretrial Division and asked when he might be released, or why he remains jailed, none was provided.

177.    At the Jail, Mr. Williams is locked in his cell for 23 hours per day due to a COVID-19 case on his unit. He has not been able to see or even speak to his three young children.

178.    Two weeks since the court authorized his release, Mr. Williams remains detained, with no idea if or when he will go home.

<u>Donnell Davis</u>

179.    Plaintiff Donnell Davis is 28 years old. He was born in Washington, D.C. and has lived in the District of Columbia/Prince George's County area for his entire life. He lives with his aunt and grandfather and works as a cook at a local barbecue restaurant.

180.    Mr. Davis was arrested on October 8, 2020. He appeared for a bail review hearing the next day.

181.    Mr. Davis's Intake Fact Sheet stated that Mr. Davis had no prior convictions or failures to appear at court dates. At the hearing, Judge Robert Heffron Jr. issued Mr. Davis a pretrial referral at Level 4.

182.    After the hearing, Mr. Davis remained in the Jail, waiting for the Pretrial Division to process his referral. On October 28, 2020, after almost three weeks of inaction, the Division filed a notice with the court stating that Mr. Davis was not eligible for pretrial release. The notice contained no explanation of why the Pretrial Division had found Mr. Davis ineligible for release, or why the Division had taken three weeks to reach this determination. It simply suggested that anyone who wanted an explanation should call the Division.

183.    At Mr. Davis's preliminary hearing on November 9, the State dismissed the felony charge against him, leaving only a misdemeanor charge. Judge Heffron left his pretrial referral in place. He did not indicate whether he had reviewed the Pretrial Division's notice that it considered Mr. Davis ineligible for release or order the Division to re-consider Mr. Davis's eligibility.

184.    On December 3, 2020, nearly a month later, the Pretrial Division filed a copy of its October 28 notice with the court—it did not even bother to change the date—stating again that Mr. Davis was ineligible for pretrial release. Once again, the notice provided no explanation. By this time, Mr. Davis had spent nearly two months in the Jail after the court authorized his release.

185.    Mr. Davis made repeated calls to the Pretrial Division, trying to secure his release or at least an explanation for why he remained in the Jail. No one from the Division ever called him back. Family members who called the Division on Mr. Davis's behalf were given inconsistent information about why Mr. Davis was not being released. He languished in the Jail, with no idea why he was being detained or whether or when he would be released or next appear in front of a judge.

186.    On December 10, 2020, Mr. Davis filed a handwritten, *pro se* motion requesting reconsideration of his bond. A hearing on his motion was held on December 16. At that hearing,

Judge Stacey Cobb Smith kept the no-bond order in place but expanded the prior pretrial referral to allow for pretrial release at any supervision level.

187.    Still, Mr. Davis was not released. He spent Christmas and New Year's in the Jail awaiting trial. Meanwhile, COVID-19 raged inside the Jail, placing Mr. Davis at elevated risk.

188.    At trial on January 7, 2021, Mr. Davis was found not guilty on his remaining charge.

189.    While he was detained, Mr. Davis was locked in his cell for 23 hours each day and given food to which he was allergic. Because the Jail phones were malfunctioning, he went a week without being able to speak to his friends or family.

190.    Mr. Davis was detained for 91 days, 90 of those after a judge had authorized his release, on charges of which he was ultimately acquitted.

<u>Leslie Sharp</u>

191.    Plaintiff Leslie Sharp is 35 years old. He has lived in the District of Columbia/Prince George's County area for his entire life. He has extensive family in the area, including his wife, two-month-old son, 13-year-old daughter, father, and grandmother. He works as a cook at a local restaurant.

192.    Mr. Sharp was arrested on Friday, June 11, 2021, and appeared for a bail review hearing the following Monday, June 14.

193.    At this hearing, Judge Brian Denton reviewed Mr. Sharp's Intake Fast Sheet—which stated, *inter alia*, that Mr. Sharp was on supervised release in D.C. and had no prior failures to appear in court—and ordered Mr. Sharp to be detained without bond.

194.    On June 16, Mr. Sharp's attorney filed a motion for reconsideration of his bail. The motion noted, among other facts, that the alleged victim had contacted Mr. Sharp's attorney and

told him that they did not want Mr. Sharp in jail, did not fear Mr. Sharp, did not believe Mr. Sharp was a danger to the community, and did not intend to press charges against Mr. Sharp.

195.    A hearing on this motion was held on June 24. At the hearing, Judge Scott Carrington received Mr. Sharp's Intake Fast Sheet and subsequently issued a pretrial referral ordering release for Mr. Sharp at Level 4.

196.    On June 29, nearly a week later, the Division had not made progress on Mr. Sharp's case. His attorney had provided the Pretrial Division with an address where Mr. Sharp could reside if released, a copy of the lease at that property, and contact information for the complaining witness (whom the Intake Fact Sheet stated the Pretrial Division had been unable to contact).

197.    On June 30, 2021, the Pretrial Division filed a notice with the court stating that it would not release Mr. Sharp because his D.C. probation agent had "requested a warrant" for his arrest. Notably, the notice did not state that a warrant had issued—in the District of Columbia, probation agents must ask the parole board to issue warrants; agents do not have the power to do so themselves—just that one had been requested. Mr. Sharp remained detained.

198.    On July 7, after Mr. Sharp had been jailed for nearly one month, his attorney filed another motion for a bail review hearing. During a hearing on the motion a week later, Judge Donnaka Lewis called Judge Carrington, who stated via phone that he did not intend by his "pretrial order" to "force" the Pretrial Division to release Mr. Sharp. Judge Lewis responded by changing the form of Mr. Sharp's pretrial referral from an "order" to an "option."

199.    Still, no one from the Pretrial Division reached out to Mr. Sharp, or explained directly to him why he remained in jail.

200.    On July 22, the day of trial, the State dropped all charges against Mr. Sharp.[15]

201.    While Mr. Sharp was detained, his best friend passed away. He missed the funeral while in jail. He was also separated from his then-12-year-old daughter and missed out on a promotion that would have significantly increased his earnings and ability to support his family.

202.    Mr. Sharp was detained at the Prince George's County Jail for 42 days, 29 of those after a judge had ordered his release, until the State dropped all charges against him.

Elmer Laguan-Salinas

203.    Plaintiff Elmer Laguan-Salinas is 32 years old. He lives in Hyattsville, Maryland. He has lived in Maryland for more than a decade and has extensive family in the area, including a 14-month-old daughter. He works in construction. He attends church every Sunday and plays soccer with friends.

204.    On July 8, 2021, Mr. Laguan-Salinas was charged with crimes regarding an incident that had occurred some nine months prior. Mr. Laguan-Salinas was arrested on these charges on March 15, 2022. He was also charged in a second case with two misdemeanors.

205.    At his initial appearance, the judicial commissioner held Mr. Laguan-Salinas without bond in the first case and set $2,500 bond, payable at 10 percent, in the second.

206.    The Pretrial Division prepared an Intake Fact Sheet, which stated, among other things, that Mr. Laguan-Salinas had two open cases and that he had never before failed to appear in court. The sheet also stated that the Pretrial Division had been "unable to interview" Mr. Laguan-Salinas regarding his residence and employment, presumably because he does not speak English.

---

[15] Mr. Sharp was released to the District of Columbia jail. Four days later, D.C. found that his arrest (and subsequent non-prosecution) in Maryland was not a violation of supervised release and released him. As such, D.C. threatened to revoke Mr. Sharp's supervised release because he was charged with a crime in Prince George's County, while Prince George's County detained Mr. Sharp because he was on supervised release in D.C. (even after the court had found this to be a non-issue). As soon as the Maryland charges were dropped, D.C. released Mr. Sharp.

207.    On March 17, 2022, at Mr. Laguan-Salinas's bail review hearing on both cases, Judge Stacey Cobb Smith left the commissioner's orders in place, issued a pretrial referral authorizing Mr. Laguan-Salinas's release at Level 4 in the first case.

208.    Nevertheless, Mr. Laguan-Salinas remained in jail. The Pretrial Division took no action in his case. Instead, the Division, specifically Tanya Law, told his attorney it would not consider Mr. Laguan-Salinas for pretrial release in the first case until he had paid the money bond in his second case. At no point did the Pretrial Division file a notice with the court indicating that it was not considering Mr. Laguan-Salinas even though he had been authorized for release. Judges Scott Carrington, in April, and John Bielec, in May, issued orders continuing to detain him.

209.    On May 25, more than two months after Mr. Laguan-Salinas had been authorized for release, the State dropped Mr. Laguan-Salinas's second case. This left him with only the first case open, on which he had a pretrial option.

210.    Mr. Laguan-Salinas's attorney again asked the Pretrial Division to consider his pretrial option. This time, the Division stated that it would not release Mr. Laguan-Salinas unless he provided a verifiable Prince George's County address at which he could reside. Mr. Laguan-Salinas had lost his housing as a result of his arrest, so he had to find a friend living in the County whom he could live with if released. But even after he found such a friend, and his attorney gave her contact information to the Division, Mr. Laguan-Salinas remained detained.

211.    Three months passed. Mr. Laguan-Salinas remained in jail. His attorney moved for reconsideration of bail. At a hearing on the motion on June 17, Judge Patrice Lewis released Mr. Laguan-Salinas as on an unsecured bond. In so doing, Judge Lewis found that pretrial detention was not necessary to maintain the safety of the community or guard against flight risk.

212.    Mr. Laguan-Salinas's District Court trial is set for August 18, 2022. He has not been convicted of any crimes of which he was accused.

213.    Mr. Laguan-Salinas was housed in a cell at the Jail with black water and worms flowing out of the toilet. As the Jail does not permit children to visit, he was separated from his baby daughter for three months.

214.    Mr. Laguan-Salinas was ultimately detained at the Prince George's County Jail for 94 days, 92 days after a judge had authorized his pretrial release.

Adrienne Worthington

215.    Plaintiff Adrienne Worthington is 54 years old. She has three children and fifteen grandchildren. She has lived in the Prince George's County area for about two decades.

216.    Ms. Worthington was arrested on December 23, 2021. At her initial appearance on Christmas Eve, a judicial commissioner ordered her held without bond.

217.    Ms. Worthington spent Christmas in jail. She did not appear in front of a judge for a bail review hearing until five days after her arrest.

218.    At the hearing on December 28, Ms. Worthington's attorney pointed out that the Intake Fact Sheet prepared by the Pretrial Division stated that Ms. Worthington's last conviction was more than a decade prior and that she had never been convicted of a "violent" crime. Judge John Bielec left the commissioner's order in place but issued a pretrial referral authorizing release on Level 4, home detention.

219.    Ms. Worthington spent New Year's in the Jail, waiting for the Pretrial Division to act. She was informed that the Division would not release her unless she could provide a verifiable address in Prince George's County. But because she had been living alone before she was arrested, there was no one living at her address who could verify it.

38
**JA57**

220.     Ms. Worthington's attorney secured the name, address, and phone number of a neighbor Ms. Worthington could reside with if released and sent this information as well as a copy of the neighbor's identification and lease to the Division. Still, Ms. Worthington was not released.

221.     Finally, more than a week after the court had her release, the Pretrial Division released Ms. Worthington on home detention to her neighbor's house. After the State dropped the single felony charge against her, the court converted her bail to an unsecured bond. On April 5, the State dropped the remaining charge against her.

222.     Ms. Worthington was never convicted of any of the crimes of which she was accused. Nevertheless, her arrest and prolonged detention had had devastating impacts on her life.

223.     Ms. Worthington missed a rental assistance appointment while she was in the Jail, and as a result lost her housing. She has become homeless.

224.     She also lost her car. It was towed while she was in jail. Each day her car sat in the towing lot, it accumulated more fees. By the time Ms. Worthington was released, she could not afford the $1,000+ dollar in fees it would have cost to get it back.

225.     While in the Jail, Ms. Worthington received the wrong medication for her depression. The medication she received prevented her from sleeping and caused suicidal thoughts.

226.     While in the Jail, Ms. Worthington contracted COVID-19.

227.     All in all, Ms. Worthington was detained at the Jail for more than a week after a judge had authorized her release. All charges against her were ultimately dropped.

<u>Defendants</u>

228.     Defendant Prince George's County, Maryland (the "County") is a municipal corporation formed under the laws of Maryland. The County is sued for declaratory, injunctive, and monetary relief.

229.     Defendants LaKeecia Allen, Bryon Bereano, John Bielec, Scott Carrington, Ada Clark-Edwards, Stacey Cobb Smith, Brian Denton, Robert Heffron Jr., Donnaka Lewis, Gregory Powell, and Cathy Serrette (collectively, the "Judge Defendants") are District and Circuit Court Judges in Prince George's County. People who are arrested in the County regularly appear before the Judge Defendants for bail review hearings. At these hearings, instead of making the findings constitutionally required to justify detention or finding that the State cannot meet its burden to justify detention and releasing on recognizance or conditions, the Judge Defendants follow a policy and practice of abdicating their legal duties to decide whether a person will be released pretrial, and if so when and on what conditions, to the non-judicial officers in the Pretrial Division. They do this by issuing a pretrial referral on top of whatever bond order is in place. The Judge Defendants are sued in their personal and official capacities for declaratory relief.

230.     Defendant Jeffrey Logan is the Division Chief of the Pretrial Division.

231.     Defendant Kenneth Gray is the Section Chief of the Community Supervision Section within the Pretrial Division.

232.     Defendant Tanya Law is the Unit Chief of the Monitoring Services Unit within the Pretrial Division's Community Supervision Section.

233.     When an arrested person is given a pretrial referral, the Pretrial Division determines whether, and if so when and on what conditions, to release the person pretrial. The Pretrial Division has a policy and practice of taking weeks or months to "process" persons referred to it, and of regularly declining to release persons who have been referred to pretrial for arbitrary reasons not based on factual findings made by a judicial officer, and not based on clear and convincing evidence that detention is necessary. The Pretrial Division has a small handful of staff members who make pretrial release decisions under the supervision of Defendants Logan, Gray, and/or Law,

pursuant to policies and/or practices adopted by the Pretrial Division and the Department of Corrections. The number of staff members has decreased significantly in recent years. Upon information and belief, the County does not employ a sufficient number of employees to process the referrals within a constitutionally compliant time period. Defendants Logan, Gray, and/or Law have final policymaking authority with respect to pretrial release decisions. Defendants Logan, Gray, and Law are sued in their official capacities for declaratory, injunctive, and monetary relief.

234.     Defendant Correne Labbé is the Director of the Prince George's County Department of Corrections. The Department of Corrections operates the Jail, which detains people facing criminal charges in the County. Many of these people are detained despite having been referred to pretrial. Defendant Labbé has delegated decision-making authority regarding pretrial release conditions to Defendants Logan, Gray, and Law, and acquiesces to their decisions thereto. The Department of Corrections sets policies and procedures and maintains policy and procedure manuals regarding pretrial detention and release. Defendant Labbé is sued in her official capacity for declaratory, injunctive, and monetary relief.

235.     Defendants Prince George's County, Logan, Gray, Law, and Labbé will collectively be referred to as the "County Defendants."

**THE COUNTY DEFENDANTS ARE ON NOTICE OF THE TIME, PLACE,
AND CIRCUMSTANCES UNDERLYING PLAINTIFFS' INJURIES**

236.     In accordance with the requirements of Maryland's Local Government Tort Claims Act, Md. Code Ann., Courts & Judicial Proceedings § 5-304 (2020), Plaintiffs provided notice of

their claims to the Prince George's County Attorney by certified mail on July 5, 2022. A copy of that notice is attached as Exhibit 1.

237.   Furthermore, as stated in Plaintiffs' notice, the County Defendants have been on constructive notice of Plaintiffs' injuries as pleaded therein, and the circumstances which led to those injuries, in Defendant Logan's words, "for decades."

## CLASS ACTION ALLEGATIONS

238.   Plaintiffs bring the claims in this action, on behalf of themselves and all others similarly situated, as a class action under Federal Rules of Civil Procedure 23(a)(1)–(4) and 23(b)(2)–(3).

239.   Pursuant to the Rules, Plaintiffs seek to certify two classes of similarly situated people defined as follows:

- **Equitable Class:** The Equitable Class consists of all people who are now or will be in the future (1) still detained more than 48 hours after arrest and (2) having been issued a "pretrial option" or "pretrial order" by the Prince George's County District or Circuit Court. Plaintiffs seek certification of this class under Rule 23(b)(2).

- **Damages Class:** The Damages Class consists of all people who, at any time since July 19, 2019, were (1) still detained more than 48 hours after arrest and (2) having been issued a "pretrial option" or "pretrial order" by the Prince George's County District or Circuit Court. Plaintiffs seek certification of this class under Rule 23(b)(3).

240.   The class allegations and law are set forth in detail in the accompanying Motion for Class Certification.

241.   A class action is the only practicable means by which Plaintiffs and class members can challenge Defendants' unconstitutional policies, practices, and procedures. The population of the Prince George's County Jail is nearly 1,000. Defendant Logan has estimated that one-third of people detained in the Jail have a pretrial referral. The Department of Corrections itself has stated that, between December 1, 2018 and February 28, 2021, 1,208 people were given a pretrial referral,

and 246 of those people were never released on that referral. Hundreds of people who have a pretrial referral remain detained at the Jail to this date.

242.    There are questions of law and fact common to all class members, including:

- Whether Judge Defendants give pretrial referrals knowing that class members will be detained while the Pretrial Division processes them.

- Whether Judge Defendants give pretrial referrals granting the Pretrial Division the discretion to make release or detention decisions based on the Division's own criteria.

- Whether the Pretrial Division is a "neutral decisionmaker" constitutionally permitted to make pretrial detention decisions.

- What procedural protections and substantive standards the Pretrial Division applies in deciding whether to exercise a pretrial referral.

- Whether Defendants' policy/practice of giving pretrial referrals violates the due process rights of arrested class members.

- Whether Defendants' policy/practice of detaining class members for days, weeks, or even months after they have received pretrial referrals violates their due process rights.

- Whether Defendants' policy/practice of detaining class members for days, weeks, or even months after they have received pretrial referrals violates the separation-of-powers command of the Maryland Constitution.

- Whether Defendants' policy/practice of declining to release class members who have been given a pretrial referral violates their due process rights.

- Whether Defendants' policy/practice of declining to release class members who have been given a pretrial referral violates the separation-of-powers command of the Maryland Constitution.

- How much money members of the Damages Class should be compensated for each day of unconstitutional pretrial detention.

243.    Plaintiffs' claims are typical of the claims of the classes. That typicality stems from the fact that Defendants have detained every class member in violation of the same constitutional

and legal rights. Additionally, Plaintiffs, like every other class member, are injured by the same unconstitutional policies and practices maintained by Defendants.

244.    Defendants have acted and failed to act in a manner that applies generally to the classes as a whole, rendering class-wide relief appropriate.

245.    Plaintiffs will fairly and adequately represent the interests of the classes. Plaintiffs do not have any conflicts with the unnamed members of the proposed classes.

246.    Plaintiffs are represented by attorneys from Civil Rights Corps, the Institute for Constitutional Advocacy and Protection, and Wilmer Cutler Pickering Hale and Dorr, who have experience litigating complex civil rights matters in federal court and extensive knowledge of both the details of Defendants' practices and the relevant law. Plaintiffs' counsel have the resources, expertise, and experience to prosecute this action.

## CLAIMS FOR RELIEF

### COUNT I:
### Fourteenth Amendment Right to Substantive Due Process
*All Plaintiffs Against All Defendants*

247.    Plaintiffs re-allege and incorporate by reference the preceding allegations in this Complaint as if fully set forth herein.

248.    Plaintiffs have a fundamental right to pretrial liberty that may be infringed only where the government establishes by clear and convincing evidence that detention is necessary to protect the government's interests in ensuring the safety of the community and the appearance of the accused in court, and that no less restrictive alternatives will suffice to protect these interests.

249.    Defendants maintain policies and practices that violate Plaintiffs' fundamental right to pretrial liberty by subjecting them to pretrial detention without the substantive findings required by the Constitution.

250.    The Judge Defendants issue pretrial referrals knowing that Plaintiffs will be detained at length while the Pretrial Division processes the referral, or indefinitely if the Division refuses to release. They do so having necessarily found that Plaintiffs may be released by granting the Division authority to release without further judicial involvement.

251.    The County Defendants detain Plaintiffs while they delay processing pretrial referrals, and refuse to release Plaintiffs, despite no judicial finding justifying detention.

252.    The Equitable Class seeks an injunction requiring Defendants Law, Gray, Logan, and Labbé to adopt constitutionally sufficient policies and practices.

253.    The Damages Class seeks a declaration that Defendants' policies and practices violate their rights under the Fourteenth Amendment.

254.    Additionally, the Damages Class seeks compensation from the County, on behalf of Defendants Law, Gray, Logan, and Labbé, for every day of unconstitutional detention that they have suffered.

### COUNT II:
### 42 U.S.C. § 1983
### Fourteenth Amendment Right to Procedural Due Process
*All Plaintiffs Against All Defendants*

255.    Plaintiffs re-allege and incorporate by reference the preceding allegations in this Complaint as if fully set forth herein.

256.    Procedural due process requires procedures sufficient to protect Plaintiffs' substantive right to pretrial liberty. *See Mathews v. Eldridge*, 424 U.S. 319 (1976). These procedures include, but are not limited to: a timely individualized hearing; notice of the issues to be determined; representation by counsel; the opportunity to present and confront evidence and make arguments; findings on the record explaining the basis for any condition of release imposed and the evidence relied on; and, if such conditions will result in pretrial detention, a finding by

clear and convincing evidence that pretrial incarceration is necessary because no alternative conditions or combination of conditions would reasonably ensure the safety of the community and the person's future court appearance.

257.     Defendants maintain policies and practices that violate Plaintiffs' right to procedural due process by subjecting Plaintiffs to pretrial detention without constitutionally sufficient procedures.

258.     The Judge Defendants issue pretrial referrals granting the County Defendants the power to make release decisions, which the Judge Defendants know will not involve any of the procedural safeguards the Constitution requires.

259.     The County Defendants detain Plaintiffs while pretrial referrals are processed without any of the procedures required by due process and refuse release without providing those procedures.

260.     The Equitable Class seeks an injunction requiring Defendants Law, Gray, Logan, and Labbé to adopt constitutionally sufficient policies and practices.

261.     The Damages Class seeks a declaration that Defendants' policies and practices violate their rights under the Fourteenth Amendment.

262.     The Damages Class seeks compensation from the County, on behalf of Defendants Law, Gray, Logan, and Labbé, for every day of unconstitutional detention that they have suffered.

**COUNT III:**
**Maryland Constitution**
**Declaration of Rights, Article 24 Right to Substantive Due Process**
*All Plaintiffs Against All Defendants*

263.     Plaintiffs re-allege and incorporate by reference the preceding allegations in this Complaint as if fully set forth herein.

264.    The liberty interests available under Article 24 of the Maryland Declaration of Rights are at least co-extensive with, if not broader than, the liberty interests recognized under the Fourteenth Amendment to the U.S. Constitution.[16]

265.    As described above, Defendants' policies and practices violate Plaintiffs' substantive due process rights and harm them via unlawful pretrial detention.

266.    The Equitable Class seeks an injunction requiring Defendants Law, Gray, Logan, and Labbé requiring to adopt constitutionally sufficient policies and practices.

267.    The Damages Class seeks a declaration that Defendants' policies and practices violate their rights under Article 24.

268.    The Damages Class seeks compensation from the County, on behalf of Defendants Law, Gray, Logan, and Labbé, for every day of unconstitutional detention that they have suffered.

**COUNT IV:**
**Maryland Constitution**
**Declaration of Rights, Article 24 Right to Procedural Due Process**
*All Plaintiffs Against All Defendants*

269.    Plaintiffs re-allege and incorporate by reference the preceding allegations in this Complaint as if fully set forth herein.

270.    The liberty interests available under Article 24 of the Maryland Declaration of Rights are at least co-extensive with, if not broader than, the liberty interests recognized under the Fourteenth Amendment to the U.S. Constitution.

271.    As described above, Defendants' policies and practices violate Plaintiffs' procedural due process rights and harm them via unlawful pretrial detention.

272.    The Equitable Class seeks an injunction requiring Defendants Law, Gray, Logan, and Labbé to adopt constitutionally sufficient policies and practices.

---

[16] *See Koshko v. Haining*, 921 A.2d 171, 194 & n.22 (Md. 2007).

273.    The Damages Class seeks a declaration that Defendants' policies and practices violate their rights under Article 24.

274.    The Damages Class seeks compensation from the County, on behalf of Defendants Law, Gray, Logan, and Labbé, for every day of unconstitutional detention that they have suffered.

**COUNT V:**
**Maryland Constitution**
**Declaration of Rights, Article 8 Separation of Powers**
*Damages Class Against All Defendants*

275.    Plaintiffs re-allege and incorporate by reference the preceding allegations in this Complaint as if fully set forth herein.

276.    The Maryland Constitution states that "the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other."[17]

277.    The Maryland Constitution and laws explicitly assign the power to set bail and determine conditions of pretrial release to judicial actors.[18] This is in line with the historical principle that bail falls within the providence of the judiciary and may not be delegated absent explicit statutory authorization.[19]

278.    By delegating their authority regarding pretrial release and detention to the Pretrial Division, the Judge Defendants abdicate their constitutional duties.

---

[17] Md. Decl. of Rights, art. 8.

[18] *See* Md. Rule 4-216.1 (assigning bail and pretrial detention determinations to a "judicial officer"); Md. Code Ann., Crim. Proc. § 5-205(a) (allowing District Justices to set bail); Md. Const. art. 4, § 41G (allowing judicial commissioners to set bail).

[19] *Cf. Whittlesey v. State*, 665 A.2d 223, 250 (Md. 1995) (delegating decision about whether to shackle criminal defendant in courtroom to security personnel violates due process), *cert. denied*, 516 U.S. 1148 (1996).

279.    By assuming the power to determine whether and when people should be released before trial and if so on what conditions, Defendants Law, Gray, Logan, and Labbé exceed their constitutional authorities.

280.    By subjecting Plaintiffs to pretrial detention in violation of their constitutional rights, Defendants' policies and practices harm Plaintiffs.

281.    The Damages Class seeks a declaration that Defendants' policies and practices violate their rights under Article 8 of the Maryland Declaration of Rights.

## REQUEST FOR RELIEF

282.    WHEREFORE, on the basis of the foregoing, Plaintiffs request that this Court enter judgment in their favor and issue the following relief:

- Class certification as described in the accompanying Motion for Class Certification under Rule 23 of the Federal Rules of Civil Procedure;

- A declaration that Defendants violate Plaintiffs' rights under the United States and Maryland Constitutions by detaining people pretrial without meeting the substantive and procedural standards required for pretrial detention;

- A declaration that Defendants violate Plaintiffs' rights under the Maryland Constitution by allowing bail decisions to be made by non-judicial officers;

- Preliminary and permanent injunctions as to Defendants Labbé, Logan, Gray, and Law, requiring them to promptly release all persons who have been given a pretrial referral and who have not received the due process necessary to justify their ongoing detention;

- Compensatory damages as determined at a jury trial;

- Reasonable attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable law; and

- Such other relief as the Court deems just and proper.

Respectfully submitted this 19th day of July, 2022.

/s/ Ellora Thadaney Israni
Ellora Thadaney Israni*
Ryan Downer*
Jeremy D. Cutting*
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
(202) 894-6132
ellora@civilrightscorps.org

/s/ Seth Wayne
Seth Wayne*
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 662-9042
sw1098@georgetown.edu

* *pro hac vice* application forthcoming
† entry of appearance forthcoming

*Counsel for Plaintiffs*

/s/ Edward Williams
Edward Williams (D. Md. Bar 20944)†
Matthew Martens*
Thomas Bredar (D. Md. Bar 21635) †
Ellen Connell*
Donna Farag*
Ayana Williams*
Sonika Data*
Yoseph Desta*
Britany Riley-Swanbeck (D. Md. Bar 21843)†
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6487
ed.williams@wilmerhale.com
matthew.martens@wilmerhale.com

Robert Boone*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
robert.boone@wilmerhale.com

Timothy Perla*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
timothy.perla@wilmerhale.com

(*Signed by Edward Williams with the permission of Ellora Thadaney Isrami and Seth Wayne)

# EXHIBIT 2

DocuSign Envelope ID: 2844B041-7BC0-45EF-AA54-B0652A56F1EB

## DECLARATION OF PETER IM

I, Peter Im, pursuant to 28 U.S.C. § 1746 declare as follows:

1. I am a former Assistant Public Defender for the Maryland Office of the Public Defender ("OPD"). I worked primarily in the District Court of Prince George's County. I worked for OPD from September 9, 2020 to July 1, 2022.

2. As an Assistant Public Defender, among other duties, I represented indigent clients at bond review hearings in District Court.

3. Through my work, I am familiar with the pretrial detention and release policies and practices of the Prince George's County District Court and the Prince George's County Department of Corrections.

**Initial Appearances**

4. In Prince George's County District Court, the first stage of a criminal prosecution after an arrest is called the "Initial Appearance," which takes place before a magistrate official called the "District Court Commissioner." Commissioners are not necessarily attorneys.

5. At least one Commissioner is on duty twenty-four hours a day, seven days a week, and the Initial Appearance typically takes place on the day that the person is charged or the arrest warrant is served. The Initial Appearance occurs at one of the Commissioner's Offices, which are located at the Prince George's County Jail and the Hyattsville and Upper Marlboro Courthouses.

6. At the Initial Appearance, the Commissioner determines the bond status of the person charged. The Commissioner orders one of the following: release on personal recognizance; release on unsecured bond; release on cash bond, payable at 100% or 10% of the total amount; and detention without bond.

1

**JA71**

7. In addition, if the person was arrested without a warrant, the Commissioner determines whether the statement of probable cause prepared by the charging officer sets forth facts sufficient to support probable cause to believe the person committed the crime charged.

8. People are not represented by attorneys from OPD at their initial appearances. They may be represented by court-appointed attorneys who do not work for OPD.

**<u>Bail Review Hearings</u>**

9. If the person is detained, the Commissioner sets a bond review hearing in District Court for the next business day. Accordingly, people arrested on a Friday may wait more than 48 hours until they have a bail review hearing. They may wait even longer if there is a holiday.

10. The District Court holds bond review hearings at approximately 1:15 p.m. The hearings have been held remotely using video conferencing software since the start of the COVID pandemic.

11. In my experience, the hearings for each person take anywhere from less than one minute to approximately fifteen to twenty minutes.

12. OPD represents people who have been qualified as indigent at their bail review hearings. I have conducted many bail review hearings for OPD clients.

13. The hearings begin with, and primarily consist of, oral arguments made by defense counsel. The prosecutor may participate after defense counsel makes an argument. In my experience, the prosecutor often makes no argument beyond stating that they believe no bond should be set.

14. Defense counsel are often permitted to call witnesses at bail review hearings, but in some circumstances, judges do not allow witnesses to be called, particularly when the defense calls an alleged victim as a witness.

2
**JA72**

DocuSign Envelope ID: 2844B041-7BC0-45EF-AA54-B0652A56F1EB

**Pretrial Intake Fact Sheets**

15. Before the bail review hearing, the Population Management Division of the Prince George's County Department of Corrections ("the Pretrial Division") prepares a "pretrial intake fact sheet" which is supposed to be provided to the prosecutor, defense counsel, and the judge before the bail review hearing.

16. The pretrial fact sheet is prepared based on an interview with the accused person at the jail and computer searches of various record databases. The pretrial intake fact sheet includes, *inter alia*, information about the person's address, employment situation, criminal history, previous failures to appear for court, and status on parole or probation.

17. The pretrial intake fact sheets are emailed in a batch as a PDF attachment to the Office of the Public Defender, typically less than thirty minutes before bond hearings begin at 1:15 p.m. As a result, I do not have time to review the pretrial fact sheets with my clients to ensure their accuracy before they are used to determine whether my clients are detained or released.

18. In my experience, the pretrial intake fact sheets often contain incorrect or misleading information. For example, I have had clients whose pretrial intake fact sheets indicated that they previously failed to appear for court, but further investigation revealed that the failure to appear occurred due to my client being incarcerated on the date in question. I have also seen pretrial fact sheets with errors in criminal history information.

**Pretrial Orders and Options**

19. At the conclusion of the hearing, the judge may order any of the following: release on personal recognizance; release on unsecured bond; release on cash bond, payable at 100% or 10% of the total amount; and detention without bond. Judges sometimes also impose

DocuSign Envelope ID: 2844B041-7BC0-45EF-AA54-B0652A56F1EB

special conditions, such as requiring that the individual avoid contact with the complaining witness or not possess firearms.

20. If the judge decides to detain the person, the judge will recite that he or she has found by clear and convincing evidence that no condition of release or combination of conditions of release can reasonably ensure the public safety or the appearance of the individual in court. The judge recites this finding, even when the prosecutor has not presented any evidence regarding public safety or likelihood to appear in court or when the prosecutor has made no argument at all.

21. In addition to the detention and release decisions I mentioned previously, judges may also grant a "pretrial option" or a "pretrial order." Sometimes judges state that they are "authorizing" pretrial release, which in my experience means the same thing as giving a "pretrial option."

22. Jeffrey Logan, the Chief of the Pretrial Division, stated in a conversation about a year ago that approximately one-third of the people detained at the Prince George's County Jail at any given time have a pretrial option or order.

23. Both the pretrial option and the pretrial order authorize the Department of Corrections to release the detained person, but they do not cause the person to be released that day. Rather, they effectively delegate to the Pretrial Division the judge's discretion about when to release the person. In the case of a pretrial option, the judge delegates discretion about whether to release the person at all. In the case of a pretrial order, even though it appears that the judge is ordering release, as explained further below, the Pretrial Division may still refuse to release the individual. For pretrial options and orders, when and under what conditions a person is released is left to the discretion of the Pretrial Division.

DocuSign Envelope ID: 2844B041-7BC0-45EF-AA54-B0652A56F1EB

**The Pretrial Division's Process**

24. In the case of a pretrial option, the Pretrial Division typically takes weeks or months to make a decision about whether to release the person. The Division generally does not communicate anything about the timing or substance of its decision-making process to my clients.

25. In past cases where my clients were given pretrial options, I had to place repeated phone calls to the Pretrial Division to determine if or when my clients would be released and to speed up the process. I have been told many times that my client was still in detention because the Division had not yet had time to review my client's file, or because it has not yet assigned a case manager to my client.

26. The Pretrial Division does not hold a hearing to determine whether, when, and under what conditions to release a person.

27. When the Pretrial Division decides *not* to release someone whom a judge has given a pretrial option, the Division does not notify the detained person, their family, or counsel. It instead files a standard form with the court; the Pretrial Division checks a box on the form indicating the reason for its decision. The form often includes no facts specific to a case; sometimes it merely states that the Pretrial Division should be contacted for details about why the person was denied release. The Public Defender's Office typically receives a batch of these forms as a PDF attachment by email once a week. Sometimes these forms are sent to the court days or weeks after a decision was made to detain the person despite a pretrial option/order.

**Levels of Release**

DocuSign Envelope ID: 2844B041-7BC0-45EF-AA54-B0652A56F1EB

28. The County uses four "levels" of release. At times judges specify an authorized level for pretrial release on its bail order granting a pretrial option or order.

29. Release on Levels One and Two entails minimal supervision of the individual; in my experience, these levels are rarely used. Upon release on Level Three, an individual is assigned a case manager with whom he or she must check in multiple times a week, similar to being on probation. Release on Level Four requires an individual to be confined to home detention with an ankle monitor.

30. In my experience, when a judge issues a pretrial option, the Pretrial Division limits its consideration about whether to release the person to Level Three or Level Four. Even when a judge "authorizes pretrial at Level Three," the Pretrial Division will make the ultimate decision about whether to release on Level Three or Level Four based on its independent assessment of the case.

31. Each Level of pretrial release has its own criteria. The Pretrial Division determines in its sole discretion, without consulting the court or the arrested person, whether those criteria have been met. In fact, in my experience the Pretrial Division typically has no contact with my client after the initial interview when it creates the pretrial intake fact sheet.

**The Pretrial Division's Refusals to Release**

32. The criteria that the Pretrial Division uses to determine whether to release a person are often not specifically related to public safety or likelihood to return to court. For example, the Pretrial Division routinely declines to release individuals on Level Four who are unable to identify an address within Prince George's County where they can reside, even if they have an address in an adjoining jurisdiction (for example, in the District of Columbia or Montgomery County), and have means to travel to court.

33. The Pretrial Division requires that the address where a person will stay upon release to be "verified." I routinely must obtain from a client's friend or family member a copy of a lease or mortgage within Prince George's County to attempt to secure my client's release on Level Four. I also must provide a form of identification for the person the client will live with. The Pretrial Division has continued to detain my clients given pretrial options because the Pretrial Division did not have these documents or found the documents provided unsatisfactory.

34. For example, my client Leslie Sharp was given a pretrial order at Level Four. Even after the court ordered Mr. Sharp's release, I had to make at least four phone calls and do three bail review hearings to secure his release. I also had to provide the Pretrial Division with a lease and a form of identification for the person he would live with. When the Pretrial Division informed me that it was refusing to release Mr. Sharp in part because it could not contact the complaining witness, I provided her contact information. This was after I had filed a bail review motion with the court, explaining that the complaining witness had contacted me and told me that she did not fear for their safety or think Mr. Sharp needed to be in jail. Ultimately, Mr. Sharp spent 29 days in jail *after* a judge ordered his release. All charges against him were ultimately dropped.

35. Another client, Adrienne Worthington, was given a pretrial option at Level Four. The same day as Ms. Worthington's bail review hearing, I emailed the Pretrial Division the address where she could reside if released. Jeffrey Logan responded to me and asked that I provide the necessary information to "verify" the address. The Pretrial Division required me to find a friend who could verify an address for Ms. Worthington, to obtain that friend's lease and identification, and to provide that information to the Pretrial Division before they would

release Ms. Worthington as authorized by the court. Ms. Worthington spent 10 days in jail *after* a judge authorized her release. The Pretrial Division provided no notice to the court when Ms. Worthington was finally released. All of her charges were later dropped.

36. The Pretrial Division used to accept utility bills at a means of address verification, but recently have begun requiring that my clients submit a copy of a lease or a mortgage. No explanation for the change has been given.

37. My understanding is that the Pretrial Division has refused to release people who had a Prince George's County address if the home did not have a land line telephone. Accordingly, some defense attorneys have asked judges to specify on orders authorizing pretrial release that a cell phone is permissible, but it is not clear to me whether the Pretrial Division complies even where such a specification is made.

38. The Pretrial Division also detains clients given pretrial options because the alleged victim would prefer that they not be released. When someone is detained on this basis, the Pretrial Division typically does not tell the court why it has decided not to release the person. Rather, on the form it submits to the court, the Division checks a box marked "other." In such situations, the Pretrial Division has explained to me over the phone that it was detaining a client based on the alleged victim's wishes.

39. In some cases, the Pretrial Division has told me that clients with a pretrial option could not be released because the complaining witness could not be reached. The Pretrial Division has also told me that it has requested contact information from the complaining witness from the State's Attorney's Office, but the State's Attorney's Office has not provided it.

40. Some individuals are charged by civilian complaint, meaning that they are arrested as the result of a complaint filed by a private individual, not a police report. In such cases, the

DocuSign Envelope ID: 2844B041-7BC0-45EF-AA54-B0652A56F1EB

Pretrial Division may refuse to release a person because the alleged victim—the same person whose report was the sole basis for the charges—says that they do not want the person released, or the Pretrial Division cannot contact the alleged victim.

41. For example, I reviewed the file of Donnell Davis, whom another OPD attorney represented in a recent matter. From my review of his case file, I learned the following: Mr. Davis was charged by civilian complaint. No police report was ever filed in his case. His Intake Fact Sheet, prepared by the Pretrial Division, stated that he had no prior convictions or failures to appear in court. At his bail review hearing on October 9, 2020, the court gave him a pretrial option at Level Four. On October 28, 2020, the Pretrial Division filed a notice with the Court stating that it would not be releasing Mr. Davis pretrial. The notice did not give any reason for this decision, and instead stated that the Pretrial Division should be contacted for an explanation. In my experience, this often means the complaining witness does not want the person released pretrial, but the Division does not want to say so explicitly on the notice. On December 3, 2020, after the felony charge against Mr. Davis was dropped, the Division filed an identical copy of the notice— not even bothering to change the October 28 date—again refusing to release him pretrial without explanation. Mr. Davis was ultimately acquitted of all charges against him, but not before he had spent 90 days in jail *after* a judge had authorized his release.

42. The Pretrial Division has refused to release individuals for whom a judge has authorized pretrial release based on information that the judge possessed at the time the pretrial option was issued.

43. For example, in a recent case a judge issued a pretrial option to my client. The complaining witness in the case lived on the same street as my client. Because of that, the judge imposed

as a condition of release that my client stay away from the complaining witness. However, the Pretrial Division decided two weeks later that my client could not be released because he lived too close to the victim.

44. The Pretrial Division regularly refuses to release individuals given a pretrial option or order based on their criminal history or the charges against them, even though the judge knew these facts at the time they ordered or authorized pretrial release.

## Pretrial Orders

45. Instead of issuing a pretrial option, judges sometimes issue "pretrial orders."

46. County officials have told me that the Pretrial Division prioritizes the processing of pretrial orders. However, the Pretrial Division often refuses to release individuals issued a pretrial order based on the Pretrial Division's own criteria, just as with the pretrial option.

47. For example, if an individual is given a pretrial order at Level Four, the Pretrial Division still refuses to release individuals who cannot provide the lease or mortgage for an address within Prince George's County where they can stay, as well as a form of identification for a person they can live with.

## Pretrial Division Notices

48. The Pretrial Division does not provide me or my clients affirmative notice of where in the release process they are. The only way for me to find out this information is to call the Pretrial Division.

49. For example, my client Elmer Laguan-Salinas was given a pretrial option at Level Four on March 17, 2022. The Pretrial Division informed me over the phone that it would not even consider his pretrial option until he paid the money bail set in another case against him. At no point did the Pretrial Division inform the court that the Division was not even evaluating

Mr. Laguan-Salinas for release. At no point did it provide Mr. Laguan-Salinas a hearing, nor could it point to any policy stating that individuals with a money bond set in another case are ineligible for release. Mr. Laguan-Salinas was finally released on an unsecured bond on June 17, 2022, after three months of inaction by the Pretrial Division, and only after I filed a motion for a subsequent bail review hearing.

50. When the Pretrial Division provides written notice to the court and myself of its decision to detain a person despite a pretrial option or order, that notice is not delivered until days, weeks, or months after the decision has been made.

51. When my clients are detained, there is no mechanism to appeal the bail determination. I must instead petition the court for a *de novo* bond review hearing, which I have done many times. Some judges require a demonstration of a "change in circumstances" from the first hearing before granting a new hearing. Often, judges do not accept a delay by the Pretrial Division in processing pretrial options as a change in circumstances justifying a review of the prior bail determination.

52. I have had judges deny a request for a bond review without a hearing and without an explanation, or with a one-sentence written explanation on the papers I filed (for example, that a person has had too many bond review hearings).

I declare under penalty of perjury that this declaration is true and correct.

Executed on ___7/6/2022_____.

DocuSigned by:

*Peter Im*

96D378879E2D4DB...

Peter Im

# EXHIBIT 3

DocuSign Envelope ID: D3149857-B855-4ED4-BD7B-462F5FF346A7

## DECLARATION OF ALLISON HELDRETH

I, Allison Heldreth, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD"). I have worked for OPD since August 2014.

2. As an Assistant Public Defender, among other duties, I represent indigent clients at bail review hearings in District and Circuit Courts. Over the nearly eight years that I have worked at OPD, I have represented hundreds of clients at initial and follow-up bail review hearings.

3. Through my work, I am familiar with the pretrial detention and release policies and practices of Prince George's County District Court, Prince George's County Circuit Court, and Prince George's County Department of Corrections.

**Initial Proceedings**

4. In Prince George's County, the first post-arrest stage in a criminal prosecution is called the "Initial Appearance." Initial appearances take place before an official known as a "District Court Commissioner" in one of the Commissioner's Offices (which are located in the jail and in the courthouses).

5. OPD attorneys do not represent arrested people at their initial appearances. Arrested people are offered pro bono representation from private contract attorneys who pick up shifts at the Commissioner's Office, or they can elect to proceed *pro se*.

6. If a person remains detained after their initial appearance, a bail review hearing in District Court is set for the next business day. This means that people arrested on a Friday regularly wait more than 48 hours until they appear in front of a judge. If there is a holiday, they may have to wait even longer.

DocuSign Envelope ID: D3149857-B855-4ED4-BD7B-462F5FF346A7

7. Bail review hearings happen at the same time each business day, around 1:15 PM.

8. Bail review hearings are the first point in a criminal case when people who qualify as indigent receive the assistance of an OPD attorney such as myself.

**Pretrial Intake Fact Sheets**

9. Before the bail review hearing, the Population Management Division of the Prince George's County Department of Corrections ("the Pretrial Division") prepares a "pretrial intake fact sheet," which is supposed to be provided to the prosecutor, defense counsel, and the judge in advance of the bail review hearing.

10. However, in my experience, public defenders do not always receive the pretrial intake fact sheets in advance, and sometimes receive them only a few minutes before the hearing, leaving hardly any time to review them. The judge and prosecutor always seem to receive the sheets in advance.

11. The pretrial intake fact sheet is supposed to include information about the arrested person's criminal history, failure-to-appear history, attempts to contact the alleged victim, and sometimes verification of employment or residence.

12. The pretrial intake fact sheets for my non-English-speaking clients are usually less complete than those for my English-speaking clients.

13. Public defenders are not told what the source of the information on the pretrial intake fact sheet is. This, along with the limited time I have before the bail review hearings, makes it difficult to verify or challenge the information on the sheets, even though the information is frequently misleading or incorrect.

**Bail Review Hearings**

14. At the bail review hearing, defense counsel is asked to speak first and to make an affirmative argument for their client's release.

15. The prosecutor usually only gives a brief, generic response. The prosecutor focuses almost exclusively on the perceived seriousness of the statement of charges.

16. In my experience, the statement of charges is taken as fact for purposes of setting bail, even though the charges are only allegations at this point. The burden is put on me, as defense counsel, to rebut those allegations and make an affirmative argument for my client's release.

17. In my experience, bail review hearings typically last about five minutes at most.

18. At the conclusion of the bail review hearing, the judge decides whether to leave the Commissioner's order in place or modify it. In my experience, the judge more often than not leaves the Commissioner's order in place.

**Pretrial Options and Orders**

19. In addition to whatever bail order is in place, judges sometimes grant "pretrial orders" and "pretrial options."

20. Pretrial orders and options authorize the Pretrial Division to release the arrested person, but do not cause the arrested person to be released that day. Instead, pretrial orders and options delegate the judge's discretion regarding whether, when, and on what conditions to release the arrested person to the Pretrial Division, which in turn retains ultimate discretion and decision-making authority over the matter.

21. People who receive a pretrial order or option are regularly detained in a holding pattern for weeks or months after their bail review hearing, while the Pretrial Division "processes" their cases.

22. During this time, the Pretrial Division rarely provides me or my clients with proactive updates on the status of my clients' cases. Instead, I have to repeatedly email and call the Pretrial Division in order to receive any progress updates on my clients' cases. The Pretrial Division's "processing" is opaque and takes place behind closed doors.

23. At the conclusion of its "processing," the Pretrial Division frequently declines outright to release people whose release has been authorized or ordered by the court.

24. Sometimes, my clients who receive pretrial options are detained for months, with no explanation, and then released out of the blue, also with no explanation.

25. But in my experience, it is exceedingly rare for a person given a pretrial option to actually be released.

26. In my experience, people given pretrial orders are released more often than people given pretrial options—but sometimes, people with pretrial orders are still not released. Sometimes, ensuring release for someone with a pretrial order requires weeks or months of waiting and extensive following up on my part.

27. Pretrial Division officials—specifically, Kenneth Gray and Tanya Law—have told me directly that they do not consider pretrial orders to be binding on them. They interpret pretrial orders merely to put the person at the front of the Pretrial Division's processing queue. The Pretrial Division still exercises ultimate decision-making authority and discretion over whether, when, and on what conditions people who have been given pretrial orders will be released pretrial.

**Levels of Release**

28. The Pretrial Division has adopted four "levels" of release. Each level has certain eligibility and supervision criteria. Judges sometimes, but not always, specify a Level when granting a pretrial order or option.

29. In my experience, the Pretrial Division determines what the criteria for each level are and whether they have been met in each case without consulting the court.

30. Levels One and Two, which entail minimal supervision, are functionally non-existent. To my recollection, I have never had a case where the Pretrial Division released my client on Level One or Level Two supervision.

**Pretrial's Reasons for Refusal to Release**

31. The Pretrial Division often denies release to my clients given a pretrial order or option because of the "nature of the case," *i.e.*, the crimes with which my client is charged. This is despite the fact that the judge knew about the criminal charges and allegations when issuing a pretrial order or option.

32. Another common reason the Pretrial Division gives for denying release to my clients given a pretrial order or option is a purported lack of a "verified" address in Prince George's County. People who are released on Level Four, *i.e.*, home detention, must have such an address. Because I mainly handle felony cases, most of my clients are only eligible to be released on Level Four under the Pretrial Division's self-determined criteria. But many of my clients reside in neighboring jurisdictions, for example, in the District of Columbia. In these cases, I have to call around to my client's friends and family to see if anyone lives in Prince George's County and is willing to have my client released to their home. On top of that, to "verify" the address, the Pretrial Division requires a copy of the friend or family

member's lease or mortgage. This is not documentation that most people have readily accessible.

33. A third reason that the Pretrial Division regularly declines to release my clients given a pretrial order or option is if the alleged victim claims to be "in fear" of my client. In such cases, the Pretrial Division will categorically deny release. In my experience, the Pretrial Division appears to only listen to the alleged victim when that person supports denial of release; when the alleged victim states that they do not fear my client, the Pretrial Division still sometimes does not release the person.

34. The Pretrial Division will also categorically deny release if they claim they cannot reach the alleged victim. The Pretrial Division often declines to release someone on this basis even if the State's Attorney has represented that they have already spoken to the alleged victim about my client's release.

35. The Pretrial Division has taken inconsistent positions regarding its own release eligibility criteria.

36. For example, the Pretrial Division has released some of my clients who have other pending cases. Other times, the Pretrial Division has insisted that my client cannot be released because of another pending case—even if there is no detainer in the other case.

37. Kenneth Gray and Tanya Law are the two Pretrial Division officials with whom I primarily discuss my clients. In my experience, Mr. Gray and Ms. Law exercise ultimate decision-making power over whether, when, and under what conditions to release people pretrial.

**Lack of Notice Provided**

38. Pretrial Division officials rarely, if ever, directly inform my clients about their pretrial release progress or decisions. Clients have to find out whether they will be detained or

released from their defense attorney or by filing an inmate request and awaiting a response, which often never comes. I have had many clients wait months for responses that never came.

39. I rarely learn that the Pretrial Division is declining to release my clients directly from the Pretrial Division or at the time the decision is made. Sometimes, I find out by looking at the case docket and seeing an entry informing me that the Pretrial Division has sent a letter to the court stating my client is "not eligible" to be released pretrial. Other times, an OPD supervisor receives a weekly list of all OPD clients the Pretrial Division believes are not eligible for pretrial release. I then then have to manually search the list for any of my clients. In any case, I usually do not find out that the Pretrial Division is declining to release my client until days or weeks after the decision has been made, unless I am affirmatively calling or emailing the Pretrial Division each day.

40. Pretrial Division officials have told me that they typically send a letter to the court if they are declining to release someone who was given a pretrial order or option. I am not aware of any written policy that requires the Pretrial Division to send these letters. In my experience, these letters are often not sent.

41. The reason(s) why the Pretrial Division claims people are ineligible for release are rarely provided in the letters it sends to the court and OPD supervisors. For example, the Pretrial Division often effectively writes in the letter: "If you want to know the reason, call us."

42. In my experience, District Court judges rarely issue pretrial orders (as opposed to pretrial options) at the first bail review hearing.  If judges issue a pretrial order in a case, they typically only do so at a subsequent bail hearing after my client has been detained for weeks or months.

DocuSign Envelope ID: D3149857-B855-4ED4-BD7B-462F5FF346A7

**Follow-Up Bail Review Hearings**

43. When my clients are detained after receiving a pretrial order or option, I often petition the court for another bail review hearing. It is not uncommon for me to have to do this several times, over weeks or months, before a client is finally released.

44. In some of my cases, judges have denied my request for bail review without holding a hearing. In my experience, certain judges—particularly Judge Carrington—summarily deny almost every request for a bail hearing.

45. Some judges, in issuing their denials, have indicated that they share the Pretrial Division's understanding of what "pretrial order" means, *i.e.*, that the Pretrial Division retains the ultimate discretion regarding whether, when, and on what conditions my clients will be released.

46. When I file a motion for a bail review judges frequently require that I demonstrate a "change in circumstances" to justify holding a bail review hearing. I am not aware of any law that requires a "change in circumstances" in order to have one's bail reconsidered. But at least one judge, Judge Heffron, has recently informed OPD that he will not consider motions for bond reconsideration without a demonstrated "change in circumstance."

47. Not only is there no law requiring a change in circumstances, but judges usually do not accept the Pretrial Division's delay in processing my client, or outright refusal to release my client, as a "change in circumstances."

48. Instead, the judge and the prosecutor typically treat the fact that the Pretrial Division has not yet released my client as evidence cutting against releasing my client.

49. The Pretrial Division's delay in releasing people is regularly discussed in court, in front of District and Circuit Court Judges. But in my experience, neither this discussion, nor the

large volume of repeated bail review motions that defense attorneys file, has resulted in any of the District or Circuit Court Judges inquiring into whether something is going wrong at the Pretrial Division to lead to this situation.

50. I have rarely seen judges criticize or object to Pretrial Division officials' defiance of a pretrial order or option or otherwise insist that the Pretrial Division follow a pretrial order or option.

**Client Examples**

51. I have seen the same policies and practices that I have described above, on behalf of the judges and the Pretrial Division, manifest in hundreds of cases, including numerous recent cases, in District and Circuit Court.

52. For example, one of my Circuit Court clients was given a Level Four pretrial order in mid-March 2022. He has a verified address in Prince George's County, and no prior convictions or failures to appear, but the Pretrial Division informed me that nevertheless it would not release him unless I obtained a pretrial *order* from the Court. I do not know why the Division imposed this additional, arbitrary requirement on this particular client.

53. I filed an emergency habeas petition for this client. At a hearing on my petition at the end of May, I argued that my client was being detained in violation of the Maryland Rules governing pretrial release, as well as the federal and state Constitutions. The judge refused to engage with my arguments, but did order my client released on Level Four.

54. Nevertheless, my client remained detained. When I called the judge's chambers, the employee who answered told me that chambers gets calls like this all the time, and the judge is aware of the problems with the Pretrial Division, but that the Court could not do anything about these problems.

DocuSign Envelope ID: D3149857-B855-4ED4-BD7B-462F5FF346A7

55. In mid-June, I filed a motion seeking to require the Pretrial Division to explain why it had not followed the court's release order. At a hearing on my motion at the end of June, I found out that the Division had sent the judge a letter, stating that it had called the complaining witness twice but had not reached them, and asking if the court wanted the Division nonetheless to comply with its release order. The judge reiterated, orally at the hearing and in writing after, that the pretrial order was in fact an order, and that my client should be released on Level Four.

56. After three hearings on essentially the same facts, my client was finally released on July 1, 2022—3.5 months after the court gave him a pretrial option, and 1 month after the court gave him a pretrial order.

57. In another recent example, Circuit Judge Cathy Serrette gave my client Christopher Butler a pretrial order at Level Four "if eligible" at a bail review hearing on February 18, 2022. Judge Serrette also specified that Mr. Butler would not be allowed to work if released and would only be allowed to leave the house for medical reasons.

58. I understand the Pretrial Division to have its own rules about Level 4 "eligibility" requiring a person to reside in Prince George's County with a verified address and nothing else preventing immediate release, like a detainer or sentence in a different case. Mr. Butler has a verified Prince George's County address, of which the Pretrial Division is aware. I do not see any other impediments to his release.

59. The Pretrial Division, and in particular Mr. Gray, has now informed me that they refuse to release Mr. Butler due to the "nature of the offense" with which he has been charged.

60. Before issuing Mr. Butler's pretrial order, Judge Serrette heard extensive discussion about the nature of the alleged offense. When I asked Mr. Gray if there was a categorical rule

precluding the release of people charged with certain crimes, Mr. Gray said there is not. I asked Mr. Gray to reconcile those two statements: on the one hand, his justification of the Pretrial Division's denial of release due to charges the judge already knew about, and on the other, his denial of there being any rule requiring that decision. Mr. Gray was unable to do so. Our conversation continued in unproductive circles on the same point after that. The circumstances appear to indicate that the Pretrial Division simply disagrees with Judge Serrette's decision and is choosing not to follow it. At the time of this declaration the pretrial order for Mr. Butler has not been followed, and he remains detained in jail.

I declare under penalty of perjury that this declaration is true and correct.

Executed on $\underline{\phantom{xxxxx}}$ 7/12/2022 $\underline{\phantom{xxxxxxxxxxx}}$.

DocuSigned by:

*Allison Heldreth*

ACA91B2C36484C4...

Allison Heldreth

# EXHIBIT 4

 

# DISTRICT COURT OF MARYLAND FOR Prince George's County
Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No.: 3E00701207

STATE OF MARYLAND     vs     SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE, MD 207050000

Race: B  Sex: M    Ht: 6' 01"    Wt: 190    Hair: BLK  Eyes: BRN
DOB: 06/18/1987    Phone(H): 202-361-4436              Phone(W):
E-Mail address: NONE                                   Phone(C):

Trial Date : ___ / ___ / _____

## PUBLIC DEFENDER ELIGIBILITY DETERMINATION
### (Criminal Procedure § 16-210)

■ District    ☐ Circuit    ☐ Juvenile    ☐ CINA    ☐ Appellate

In accordance with MD Code, Criminal Procedure § 16-210 as a District Court Commissioner I have determined:

**PROVISIONAL QUALIFICATION:** You qualify for representation by the Public Defender at Bail Review (or Initial Appearance if before a Judge), but that representation terminates at the end of the Bail Review (or Initial Appearance if before a Judge), pending a final determination by the District Court commissioner. The District Court commissioner will notify you by mail and e-mail (if an e-mail address was provided) of your qualification status. Please allow at least one (1) week before contacting the District Court commissioner regarding the status of your application.

---

**IMPORTANT**

IF THE COMMISSIONER DETERMINES THAT YOU ARE ELIGIBLE TO BE REPRESENTED BY THE PUBLIC DEFENDER, AT TRIAL, YOU WILL RECEIVE A **FINAL QUALIFICATION** IN WRITING. THE PUBLIC DEFENDER WILL CONTACT YOU REGARDING YOUR CASE. ONCE YOU HAVE RECEIVED THE FINAL QUALIFICATION, ALL QUESTIONS SHOULD BE DIRECTED TO THE PUBLIC DEFENDER'S OFFICE:

The address of the Office of the Public Defender is: 14735 MAIN STREET - ROOM 272B
UPPER MARLBORO, MARYLAND  20772

Their telephone number is:  301-952-2159

The Office of the Public Defender is open weekdays from 8:30 a.m. to 4:30 p.m.

---

RECEIVED
OFFICE OF PUBLIC DEFENDER
JUN 14 ..
DIST #5-UPPER MARLBORO

---

06/12/2021 03:11AM

/s/                                5229
CHRISTIAN AVILES                   ID No.

cc: Defendant
    Office of the Public Defender
DC-100 (Rev. 02/2018)

**JA95**



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 3E00701207

**STATE OF MARYLAND**     **VS.**     **SHARP, LESLIE**

PUBLIC DEFENDER COPY

3590 POWDER MILL RD #102
BELTSVILLE, MD, 20705
SID: 0002907177    LID:

# INITIAL APPEARANCE REPORT
### (Md. Rules 4-213, 4-213.1, 4-216 and 4-216.1)
## Advice

I hereby certify that when the above named Defendant was brought before me for initial appearance, I:

ADVISED Defendant has appeared without an attorney and has a right to an attorney at the initial appearance, of the importance of having an attorney and, if indigent, the Public Defender will provide representation if the proceeding is before a judge or, a court-appointed attorney will provide representation if the proceeding is before a commissioner.

ADVISED Defendant has the right to waive the right to be represented by an attorney at the initial appearance and the waiver is only applicable to the initial appearance and not to any other hearing or proceeding.

ADVISED Defendant has an absolute right to hire a private attorney at Defendant's expense to defend against these charges. If the Defendant does not have the money to hire a private attorney, the Defendant is advised to apply right away to a District Court commissioner for representation by the Public Defender. A District Court commissioner makes the determination of whether the Defendant is financially eligible for the services of the Public Defender. After receipt of the Final Qualification, all further questions should be directed to the Public Defender's Office.

ADVISED Defendant any representation by a court-appointed attorney is provisional, limited to the initial appearance, and will terminate automatically upon conclusion of the hearing.

INFORMED Defendant of each offense charged and of the allowable penalties, including any mandatory or enhanced penalties, if any.

READ to Defendant, the Notice of Advice of Right to Counsel.

ADVISED Defendant that if Defendant appears for trial without counsel, the Court could determine that the Defendant waived counsel and the Defendant may have to proceed to trial unrepresented by counsel.

INFORMED Defendant of Affidavit for Indigent, the Defendant completed the requested affidavit and the commissioner determined with the criteria set forth in Code, Criminal Procedure Article §16-210 (b) and (c) whether the Defendant qualifies for a court-appointed attorney.

INFORMED Defendant that this preliminary determination is for the purpose of representation at the initial appearance only.

      DETERMINED DEFENDANT IS INDIGENT.

          ADVISED Defendant has the right to be represented by an attorney at the initial appearance and, if no other attorney has entered an appearance you shall be represented by the court-appointed attorney, unless the Defendant waives the right to be represented by an attorney at the initial appearance.

<u>ENTRY OF APPEARANCE:</u>    Defendant was represented at initial appearance by court-appointed Attorney.
      APPEARANCE: COURT-APPOINTED ATTORNEY/PUBLIC DEFENDER
      Received:
          Attorney's Name: SCOTT
      Appeared Remotely.

      ADVISED defendant of provisional representation by court-appointed attorney shall be limited to the initial appearance before the judicial officer and shall terminate automatically upon the conclusion of this proceeding.

## Pretrial Release Determination

On the basis of information available to and developed by me I HAVE DETERMINED:

That release on personal recognizance will not reasonably ensure the appearance of the Defendant as required because:

**Tracking No. 180001536466**

**DV**

DC-CR-007 (Rev. 11/2017)          **JA96**



# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at  Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 3E00701207

## STATE OF MARYLAND       VS.       SHARP, LESLIE

Nature and circumstance of the offense charged.

The following Required Condition(s) of Release are imposed on the Defendant:

Do not engage in any criminal conduct during the period of pretrial release.

Appear in court when notified to do so.

Subjected to the following Special Conditions:

Any other lawful condition: No Violent Contact with Victim.

The Defendant is to be HELD WITHOUT BOND.

## Notice

I INFORMED THE DEFENDANT:

1. that a condition of ANY release is that Defendant appear for hearing and/or trial as directed by the Court.
2. that a warrant will be issued for the Defendant's arrest for any violation of condition(s) of release; that if the recognizance or bail bond is forfeited and the Defendant fails to surrender within 30 days following the forfeiture, on a felony charge the penalty imposed may be up to 5 years in jail and/or a fine up to $5,000, or on a misdemeanor charge the penalty imposed may be up to 1 year in jail and/or a fine up to $1,000; that the Defendant may be charged with contempt of Court.
3. to notify the Court in writing of any change of address or telephone number.

Date: 06/12/2021  Time: 3:02 AM          Commissioner:                            ID:    5229

## Receipt

I have   ☐ read   ☐ had read to me the offense(s) for which I am charged, the conditions of release, the penalty for violation of the conditions of release, the Notice of Advice of Right to Counsel. I acknowledge receipt of a copy of this form. **My Bail Review date is 06/14/2021 at 01:15 pm in room 261, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.**

I a   any conditions of release and agree to appear as directed.

_____          _____          STATE OF EMERGENCY          _____
Date                                   Signature of Custodian          VERBAL CONFIRMAT ON RECORDED          Signature of Defendant

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY

**33 B/M**                  PRETRIAL INTAKE FACT SHEET

**STATE OF MARYLAND**

VS.

Leslie Sharp

| | |
|---|---|
| ID NO.: | 049773 |
| CASE NO.: | 3E00701207 |
| CHARGE: | Assault 2nd Degree |
| TOTAL BOND: | $ 0.00 |

**THE FOLLOWING INFORMATION HAS BEEN VERIFIED BY THE PRETRIAL INTAKE STAFF:**

1) Additional Bond Hearing Case No's.: No violent contact with the victim.

2) AKA's: Leslie Sharpe, Carletto Wade,

3) Detainers:

4) Also In Jail On:

5) PreTrial Release:

6) P&P Information: (DC) Supervised Release - 2015 CF2 015442/2011 CF2 020039 - Unlawful Poss of Firearm/PWID Control Sub 05/01/19 - Active - Expiration: 01/30/24 - Agent: Holston, K. DC Prob Agent stated Defendant is non-compliant - 1005/06/14/2021/DRP

7) Residence: 653 East Capital St, Apt B3,SE, Washington, DC, 20003

Length: 15 years

Tel. #: (   ) (202) 744-6965      6/14/21

Lives With: Leslie Sharp Sr (Father)     called

Verified By: Leslie Sharp Sr     CKS?

Employment: Old Ebbitt Grill Washington, DC

Length: Just Started

Position: Dishwahser

Can S/he Return:

Verified By: Unable/ No Number

8) COMMENTS: Pre-trial was unable to contact victim

TOTAL FTA's: CR 0 /MV 0    TOTAL CONTEMPTS: 0    DRUG TEST:

Pending:

Prior:

NCIC: (Mont Co) Robbery 12/30/05 (G)
1yr 6 mos V-Ernest Doku & Antonio Winters
(DC) Robbery Hold Up Gun 05/16/05 (G)
10 mos; 2 yrs prob
(DC) FTA-Armed Robbery 03/18/05 (G)
2 yrs prob

LEVEL: 1 2 3 4  DM/CM 0     None
CONDITIONS:

Investigator: D. Thompson

Date: 06/14/21

Distribution:  White: Judge   Green: Computer Work   Yellow: State's Attorney   Pink: File Copy   Green: Public Defender

PGC Form 3088 (Rev. 9/13)

**JA98**

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND
    VS.

CASE NO.: 3E00701207

Leslie Sharp

### PRETRIAL INTAKE FACT SHEET (continued)

PRIOR: _____

NCIC: (DC) UUV 12/08/08 (G) 18 mos, 3 yrs Sup Rel

(DC) Dest of Prop 02/08/11 (G) 1 yr prob

(DC) Parole Violation 12/07/10 (ND)

(DC) Narc PWID 05/07/12 (G) 4 mos, 60 mos Sup Rel

(DC) Bail Jumping 12/13/11 (ND)

(DC) Parole Violation 12/16/11 (ND)

(DC) Carrying Pistol W/O License 06/03/16 (G)

18 mos, 3 yrs Sup Rel

(DC) Parole Violation 03/31/16 (ND)

(DCUSM) Parole Violation 02/11/20 (ND)

(DC) Assault on PO 05/06/21 (ND)

COMMENTS: _____

P.G.C. FORM #3088A

143 -7-22-21
8:45

## IN THE DISTRICT COURT OF MARYLAND
## FOR PRINCE GEORGE'S COUNTY

**STATE OF MARYLAND** :
:
**v.** : 3E00701207
:
**LESLIE SHARP** :

## <u>MOTION FOR BOND REVIEW HEARING</u>

COMES NOW defendant Leslie Sharp, by and through counsel, and moves this Honorable Court to set a bond review hearing in the above-captioned case. In support thereof, Mr. Sharp states as follows:

1. Mr. Sharp is charged in the above captioned criminal matter with second-degree assault. His trial has been scheduled for July 22, 2021 at 8:45 a.m. in Hyattsville Courtroom 3.

2. At his initial bail review hearing on June 14, 2021, the Honorable Brian C. Denton ordered that Mr. Sharp be held without bond.

3. Marquita Tibbs, the alleged victim in this case, has contacted undersigned counsel to inform him that she does not want Mr. Sharp in jail. She does not fear him and does not believe he is a danger to the community.

4. Ms. Tibbs also told undersigned counsel that she does not intend to press charges in this case.

WHEREFORE, Mr. Sharp asks the Court to set a bond review hearing at the earliest available date in the above-captioned case.

Respectfully Submitted,



Peter Im, Esq.,
Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(301) 291-7537
peter.im@maryland.gov
CPF# 2105130005

ENTERED
JUN 16 2021
SE

**JA100**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, a copy of the foregoing motion was

hand-delivered, via the Court Clerk's Office, to the following:

Office of the State's Attorney
Prince George's County, Maryland

_____
Peter Im, Esq.
Assistant Public Defender

2

**JA101**



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

Case No. 3E00701207

## STATE OF MARYLAND  VS.  SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

| | | |
|---|---|---|
| CC #:21-0026214 | State ID:0002907177 | LocID: |
| Eyes: BRN     Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| Race: I     Sex:M     DOB:06/18/1987     DL #: | | |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

**Charge | Statute | AR/Citation**

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
  13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge SCOTT MICHAEL CARRINGTON and the Defendant is committed Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
COURT ORDERED PRE TRIAL RELEASE LEVEL 4
NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
FROM 3590 POWDER MILL RD BELTSVILLE, MD
NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 07/22/2021 at 8:45 a.m. in Court Room 3  at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

JUDGE/~~CLERK~~: _____

Date: 06/24/2021   Time: 9:06 a.m.

**Tracking No. 180001536466**

CC-DC-CR-028 (Rev. 07/2017)

JA102   Judge Scott Carrington

 

**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

### STATE OF MARYLAND VS. SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge SCOTT MICHAEL CARRINGTON on 06/24/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    COURT ORDERED PRE TRIAL RELEASE LEVEL 4
    NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
    PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
    FROM 3590 POWDER MILL RD BELTSVILLE, MD
    NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

YOU ARE SCHEDULED FOR TRIAL
    on 07/22/2021 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD  20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

06/24/2021  9:06 a.m.  Room: 5

_____
Defendant Signature

_____
Date

**Tracking No.  180001536466**

**JA103**



# PRINCE GEORGE'S COUNTY GOVERNMENT
## Department of Corrections

**Angela D. Alsobrooks**
**County Executive**

7-22-21  g⁴ˢ  Hy³

**June 30, 2021**

**TO:**          **The Honorable April T. Ademiluyi**

**FROM:**      **Jermaine MIlls, Case Manager, Monitoring Services**

**DEFENDANT:**  **Leslie Sharp**

**CASE/CHARGE:**  **[1. CR3E00701207 2ND Degree Assault]**

**[ X ]**    The above defendant has been evaluated for program placement;

**[  ]**    The above defendant is being reconsidered for pretrial release;

**[ x ]**    The above defendant is no longer eligible for pretrial release;

**[  ]**    The above defendant violated "Conditions of Release";

**[  ]**    The above defendant's whereabouts are currently unknown/absconded;

**STATUS**

1.    **[  ]**    **Victim Fears**

2.    **[ x ]**    **Detainer(s) District of Columbia Probation Agent K. Holston requested a warrant for Violation of Probation. Defendant is on probation for PWID/Possession of Firearm. Case #2015CF2015442 & case#2011CF2020039. Agent states defendant has been arrested twice in 30 days.**

3.    **[  ]**    **Criminal History**

4.    **[  ]**    **No Verifiable Address**

5.    **[  ]**    **Mental Health Issue / Evaluation Pending**

6.    **[  ]**    **Medical Health Issue(s)**

7.    **[  ]**    **Violated "Conditions of Release"**

8.    **[  ]**    **Federal Hold or State Hold**

9.    **[  ]**    **Other-See Explanation**

**EXPLANATION:**

cc:   Lisa Hall Johnson, Administrative Judge
       PGCDOC-Corenne Labbe, Director
       PGCDOC-Guy Merritt,  Acting Deputy Director, Bureau of Administration
       PGCDOC-Jeffrey Logan, Division Chief, Population Management

*H43 7-22-21 8:45*

# IN THE DISTRICT COURT OF MARYLAND
## FOR PRINCE GEORGE'S COUNTY

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| **V.** | : | 3E00701207 |
| | : | |
| **LESLIE SHARP** | : | |

---

## MOTION FOR BOND REVIEW HEARING

COMES NOW defendant Leslie Sharp, by and through counsel, and moves this Honorable Court to set a bond review hearing in the above-captioned case. In support thereof, Mr. Sharp states as follows:

1.  Mr. Sharp is charged in the above captioned criminal matter with second-degree assault. His trial has been scheduled for July 22, 2021 at 8:45 a.m. in Hyattsville Courtroom 3.

2.  At his initial bail review hearing on June 14, 2021, he was held without bond. At his second bail review hearing on June 24, 2021, the Honorable Scott M. Carrington **ORDERED** that he be released to pretrial at Level 4.

3.  On July 2, 2021, pretrial services informed the Court that Mr. Sharp is no longer eligible for pretrial release. He is still detained.

4.  Pretrial services has informed undersigned counsel that Mr. Sharp is ineligible for pretrial release because he is on supervised release in the District of Columbia. His pretrial intake sheet, which the Court considered at both bond hearings, states that he is on supervised release in the District of Columbia. The Court considered this information before it ordered Mr. Sharp to be released.

5.  Marquita Tibbs, the alleged victim in this case, has contacted undersigned counsel to inform him that she does not want Mr. Sharp in jail. She does not fear him and does not believe he is a danger to the community. Ms. Tibbs also told undersigned counsel that she does not intend to press charges in this case.

6.  Mr. Sharp requests that he be released on his personal recognizance or on an unsecured bond.

WHEREFORE, Mr. Sharp asks the Court to set a bond review hearing at the earliest available date in the above-captioned case.



ENTERED
JUL 0 7 2021
SE

**JA106**

Respectfully Submitted,

Peter Im, Esq.,
Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(301) 291-7537
peter.im@maryland.gov
CPF# 2105130005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June, a copy of the foregoing motion was

hand-delivered, via the Court Clerk's Office, to the following:

Office of the State's Attorney
Prince George's County, Maryland

Peter Im, Esq.
Assistant Public Defender

2





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

## STATE OF MARYLAND VS. SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

CC #: 21-0026214        State ID: 0002907177        LocID:

Eyes: BRN        Hair: BLK        Height: 6'01"        Weight: 190 lb.

Race: I        Sex: M        DOB: 06/18/1987        DL #:

**Charge | Statute | AR/Citation**

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER

   13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Bail review was held by Judge DONNAKA VARNER LEWIS and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR LEVEL #4 OPTION
NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
FROM 3590 POWDER MILL RD BELTSVILLE, MD
NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 07/22/2021 at 8:45 a.m. in Court Room 3  at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 07/14/2021   Time: 10:55 a.m.        JUDGE/~~CLERK~~: *Donnaka Varner Lewis*

**Tracking No. 180001536466**                          Judge Donnaka Varner Lewis

CC-DC-CR-028 (Rev. 07/2017)                  JA108

 

# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

## STATE OF MARYLAND VS. SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge DONNAKA VARNER LEWIS on 07/14/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
 OR PR TO PTR LEVEL #4 OPTION
 NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
 PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
 FROM 3590 POWDER MILL RD BELTSVILLE, MD
 NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

YOU ARE SCHEDULED FOR TRIAL/HEARING
 on 07/22/2021 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

07/14/2021   10:55 a.m.   Room: 5

_____
Defendant Signature

_____
Date

Tracking No.   180001536466

**JA109**

Date: 07/22/2021
Room: 3           Time: 9:10 AM

Case No. 3E00701207



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

## STATE OF MARYLAND VS. SHARP, LESLIE

3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

| | | |
|---|---|---|
| CC #:21-0026214 | State ID: 0002907177 | LocID: |
| Eyes: BRN  Hair: BL | Height: 6'01" | Weight: 190 lb. |
| Race: 1  Sex: M | DOB:06/18/1987 | DL #: |

## DEFENDANT TRIAL SUMMARY

The above case was heard today, 07/22/2021 by Judge DOLORES DORSAINVIL
The Court's finding is as follows:

001  ASSAULT-SEC DEGREE
Plea - OTHER PLEA   Verdict - NOLLE PROSEQUI

If you have been convicted or received probation before judgment for a crime, it may be unlawful for you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms (even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA Sample and DNA Record relating to the charge or charges against you if you meet certain conditions. Further information on expungement is contained in a brochure available at the Clerk's Office or on our website at http://www.courts.state.md.us/district.

07/22/2021     Defendant_____     (SHARP, LESLIE)

**Tracking No. 180001536466**

**JA110**

# EXHIBIT 9

DocuSign Envelope ID: D2A7F1B5-0882-4B26-8C82-73212864D265

## DECLARATION OF CHRISTINA MEIRING

I, Christina Meiring, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD"). I have worked for OPD since 2012, and volunteered for OPD before that. All statements and recollections in this declaration are my own and do not necessarily represent the views of OPD.

2.      As an Assistant Public Defender, among other duties, I represent indigent clients at bail review hearings in District and Circuit Courts. Over the decade that I have worked at OPD, I have represented hundreds of clients at initial and follow-up bail review hearings.

3.      Through my work, I am familiar with the pretrial detention and release policies and practices of Prince George's County District Court, Prince George's County Circuit Court, and Prince George's County Department of Corrections.

4.      People who are arrested in Prince George's County first appear in front of a judicial commissioner. They are entitled to limited representation from a contract attorney at this appearance. The commissioner decides whether to release the person until trial, hold without bail, or impose a financial condition of release.

5.      People who remain detained after their initial appearance appear before a judge on the next business day for an initial bail review hearing. Bail review hearings are the first point in a criminal case when people who qualify as indigent receive the assistance of an OPD attorney such as myself.

6.      For the last two years, during the COVID-19 pandemic, we have been conducting interviews for bail review hearings by phone. I typically receive the list of clients that I am representing around 9 A.M., and their bail review hearings are scheduled for 1:15 P.M. I am

1

**JA112**

DocuSign Envelope ID: D2A7F1B5-0882-4B26-8C82-73212864D265

supposed to receive a phone call from each client at the jail before their bail review hearing. However, I do not always receive those calls.

7.      The Population Management Division of the Prince George's County Department of Corrections ("the Pretrial Division") prepares a "pretrial intake fact sheet" for each defendant. This fact sheet is supposed to be provided to the Court, counsel, and the prosecution in advance of the defendant's bail review hearing.

8.      I typically receive these sheets fifteen to thirty minutes before hearings begin—if not after they have already begun. Because the sheets are provided after I have interviewed my clients and just before court, I usually do not have an opportunity to talk to my client about the information on the sheet or otherwise verify its correctness. This makes it difficult to meaningfully respond to the information on the sheets at bail review hearings.

9.      The sheets list the client's raw number of prior failures to appear ("FTAs") in court. This aggregate format of reporting FTAs means I do not know how long ago each alleged FTA was, whether any alleged FTA was excused, or what the source of information was. This makes it difficult for me to contest the listed FTAs—for example, by informing the court if they were a long time ago or otherwise excused afterward.

10.      The fact sheets for my non-English-speaking clients are often less complete than those for my English-speaking clients. For example, fact sheets for my non-English speaking clients often state that the Pretrial Division was "unable to interview" my client about their residence or employment, and thus provide no information about these parts of my client's life. One of the factors the Judge is supposed to consider at a bail review is the defendant's willingness and ability to return for future court hearings. This means that when my non-English speaking clients appear at their bail review hearings, the court is less likely to have an address verified by

DocuSign Envelope ID: D2A7F1B5-0882-4B26-8C82-73212864D265

Pretrial than they would for a similarly situated English-speaking client. A verified address shows the court that my client has a stable residence, can be reached, and will come back to court. My clients who do not have listed addresses—disproportionately non-English speakers—are at a disadvantage in this regard.

11.     At the bail review hearing, defense counsel is usually required to speak first and to make an affirmative argument for our client's release. That is, the burden is effectively placed on defense counsel to argue for our client's release—not on the State to argue for my client's detention.

12.     The Assistant State's Attorney ("ASA") usually gives only a brief, generic response, focusing almost exclusively on the perceived seriousness of the statement of charges.

13.     In my experience, bail review hearings typically last about five minutes.

14.     At the conclusion of the bail review hearing, the judge decides whether to release on recognizance, set an unsecured or secured bond (payable at 10% or 100%), impose non-financial release conditions, or hold without bond. In my experience, the most common outcomes are hold without bond, or an unaffordable secured money bond.

15.     In addition to whatever bond is imposed, judges will often issue a "pretrial order" or "pretrial option." Pretrial orders and options authorize the person to be released pretrial, but delegate the judge's discretion regarding whether, when, and on what conditions to actually release the arrested person to the Pretrial Division. The Division is in turn given unlimited time, discretion, and decision-making authority over the matter.

16.     The practice of giving pretrial orders and options, and thus effectively delegating pretrial release and detention decisions to the Pretrial Division, has been ongoing for the more than a decade that I have been at OPD. It does seem that it is becoming more common for the court to

hold people without bond, but give them a pretrial option, than it used to be. This may be, in part, because the State's Attorney's official position has become never to recommend financial conditions of release, leaving fewer options for bail, and the ASA assigned to bail review hearings rarely recommends release without supervision through the Pretrial Division.

17.    The Pretrial Division has come up with four "levels" of release. Each level has certain eligibility and supervision criteria. In my experience, the Pretrial Division determines what the criteria are for each level and whether they have been met in each case without consulting the court. I have never been informed what the Division's criteria are.

18.    Judges sometimes specify a level when granting a pretrial order or option. When the judge has specified a level, the Pretrial Division will sometimes refuse to release my client because they are "ineligible" for that level of release under the Division's self-determined criteria.

19.    For example, the Division has decided that in order to be released on Level 4, *i.e.*, home detention, the person must reside in Prince George's County. So if a person who only has a place to live in the District of Columbia or Montgomery County is authorized or ordered for release at Level 4, they will remain detained.

20.    If any of my clients are given a pretrial option or order, I email the Division's Gmail address (copying Tanya Law, Kenneth Gray, and Jeffrey Logan) after the bail review hearing. I include the Statement of Charges, the address at which my client can reside if released, contact information for a person who can confirm that address, and my contact information.

21.    While Mr. Logan and Ms. Law often reply that they have received my email, I rarely receive substantive responses.

22.     If I do hear back from the Pretrial Division, it is typically to ask me for documents, usually the Statement of Charges, which is a public document found in the court file. I have also usually already provided the Statement of Charges to the Division, often several times before.

23.     I usually follow up my emails with phone calls every few days. I call the various numbers that I have for the Pretrial Division. Rarely does anybody pick up. If someone does pick up, it is usually the same few people each time. They usually inform me that they have not looked at my client's case yet, that they cannot find my client's file or information, or that someone else is handling my client's case.

24.     In my experience, for my clients who are charged with felonies, the Pretrial Division does not even look at their file to begin to process a pretrial order or option until after their preliminary hearing, which typically occurs just shy of 30 days after their bail review hearing.

25.     This pattern continues—I follow up with the Pretrial Division via phone or email, but my client remains detained—for weeks or months on end.

26.     Sometimes my clients' family members will reach out to the Division to inquire about their release. They rarely get substantive responses from the Division.

27.     The majority of my clients given a pretrial order or option are never released on pretrial supervision.

28.     The vast majority of my clients given a pretrial order or option are never told definitively by the Pretrial Division that they will not be released, or why they are not being released.

29.     Not having an answer either way from the Division makes it difficult to convince a court to reconsider bail. Judges want to know why the person has not been released so far, and seem to place the burden on defense counsel to explain why. When I do not have that information,

judges will often refuse to reconsider bail. Meanwhile, my clients remain jailed, with no idea if or when they will be released.

30.     In many cases, I have been following up with the Pretrial Division for so long with no response that I have essentially given up on my client being released.

31.     As of late, in roughly one of every eight cases, the Pretrial Division sends the court a notice that it will not release a person who has been given a pretrial order or option. The Office of the Public is copied. As for the rest, a lucky few of my clients are released; the vast majority remain in indefinite detention.

32.     For example, I represented 16-year-old D.P. at his preliminary hearing. At D.P.'s bail review hearing on June 21, 2022, another public defender noted that D.P. had no criminal history, no prior FTAs, and could reside with his mother in Prince George's County if released. Judge Ada Clark-Edwards authorized pretrial release at level 4. Nevertheless, D.P. remained detained.

33.     At D.P.'s preliminary hearing on June 28, Judge Brian Denton reiterated that D.P. had been given a pretrial option. The next day, I emailed the Pretrial Division D.P.'s statement of charges, his mother's contact information, and a copy of their lease. I received no substantive response. His mother and I both followed up with several phone calls to the Division. To this date, no one has returned any of our calls. D.P. has no idea if or when he will be released or why he remains detained.

34.     In my experience, people given pretrial orders are slightly more likely to be released than people given pretrial options. More people used to get pretrial orders. But more recently, judges refuse to give orders because they say it is unfair for people to "jump the line."

35.     The Pretrial Division's delays and refusals to release people result in court backlog, as defense attorneys are forced to file repeated motions for bond reconsideration on behalf of their clients who have been authorized or ordered released but remain in indefinite detention.

36.     In June 2021, I attended a presentation by Jeffrey Logan, at which he explained the differences between pretrial release in Prince George's County ("PGC") and in other local jurisdictions. Mr. Logan explained that the lengthy process that PGC's Pretrial Division engages in is intentionally a fundamentally different approach to pretrial release than that taken by other local jurisdictions such as Montgomery County or the District of Columbia. These other jurisdictions, he noted, rapidly release people on supervised release as soon as they have been judicially authorized to do so. After release, they then conduct further investigation and follow-up, such as address verification. In PGC by contrast, Mr. Logan said, the policy is reversed: investigate and follow-up first, before deciding whether and when to allow a person's judicially authorized release. Listening to Mr. Logan, I was left with the impression that he was proud that PGC detains people longer than other jurisdictions before releasing them pretrial.

I declare under penalty of perjury that this declaration is true and correct to the best of my ability.

Executed on _7/14/2022_____.

DocuSigned by:

Christina C. Meiring

B8957C518693441...

Christina Meiring

7

**JA118**

# EXHIBIT 13



# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF LAW

**Angela D. Alsobrooks**
**County Executive**

**Rhonda L. Weaver**
**County Attorney**

**Deputy County Attorneys**
**Sean G. Dixon**
**Andrew J. Murray**
**Joseph C. Ruddy**

May 9, 2022

***Via Email*** jennifer.safstrom@georgetown.edu
Attn:  Dr. Carmen Johnson via Jennifer Safstrom

**Re:   Maryland Public Information Request dated March 24, 2022**

Dear Ms. Safstrom:

I am writing concerning your March 24, 2022, request for inspection of records pursuant to the Maryland Public Information Act ("MPIA"), Md. Code Ann., Gen. Prov. ("GP") § 4-101 et seq.  The request was submitted via email to the Prince George's County Department of Corrections ("DOC") and reviewed by the Prince George's Office of Law ("OOL").  Specifically, you requested regarding pretrial services.

Pursuant to the MPIA, Md. Code Ann., Gen. Prov. §4-101 *et seq*., the custodian of record, DOC, has conducted a search of their records, and has provided the OOL with records that are responsive to your request. All records in DOC's possession are enclosed with this letter.  Additionally, the Associate County Attorney listed below has reviewed the responsive information to confirm that the records were complete and responsive to the request, and may be released pursuant to the Maryland Public Information Act ("MPIA"), Md. Code Ann., Gen. Prov. ("GP") § 4-101 et seq.

With the provision of this information, the County considers your request satisfied and will close its file.  Pursuant to §4-362, you are entitled to seek judicial review of this decision.   You may also refer any concerns about this decision to the Public Access Ombudsman pursuant to §4-1B-01 *et seq*.  Please feel free to contact me with any questions at (301) 952-5225.

Sincerely,

/s/ Ryann Sargent

Ryann Sargent, Paralegal for
Associate County Attorney Nancy Lineman

# Prince George's County Department of Corrections
## Population Management Division
## Levels of Supervision

The Prince George's County Department of Corrections (PGCDOC) Pretrial Release Program uses multiple factors to assist with setting the appropriate levels of supervision necessary to effectively monitor defendants based on the defendant's assessed risk.  The Maryland Rule 4-216.2 states consideration of factors include the recommendation of Pretrial Release Services.  In addition, the judicial officer shall consider the following factors:

(A) The nature and circumstances of the offense charged, the nature of the evidence against the defendant, and the potential sentence upon conviction;

(B) The defendant's prior record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings;

(C) The defendant's family ties, employment status and history, financial resources, reputation, character and mental condition, length of residence in the community, and length of residence in the State; Note-PGCDOC uses county residency requirements for Level 4 and county-sentenced Home Detention defendants;

(D) Any request made under Code, Criminal Procedure Article.  § 5-201 (a). for reasonable protections for the safety of an alleged victim;

(E) Any recommendation of an agency that conducts pretrial release investigations;

(F) Any information presented by the State's Attorney and any recommendation of the State's Attorney;

(G) Any information presented by the defendant or defendant's attorney;

(H) The danger of the defendant to an alleged victim, another person, or the community;

(I) The danger of the defendant to himself or herself; and

(J) Any other factor bearing on the risk of a willful failure to appear and the safety of each alleged victim, another person, or the community, including all prior convictions and any prior adjudications of delinquency that occurred within three years of the date the defendant is charged as an adult."

The following Pretrial Release information provides a brief synopsis of the levels of supervision currently utilized by The PGCDOC's alternative-to-incarceration programs, under the PGCDOC's legal authority provided in Maryland Rule 4-216.2 (a-j):

**Level I**
1. Least restrictive level of supervision.
2. Granted only to those individuals who have been arrested and detained on a non-violent misdemeanor, i.e. (Fishing w/o a License, non-felony MVA case/fine, Trespassing/Vagrancy, etc.).
3. Must also have no criminal history, no failures to appear, and no pending cases.
4. Calls Case Manager weekly.

**Level II**
1. Individuals assigned to this level are more likely to be in jail for the first or second time with a criminal past.
2. Their record must reflect no recent convictions involving felony/violent crimes and they may have up to but no more than three (3) Failures to Appear in court.
3. Contact Case Manager weekly and meet with Case Manager every two weeks.
4. Drug test weekly

**Level III**
1. Individuals assigned to level three meet the same basic criteria as those placed on level two, except for the fact that their case(s) are more serious in nature.
2. Contact and meet with Case Manager weekly.
3. Drug test weekly

**Level IV**
1. Individuals assigned to level four are charged with felonies that require the most restrictive form of an alternative to incarceration, i.e., an electronic device affixed their leg.
2. Global position satellite (GPS) technology is used when deemed necessary to monitor detainee.
3. Monitored by Case Managers and an Investigator daily.

2

**Process of Assigning an Appropriate Level**

1. Prior to all bail reviews (Bond Hearings), Pre-Trial Investigators interview and run full criminal histories from local and federal criminal justice information systems. The interview and criminal history are merged into a **Pre-Trial Intake Fact Sheet**.

2. An internal departmental board that consists of the Case Management Supervisor or designee, Pre-Trial Release Supervisor or designee, and a Pre-Trial Release Court Liaison then reviews current bail cases to assess the defendant's eligibility for pre-trial release consideration and the appropriate level of supervision.

3. Eligibility criteria is based on the following:

    1. Nature of current offense(s) (misdemeanor vs. felony and how many counts and or multiple charges),
    2. Detainers filed by other public safety law enforcement agencies (Federal, State, County, Local etc.) whereby the defendant is wanted,
    3. Is there a victim(s) and do or does the victim(s) fear for his/her safety if the defendant/detainee were to be released.  **A signed victim waiver must be obtained.**
    4. Criminal history (no criminal history to an extensive criminal history is evaluated),
    5. Failures to Appear (FTA) with the courts,
    6. Community ties (how short or long has the defendant resided in Prince George's County, neighboring county, or the District of Columbia),
    7. Institutional behavior (if known for current intake or previous intake(s) and at other penal facilities),
    8. Any violation of pre-trial release within the last five (5) years and the nature of the violation(s),
    9.  All Parole and or Probation violations.

4. The PGCDOC Pre-Trial Intake Fact Sheet includes all pertinent eligibility criteria issues. The form is in quadruplicate and distributed as follows:

    a. Original remains affixed alongside the detainee's interview in the Criminal History Report to be kept in Classification if the defendant does not get the option of pre-trial release.
    b. Bond Hearing Judge/Courtroom Clerk.
    c. Office of the Public Defender.
    d. State's Attorney's Office.

5. During Bond Hearing, the Pre-Trial Release Liaison states whether the PGCDOC elects to take the option of pre-trial release or not.

3

**JA123**

6. The Bond Hearing judge decides to approve or deny the pre-trial release option.  This decision is then written on the original Pre-Trial Intake Fact Sheet. Most judges recommend pre-trial release and sometimes defendants are court-ordered pre-trial release.

7. At the conclusion of Bond Hearing, a Bond Hearing Summary list is submitted by the court clerk that denotes the judge's rulings regarding the option of pre-trial release.

8. The Pre-Trial Release Liaison submits a copy of the Bond Hearing Summary Report to the Case Management Unit, PGCDOC's Reception Officers, and the Pre-Trial Release Unit.

9. All cases with the option of pre-trial release levels I, II and III are submitted to the Case Management Unit.  Level IV cases are submitted to the Monitoring Services Unit.

10. The Case Management Unit supervisor reviews the cases to determine if additional work is needed prior to release and separates the cases by unit, i.e. Case Management Unit and Monitoring Services Unit (Electronic Monitoring).

11. Cases that do not need additional work are distributed to Case Managers.

12. Case Managers and the Case Management supervisor attempt to resolve issues with the cases that have received the option of pre-trial release so these individuals can be released.

13. Cases that received the Level IV option are given to the Monitoring Services Unit supervisor who completes the same process denoted in steps 11-13.  Defendants taken out on Electronic Monitoring must be accompanied and driven to their residences by a Monitoring Services Field Investigator.

14. Cases are submitted to Classification, for filing, if they do not receive the option.


**Supervisory Decision Tree Consideration**

The levels of supervision and the established criteria are guidelines to be used by Population Management staff, but they are not an absolute.  Accurately assessing a defendant is a complex process that includes some of the following mitigating factors:

1. Extensive criminal history;

2. Determining risk to public based on charge(s);

3. Determining risk to victim(s);

4

4. Determining risk to defendant based on psychological and or chemical dependency issues;

5. Assessing defendant's medical health issue(s) which are sometimes acute;

6. Securing adequate housing for the defendant;

7. Weighing multiple factors and some combination of factors 1-6.


## PGCDOC Risk Assessment Instrument (RAI)

The PGCDOC's Risk Assessment Instrument (RAI) provides a numerical score and should be a guide of how defendants are assessed and qualified for a level of pretrial release and/or county-sentenced Home Detention.  This RAI does not cover every set of circumstances that occur when attempting to accurately assess a defendant's eligibility.  Additionally, research into the efficacy of risk assessment instruments does not appear to completely support or dismiss the value of the use of these instruments when making pretrial release decisions. However, the RAI does provide a numeric score that will easily identify what level, if any, the defendant might be categorized for a level of pretrial release. The use of the RAI should be seen as a starting point for making a release decision during the case review.

Levels of Pretrial Release:

**Level I**

**Level II**

**Level III**

**Level IV** (Electronic Monitoring-pretrial status)

**Level IV** (Home Detention-county sentenced status)

5

**SEE RAI CORRELATIVE ANALYSIS POINTS CHART BELOW**



6

# RAI CORRELATIVE ANALYSIS POINTS CHART SCORING

The total number of assessed points, to be calculated, will provide a cumulative score for each defendant.  The quadrants are as follows:

## A. <u>QUADRANT ONE:  Detainers and Failures to Appear with the courts</u>

1. Add 5 points for each detainer a defendant has pending with another jurisdiction.  Note - (This category is subjective; therefore, it will have to be reviewed to further determine if the detainer is extraditable or non-extraditable).
2. Add 1 point for each FTA a defendant has received within the past 3 years.
3. Add 1 point for each FTA beyond the 3-year mark to a max of 5 points.

---

### SCORING

1. **Low Risk -** 10 cumulative points or less (a range of 5-9) will be considered a low failure to appear risk for court.
2. **Medium Risk** - 20 cumulative points or less (a range of 15-19) will be considered a moderate fail to appear risk for court.
3. **High Risk -** More than 20 cumulative points be considered and deemed a high failure to appear risk for court.

---

## B. <u>QUADRANT TWO:  Current Charge(s) and their Criminal Classification(s)</u>

1. Add 8 points if the defendant has been charged with a violent felony and an additional 4 points for any other current violent felony.
2. Add 4 points if the defendant has been charged with a non-violent felony and an additional 2 points for any other current non-violent felony.
3. Add 2 points if the defendant has been charged with a misdemeanor and an additional 1 point for any other current misdemeanor.

---

### SCORING

**Low Risk** - 12 cumulative points or less (a range of 8-11) will be considered low risk if released while his/her case(s) is pending.

**Medium Risk** - 20 cumulative points or a range of 13-19 will be considered a higher but manageable risk if released while his/her case(s) is pending.

**High Risk** - 21 or more cumulative points or a range of 21-higher will be considered the highest risk to manage if released while his/her case(s) is pending.

---

7

**JA127**

C.  **QUADRANT THREE: Prior Charge(s) and Prior Conviction(s)**

1.  Add 4 points if the defendant has a prior violent felony conviction and an additional 2 points for any other prior violent felony convictions.
2.  Add 2 points if the defendant has a prior non-violent felony conviction and an additional 1 point for any other prior non-violent felony convictions.
3.  Add 1 point if the defendant has a pending misdemeanor and no additional points for any other current misdemeanor(s).

---

### SCORING

**Low Risk -** 12 cumulative points or less (a range of 8-11) will be considered a manageable risk if released while his/her case(s) is pending.

**Medium Risk -** 20 cumulative points or less (a range of 13-19) will be considered a higher but manageable risk if released while his/her case(s) is pending.

**High Risk -** 21 or more cumulative points (a range of 21-higher will be considered the highest risk to manage if released while his/her case(s) is pending.

---

D.  **QUADRANT FOUR: Prior Pretrial Release and or Parole & Probation:**

1.  Add 2 points, for each instance whereby the defendant was previously charged with being non-compliant and or was violated by pretrial release or P&P.
2.  Subtract 2 points for each instance whereby the defendant was previously found to comply with pretrial release and or P&P.  Total points assessed, will be subtracted from the cumulative RAI.

---

### SCORING

**Low Risk** – 2 points or less.          **Medium Risk** - 3-5 points.          **High Risk** - 6 or above.

---

### TOTAL COMBINED SCORES

**LOW RISK RANGE (Level II)** - 10-30 cumulative points.

**MODERATE RISK RANGE (Level III)** - 31-60 cumulative points.

**HIGH RISK RANGE (Level IV)** - 61 or more cumulative points.

---

8

## OVERRIDING CIRCUMSTANCES

Some circumstances may influence a decision for either supporting or denying pretrial release. In such situations, the Population Management Chief will seek additional feedback from the Director and/or Deputy Directors, courts, medical experts, or any other professionals who may appropriately weigh in on a final decision

1. **Victim concerns –** Victims fearing the release of the defendant will be fully considered prior to a pretrial release decision is made. Although subjective, information obtained from victims can affect release at all pretrial levels and, in some case, Home Detention.

2. **Medical Health** – Medical health exigencies will be administratively reviewed.  All efforts will be made to attempt to qualify the defendant for an appropriate level of supervision when possible.  There may be times that the defendant's medical health concerns make it impossible for the defendant to adhere to supervision requirements.

3. **Mental Health** – Defendants experiencing significant mental illness may be unable to safely return directly to the community.  Population Management staff will collaborate with mental health clinicians and the courts when assessing defendants with significant mental illness prior to any release to pretrial supervision. There are times that the defendant's mental status, as determined by licensed clinicians, may be so problematic and dangerous that releasing the defendant back into the community on any level of supervision is inadvisable.

9

# EXHIBIT 14

**PRINCE GEORGE'S COUNTY**
**DEPARTMENT OF CORRECTIONS**
**BUREAU OF ADMINISTRATION**
**POPULATION MANAGEMENT DIVISION**

March 30, 2021

## **RESPONSE TO MPIA RECEIVED FROM COURTWATCH PG**

Please find below the answers submitted regarding your inquiry and request for information submitted on March 25, 202.  The range used to comprise this statistical data was December 1, 2018 through February 28, 2021 because we have not completed the month of March 2021 yet.  Please see the following answers:

1. Records sufficient to show the number of people recommended for and/or ordered to Pretrial Services by a judge since December 1, 2018;

   RESPONSE-The number given will differ from the total number of recommendations because the Prince George's County Department of Corrections (PGCDOC) can only account for defendants who were/are Committed to the PGCDOC.  Judges do recommend defendants and Court-Order defendants, at times, who have not been Committed to the PGCDOC.

   Also, the number provided is also affected by pre COVID-19 recommendations and then COVID-19 recommendations/Court-Orders whereas there was a substantial increase in recommendations during and after March 2020 to current date.

   a) 1208 Recommendations/and or ordered pretrial release
   b) 242 of the 1208 were court orders

2. Records sufficient to show the number of people recommended for and/or ordered to Pretrial Services who were released from jail pending trial since December 1, 2018;

   a) 962 total amount of detainees released on level II, III, and IV combined
      464 released on Levels II & III
      498 released on Level IV

3. Records sufficient to show the number of people recommended for and/or ordered to Pretrial Services who were detained pending trial since December 1, 2018:

   a) 1208 total # of detainees recommended subtracted by 962 (pretrial releases) = 246 detainees that have/had been detained; however, that does not mean that some of that 242 were not released by other means, i.e.

**JA131**

1. Bond
2. private home detention
3. transfer to another facility for a pending case(s),
4. unsupervised personal recognizance after felony counts/charges were dropped

4. Pretrial Services' budget(s) for 2020 and 2021; (See Attachment 1)

5. Organization chart(s) for Pretrial Services; (See Attachment 2)

6. Policies governing (a) the timing and content of interviewing criminal defendants; (b) whether to accept or deny a request for pretrial services; and (c) what type of monitoring or tracking to require for an individual; (See Attachment 3)

7. Records containing definitions of, and eligibility requirements for, levels 1, 2, 3, and 4 of supervision.  (See Attachment 3)

Attachments

cc:   Corenne D. Labbe', Director
      Guy Merritt, Acting Deputy Director, Bureau of Administration
      Major Luke Dixon, OPRLA-for the PGCDOC
      Joseph Ruddy, Office of Law-Prince George's County

JL:jl

**JA132**

March 25, 2021

**VIA EMAIL**
Custodian of Records
Pretrial Services
14735 Main Street
Upper Marlboro, MD 20772

To the Custodian of Records:

Pursuant to the Maryland Public Information Act ("MPIA"), General Provisions Article, § 4-101, *et seq*, Life After Release and Courtwatch PG request the following records from Pretrial Services and/or its components the pretrial home detention unit, the case management unit, and the investigation unit (collectively, "Pretrial Services"):

1. Records sufficient to show the number of people recommended for and/or ordered to Pretrial Services by a judge since December 1, 2018[1];
2. Records sufficient to show the number of people recommended for and/or ordered to Pretrial Services who were released from jail pending trial since December 1, 2018;
3. Records sufficient to show the number of people recommended for and/or ordered to Pretrial Services who were detained pending trial since December 1, 2018;
4. Pretrial Services' budget(s) for 2020 and 2021;
5. Organizational chart(s) for Pretrial Services;
6. Policies governing (a) the timing and content of interviewing criminal defendants; (b) whether to accept or deny a request for pretrial services; and (c) what type of monitoring or tracking to require for an individual;
7. Records containing definitions of, and eligibility requirements for, levels 1, 2, 3, and 4 of supervision.

Courtwatch PG and Life After Release, non-profit organizations with limited financial resources, also request a waiver of all fees. The disclosure of the requested information is in the public interest and will contribute significantly to the public's understanding of the treatment of people presumed innocent and pending trial as well as efforts by Pretrial Services to ensure mass incarceration is

---

[1] By "records sufficient to show," Courtwatch PG means that it is willing to accept this information in either summary form or by production of individual case files. Courtwatch PG is not asking, here or in any other component of this request, for any new records to be created.

reduced.    Both Life After Release and Courtwatch PG are local non-profit organizations with significant membership and volunteer networks with whom this information will be shared.   The organizations also intend to communicate information gained from this request through public reports and social media outreach.  This information is not sought for commercial purposes.

The Maryland Public Information Act requires a response to this request within 30 days.  If access to the records will take longer, please provide an explanation why and an expected production date.  If you deny any this request, please cite each specific exemption you feel justifies the refusal to release the information.

Courtwatch PG and Life After Release request that you please deliver the records electronically to carmen@lifeafterrelease.org.  If they cannot be provided electronically, please contact us to arrange production at the same email address to discuss alternate arrangements.

Sincerely,

Dr. Carmen Johnson
*On behalf of*
Court Watch PG
Life After Release

3/30/2021

Attachment 2- MPIA Request
3/25/2021

# POPULATION MANAGEMENT DIVISION

**Jeffrey Logan, Division Chief**
952-7179

**LaNelle Sydnor-Pringle, Asst. Division Chief**
952-7188

---

**Kenny Gray, Section Chief CTC IV**
Community Supervision
952-7174

| Darlene Wilt, CTC II, Dispo. Court 952-7395 | Sylvia Brown, Adm. Aide III 952-7050 |

**Sean Neverson, Unit Chief CTC III**
Case Management / Drug Lab
952-7180

**Tanya Law, Unit Chief CTC III**
Monitoring Services
952-7064

| Sean Neverson (Case Management / Drug Lab) | Tanya Law (Monitoring Services) |
|---|---|
| Lisa Lewis, Gen. Clerk IV | Jacqueline Washington, Adm. Aide II |
| Vacant, CTC II | Oddis Colvin, CTC II |
| Vacant, CTC II | Gladys Flores, CTC II |
| Patrick Okudoh, Lab Asst. II | Jermaine Mills, CTC II |
| Yazmine Mendoza, CTC II | Cpl. Steven Talley, Jr. TDY Investigator |
| Jody Pike, Lab Asst. II | Cpl. David Dorian TDY Investigator |
| Philip Stokes, Lab Asst. I | Cpl. William Edwards TDY Investigator |
| PFC. Latanya Lee TDY | PFC. Kenneth Patrick TDY Investigator |
| Devyn Kiszewski, CTC II | Cpl. Quiana Dixon Investigator |
| Danielle Harvey (11-30) | Charles Downs Investigator |
| Derek Clayton (11-30) | Daniel Thompson (11-30) |
| | Curtis Knowles (11-30) |
| | Francis Kwarteng TDY (11-30) |

---

**Latrice Gordon, Section Chief CTC IV**
Inmate Records & Release
952-7305

**Theresa Baum, Unit Chief CTC III**
Inmate Records
952-4968

**Inmate Release Team**
952-7278

| Theresa Baum (Inmate Records) | Inmate Release Team |
|---|---|
| Patricia Battle Robinson Paralegal Asst. II | Sgt. J. Bransom (11-29-2020) |
| Vacant, Paralegal Asst. II | Sgt. John Dewitt |
| Estelle Lyons, Paralegal Asst. II | Sgt. Sandy Harper |
| Jennifer West, Paralegal Asst. II | Sgt. Ashley Fowler |
| Dillon Tuck, Paralegal Asst. II | Sgt. Stacy Lawrence |
| Vacant, Paralegal Asst. II | Sgt. Kierra Reedy |
| Cpl. Charlisa Randol TDY | Sgt. S. Bryan (10-11-2020) |
| MCpl. Sarah Stevens TDY | MCpl. V. Durr (09-13-2020) |
| Cpl. Lauren Thomas TDY | Cpl. F. Caldwell (09-13-2020) |
| Sumita Peters, Paralegal Asst. I | |
| Sgt. Sierra Price (TDY) | Vacant, Diminution Coordinator |

---

**Virgen Germosen, Acting Section Chief CTC IV**
Investigative Profile
952-7309

**Denise Pinder, Unit Chief CTC III**
Pre-Trial Investigations
952-7095

**Vacant, Unit Chief CTC III**
Classifications
952-8893

| Denise Pinder (Pre-Trial Investigations) | Vacant (Classifications) |
|---|---|
| Vacant, CTC II | Sandra Robinson, Gen. Clerk |
| Damon Thompson, CTC I | Michael Govan, CTC II |
| Breauna Townsend, CTC I | Melissa S. Hart, CTC II |
| Amy Boehmer, CTC I | An-Jerletta Swann, CTC II |
| Kiyanna Brown, CTC I | Sarah Sweet, CTC II |
| Deserae Pauls (11-30-2020) | Sgt. Daisy Chicas TDY |
| John Grady (11-30-2020) | |
| Anthony Grillo (11-30-2020) | |
| Kory Smith (11-30-2020) | |

**JA135**

NOTE: KEVIN EASTON REASSIGNED EFFECTIVE 11-08-2020 FROM SECTION CHIEF INVESTIGATIVE PROFILE POP MGT TO ACTING ASSISTANT DIVISION CHIEF CRC

*Attachment 3 "PPRA" Request*
*✓ 3/25/2021*

# Prince George's County Department of Corrections
## Population Management Division
### Levels of Supervision

The Prince George's County Department of Corrections (PGCDOC) Pretrial Release Program uses multiple factors to assist with setting the appropriate levels of supervision necessary to effectively monitor defendants based on the defendant's assessed risk. The Maryland Rule 4-216.2 states consideration of factors include the recommendation of Pretrial Release Services. In addition, the judicial officer shall consider the following factors:

(A) The nature and circumstances of the offense charged, the nature of the evidence against the defendant, and the potential sentence upon conviction;

(B) The defendant's prior record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings;

(C) The defendant's family ties, employment status and history, financial resources, reputation, character and mental condition, length of residence in the community, and length of residence in the State; Note-PGCDOC uses county residency requirements for Level 4 and county-sentenced Home Detention defendants;

(D) Any request made under Code, <u>Criminal Procedure Article. § 5-201 (a).</u> for reasonable protections for the safety of an alleged victim;

(E) Any recommendation of an agency that conducts pretrial release investigations;

(F) Any information presented by the State's Attorney and any recommendation of the State's Attorney;

(G) Any information presented by the defendant or defendant's attorney;

(H) The danger of the defendant to an alleged victim, another person, or the community;

(I) The danger of the defendant to himself or herself; and

(J) Any other factor bearing on the risk of a willful failure to appear and the safety of each alleged victim, another person, or the community, including all prior convictions and any prior adjudications of delinquency that occurred within three years of the date the defendant is charged as an adult."

1

The following Pretrial Release information provides a brief synopsis of the levels of supervision currently utilized by The PGCDOC's alternative-to-incarceration programs, under the PGCDOC's legal authority provided in Maryland Rule 4-216.2 (a-j):

**Level I**
1. Least restrictive level of supervision.
2. Granted only to those individuals who have been arrested and detained on a non-violent misdemeanor, i.e. (Fishing w/o a License, non-felony MVA case/fine, Trespassing/Vagrancy, etc.).
3. Must also have no criminal history, no failures to appear, and no pending cases.
4. Calls Case Manager weekly.

**Level II**
1. Individuals assigned to this level are more likely to be in jail for the first or second time with a criminal past.
2. Their record must reflect no recent convictions involving felony/violent crimes and they may have up to but no more than three (3) Failures to Appear in court.
3. Contact Case Manager weekly and meet with Case Manager every two weeks.
4. Drug test weekly

**Level III**
1. Individuals assigned to level three meet the same basic criteria as those placed on level two, except for the fact that their case(s) are more serious in nature.
2. Contact and meet with Case Manager weekly.
3. Drug test weekly

**Level IV**
1. Individuals assigned to level four are charged with felonies that require the most restrictive form of an alternative to incarceration, i.e., an electronic device affixed their leg.
2. Global position satellite (GPS) technology is used when deemed necessary to monitor detainee.
3. Monitored by Case Managers and an Investigator daily.

2

**Process of Assigning an Appropriate Level**

1. Prior to all bail reviews (Bond Hearings), Pre-Trial Investigators interview and run full criminal histories from local and federal criminal justice information systems. The interview and criminal history are merged into a **Pre-Trial Intake Fact Sheet**.

2. An internal departmental board that consists of the Case Management Supervisor or designee, Pre-Trial Release Supervisor or designee, and a Pre-Trial Release Court Liaison then reviews current bail cases to assess the defendant's eligibility for pre-trial release consideration and the appropriate level of supervision.

3. Eligibility criteria is based on the following:

    1. Nature of current offense(s) (misdemeanor vs. felony and how many counts and or multiple charges),
    2. Detainers filed by other public safety law enforcement agencies (Federal, State, County, Local etc.) whereby the defendant is wanted,
    3. Is there a victim(s) and do or does the victim(s) fear for his/her safety if the defendant/detainee were to be released. **A signed victim waiver must be obtained.**
    4. Criminal history (no criminal history to an extensive criminal history is evaluated),
    5. Failures to Appear (FTA) with the courts,
    6. Community ties (how short or long has the defendant resided in Prince George's County, neighboring county, or the District of Columbia),
    7. Institutional behavior (if known for current intake or previous intake(s) and at other penal facilities),
    8. Any violation of pre-trial release within the last five (5) years and the nature of the violation(s),
    9. All Parole and or Probation violations.

4. The PGCDOC Pre-Trial Intake Fact Sheet includes all pertinent eligibility criteria issues. The form is in quadruplicate and distributed as follows:

    a. Original remains affixed alongside the detainee's interview in the Criminal History Report to be kept in Classification if the defendant does not get the option of pre-trial release.
    b. Bond Hearing Judge/Courtroom Clerk.
    c. Office of the Public Defender.
    d. State's Attorney's Office.

5. During Bond Hearing, the Pre-Trial Release Liaison states whether the PGCDOC elects to take the option of pre-trial release or not.

3

**JA138**

6. The Bond Hearing judge decides to approve or deny the pre-trial release option. This decision is then written on the original Pre-Trial Intake Fact Sheet. Most judges recommend pre-trial release and sometimes defendants are court-ordered pre-trial release.

7. At the conclusion of Bond Hearing, a Bond Hearing Summary list is submitted by the court clerk that denotes the judge's rulings regarding the option of pre-trial release.

8. The Pre-Trial Release Liaison submits a copy of the Bond Hearing Summary Report to the Case Management Unit, PGCDOC's Reception Officers, and the Pre-Trial Release Unit.

9. All cases with the option of pre-trial release levels I, II and III are submitted to the Case Management Unit. Level IV cases are submitted to the Monitoring Services Unit.

10. The Case Management Unit supervisor reviews the cases to determine if additional work is needed prior to release and separates the cases by unit, i.e. Case Management Unit and Monitoring Services Unit (Electronic Monitoring).

11. Cases that do not need additional work are distributed to Case Managers.

12. Case Managers and the Case Management supervisor attempt to resolve issues with the cases that have received the option of pre-trial release so these individuals can be released.

13. Cases that received the Level IV option are given to the Monitoring Services Unit supervisor who completes the same process denoted in steps 11-13. Defendants taken out on Electronic Monitoring must be accompanied and driven to their residences by a Monitoring Services Field Investigator.

14. Cases are submitted to Classification, for filing, if they do not receive the option.


**Supervisory Decision Tree Consideration**

The levels of supervision and the established criteria are guidelines to be used by Population Management staff, but they are not an absolute. Accurately assessing a defendant is a complex process that includes some of the following mitigating factors:

1. Extensive criminal history;
2. Determining risk to public based on charge(s);
3. Determining risk to victim(s);

4

4. Determining risk to defendant based on psychological and or chemical dependency issues;

5. Assessing defendant's medical health issue(s) which are sometimes acute;

6. Securing adequate housing for the defendant;

7. Weighing multiple factors and some combination of factors 1-6.

## PGCDOC Risk Assessment Instrument (RAI)

The PGCDOC's Risk Assessment Instrument (RAI) provides a numerical score and should be a guide of how defendants are assessed and qualified for a level of pretrial release and/or county-sentenced Home Detention. This RAI does not cover every set of circumstances that occur when attempting to accurately assess a defendant's eligibility. Additionally, research into the efficacy of risk assessment instruments does not appear to completely support or dismiss the value of the use of these instruments when making pretrial release decisions. However, the RAI does provide a numeric score that will easily identify what level, if any, the defendant might be categorized for a level of pretrial release. The use of the RAI should be seen as a starting point for making a release decision during the case review.

Levels of Pretrial Release:

**Level I**

**Level II**

**Level III**

**Level IV** (Electronic Monitoring-pretrial status)

**Level IV** (Home Detention-county sentenced status)

5

# EXHIBIT 20

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

## DECLARATION OF JEFFREY CAMPBELL

I, Jeffrey Campbell, pursuant to 28 U.S.C. § 1746 declare as follows:

1.      I am an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD"). I work in District and Circuit Courts in Prince George's County. I have worked for OPD since September 2019.

2.      As an Assistant Public Defender, among my other duties, I represent indigent clients at bond review hearings in District Court and Circuit Court. In my nearly three years at OPD, I have represented hundreds of clients at bond review hearings.

3.      Through my work, I am familiar with the pretrial detention and release policies and practices of the Prince George's County District Court, the Prince George's County Circuit Court, and the Prince George's County Department of Corrections.

### A.  Bond review hearings

4.      In Prince George's County, an individual who is arrested and detained following their initial appearance is entitled under Rule 4-216.1 to a bond review hearing in District Court "immediately" if the District Court is then in session and, if it is not, at the next session of the District Court. In practice this means that the bond review hearing almost always takes place the business day after their initial appearance.

5.      Before the bond review hearing, the Population Management Division of the Prince George's County Department of Corrections ("the Pretrial Division") prepares a "pretrial intake fact sheet" of information including the individual's address, employment situation, criminal history, previous failures to appear for court, and status on parole or probation. The fact sheet is supposed to be provided to the prosecutor, defense counsel, and the judge in advance of the bail review hearing; however, that is not always the case.

1

**JA142**

6.      Furthermore, the fact sheets sometimes contain factual errors. One of the most common errors I see is a fact sheet where the Pretrial Division has misstated the offense to which someone previously pleaded guilty, overstating their record. In these cases, the fact sheet contains the most serious charge an individual was previously charged with, rather than the lesser charge they actually pleaded to. For instance, I recently discovered that the fact sheet for a detained client of mine falsely listed him as being previously convicted of robbery, when in fact his conviction in that matter was to a significantly less serious charge. Because defense counsel is regularly provided the Pretrial Division's fact sheets only a few minutes before the bond review hearing, we do not have time to uncover and challenge these errors.

7.      At the conclusion of the bond review hearing, the judge may order the individual released on personal recognizance, issue them an unsecured or secured bond, or order them detained without bond.

**B. Pretrial options and orders**

8.      Judges are also in the habit of issuing dispositions that they refer to as a "pretrial option" or a "pretrial order" following a bond review hearing. Or a judge may state that they are "authorizing" pretrial release, which in my experience means the same thing as giving the individual a "pretrial option."

9.      In my experience, pretrial options and orders are fairly common. Since March 2020, I have myself represented roughly 86 clients who were issued a pretrial option at their bail review hearing and approximately 22 clients who received a pretrial order at their hearing. I am just one of about a dozen public defenders who represents indigent clients at bail review hearings.

10.     An individual with a pretrial option or pretrial order has been referred for pretrial release by a judge. However, through these options and orders, judges leave the actual decisions

**JA143**

of whether, when, and under what conditions a person is released to the discretion of the Pretrial Division. The Division exercises that discretion to delay release of referred individuals for weeks or months, or even to deny it altogether. Even in the case of a pretrial order, where it appears that the judge is ordering an individual's release, the Pretrial Division regularly refuses to release the person.

11.     The practice of judges giving people pretrial options and orders, and thus deferring pretrial release and detention decisions to the Pretrial Division, has been ongoing for as long as I have been at OPD.

**C.  The Pretrial Division's opaque and arbitrary decision-making criteria.**

12.     In my experience, when one of my clients receives a pretrial option, the Pretrial Division typically takes weeks or months to make a decision about whether to release them.  There is no hearing on the release decision, and the person being considered is typically not contacted at all during the process. If they are contacted, it is to request an address. The Division generally does not communicate anything about the timing or substance of its decision-making process to my clients as they wait for a decision.

13.     The Pretrial Division does not keep me updated on the status of my client's release consideration either. In my experience, the only way for me to determine if or when my clients will be released and to speed up the Pretrial Division's consideration process is to repeatedly email and call their office. My calls are rarely picked up and my emails are rarely answered. I would estimate that I only receive a response about one-third of the time I reach out. When I do reach someone at the Division, I am often told that the Division has not yet assigned a case manager to my client, or that they have not yet reviewed my client's file.

3

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

14.     The Pretrial Division exercises complete control over the release consideration process. The Division determines its own arbitrary criteria to evaluate people with pretrial options or orders for release, and then determines whether each person referred for release meets those criteria. The Division rarely consults the court or the referred individual as it considers someone for release and reaches its final determination.

15.     The Pretrial Division relies on criteria that are often unrelated to the safety of the community or the risk of flight from prosecution. For example, in my experience, the Division routinely declines to release individuals who are unable to identify an address in Prince George's County where they can reside, even if they have a verifiable address nearby in the District of Columbia or Montgomery County and have a way to get from that address to their court appearances.

16.     The Pretrial Division also requires an individual to provide a "verified" address before it will consider them for release. To "verify" an address, the Division requires a copy of the individual's lease or mortgage or similar documentation, and a photo ID for the person my client plans to stay with. Someone from the Division must also speak to that person to confirm that my client can stay with them. The Division's strict adherence to the "verified" address requirement makes it nearly impossible for some of our clients to earn release, despite there being no evidence that they are a threat to public safety or unlikely to return to court. The Division consistently denies release to my unhoused clients, and will not accept a shelter or a group home as a "verifiable" address. For example, a recent client of mine received a pretrial order, but the Division denied release because he was unhoused and was thus determined to have no "verifiable" address. As a result, my client remained detained for months.

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

17.     Another of the Pretrial Division's requirements involves individuals who are charged by civilian complaint, meaning that they were arrested as the result of a complaint filed by a private individual as opposed to a police report. These citizen complaints account for a large chunk of the clients detained pretrial on District-Court-triable (mostly misdemeanor) offenses; I would estimate they make up about half of them, though I have not studied it empirically. In those cases, the Division will not release an individual with a pretrial option or order unless they make contact with the alleged victim—the same person who initiated the charges—and that person does not oppose release. In effect, my client's pretrial release determination is delegated twice: first by the Court to the Division via a pretrial referral, and again by the Division to the alleged victim in the case.

18.     As the Division attempts to contact a complainant, a process which can take weeks, the person referred for release remains detained. In a hearing, Jeffrey Logan, Chief of the Pretrial Division, explained that the Division's "process" is to mail the alleged victim one letter each week for three weeks to seek their feedback on the release decision. Only after completing the entire process without a response do they consider moving forward without the complainant's input.  At that point, nearly a month has passed, at minimum, a period of time during which my clients remain detained.

19.     This "accuser's veto" has significantly delayed the release of several of my clients. For example, in the case of a recent client of mine, it was clear from the court's initial bond review hearing that the judge did not credit the allegations against my client. In my experience, if the allegations against my client were believed, any judge would have held him without bond.  Instead, the judge recognized the weakness of the case by giving my client a pretrial order. Following the hearing, I repeatedly followed up with the Pretrial Division about my client, however they would

5

**JA146**

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

not tell me anything about their process and refused to release him. It was only when, three weeks later, I was able to obtain a new bond review hearing for my client, and the judge asked the Division representative what was happening, that I received an answer. At the hearing, Mr. Logan explained to the judge that the Division was having difficulty contacting the complainant to solicit her input. None of this had been conveyed to me or my client during the three weeks he had been detained, despite my repeated inquiries. Several days after that hearing, my client was finally released, just under a month after he received the pretrial order.

20.     The Pretrial Division has also frequently refused to release clients of mine who had another pending case in another county or state at the time of their arrest. That information will already have been submitted to the District Court through the Division's intake fact sheet, and is part of the Court's consideration when it chooses to issue a pretrial option or order, yet nevertheless, the Division often denies release to referred individuals on this basis.

21.     I asked the Pretrial Division for the list of criteria by which they determine someone's eligibility for pretrial release. They provided me with a partial list, which includes on it the verifiable address discussed above. Since receiving the list, however, Division staff have justified denying release to several of my clients by referring to new rules or sub-rules that are not on the list they gave me. For example, the purported list of criteria does not include whether someone has another pending case even though, as explained above, that information may play a decisive role in the Division's decision. It often appears to me that the Division's criteria and rules are being invented on the spot to prevent people with pretrial options and orders from being released.

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

**D.  The Pretrial Division's delayed processing of pretrial options and orders**

22.     Due to the delays described above, I tell each of my clients who receive a pretrial option that it will take a minimum of three weeks before the Pretrial Division decides whether or not they will be released, and on what conditions. I tell clients with a pretrial order that we may get a decision within two weeks, but that there is no guarantee.

23.     The Pretrial Division regularly refuses to release people who have been judicially referred for pretrial release. The only way I find out that a denial has been made is by continuing to follow up with the Division.

24.     When the Pretrial Division does provide written notice to the court of its decision to detain a person despite a pretrial option or order, the notice is not delivered until weeks or months after the decision has been made. The notice of denied release contains minimal reasoning—almost always just a checked box. There is no way to appeal the Division's decision; my only recourse is to seek a new bond review hearing or file a habeas petition.

25.     When weeks have elapsed since my client was referred for release and I still have not heard anything from the Pretrial Division, I may request a new bond review hearing. In my motion for a hearing, I typically include a detailed account of my efforts to contact the Pretrial Division and accelerate their process of considering my client for release.

26.     Some judges do not accept a delay by the Pretrial Division in processing pretrial options as a change in circumstance justifying a review of the prior order, and will deny that motion without a hearing.

27.     In the instances where a judge has granted a new bond review hearing based on the Division's delay, Jeffrey Logan may appear in court on behalf of the Division. In my experience, the judge usually asks Mr. Logan why the Division's process is taking so long and he typically

7

responds that they are "working on it," without providing additional detail. The judge may encourage him and the Division to "keep working on it," but rarely takes further action. I have never seen or heard of a judge imposing a hard deadline by which the Division must complete its process.

### E.  A typical experience advocating for a client with a pretrial option

28.    Thus, my typical experience trying to spur the Pretrial Division to release one of my referred clients might look like the following, a brief summary of my efforts in a real case. On October 1, 2021, the court gave my client a pretrial option. That same day, I emailed the statement of charges, verified address where client could stay, and phone number of the person he would stay with to the Pretrial Division and asked for them to confirm receipt.

29.    Ten days later, on October 11, I had not received any response, and I sent a follow up email to Mr. Logan. The following day, I received a call from the alleged victim, who informed me she would like to drop the charges.  I referred her to the State's Attorney's Office. On October 12, Mr. Logan confirmed receipt of my email and documents, but did not provide any substantive response.  On October 14, I again emailed the Pretrial Division asking for a status update.

30.    On October 15, I received a call from Tanya Law at the Pretrial Division asking for the statement of charges. I had already sent the statement of charges two weeks earlier, but I forwarded it once more to Ms. Law.

31.    On October 18, I emailed Ms. Law and Mr. Logan again asking for an update in my client's case. I received no response. The following day, I tried calling Mr. Logan. He picked up, but told me to call back in an hour. When I did, he said he would follow up on the status of my client's case and get back to me.

32.     On October 21, I received an email from Ms. Flores at the Division telling me that "home detention is an option, I will look into it once I finish my orders." I was not told how long finishing the orders might take.

33.     On October 26, I called Mr. Logan again and left a voicemail. He did not return my call.

34.     On October 29, a preliminary hearing was held in my client's case. At the hearing, the judge set my client's bond at an amount his family was able to afford. My client was released. He had been authorized for pretrial release for nearly a month, and yet the Pretrial Division still had not informed me of a release decision in his case.  Ultimately, all charges against my client were dismissed.

**F.  Robert Frazier**

35.     One case that illustrates many of these failures is that of my client Robert Frazier.

36.     Mr. Frazier was arrested on May 29, 2022, on charges including illegal possession of a firearm. He was initially represented by one of my OPD colleagues.

37.     The Pretrial Division prepared an Intake Fact Sheet dated May 29 that did not contain any of Mr. Frazier's residence or employment information, noting they had been "unable to interview" him. The fact sheet noted that Mr. Frazier had a detainer out of Virginia. That fact sheet was given to the court in advance of Mr. Frazier's initial bond review hearing.

38.      At Mr. Frazier's first bond review hearing on May 31, the court gave him a pretrial option at level four. Around a week later, Mr. Frazier's attorney filed a bond motion asking the court to set a hearing and grant an unsecured bond. The court denied the motion without a hearing.

39.     I took over Mr. Frazier's case on June 6.

40.     Mr. Frazier's mother died in early June. Because he was detained, Mr. Frazier did not have an opportunity to see his mother before she was put to rest.

41.     On June 15, I filed a bond review motion explaining that the Pretrial Division would not release Mr. Frazier on a level four option because of his detainer, which I had established stemmed from a traffic violation, even though the court knew about the detainer at the time it gave the option. On June 21, the court held a second bond review hearing in Mr. Frazier's case and ordered his release on level four supervision.

42.     I emailed Mr. Logan that same day to ask whether the Pretrial Division would now agree to release Mr. Frazier. Mr. Logan said he would "look into it" and get back to me, "hopefully before COB Wednesday, June 22, 2022."

43.     Mr. Logan did not get back to me. On June 24, I emailed him a second time to ask for an update. Again, Mr. Logan did not respond. On June 27, still having heard nothing, I emailed Mr. Logan a third time asking for an update. He acknowledged receipt, and said he was "reaching back out now."

44.     On June 28, following Mr. Frazier's preliminary hearing, I was heard orally on the issue of bond, and asked the court to release Mr. Frazier on unsecured bond. The court denied my request, and kept in place the pretrial order at level four.

45.     On June 29, I emailed Mr. Logan a fourth time, noting that "it's not fair for Mr. Frazier for pretrial not to make a decision. If you say yes, great. If you say no, that allows me to at least file a habeas. But keeping him in limbo just keeps him in jail longer." Mr. Logan did not respond.

46.      On July 1, I emailed Mr. Logan a fifth time for an update. He responded to say "I forwarded your email chain to both Mr. Gray and Ms. Law earlier this week. I will check with them when I get a chance."

47.      On July 8, I filed a third motion for a bond review hearing. In it, I recounted that I had followed up with Mr. Logan five times and that, three weeks after my client was ordered released, he was still in the jail. That motion has not yet been ruled on.

48.      On July 13, I emailed Mr. Logan a sixth time. He responded to say "I responded back to the judge yesterday." He did not say what exactly he told the judge, and no response to the judge was shared with me. He told me in that email that the court had ordered Mr. Frazier's release "fully aware that had a detainer pending in Virginia," and expressed concern that "if he's signed out by us, on pretrial release, he'll be extradited to Virginia."

49.      On July 14, before my bond review motion was ruled on, the State's Attorney's Office charged the case in Circuit Court, divesting the District Court of jurisdiction. I plan to refile the motion in Circuit Court.

50.      I'm attaching the email chain referenced above to this declaration. *See* Exhibit A.

51.      Over six weeks since Mr. Frazier was first authorized for release, and over three weeks since he was ordered released, he remains in jail. He is dealing with serious medical issues, which he describes to me as including open wounds and ulcers in his mouth, missing and broken teeth, liver pain, and overall feelings of weakness.

52.      Mr. Frazier informs me that he is not getting the soft-food diet that he needs due to his severe dental needs. He further informs me that when he gets foods he cannot eat, he lets the jail staff know. They typically respond by saying things like "my mother has no teeth, and she can eat." CO Guzman called him a "piece of shit."

11

**JA152**

### G.  Circuit Court

53.     When a felony case (or sometimes, a misdemeanor case) is indicted or charged by information in Circuit Court, the accused person's bond order automatically transfers from the District Court to the Circuit Court. A client who is still detained at that point may then seek a subsequent bond review hearing in the Circuit Court.

54.     Pretrial options and orders work in largely the same fashion in Circuit Court as they do in District Court. At bond review hearings, Circuit Court judges may issue the same pretrial options or pretrial orders to refer my clients to the Pretrial Division.

55.     In my experience, the Pretrial Division treats pretrial options or pretrial orders from Circuit Court judges the same way it treats pretrial options or pretrial orders from District Court Judges. That is to say, the Division delays release of these referred individuals for weeks or months, and regularly denies release altogether based on arbitrary and opaque criteria.

I declare under penalty of perjury that this declaration is true and correct.

Executed on ___7/15/2022_____.

Jeffrey Campbell

_____
Jeffrey Campbell

12

**JA153**

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

# EXHIBIT A

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A



**Cody Cutting <cody@civilrightscorps.org>**

---

## Fwd: Robert Frazier: mother's funeral arrangements

**Jeff Campbell** <jeffreyj.campbell@maryland.gov>      Thu, Jul 14, 2022 at 11:47 AM
To: Cody Cutting <cody@civilrightscorps.org>

---------- Forwarded message ---------
From: **Jeff Campbell** <jeffreyj.campbell@maryland.gov>
Date: Wed, Jul 13, 2022 at 12:46 PM
Subject: Re: Robert Frazier: mother's funeral arrangements
To: Logan, Jeffrey E. <JELogan@co.pg.md.us>

Right.  So did you tell the Judge you won't release him, or you will, or something else?

On Wed, Jul 13, 2022 at 12:38 PM Logan, Jeffrey E. <JELogan@co.pg.md.us> wrote:

> I responded back to the judge yesterday.  The judge Court-Ordered the defendant fully aware that he had a detainer
> pending in Virginia; however, if he's signed out by us, on pretrial release, he'll be extradited to Virginia.
>
>
>
> Thanks,
>
> Jeff
>
> ---
>
> **From:** Jeff Campbell <jeffreyj.campbell@maryland.gov>
> **Sent:** Wednesday, July 13, 2022 10:53 AM
> **To:** Logan, Jeffrey E. <JELogan@co.pg.md.us>
> **Subject:** Re: Robert Frazier: mother's funeral arrangements
>
>
> ┌─────────────────────────────────────────────────────────────────────────┐
> │ **CAUTION:** This email originated from an external email domain which carries the additional risk that it may be a │
> │ phishing email and/or contain malware. │
> └─────────────────────────────────────────────────────────────────────────┘
>
>
> Good morning, following up once again.  I'm at my wit's end here.
>
>
> On Fri, Jul 1, 2022 at 10:52 AM Logan, Jeffrey E. <JELogan@co.pg.md.us> wrote:
>
>> Good Morning .
>>
>> I forwarded your email chain to both Mr. Gray and Ms. Law earlier this week..   I will check with them when I get a
>> chance.

**JA155**

Thanks,

Jeff

---

**From:** Jeff Campbell <jeffreyj.campbell@maryland.gov>
**Sent:** Friday, July 1, 2022 8:31 AM
**To:** Logan, Jeffrey E. <JELogan@co.pg.md.us>
**Subject:** Re: Robert Frazier: mother's funeral arrangements

> **CAUTION:** This email originated from an external email domain which carries the additional risk that it may be a phishing email and/or contain malware.

Good morning,

I'm following up on this again.

On Wed, Jun 29, 2022 at 11:59 AM Jeff Campbell <jeffreyj.campbell@maryland.gov> wrote:

> What is the decision?  I'm sorry to keep bothering you about this, but it's not fair for Mr. Frazier for pretrial not to make a decision.  If you say yes, great.  If you say no, that allows me to at least file a habeas.  But keeping him in limbo just keeps him in jail longer.
>
> On Mon, Jun 27, 2022 at 12:04 PM Logan, Jeffrey E. <JELogan@co.pg.md.us> wrote:
>
>> Received.
>>
>> I'm reaching back out now.
>>
>> Thanks,
>>
>> Jeff
>>
>> ---
>>
>> **From:** Jeff Campbell <jeffreyj.campbell@maryland.gov>
>> **Sent:** Monday, June 27, 2022 11:31 AM

**JA156**

**To:** Logan, Jeffrey E. <JELogan@co.pg.md.us>
**Subject:** Re: Robert Frazier: mother's funeral arrangements

---

> **CAUTION:** This email originated from an external email domain which carries the additional risk that it may be a phishing email and/or contain malware.

---

Good morning,

Following up again about Mr. Frazier.  You were hoping to have an answer by last Wednesday?

On Fri, Jun 24, 2022 at 9:54 AM Jeff Campbell <jeffreyj.campbell@maryland.gov> wrote:

> What's the update?

> On Wed, Jun 22, 2022 at 10:18 AM Logan, Jeffrey E. <JELogan@co.pg.md.us> wrote:

>> Good Morning.  I'll look into it and get back to you hopefully before COB Wednesday, June 22, 2022.

>> ---

>> **From:** Jeff Campbell <jeffreyj.campbell@maryland.gov>
>> **Sent:** Tuesday, June 21, 2022 7:19 PM
>> **To:** Logan, Jeffrey E. <JELogan@co.pg.md.us>
>> **Subject:** Re: Robert Frazier: mother's funeral arrangements

>> ---

>> > **CAUTION:** This email originated from an external email domain which carries the additional risk that it may be a phishing email and/or contain malware.

>> ---

>> Good evening,

>> Today Judge Clark-Edwards heard a bond review in this case and changed Mr. Frazier's status to a level 4 <u>order</u>.  Will he be released to the detainer or will pretrial still refuse to release?

>> On Tue, Jun 7, 2022 at 9:38 AM Jeff Campbell <jeffreyj.campbell@maryland.gov> wrote:

>>> These are the search results for Robert Frazier in Arlington County.  None of these people are my client.

>>> *Arlington General District Court*

**JA157**

[ ]

Case #: **GT18011490-00**

Defendant: **FRAZIER, DARRAN ROBERT**

Offense Date: **04/05/2018**

Hearing: **06/07/2018**

Charge: **IMPROPER PASSING ON RIGHT**

Code Section: **46.2-841**

*Arlington General District Court*

[ ]

Case #: **GT12053250-00**

Defendant: **FRAZIER, ROBERT ELVERT**

Offense Date: **12/03/2012**

Hearing: **06/27/2013**

Amended Charge: **NO VALID OL**

Amended Code Section: **46.2-300**

*Arlington General District Court*

[ ]

Case #: **GT19008736-00**

Defendant: **FRAZIER, ROBERT LAWSON**

Offense Date: **02/24/2019**

Hearing: **03/27/2019**

Charge: **44/25 SPEED**

Code Section: **G.46.2-878**

*Arlington General District Court*

[ ]

Case #: **GT20018810-00**

Defendant: **FRAZIER, ROBERT TUCKER**

Offense Date: **05/30/2020**

Hearing: **07/24/2020**

**JA158**

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A
7/14/22, 12:32 PM                    Cox signs Corps Mail - Fwd: Robert Frazier: mother's funeral arrangements

Case 8:22-cv-01768-PX   Document 2-22   Filed 07/19/22   Page 19 of 21

Charge: **64/45 SPEED**

Code Section: **G.46.2-878**

On Mon, Jun 6, 2022 at 4:46 PM Logan, Jeffrey E. <JELogan@co.pg.md.us> wrote:

Good Evening,

Please call me first thing tomorrow.

Thanks,

Jeff

---

**From:** Jeff Campbell <jeffreyj.campbell@maryland.gov>
**Sent:** Monday, June 6, 2022 4:25 PM
**To:** Logan, Jeffrey E. <JELogan@co.pg.md.us>
**Subject:** Robert Frazier: mother's funeral arrangements

> **CAUTION:** This email originated from an external email domain which carries the additional risk that it may be a phishing email and/or contain malware.

Good afternoon,

Please see the attached order, Judge Heffron has ordered OPD to contact you to arrange a private viewing for Mr. Frazier to be able to pay his respects to his deceased mother. Please let me know what information you need to set that up.

Thanks,

**Jeff Campbell**

Assistant Public Defender

Prince George's County

14735 Main Street, Suite 272B

Upper Marlboro, MD 20772

**JA159**

DocuSign Envelope ID: FDAC04ED-4E80-409E-8E14-82120F5C2E4A

(301) 327-0717 (cell)

he/him/his

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

**JA160**

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

# EXHIBIT 21

DocuSign Envelope ID: 11460686-EF78-4D38-A520-6F3C859ED7D4

## DECLARATION OF BRANDON RUBEN

I, Brandon Ruben, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD"). I have worked for OPD since August 2019.

2.      As an Assistant Public Defender, among other duties, I represent indigent clients at bail review hearings in Prince George's County District and Circuit Courts. During my time at OPD, I have represented hundreds of clients at initial and follow-up bail review hearings.

3.      Through my work, I am familiar with the pretrial detention and release policies and practices of Prince George's County District Court, Prince George's County Circuit Court, and Prince George's County Department of Corrections.

### Pretrial Detention and Release

4.      The first time that people arrested in Prince George's County appear in front of a judge is at their bail review hearing. Bail review hearings are also the first point in a criminal case when people who qualify as indigent receive the assistance of an OPD attorney such as myself. At the conclusion of the bail review hearing, the judge decides whether to release on recognizance, set an unsecured or secured bond (payable at 10% or 100%), impose non-financial release conditions, or hold without bond.

5.      In addition, the judge often imposes a "pretrial order" or grants a "pretrial option." Pretrial orders and options authorize the Prince George's County Department of Corrections Population Management Division ("the Pretrial Division") to release the arrested person, but do not cause the person to be released immediately. Instead, pretrial orders and options delegate the judge's discretion regarding whether, when, and on what conditions to release the person to the

Pretrial Division, which in turn has ultimate discretion and decision-making authority over the matter.

6.      Judges have been giving pretrial orders and options for as long as I have worked at OPD. I have represented hundreds of clients who have been given pretrial orders or options.

7.      Very often, these clients are never released or remain detained for weeks or months following their bail review hearing. This is true even where a judge <u>orders</u> the Pretrial Division to release a client, as opposed to merely granting the Pretrial Division the option do so. During these weeks or months, I regularly follow up with the Pretrial Division and try to aid in the person's release. But the Pretrial Division rarely offers substantive responses to my messages.

8.      Sometimes, the Pretrial Division will inform the court weeks or months after the bail review hearing that it has decided not to release a person who has been given a pretrial order or option. Sometimes the Pretrial Division will provide a reason. But often, the Division does not release my clients or even inform them or me definitively that they will not be released. My clients then remain detained pretrial until their criminal matter is resolved, even where the Judge has ordered them released

9.      When my clients receive pretrial orders and options, it is my practice to immediately email Jeffrey Logan and inform him that the order or option has been given. In those emails, I include the Statement of Charges, Pretrial Intake Fact Sheet, and any information I have that might facilitate the client's release—for example, the phone number of a family member who can verify my client's address. Mr. Logan acknowledges my emails, but I rarely receive substantive responses.

**Anibal Hernandez**

10.     For example, I represented Anibal Hernandez at his bail review hearing on Friday, June 24, 2022. At the hearing, Judge LaKeecia Allen <u>ordered</u> the Pretrial Division to release Mr. Henandez at any level of supervision. Judge Allen also imposed several conditions of pretrial release, including that Mr. Hernandez live at a verifiable address and not own any weapons.

11.     After the hearing, I emailed Mr. Logan and provided Mr. Hernandez's statement of charges and intake fact sheet. The fact sheet stated, among other things, that Mr. Hernandez has never failed to appear in court, and that his criminal history is brief and dated. I also provided phone numbers for Mr. Hernandez's mother and girlfriend. Mr. Logan acknowledged that day that he had received my email, but did not respond substantively.

12.     I emailed Mr. Logan again the following Monday, June 27 and inquired into Mr. Hernandez's release. Mr. Logan responded and asked if I had heard from Tanya Law. I responded that I had not. Again, I received no substantive response.

13.     That Friday, July 1, I followed up a third time with Mr. Logan about Mr. Hernandez's case. Mr. Logan responded that he had forwarded my emails to Kenneth Gray and Tanya Law, two other officials in the Pretrial Division.

14.     I emailed Mr. Logan again on Wednesday, July 6 asking for an update on Mr. Hernandez's release. Mr. Logan responded that he would try to provide one, but one never came.

15.     I emailed Mr. Logan a fifth time on Friday, July 8 and again asked for an update on Mr. Hernandez's case. Mr. Logan responded that he would look into it and get back to me, but he never did. I emailed Mr. Logan on Monday, July 11 and requested a response to my prior message. Mr. Logan did not respond.

16.     I emailed Mr. Logan a sixth time on Tuesday, July 12 and again asked for an update on Mr. Hernandez's case.

17.     Also on July 12, I filed a request for show cause and for contempt on Mr. Hernandez's behalf against the Pretrial Division for the agency's failure to comply with Judge Allen's release order of June 24, 2022. A copy of that motion, which attaches my e-mail correspondence with Mr. Logan, is attached to this declaration as Exhibit A.

18.     The following day, July 13, 2022, I received an email from Mr. Logan informing me that the Division had found Mr. Hernandez ineligible for pretrial release. Mr. Logan also stated that he thought someone in his office had already informed me of this.

19.     Mr. Logan attached a Memorandum to his email. The Memorandum is a form notice used by the Pretrial Division, which lists a number of reasons why the Division might refuse to release someone. For Mr. Hernandez, the "No Verifiable Address" box was checked.

20.     I do not know what efforts the Division has made to verify an address for Mr. Hernandez. I do not know if they ever contacted his mother and girlfriend, whose contact information I provided them the day that the Court ordered him released.

21.     My show cause and contempt motion was also denied on July 13.

22.     Judge Allen <u>ordered</u> Mr. Hernandez's release at any level 20 days ago. As of today, he remains detained at the Prince George's County Jail.


I declare under penalty of perjury that this declaration is true and correct.


Executed on ___7/14/2022_____.

*Brandon P. Ruben*
AF87C27F65734A8...

Brandon Ruben

4

# EXHIBIT A

## IN THE DISTRICT COURT OF MARYLAND
## FOR PRINCE GEORGE'S COUNTY

**STATE OF MARYLAND**          2022 JUL 12 P 4: 04

    **V.**              :        **5E00715391**

                               :

**ANIBAL ERICK HERNANDEZ JR.**   :

## REQUEST FOR SHOW CAUSE ORDER FOR CONTEMPT
## PURSUANT TO MD. R. SPEC. P. 15-206

COMES NOW defendant Anibal Erick Hernandez Jr., by and through counsel, requests that this Honorable Court require Mary Lou McDonough, Director of the Prince George's County Department of Corrections, appear in Court and show cause why the Court should not find her in constructive civil contempt of the Court's order of June 24, 2022, which required that Mr. Hernandez be released under the supervision of the Pre-Trial Supervision Unit at Levels IV. In support whereof, Mr. Hernandez states as follows:

1. Mr. Hernandez is charged with possession with intent to distribute, possession of marijuana, possession of a firearm in relation to a drug trafficking crime, and other related drug charges. At Mr. Hernandez's initial bond hearing on June 24, 2022, the Honorable Judge Lakeisha Allen presiding, the Court ordered Mr. Hernandez be released on under the supervision of the Pre-Trial Supervision Unit at level IV.

2. On June 24, undersigned counsel sent an email to Jeffrey E. Logan, a Pre-Trial officer, informing him that the court had ordered pretrial release for Mr. Hernandez. *See* Ex. A. Undersigned counsel received an acknowledgment of the email but was provided no information as to whether Mr. Hernandez would be released.

3. Undersigned counsel proceeded to follow-up with Jeffrey E. Logan five more times. *See* Ex. A. (noting follow-up emails on June 27, 2022, July 1, 2022, July 6, 2022, July 8, 2022, and July 12, 2022).

4. To the date of this filing, Jeffrey E. Logan has not provided any information as to Mr. Hernandez's release status, aside from forwarding information to other Pretrial colleagues.

5. As of the date of this filing, Mr. Hernandez is still detained and has been detained for **19 days** after pretrial was ordered to release him.

6. The Pre-Trial Supervision Unit has been on actual notice of Judge Allen's order of June 24 since June 24, when it received undersigned counsel's email. Despite having actual knowledge of the order, the officials in the Unit have failed to comply.

7. The Pretrial Supervision Unit is part of the Community Supervision Section in the Population Management Division of the Prince George's County Department of Corrections' Bureau of Operations. Corenne Labbé is the Acting Director of the Department of Corrections.

WHEREFORE, Mr. Hernandez asks the Court to require Corenne Labbé to appear in Court and show cause why the Court should not find her in constructive civil contempt of the Court's order of June 24, 2022, requiring that Mr. Hernandez be released on pretrial supervision.

Respectfully Submitted,


/s/ Brandon Ruben
Brandon Ruben, Esq.
Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(240) 324-6371
Brandon.ruben@maryland.gov

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of July, 2022, a copy of the foregoing motion

was delivered, via fax, on July 12, 2022, to:

Mary Lou McDonough
Director
Prince George's County Department of Corrections
13400 Dille Drive
Upper Marlboro, MD 20772
301-952-7159 (fax)

/s/ *Brandon Ruben*
Brandon Ruben, Esq.
Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(240) 324-6371
Brandon.ruben@maryland.gov

3

**IN THE DISTRICT COURT OF MARYLAND**
**FOR PRINCE GEORGE'S COUNTY**

| | | |
|---|---|---|
| **STATE OF MARYLAND** | 2022 JUL 12 P 4 04 | |
| | : | |
| **V.** | : | **5E00715391** |
| | : | |
| **ANIBAL ERICK HERNANDEZ JR.** | : | |

**SHOW CAUSE ORDER FOR CONTEMPT**

UPON CONSIDERATION of the foregoing request for a show cause order,

IT IS HEREBY ORDERED that

Mary Lou McDonough
Director
Prince George's County Department of Corrections
13400 Dille Drive
Upper Marlboro, MD 20772

appear in person before this Court at _____

to show cause why this Court should not find her in constructive civil contempt of the Court's

order of June 24, 2022, which required that defendant Anibal Hernandez be released under the

supervision of the Pre-Trial Supervision Unit at Level IV.

A copy of this Request for a Show Cause Order and this Order shall be served on

Corenne Labbé on or before _____.

This _____ day of July, 2022.

_____
J U D G E

**NOTICE** If you fail to appear, an order may be issued resulting in your arrest and you may be
found in contempt of court.

4


**Maryland**

BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

---

## Pretrial Ordered Any Level: Hernandez, 5E00715391

15 messages

2022 JUL 12 PU 4:09

**BRANDON RUBEN -OPD-** <brandon.ruben@maryland.gov>                    Fri, Jun 24, 2022 at 2:35 PM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Mr. Logan:

Judge Allen today **ordered** Mr. Hernandez released at any level in 5E00715391. I attach the SOC and pretrial sheet.

His girlfriend is reached at (240) 743-6873 and his mom is reached at (240) 476-5846.

Please let me know if I might provide any further information.

Thank you,

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

---

**2 attachments**

📄 **Hernandez_SOC.pdf**
645K

📄 **Hernandez_Pretrial.pdf**
31K

---

**Logan, Jeffrey E.** <JELogan@co.pg.md.us>                              Fri, Jun 24, 2022 at 4:07 PM
To: BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

Received and thank you.

**From:** BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>
**Sent:** Friday, June 24, 2022 2:36 PM
**To:** Logan, Jeffrey E. <JELogan@co.pg.md.us>
**Subject:** Pretrial Ordered Any Level: Hernandez, 5E00715391

---

**CAUTION:** This email originated from an external email domain which carries the additional risk that it may be a phishing email and/or contain malware.

---

[Quoted text hidden]

*CONFIDENTIALITY NOTICE: This message and any accompanying files contain information belonging to the sender which may be confidential and legally privileged. This information is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this message and any accompanying files is strictly prohibited. If you have received this message in error, please contact the sender immediately and delete the message. Thank you.*

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.

---

**BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>**                    Mon, Jun 27, 2022 at 2:58 PM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Morning, Jeff. Just circling back to check-in on Mr. Hernandez's release.

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**Logan, Jeffrey E. <JELogan@co.pg.md.us>**                    Mon, Jun 27, 2022 at 3:17 PM
To: BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

Hi back.  Did Ms. Law ever send you a response?  I guess my interrogatory is rhetorical if you're reaching out to me.

[Quoted text hidden]
[Quoted text hidden]

---

**BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>**                    Mon, Jun 27, 2022 at 3:20 PM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

She hasn't yet.

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**Logan, Jeffrey E. <JELogan@co.pg.md.us>**                    Mon, Jun 27, 2022 at 3:35 PM
To: BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

Gotcha…

[Quoted text hidden]
[Quoted text hidden]

---

**BRANDON RUBEN -OPD-** <brandon.ruben@maryland.gov>                    Fri, Jul 1, 2022 at 2:10 PM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Jeff:

Hope you're well. Just following up on Mr. Hernandez's release at any level.

Thanks so much,

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**Logan, Jeffrey E.** <JELogan@co.pg.md.us>                    Fri, Jul 1, 2022 at 2:14 PM
To: BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

Wishing the same for you too.


I've submitted your previous emails to Mr. Gray and Ms. Law.


I'll check again after bond hearing.

[Quoted text hidden]
[Quoted text hidden]

---

**BRANDON RUBEN -OPD-** <brandon.ruben@maryland.gov>                    Fri, Jul 1, 2022 at 2:14 PM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Thank you sir.

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**BRANDON RUBEN -OPD-** <brandon.ruben@maryland.gov>                    Wed, Jul 6, 2022 at 8:40 AM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Jeff:

Just checking in on Mr. Hernandez.

Thank you,

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**Logan, Jeffrey E. <JELogan@co.pg.md.us>**                          Wed, Jul 6, 2022 at 11:41 AM
To: BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

Good Morning to you Brandon.  I'll try to check in on your client's status and provide you with some feedback.

Thanks,

Jeff

[Quoted text hidden]
[Quoted text hidden]

---

**BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>**                 Fri, Jul 8, 2022 at 11:04 AM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Mr. Logan:

Thank you. I am circling back to check on Mr. Hernandez's release status. He was ordered released on 6/24. Do you know when that order will be effectuated and if not why not?

Thank you,

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**Logan, Jeffrey E. <JELogan@co.pg.md.us>**                          Fri, Jul 8, 2022 at 11:27 AM
To: BRANDON RUBEN -OPD- <brandon.ruben@maryland.gov>

Good morning again,

I've sent a request to Home Detention for an update.  I'll let you know what status I receive.

[Quoted text hidden]
[Quoted text hidden]

---

**BRANDON RUBEN -OPD-** <brandon.ruben@maryland.gov>          Mon, Jul 11, 2022 at 9:35 AM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Thanks, Jeff. Looking forward to hearing.

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

---

**BRANDON RUBEN -OPD-** <brandon.ruben@maryland.gov>          Tue, Jul 12, 2022 at 9:20 AM
To: "Logan, Jeffrey E." <JELogan@co.pg.md.us>

Jeff:

I hope you are well. I'm circling back for an update on Mr. Hernandez. The Court ordered him released on 6/24.

Thanks so much,

Brandon Ruben
Assistant Public Defender
Maryland Office of the Public Defender
Prince George's County, District V
(240) 324-6371

[Quoted text hidden]

# EXHIBIT 22

## DECLARATION OF MARIA HUGHES

I, Maria Hughes, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD"). I have worked for OPD since 2014.

2.      As an Assistant Public Defender, I primarily represent indigent juvenile clients, including juveniles charged as adults in the District and Circuit Courts. I have also represented adult clients in District and Circuit Courts. Through my work, I am familiar with the pretrial detention and release policies and practices of Prince George's County District Court, Prince George's County Circuit Court, and Prince George's County Department of Corrections.

**Pretrial Detention and Release of Children**

3.      Children age 16 or older who are charged with particular crimes in Prince George's County are automatically charged as adults in District Court. These children, just like adults charged in District Court, appear for a bail review hearing in front of a judge at which it is determined whether the child will be detained prior to trial. Many of my child clients are held without bond at their bail review hearings. The majority of these children also receive a "pretrial order" or "pretrial option." As such, a significant proportion of my clients have pretrial orders or options.

4.      Pretrial orders and options authorize the Population Management Division of the Prince George's County Department of Corrections ("the Pretrial Division") to release the child, but  delegate the judge's discretion regarding pretrial release and detention to the Pretrial Division. The Division is subsequently given indefinite time and discretion to decide whether, when, and on what conditions to release the child.

1

5.      Giving pretrial orders and options, including to children charged as adults, has been a standard practice for as long as I have been at OPD.

6.      In my experience, the Pretrial Division does not treat children who are given pretrial options and orders any differently than adults who are given pretrial options and orders. Children are not released more quickly, processed using different criteria, or otherwise prioritized or treated differently on account of their age. Many are not released at all until their case is resolved.

7.      Attorneys who contact the Pretrial Division on behalf of child clients receive the same responses—or lack of responses, more commonly—as attorneys who contact the Division on behalf of adult clients. My emails and calls to the Division inquiring into my clients' release status are typically ignored. The Division usually takes weeks or months after the bail review hearing to release my clients, if they are released at all. During this time, neither I nor my client is provided any notice of why they remain detained, or if or when they will be released.

**The Case of D.P.**

8.      For example, I recently took over the case of D.P. from an OPD colleague who represented him at a prior hearing. D.P. was automatically charged as an adult because he is 16 years old and given a pretrial option at his bail review hearing on June 21, 2022. However, to this date, he has not been released. No one from the Pretrial Division has even spoken with D.P., his mother, or his attorneys—despite our several attempts to contact the Division. No one has informed any of us why D.P. remains detained, or if or when he might be released.

9.      The Department of Juvenile Services has various juvenile detention facilities in Maryland. Youth charged in Prince George's County Courts are most often held at the Cheltenham Youth Detention Center located in Cheltenham, Maryland. I almost always seek an order for my

child clients such as D.P. to be transferred to a juvenile facility. It has recently been difficult to get such motions granted as the juvenile jail is often capacity.

10.     If a child who has a pretrial order or option is transferred to the juvenile jail, they retain their order/option. If the Pretrial Division decides to release the child after they have been transferred to the juvenile facility, they are transferred back to the adult jail and processed for release by the Division. The transfer-and-release process usually takes a few days.

11.     D.P. was until yesterday July 11, 2022 being held in the adult medical unit on a 23-hour lockdown. He was on suicide watch. He was only allowed out of his cell for 1 hour per day, usually between midnight and 1 A.M., which is the only time he could call his mother.

12.     Given that the Cheltenham Youth Detention Center was at capacity, D.P. was moved to the juvenile facility in Baltimore City, which is about 1.5 hours away from his family's home.


I declare under penalty of perjury that this declaration is true and correct.

Executed on July 12, 2022.

_____
Maria Hughes

3
**JA180**

# EXHIBIT 23

JA181

DocuSign Envelope ID: BC5FE744-E48E-4CC0-838D-6AADBD190210

## <u>DECLARATION OF CLAIRE GLENN</u>

I, Claire Glenn, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I work as a criminal defense attorney and now live in Minneapolis, Minnesota.

2. From September 2018 to May 2021, I worked as an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD") in Prince George's County, Maryland.

3. In my role as Assistant Public Defender, I represented indigent clients at bail review hearings in both District Court and Circuit Court.

4. In Prince George's County, a handful of Assistant Public Defenders are assigned to handle bail review hearings each day, on a rotating basis. On average, I was assigned to handle bail review hearings approximately five days per month. Depending on the size of the daily docket, I would personally represent anywhere from one to a dozen clients for bail review hearings in a given day. I also regularly represented clients at subsequent bail review hearings in District Court, after filing motions to reconsider conditions of release for those who remained detained after their initial bail review hearing. I also periodically litigated pretrial conditions in Circuit Court, either because I was scheduled to handle Circuit Court arraignments or had filed a motion for bail review or petition for *habeas corpus*. During the time that I worked at OPD, I litigated pretrial conditions for hundreds of clients in initial and subsequent bail review hearings, arraignments, and *habeas* hearings.

5. Through my work at OPD, I became familiar with the pretrial detention and release policies and practices of the Prince George's County District Court, Prince George's County Circuit Court, and Prince George's County Department of Corrections.

6. This declaration is based on those policies and practices as of May 2021. I am not aware of any changes to these policies and practices since May 2021.

7. When someone is arrested in Prince George's County, they first have an initial appearance in front of a District Court Commissioner. At the initial appearance, the Commissioner determines whether probable cause exists for each charge and then either releases the person on their own recognizance, detains them without bond, or sets a financial condition for release. If the accused remains detained after the initial appearance, either detained without bond or on an unaffordable financial condition, they appear for a bail review hearing in the District Court on the next business day.

8. Most bail review hearings last only a few minutes. Although the State has the burden where it seeks pretrial detention, the District Court nonetheless requires defense counsel to proceed first during bail hearings by proffering evidence and presenting arguments as to why their client should not remain detained. Generally, the Assistant State's Attorney ("ASA") is given an opportunity to respond after defense counsel's arguments. The ASA often says very little, and sometimes makes no argument at all. To the extent the ASA

DocuSign Envelope ID: BC5FE744-E48E-4CC0-838D-6AADBD190210

participates in the hearing, it is most often to provide a position as to bond and reiterate the allegations contained in the statement of probable cause.

9. At the conclusion of the bail review hearing, the judge decides whether to leave the Commissioner's detention order in place or modify it. In my experience, it is not uncommon for a judge to give little or no explanation for their ruling.

10. Despite legislative changes which have made it illegal to detain someone because they cannot afford to purchase their freedom, several judges have continued the practice of setting unaffordable money bail, often over the objection of defense counsel and their proffers regarding unaffordability, and often without stating any basis for a contrary belief that the financial condition can be met by the person detained.

11. In addition to setting a financial condition for release, or detaining without bond, judges also frequently authorize release under the supervision of the Population Management Division of the Prince George's County Department of Corrections, known as "Pretrial" or the "Pretrial Division" of the jail. Such authorization can take one of two general forms: the "pretrial option" or the "pretrial order." The pretrial option allows, but does not require, the Pretrial Division to release the person on conditions. The pretrial order requires, at least in theory, that the Pretrial Division release the person on conditions. Thus, when the Court grants a person the pretrial option, the Pretrial Division has the discretion to release a person or not. When the Court orders the Pretrial Division to supervise a person, Pretrial Services ostensibly must do so. In practice, however, Pretrial Services at times will still refuse to release people who have been given a pretrial "order" because they do not meet Pretrial's self-determined "criteria" for release.

12. If a person has been held without bond, or given an unaffordable financial condition of release, release by the Pretrial Division becomes the only avenue for release for someone granted a pretrial option or order.

13. The Pretrial Division has established four different "levels" at which the Division will supervise someone's pretrial release. They range from least restrictive at Level 1, to the most restrictive at Level 4. Levels 1 through 3 involve submitting to urinalysis and periodic check-ins, at differing intensities. Level 4 is home detention. The Court may specify that a defendant is to be released only at a certain level of supervision, or may defer and allow the Pretrial Division to determine the "level" at which a person may be released.

14. The Pretrial Division has established criteria that determine at what level someone will be supervised, which governs absent a court order to the contrary. These criteria are not published or codified, and it is unclear how the Pretrial Division developed them. I became familiar with the criteria based on my personal experience and conversations with jail staff, including those who work in the Pretrial Division.

15. Judges may override the Pretrial Division's criteria by "ordering" someone's release to Pretrial Services at a specific level. This is very rare, and usually occurs only after someone has remained detained for several days or weeks with only the "pretrial option." On the

2

**JA183**

DocuSign Envelope ID: BC5FE744-E48E-4CC0-838D-6AADBD190210

other hand, judges at times limit Pretrial's authorization to release someone, for example, by indicating the "pretrial option" is authorized at Level 4/home detention only.  For the most part, however, judges simply defer to the Pretrial Division by granting the "pretrial option" at any level/without specifying a level.

16. Very few people qualify for release at Levels 1 through 3.  This is because those whom the Pretrial Division would deem eligible for supervision at Levels 1 through 3 are almost always released by the Court at the bail review hearing, either on their own recognizance or on an unsecured money bond.  The vast majority of people who remain otherwise detained following a bail review hearing—whether on unaffordable financial conditions or on "no bond"—are almost always deemed eligible for release at Level 4/home detention only.  Because the Pretrial Division makes this determination based on its own internal criteria, this is so even where the court has authorized release at any level.  For example, if a judge grants someone the "pretrial option" at any level, the Pretrial Division may still determine, based on its criteria, that it will only release a person at Level 4/home detention.

17. People who do get released on Levels 1 through 3 must submit to urinalysis for drug and alcohol testing, without individualized consideration of whether that type of supervision is warranted by their particular circumstances. The testing requirement can pose significant hardships: many of my clients did not have ready access to cars to regularly travel to Upper Marlboro for testing, worked jobs with unpredictable hours or schedules, and/or had childcare or medical needs that posed barriers to travel.  The jail is difficult and time-consuming to access without private transportation.

18. Level 4/home detention can come in a more stringent variation, known as "Level 4/Administrative Review" or "Admin Review."   A person assigned for Level 4/Administrative Review is eligible for release on Level 4/home detention only after jail administration has personally reviewed their case and signed off on their release.  A judge may grant a person the pretrial option at "Level 4, Admin Review only" and thus limit the discretion of the Pretrial Division, or the Pretrial Division may determine based on its own criteria that a person given the pretrial option at any level by a judge will only be reviewed by the Pretrial Division following Administrative Review.  It is unclear to me what criteria, if any, is used to determine whether someone is eligible for release only following Administrative Review and what criteria jail administration uses to assess those who are deemed to fall in that category.

19. Separate from the criteria used to determine the level at which it will consider supervising a person, the Pretrial Division also maintains a long list of criteria that a person must meet in order to be released.

20. Again, these criteria are not published or codified, and it is unclear how the Pretrial Division developed them.  My understanding of these criteria is based on my personal experience and conversations with jail staff, including those who work in the Pretrial Division, in my efforts to get my clients released.

21. As an Assistant Public Defender, I spent a significant amount of time attempting to determine why the Pretrial Division had not released a client, despite a "pretrial option" or even "pretrial order," and working to facilitate their release. In the process, Pretrial Division staff gave me numerous explanations as to why my client was deemed ineligible for release. The most common reasons included: (1) a third party has not verified the defendant's address; (2) a third party has verified the defendant's address, but that address is not within Prince George's County; (3) the defendant is also on active probation or parole; (4) the defendant has another pending case in any jurisdiction other than Prince George's County; (5) the defendant's charge is "too serious"; (6) the defendant has a "bad" record; (7) Pretrial Services has been unable to contact the complaining witness; (8) Pretrial Services contacted the complaining witness and they report fear if the defendant were released; (9) the defendant has been charged with felonies and Pretrial Services is waiting to see whether those felonies will be dismissed at the preliminary hearing; (10) the defendant has an unserved warrant/detainer (whether the warrant issued from Prince George's County or another jurisdiction); and (11) the defendant tested positive for COVID-19 and must remain isolated at the jail.

22. These explanations were consistently proffered to me and my colleagues as "policies" by Pretrial Division staff, though they often have perverse legal effects. It was not uncommon, for example, for the Pretrial Division's "policies" to override the release decision of a judge based on jail staff's review of the very same information that, presumably, the judge had already reviewed, such as the defendant's charges or criminal history.

23. The "pretrial option" is a very common grant during bail review hearings. In a given day, it is rare that at least one client is not granted the pretrial option, and frequently many more receive it. The "pretrial order" is much rarer. Judges frequently explain during bail review hearings that they will only grant the pretrial option, not a pretrial order, because the latter allows an individual to "jump the line" of people waiting for release and/or usurps the discretion of the Pretrial Division. Some judges will only grant a "pretrial order" after a person has been detained on the "pretrial option" for a period of at least several days, while others categorically refuse to grant a "pretrial order."

24. As a result of the Pretrial Division's "policies" limiting release eligibility, numerous people remain detained who are authorized by the court for supervised pretrial release, but who fail to meet all of the Pretrial Division's criteria. On May 7 and 8, 2020, I reviewed the cases of 503 people who were then detained at the Prince George's County Jail and determined that at least 121 people, approximately one in four inmates, had been authorized by the Court for release to the supervision of the Pretrial Division, but nonetheless remained incarcerated at the jail. Of those 121 people, eighty had been authorized by the Court for release more than one month prior, and forty-eight had been authorized by the Court for release more than three months prior.

25. During my time as an Assistant Public Defender, I filed dozens of motions for my clients alone who had been given the pretrial option or pretrial order and nonetheless remained detained. Upon review of my records, I would conservatively estimate that I filed approximately eighty such motions. More than fifty of those motions were for clients who

DocuSign Envelope ID: BC5FE744-E48E-4CC0-838D-6AADBD190210

were detained on unaffordable money bonds as well as a pretrial option or order, while the remainder involved clients who had only been granted the pretrial option or pretrial order. Numerous motions involved cases in which the Pretrial Division was denying release to my client based on criteria the court had already reviewed itself in determining release was appropriate, and several involved instances where the Pretrial Division refused to release my client despite a court order to do so.

26. This practice of judges granting "pretrial options" and "pretrial orders" was ongoing for as long as I worked at OPD.  I do not know how this practice originated, because it predates my time at OPD.

27. The practice of granting "pretrial options" and "pretrial orders" is one by which judges in Prince George's County delegate significant discretion to the Pretrial Division as to whether, when, and on what conditions a person may be released from the jail as they await trial.  In particular, when a person is granted the "pretrial option," the Pretrial Division holds complete discretion and decision-making authority over release decisions, unless and until defense counsel files a motion asking the Court to reconsider their client's conditions of release.

28. In practice, the "pretrial option" functions as a way to pass the buck.  Judges are able to claim that because they gave the option of release to the Pretrial Division, it is not their fault that a person remains detained.  And the Pretrial Division claims that its hands are tied by its own internal eligibility criteria, and so the Court must issue a pretrial order to override the criteria in order for a person to be released.  In the meantime, my clients remained detained as I scrambled to gain their release, by tracking the reasons for their ineligibility; attempting to remedy the barriers to eligibility by quashing warrants, tracking down witnesses, coordinating with other jurisdictions, gathering deed and lease information for home detention, etc.; and filing motions requesting new bond review hearings when I could not otherwise remedy barriers to release.

29. I am aware that Pretrial Division officials have claimed in affidavits that they "always" notify the court of a decisions to keep detained a person for whom the court has authorized release.  This is false.  In my experience, the burden of notifying the Court that my clients remained detained, and the reasons proffered by Pretrial, rested entirely on my shoulders. In my conversations with numerous District Court judges in Prince George's County, on and off the record, judges confirmed they relied on defense counsel to so notify them, and did not receive notice from Pretrial.

30. Unfortunately, many judges require defense counsel to file formal motions in order to give notice that a client remains detained. After such motions were filed, it often took several days, if not a week or more, before a hearing would be scheduled.  While several judges would routinely grant hearings to address issues with the Pretrial Division, or even invite me to email them directly with such information, other judges would summarily deny such motions without even an opportunity to be heard.

DocuSign Envelope ID: BC5FE744-E48E-4CC0-838D-6AADBD190210

31. The Pretrial Division's "process" is not transparent.  The Pretrial Division almost never provided me or my clients with proactive updates on the status of their cases or release decisions.  Instead, I emailed and called the Pretrial Division in order to receive any updates on my clients' cases.

32. Not every defense attorney has the time, energy, or caseload compatibility to follow up with the Pretrial Division as I did in my time as an Assistant Public Defender in Prince George's County.  If my caseload involved more felony cases, or if my personal or family obligations had prevented me from working such long hours, I would have found it very difficult, if not impossible, to have dedicated as much time as I did to following up with the Pretrial Division to gain my clients' release.

33. Immediately following bond review hearings, for a client who received the pretrial option, my first step was to appropriately advise them.  Although some clients were familiar with the local system, many were not and mistakenly believed they would be released within a matter of hours.  For these clients, my job included the heartbreaking work of recalibrating their expectations for what was often a long road ahead.

34. My next step would be to contact the Pretrial Division by sending an email to pghomedetention@gmail.com, including a copy of the client's statement of charges and the name and phone number of a person who could verify their address.  I do not know why the Pretrial Division uses a Gmail account, rather than a government account, but it is accessed by multiple staff of the Pretrial Division.

35. This email would generally go unanswered.  Within the next business day or two, I would call the Pretrial Division to follow-up.  At times I would be told that there was a processing backlog and they had not reviewed my client's case yet.  At times I would be told that they had not received a copy of the release order from the Court.  At times I would be told that they "never" received my email, and I would have to re-forward them the same information I had previously sent.  I would most often be directed to call back later.

36. If my client was not released, I would eventually be told a reason why over the phone.  I never received written explanations as to why my clients remained detained.  At that point, it would be up to me to attempt to remedy the barrier to release.  At times this would require me to try to obtain the complaining witness' contact information so that it could be provided to the Pretrial Division so they could ask whether the complainant agreed to my client's release.  Or I would need to work with my client's loved ones to identify a Prince George's County address where my client could reside, and then obtain a copy of the lease or deed and contact information for the leaseholder or deedholder to send to the Pretrial Division.  Or I would need to file a motion to quash a warrant or coordinate with a colleague in another jurisdiction to do so.  Or a client might be deemed ineligible for release solely because when Pretrial Division staff called to verify an address, the person missed the call, and I simply need to ask Pretrial Division staff to try calling again.

37. Frustratingly, a person might be ineligible for release under multiple criteria, but I might be notified of only one reason at a time.  Thus, after one basis for ineligibility was remedied,

DocuSign Envelope ID: BC5FE744-E48E-4CC0-838D-6AADBD190210

I would then learn of another basis.  Or another basis for ineligibility might arise as we worked to remedy another.  For example, if a client were detained in Prince George's County while we tried to get them eligible for pretrial release, and missed court in another jurisdiction during that time and a warrant issued, that warrant would then make that client ineligible for pretrial release.

38. The Pretrial Division categorically refuses to release individuals who have a pretrial option or order when they have an open warrant or detainer from another county or state.  Even where an open warrant has been caused by the delay of the Pretrial Division itself in processing a person's application for release, the Pretrial Division does not release people to other jurisdictions to resolve warrants or detainers.

39. Another common barrier to release is a verified Prince George's County address.  The Pretrial Division, by its own criteria, will not release people on Level 4/home detention except to an address within the County.  Many of my clients lived in the District of Columbia, Northern Virginia, or in neighboring Maryland counties such as Montgomery County.  Unless a client has an address within Prince George's County where they can live on home detention, however, they remain detained.

40. Judges are well aware of this requirement.  Where I had a client with an address beyond the County's boundaries and the judge gave my client the option of Level 4, or gave the option at any level, but I knew that the Pretrial Division would only release at Level 4 under its self-determined criteria, I would tell the judge that my client would remain detained absent some other court order.  Most commonly, judges would respond that I should wait and file a motion for bail reconsideration if my client were still detained in a week.

41. The Pretrial Division has also created a barrier to release by granting veto power to complaining witnesses.  The Pretrial Division will not release someone if the complaining witness either cannot be reached or objects to release.  This is so even when the complainant has appeared at the bail review hearing and the judge has considered their credibility and objection to release, but nonetheless granted the pretrial option.  Particularly because Maryland is a state in which any civilian can swear out criminal charges against another, this gives a complainant massive personal power to have a person arrested and keep them detained.  Because of the Pretrial Division's absolute deference to complainants, this veto power is only checked by a court order overriding the Pretrial Division's eligibility criteria, which is difficult and time-consuming to obtain in Prince George's County.

42. Even where a complainant appears in a bond review hearing and indicates they do not object to release, the Pretrial Division will not release a person without independently notifying them and verifying their position.  In one case, the Pretrial Division staff told me that because the State's Attorney's Office had not provided them with a phone number for the complainant, they mailed her a letter at her last known address and deemed my client ineligible for release unless and until they received a response to the mailing.  If I had not been able to track down the complainant's phone number and share it with the Pretrial Division, my client would have remained detained.

43. In my experience, the Pretrial Division has the capacity to evaluate someone's case and release them with relative speed.  For example, I have had clients who, on very rare occasions, the Pretrial Division released quickly.  Generally, these cases involve clients with serious medical vulnerabilities.  In such cases, I called the Pretrial Division to warn them that if my client remained detained, without access to urgently required medical care, they were likely to have a serious medical emergency in the jail or worse.  I understood the Pretrial Division's speed in those rare situations to be prompted by a desire to avoid liability over inadequate medical treatment.

44. When I could not remedy the reasons that the Pretrial Division had deemed my clients ineligible for release, I filed motions asking the Court to reconsider bond and/or its delegation of authority to the Pretrial Division.  Because Prince George's County operates on a paper filing system, it often took days before my motion was even reviewed by the court, and then days more before a hearing was held or I received a paper order in the mail notifying me that the motion was summarily denied.  All in all, it was not uncommon for my client to wait one to three weeks for a hearing on a reconsideration motion after the Pretrial Division had deemed them ineligible for release (a process which itself often took days or weeks).

45. Some judges would hold a hearing in response to a motion to reconsider pretrial release.  Others would summarily deny the motions, without any response or argument from the prosecutor.  Not once did an ASA provide a written response to any of my motions for bail reconsideration filed in the District Court.

46. In my time at OPD, the Pretrial Division's delay in releasing people was regularly discussed in open court, in front of District and Circuit Court judges. But neither this discussion, nor the large volume of repeated bail review motions that defense counsel is compelled to file, resulted in any inquiry into the broader systemic problems causing so many people to remain detained.

47. Instead, the judicial system has accepted this "wait-and-see" custom, in which people remain detained while they hope their attorney and loved ones can help them jump through the hoops to make them eligible for pretrial release, and hope that, if not, their attorney will file a motion on their behalf to try to secure release in another way.  The days that pass during this wait-and-see period are treated like the cost of doing business by the court system.  But it is during this time that my clients lost their jobs, lost their homes, lost their children, lost the opportunities big and small that life beyond a jail's walls provides.  Across my clients' cases, I am sure there are cumulative months if not years of life that have been lost.

I declare under penalty of perjury that this declaration is true and correct.

Executed on ___7/14/2022___, in the City of Minneapolis, County of Hennepin, State of Minnesota.

DocuSigned by:

C7058DEDA43A4B0...

Claire Glenn

# EXHIBIT 29

## Declaration of Miramba Williams

I, Miramba Kinte Williams, Jr., solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing paper are true:

1. I provided the information below in response to a standard set of questions read to me in person by my attorneys on July 7, 2022. On that same day, I read my declaration and confirmed its accuracy based on my own knowledge and observations. I swore under the penalty of perjury as to the accuracy of that information.

2. My name is Miramba Kinte Williams, Jr. I am 27 years old.

3. I live in Suitland, Maryland, and spent most of my life in Takoma Park, Maryland.

4. For the past year and a half, I have been taking HVAC classes online at the University of the District of Columbia. I plan to work in the HVAC business when I complete those classes.

5. I was arrested on June 30, 2022, on charges of marijuana possession and possession of a handgun.

6. At the time of my arrest, I was living with my father in Suitland, Maryland.

7. On July 5, 2022, I had a bail review hearing before Judge Gregory Powell. Judge Powell gave me a pretrial option at any level.

8. I understood that "pretrial option" to mean that I would be released shortly after the bail review hearing. However, as of the signing of this declaration, I remain in jail.

9. I have asked correctional officers at the Jail when I will be released and I was told that it will be a couple weeks or months.

10. I am currently in the intake unit and am on a 23 and 1 lockdown. I was told that I was supposed to be moved out of the intake unit after five or seven days, but someone on the unit has COVID-19. So, we are all stuck on this unit, including the person who has COVID-19.

11. My parents have called pretrial for me, but they were not told any information about when I will be released.

12. I have three kids: two girls and one boy, who are ages 11, 5, and 1. I have not been able to see or speak to them since I was arrested. One of my children lives with me and my father.

13. In my free time, I enjoy spending time with my kids and look forward to doing that when I am released.

7/7/22
DATE

Miramba Kinte Williams, Jr.

# EXHIBIT 31

### Second Declaration of Claire Glenn, Assistant Public Defender

1. My name is Claire Glenn.  I work at the Maryland Public Defender's Office as an Assistant Public Defender in Prince George's County, Maryland.  I am a resident of Washington, D.C.  I have previously submitted a declaration in this case.

2. The District and Circuit Courts in Prince George's County regularly order or authorize the pretrial release of certain defendants from the jail to the supervision of Pretrial Services, a division of the Department of Corrections.

3. There are four different "levels" at which Pretrial Services will supervise a defendant.  The most intense level of supervision, level four, is home detention.  The remaining levels, from three down to one, range from electronic monitoring to requiring that a defendant provide urine samples and regularly call for "check-ins."

4. When the Court authorizes release to its supervision, Pretrial Services has the discretion to release a defendant or not. When the Court orders Pretrial Services to supervise a defendant, Pretrial Services must do so.

5. On May 7 and 8, 2020, I reviewed the cases of 503 people currently detained at the Prince George's County Jail to determine how many of them had avenues for release, but nonetheless remained incarcerated at the jail.  I used the Department of Correction's online "Inmate Lookup" tool to identify people detained in the jail and the bases for their detention, and I reviewed case dockets on Maryland Secure Case Search and the Court Applications Portal, which are available to attorneys and are more accurate than the publicly available docket.  For some cases, I also reviewed the publicly available docket on Maryland Case Search.

6. Of the 503 people whose cases I reviewed, at least 121 people were authorized by the Court for release to Pretrial Services' supervision but remain incarcerated at the jail.[1]  Of these, eighty people were authorized by the Court for release to Pretrial Services more than one month ago.  Forty-eight people were authorized by the Court for release to Pretrial Services more than three months ago.

7. Of the 121 people authorized for release to Pretrial Services, sixty-three people were authorized for level 4 supervision only (i.e., home detention).  The remainder were authorized for lower levels of supervision or supervision at any level.[2]  This includes eight people authorized for "mental health" pretrial release, meaning that the Court requires compliance with mental health medication before a person may be released.

8. In addition, there are six people for whom the Court has ordered release to the supervision of Pretrial Services, but Pretrial Services has not released them.  These

---

[1] This number does not include those individuals who have release to Pretrial Services authorized in one case, but are detained without bond in another.  It includes only those individuals who have had release to Pretrial Services authorized for each of the cases in which they are currently detained.  In addition, it does not include three individuals with electronic case dockets that were not clear enough for me to confirm their bond statuses without access to the Court file.

[2] When the Court does not specify a level for supervision, Pretrial Services decides which level of supervision is most appropriate.

individuals were ordered released to Pretrial Services on April 10, April 17, April 20, May 5, and two on May 6, 2020.

9. On April 15, I called Pretrial Services to ask about the defendant who was ordered released to their supervision on April 10. Pretrial Services told me that they would not release him, even to his verified address for home detention, because he had tested positive for COVID-19. When I asked why, Pretrial Services told me that this is their "policy." Since then, the jail has returned this individual from the medical unit to his regular housing unit, ostensibly because jail staff have deemed him no longer contagious. But to date, Pretrial Services still has not released him.

10. In addition to identifying those people authorized or ordered to Pretrial Services' supervision, I identified sixteen other people who are detained only because they cannot afford the monetary bonds set in their cases. Some of these individuals are detained even on nominal bonds. For example, two individuals have been detained on bonds of only $200 since March 23, 2020. Beyond these sixteen individuals, another three people are detained with a monetary bond in one case and release to Pretrial Services authorized in another.

11. I also identified 25 individuals who are detained only on misdemeanor charges. Some of these cases appear to involve very low-level, nonviolent allegations. For example, one person is currently detained at the jail on two counts of trespass. Another person is detained on a single count of driving without a license. Multiple people are currently detained on charges that carry statutory maximum sentences of only sixty or ninety days of incarceration.

12. Aside from this analysis, another issue currently impedes efforts to get people released from the jail. During the pandemic, the jail has changed its policy regarding warrant service. Prior to the pandemic, attorneys in our office could ask a supervisor to contact the jail and request that an outstanding warrant be served on a detained client, in order to facilitate more expeditious resolution of pending cases. Now, however, the jail refuses to serve warrants until an individual has been released on all other cases which previously detained them. Since the pandemic, I have called the jail to request warrant service. But jail staff have told me they will not do so until a person is released on all other cases. And when I have asked my supervisor to contact the jail, she has informed me that the jail has stopped even responding to her email requests for warrant service.

13. This new warrant service policy has made it even more difficult to get clients released. Besides the obvious time-delay caused by litigating release only one case at a time, the policy also creates additional challenges vis a vis Pretrial Services. For example, Pretrial Services staff frequently explain that it is their "policy" not to release someone who has a pending warrant/detainer in another case. Normally, this issue can be addressed by having the client served with that warrant/detainer and then asking the Court to set an affordable bond and/or authorize release to Pretrial Services in that second case. But because the jail now refuses to serve people with additional warrants until they are released on all other cases, what results is a chicken-and-egg problem: Pretrial Services

will not release the individual because of the pending warrant, and the jail will not serve the pending warrant because the individual is still detained on the original case.[3]

I declare under penalty of perjury that the foregoing is true and correct.


_____cg_____
Claire Glenn, Esq.
Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(240) 582-4202
claire.glenn@maryland.gov
CPF# 1902280002

Dated:  May 9, 2020

---

[3] In such a circumstance, the only remaining avenue to resolve this issue is to file a motion requesting that the warrant be converted to a summons.  Generally, it takes a week or more after filing before the Court will rule on such a motion.  Depending on the reason why the warrant was issued, the Court may or may not grant such a motion.

# EXHIBIT 33



26 B/m

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY
PRETRIAL INTAKE FACT SHEET

STATE OF MARYLAND
VS.
Donnell Dajuan Davis

ID NO.: 046723
CASE NO.: 3E00713044
CHARGE: Assault First Degree
TOTAL BOND: $ 0.00

THE FOLLOWING INFORMATION HAS BEEN VERIFIED BY THE PRETRIAL INTAKE STAFF:

1) Additional Bond Hearing Case No's.: Not intimidate, contact, or harass Ajah McKnight. Not enter or be near 5805 Cherrywood Terrace Greenbelt, Maryland.

2) AKA's:   Dajuan Donnell; Dontell Davis; Darnell Davis.

3) Detainers:

4) Also In Jail On:

5) PreTrial Release:

6) P&P Information:

7) Residence: Unable- No Answer

   Length:
   Tel. #: (   )
   Lives With:
   Verified By:

   Employment: Unemployed

   Length:
   Position:
   Can S/he Return:
   Verified By:

8) COMMENTS: The defendant stated that she resides at 3608 Rock Creek Church Road Washington DC. Pretrial was unable to contact the victim; no victim information.

   TOTAL FTA's: CR 0 /MV 0    TOTAL CONTEMPTS: 0    DRUG TEST:
   Pending: 3e00689230, Trespass,
   2/28/20 ROR.    5E00711884,
   Rogue and Vagabond No Date.
   Prior:
     CR Unauth Removal Of MV (NP)
     4/9/19
     CR Motor Veh/Unlawful Taking
     (NP) 3/2/20

   NCIC:
   No NCIC Convictions

   LEVEL:  1 2 3 4   DM/CM · ()    None
   CONDITIONS:

   Investigator: J Mills

   Date: 10/09/20

Distribution:  White: Judge   Green: Computer Work   Yellow: State's Attorney   Pink: File Copy   Green: Public Defender

PGC Form 3088 (Rev. 9/13)

JA198

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND
VS.

CASE NO.: 3E00713044

Donnell Dajuan Davis

## PRETRIAL INTAKE FACT SHEET (continued)

PRIOR:
N/A.

NCIC:
N/A.

COMMENTS:

Pending: 5E00711513, Theft: $100 To Under $1500, No Date.

Pending: 5E00711569, School: Trespass On Ground, 3/3/20 ROR.

Pending: 3E00690294, Theft Less Than $100, No Date.

Pending: 4e00712380, Rogue and Vagabond, No Date.

Pending: 5E00691850, Assault Second Degree, No Date, Victim: Ajah McKnight.





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3E00713044

### STATE OF MARYLAND VS. DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge ROBERT WILSON HEFFRON on 10/09/2020.

THE COURT, ON THE DATE SHOWN ABOVE,

Advised you of your right to Preliminary Hearing;

You deferred your right to a Preliminary Hearing;

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:

OR PR TO PTR LEVEL #4 MAY BE CELLPHONE

COMPLETE PTSU INTERVIEW/PTSU TO VERIFY ADD

BEFORE RELEASE/NO CONT W/ AJAH MCKNIGHT

STAY AWAY FROM 5805 CHERRYWOOD TERR

GREENBELT, MD

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
on 11/09/2020 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

10/09/2020   1:59 p.m.   Room:  5           _____           _____
                                                      Defendant Signature                    Date

Tracking No.  201001501923              **JA200**



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00713044

## STATE OF MARYLAND VS. DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| CC #: | | State ID: 0004788247 | LocID: X0890594 |
| Eyes: BRN | Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| Race: I | Sex: M    DOB: 12/01/1993    DL #: | | |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Bail review was held by Judge ROBERT WILSON HEFFRON and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR LEVEL #4 MAY BE CELLPHONE / GPS
COMPLETE PTSU INTERVIEW/PTSU TO VERIFY ADD
BEFORE RELEASE/NO CONT W/ AJAH MCKNIGHT
STAY AWAY FROM 5805 CHERRYWOOD TERR
GREENBELT, MD

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 11/09/2020 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 10/09/2020  Time: 1:59 p.m.

**Tracking No. 201001501923**

CC-DC-CR-028 (Rev. 07/2017)

JUDGE/CLERK:

JA201

Ige Robert W. Heffron



# PRINCE GEORGE'S COUNTY GOVERNMENT
## Department of Corrections

Angela D. Alsobrooks
County Executive

**October 28, 2020**

| | |
|---|---|
| **TO:** | **The Honorable Robert Wilson Heffron** |
| **FROM:** | **Tanya Law, Unit Chief, Monitoring Services** |
| **DEFENDANT:** | **Donnell Davis** |
| **CASE/CHARGE:** | **[1. CR3E00713044 1st Degree Assault]** |

**[ X ]**   The above defendant has been evaluated for program placement;

**[ ]**   The above defendant is being reconsidered for pretrial release;

**[ x ]**   The above defendant is no longer eligible for pretrial release;

**[ ]**   The above defendant violated "Conditions of Release";

**[ ]**   The above defendant's whereabouts are currently unknown/absconded;

**STATUSES**

1.   **[ ]**   **Victim Fears**

2.   **[ ]**   **Pending Case (s)/Detainer (s)**

3.   **[ ]**   **Criminal History**

4.   **[ ]**   **No Verifiable Address**

5.   **[ ]**   **Mental Health Issue / Evaluation Pending**

6.   **[ ]**   **Medical Health Issue(s)**

7.   **[ ]**   **Violated "Conditions of Release"**

8.   **[ ]**   **Federal Hold or State Hold**

9.   **[ x ]**   **Other-See Explanation**

**EXPLANATION:  Defendant was granted the option of  Pre-trial Services Level 4 on
October 9, 2020. Please contact Monitoring Services for additional information
at 301-952-7111 or 301-952-7064.**

**13400 Dille Drive, Upper Marlboro, Maryland 20772**
**(301) 952-4800 • 711 Maryland Relay Service • www.princegeorgescountymd.gov**

**JA202**

cc:   Lisa Hall Johnson, Administrative Judge
        PGCDOC-Corenne Labbe, Interim Director
        PGCDOC-Jeffrey Logan, Division Chief, Population Management

Page: 1    Date: 11/09/2020
Room: 5    Time: 9:17 AM

Case No. 3E00713044





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

## STATE OF MARYLAND  VS.  DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| | | | | |
|---|---|---|---|---|
| CC #: | | State ID: 0004788247 | LocID: X0890594 | |
| Eyes: BRN | Hair: BL | Height: 6'01" | Weight: 190 lb. | |
| Race: 1 | Sex: M | DOB: 12/01/1993 | DL #: | |

## DEFENDANT TRIAL SUMMARY

The Preliminary Hearing in the above case was POSTPONED today, 11/09/2020.
     REASON: FELONY CHG NOLLE PROS.

You will be notified of the next trial/hearing.

The Court's finding is as follows:

Charge # 001  ASSAULT-FIRST DEGREE   was NOLLE PROSEQUIED.

If you have been convicted or received probation before judgment for a crime, it may be unlawful for you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms (even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA Sample and DNA Record relating to the charge or charges against you if you meet certain conditions. Further information on expungement is contained in a brochure available at the Clerk's Office or on our website at http://www.courts.state.md.us/district.

11/09/2020     Defendant_____     (DAVIS, DONNELL)

Tracking No. 201001501923

**JA204**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00713044

## STATE OF MARYLAND VS. DAVIS, DONNELL

8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| | | | |
|---|---|---|---|
| CC #: | | State ID:0004788247 | LocID:X0890594 |
| Eyes: BRN | Hair:BLK | Height: 6'01" | Weight: 190 lb. |
| Race:I | Sex:M | DOB:12/01/1993 DL #: | |

**Charge | Statute | AR/Citation**
NP | ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

# COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER
  13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge ROBERT WILSON HEFFRON and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
  OR PR TO PTR LEVEL #4 MAY BE CELLPHONE
  COMPLETE PTSU INTERVIEW/PTSU TO VERIFY ADD
  BEFORE RELEASE/NO CONT W/ AJAH MCKNIGHT
  STAY AWAY FROM 5805 CHERRYWOOD TERR
  GREENBELT, MD

YOU WILL BE NOTIFIED of the defendant's next hearing or trial.

Date: 11/09/2020  Time: 9:17 a.m.

Tracking No. 201001501923

CC-DC-CR-028 (Rev. 07/2017)

JUDGE/CLERK: _____
Judge Robert W. Heffron

JA205




# PRINCE GEORGE'S COUNTY GOVERNMENT
## Department of Corrections

Angela D. Alsobrooks
County Executive

October 28, 2020

**TO:**  **The Honorable Robert Wilson Heffron**

**FROM:**  **Tanya Law, Unit Chief, Monitoring Services**

**DEFENDANT:**  **Donnell Davis**

**CASE/CHARGE:**  **[1. CR3E00713044 1st Degree Assault]**

[X]  The above defendant has been evaluated for program placement;

[ ]  The above defendant is being reconsidered for pretrial release;

[x]  The above defendant is no longer eligible for pretrial release;

[ ]  The above defendant violated "Conditions of Release";

[ ]  The above defendant's whereabouts are currently unknown/absconded;

## STATUSES

1.  [ ]  **Victim Fears**
2.  [ ]  **Pending Case (s)/Detainer (s)**
3.  [ ]  **Criminal History**
4.  [ ]  **No Verifiable Address**
5.  [ ]  **Mental Health Issue / Evaluation Pending**
6.  [ ]  **Medical Health Issue(s)**
7.  [ ]  **Violated "Conditions of Release"**
8.  [ ]  **Federal Hold or State Hold**
9.  [x]  **Other-See Explanation**

**EXPLANATION:** Defendant was granted the option of Pre-trial Services Level 4 on October 9, 2020. Please contact Monitoring Services for additional information at 301-952-7111 or 301-952-7064.

---

13400 Dille Drive, Upper Marlboro, Maryland 20772
(301) 952-4800 • 711 Maryland Relay Service • www.princegeorgescountymd.gov

cc:     Lisa Hall Johnson, Administrative Judge
        PGCDOC-Corenne Labbe, Interim Director
        PGCDOC-Jeffrey Logan, Division Chief, Population Management

In the District Court of Maryland
for Prince Georges County

State of Maryland

vs                              Case # 3E00113044

Donnell Dizuan Davis
      ID# 046723



Motion To Request Reconsideration
      of Bond Status

1. Comes now Defendant, Donnell Diquan Davis ID# 046723,
Informers-paupers, respectfully requested this Honorable Clerk
to reconsider Defendant bond status.

2. In support thereof, Defendant swears, under the penalty of perjury,
That to the best of Defendant knowledge Defendant is without
counsel to make this pleading on Defendant behalf.

3. The Defendant respectfully request that the Honorable Court
will reconsider Defendant NO BOND status, instead place defendant
in a unsecure bond or personal bond status. In support
there of Defendant swears that Defendant is a United States
citizen and has no criminal convictions.

Set for a
Bond review hearing
[signature] Judge Robert W. Heffron Jr.
12-11-2020

4. The Defended has been charged with First Degree Assault Which on it's face is a serious accusations. The Defended Swears to this Honerable Court that this is a false accusation made by his distraught ex-girlfriend, who in fact I believe is a convicted felon herself, and the instigator in the matter before this Honerable Court. The Defended promises that if Defended is released or a bond reconsideration, Defended will stay away from the plaintiff and have absolutely no contact nor dealings with the plaintiff what so ever.

Respectfully submitted,
Donnell Dayvon Davis
Prince Georges County Detention Center
13400 Dille Drive, Upper Marlboro 20772



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00713044

### STATE OF MARYLAND  VS.  DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge STACEY MARIA COBB SMITH on 12/16/2020.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    OR PR TO PTR OPTION ANY LEVEL
    NO CONT W/VICTS/STATE'S WIT/ CO-DEFS

YOU ARE SCHEDULED FOR TRIAL
    on 01/07/2021 at 01:45 p.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

12/16/2020  11:17 a.m.  Room: 5

_____     _____

Defendant Signature                Date

Tracking No.  201001501923                    **JA210**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

Case No. 3E00713044

## STATE OF MARYLAND  VS.  DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| CC #: | | State ID: 0004788247 | LocID: X0890594 |
|---|---|---|---|
| Eyes: BRN | Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| Race: 1 | Sex: M    DOB: 12/01/1993    DL #: | | |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Bail review was held by Judge STACEY MARIA COBB SMITH and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PR TO PTR OPTION ANY LEVEL
NO CONT W/VICTS/STATE'S WIT/ CO-DEFS

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 01/07/2021 at 1:45 p.m. in Court Room 3  at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 12/16/2020  Time: 11:17 a.m.

JUDGE/CLERK: *Stacey M. Cobb Smith*
*Cobb-Smith*

**Tracking No. 201001501923**

CC-DC-CR-028 (Rev. 07/2017)

JA211

Page: 1        Date: 01/07/2021
Room: 16       Time: 2:52 PM

Case No. 3E00713044





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

## STATE OF MARYLAND  VS.  DAVIS, DONNELL

8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| | | |
|---|---|---|
| CC #: | State ID: 0004788247 | LocID: X0890594 |
| Eyes: BRN   Hair: BL | Height: 6'01" | Weight: 190 lb. |
| Race: I   Sex: M | DOB: 12/01/1993 | DL #: |

## DEFENDANT TRIAL SUMMARY

The above case was heard today, 01/07/2021 by Judge WENNESA BELL SNODDY
The Court's finding is as follows:

002  ASSAULT-SEC DEGREE
Plea - NOT GUILTY   Verdict - NOT GUILTY

If you have been convicted or received probation before judgment for a crime, it may be unlawful for you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms (even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA Sample and DNA Record relating to the charge or charges against you if you meet certain conditions. Further information on expungement is contained in a brochure available at the Clerk's Office or on our website at http://www.courts.state.md.us/district.

01/07/2021     Defendant_____     (DAVIS, DONNELL)

Tracking No. 201001501923

**JA212**

# EXHIBIT 34

BM 40

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY
PRETRIAL INTAKE FACT SHEET

STATE OF MARYLAND
VS.
Robert Sylvester Frazier

ID NO.: 051950
CASE NO.: 3E00714640
CHARGE: Handgun in Vehicle
TOTAL BOND: $ 0.00

THE FOLLOWING INFORMATION HAS BEEN VERIFIED BY THE PRETRIAL INTAKE STAFF:

1) Additional Bond Hearing Case No's.: _____
   Not to contact or harass victim. Not to enter or be near the location of incident.

2) AKA's:     Jamel Evan; Roberts Frazier; Roberts Frasier; Tyrone Hart

3) Detainers: 1) VA, 2019-102110121, Eluding, 10/28/19, Surrounding State Only

4) Also In Jail On: _____

5) PreTrial Release: _____

6) P&P Information: 1) Mont Co., Probation, 0D00115738, UUV, 2/28/02, Closed, 8/14/03, Pending
   Warrant Service, Spady, Forestville

7) Residence: Unable to Interview                    Employment: Unable to Interview

   Length: _____                          Length: _____
   Tel. #: (  ) _____                     Position: _____
   Lives With: _____                      Can S/he Return: _____
   Verified By: _____                     Verified By: _____

8) COMMENTS: _____

   Pretrial Investigation unable to contact victim - no number.

TOTAL FTA's: CR 1 /MV 0      TOTAL CONTEMPTS: 0        DRUG TEST: _____
Pending: _____                             NCIC: _____
_____                                      Mont Co., MV/Unlawful Taking 1/28/02 (G)
_____                                      5m + 1y 5m Probation
Prior: _____                               DC Threat 8/19/98 (ND)
   No Prior Local Data Found                          DCUSM Robbery 7/19/00 (ND)
_____                                      DCUSM Conspiracy 7/6/01 (G) 4y
_____                                      DC UUV 9/12/02 (ND)                     (1/2)
_____                                      LEVEL: 1 2 3 4  DM/CM 0       None
_____                                      CONDITIONS: _____

Investigator: K. Brown                               Date: 05/29/22

Distribution:  White: Judge   Green: Computer Work   Yellow: State's Attorney   Pink: File Copy   Green: Public Defender

PGC Form 3088 (Rev. 9/13)

**JA214**

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND                    CASE NO.: 3E00714640
VS.

Robert Sylvester Frazier

## PRETRIAL INTAKE FACT SHEET (continued)

PRIOR: _____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

NCIC: _____          _____

DC UUV 3/26/04 (ND)

DC Robbery 10/4/05 (G) 120d

DC Escape- Parole Violation 6/1/16 (ND)

DC Parole 6/2/16 (ND)

DC Possess of Drug Paraphernalia 8/6/19 (ND)

DC Assault on a Police Off. 10/24/19 (G) 6m + 1y

Probation

COMMENTS: _____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

6/28/22
261
845

# IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND              :
                              :
                              :
     v.          2022 JUN -P  A H: 22   3E00714640
                              :
ROBERT FRAZIER                :

---

## MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS AND REQUEST FOR EVIDENTIARY HEARING

COMES NOW defendant, Robert Frazier, by and through counsel, and moves this Honorable Court to set a bond review hearing in the above-captioned matter.  In support of this motion, Mr. Frazier states the following:

## FACTUAL BACKGROUND

1. Mr. Frazier is charged with carrying a handgun in a motor vehicle and related charges in the above captioned matter.

2. Mr. Frazier was initially held without bond by the Commissioner on May 29, 2022, and had a bond hearing on May 31, 2021, where the Court continued to hold him without bond, but authorized pre-trial release at Level 4. Private home detention was not authorized.

3. There has been a significant change of circumstances warranting a change in Mr. Frazier's bond conditions. Specifically, undersigned counsel received news on June 2, 2022, that Mr. Frazier's mother passed away the morning of June 2, 2022, with the funeral to follow shortly. If Mr. Frazier is not released from the Prince George's County jail, he may miss his mother's funeral.

4. Further, undersigned counsel learned that Mr. Frazier is currently in the midst of a multiple-stage dental surgery. On information and belief, he currently requires antibiotic mouthwash as prescribed by his dentist to avoid infection, which he has not been able to receive at the jail.

WHEREFORE, Mr. Frazier respectfully asks this Honorable Court: To issue an <u>unsecured bond</u> or set a bond hearing in this matter for the earliest available date and to grant such other and further relief as the Court deems appropriate.

Please contact Mr. Logan to arrange a private viewing & have Dr. Hernandez verify th, prescribed mouthwash is unavailable

Robert W. Heffron Jr.

1

June 16 - 2022

**IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| v. | : | 3E00714640 |
| | : | |
| **ROBERT FRAZIER** | : | |

---

<u>**MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS**</u>

      The defendant Robert Frazier, through counsel, APD Jeff Campbell, moves this Honorable Court to set a bond review hearing in the above-captioned matter.  Mr. Frazier states:

   1.  Mr. Frazier is charged with illegal possession of a handgun, PS 5-133(c), and related misdemeanor charges.  His preliminary hearing is scheduled for June 28.

   2.  On May 31, Mr. Frazier appeared for bond review.  Applying Rule 4-216.1, Judge Bereano determined that there were release conditions sufficient to reasonably assure the safety of the community and the appearance of the defendant.  Judge Bereano determined that the appropriate condition was electronic monitoring, and therefore authorized Mr. Frazier's release on Pretrial Level IV.

   3.  As everyone knew at the time of the hearing, Mr. Frazier's pretrial sheet reflected a detainer from Virginia for "eluding".

   4.  Pretrial will not release Mr. Frazier because of this detainer.

   5.  After contacting the Arlington County district court, circuit court, and police department warrants desk, I have been able to determine that this is an unserved arrest warrant from a traffic violation in October 2019.  It is not an open court case yet and does not stem from an FTA.  Because of this status, the only way for Mr. Frazier to deal with this warrant is to be released to the detainer and appear before a magistrate in Virginia.

   6.  As Judge Bereano determined, Mr. Frazier can be safely released on electronic monitoring.  In order to make that finding functional, Mr. Frazier requests that his bond be modified to an unsecured bond with a condition of beginning electronic monitoring upon his release from Virginia.

1

Respectfully submitted,

*/s/  Jeff Campbell*
Jeff Campbell
Assistant Public Defender
14735 Main St Ste. 272B
CPF 200804005
(301) 327-0717
jeffreyj.campbell@maryland.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2022, a copy of the foregoing motion was hand-delivered, via the District Court Clerk's Office, to the following:

Office of the State's Attorney
Prince George's County, Maryland

*/s/  Jeff Campbell*
Jeff Campbell
Assistant Public Defender
14735 Main St Ste 272B
(301) 327-0717
jeffreyj.campbell@maryland.gov

2

**JA218**

**IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**

| | | |
|---|---|---|
| **STATE OF MARYLAND** | **:** | |
| | **:** | |
| **v.** | **:** | **3E00714640** |
| | **:** | |
| **ROBERT FRAZIER** | **:** | |

---

### <u>O R D E R</u>

UPON CONSIDERATION of the foregoing Motion for Modification of Pretrial Release

Conditions, it is this _____ day of _____, 2022, hereby

ORDERED that the Defendant be released on an unsecured bond of _____.

ORDERED that a Bond Review Hearing is scheduled on _____, 2022, in

Courtroom _____.


_____
J U D G E


**Copies to:**

Jeff Campbell, Assistant Public Defender
Office of the State's Attorney

3

**JA219**

**IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| **v.** | : | **3E00714640** |
| | : | |
| **ROBERT FRAZIER** | : | |

---

### MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS

The defendant Robert Frazier, through counsel, APD Jeff Campbell, moves this Honorable Court to release him on an unsecured bond.  Counsel states:

1.  On June 15, 2022, I filed a bond review hearing in this case.  The matter was heard on June 21, and the Court <u>ordered</u> Mr. Frazier released to pretrial level 4.  The Court did so fully understanding that he has a Virginia detainer for a traffic offense.

2.  On June 21, I emailed Jeff Logan to alert him of the change to a court order in this case. I asked him to let me know right away what pretrial would do.  He said he'd get back to me.

3.  On June 24, I followed up again with Mr. Logan.  I did not hear back.

4.  On June 27, I followed up a third time with Mr. Logan.  He said he'd get back to me.

5.  On June 28, a preliminary hearing was held.  The State produced testimony that the gun in this case was found on the passenger floorboard in a bag that looked like a woman's purse.  A woman was sitting in the passenger seat.  The police officer did not recall whether she took the purse with her once Mr. Frazier was arrested.  The Court nevertheless found probable cause for the charge.  The Court then re-instated the same pretrial release order already in effect.

6.  On June 29, I reached out to Mr. Logan a fourth time, asking for a decision.  I did not hear back.

7.  On July 1, I reached out to Mr. Logan a fifth time.  He responded later in the day that he would follow up "when I get a chance."

8.  As of the date of filing of this motion, I still have not gotten an answer from Mr. Logan and pretrial has still not released Mr. Frazier.

9.  <u>The first change of circumstances in this case is nearly three weeks of inaction by pretrial, despite five follow-up requests by me.</u>  I have followed up with Mr. Logan five times. Mr. Frazier has had a release <u>order</u> for nearly three weeks.  Pretrial has not even given me an answer about whether they will release him or why they have not already done so.

1

**JA220**

10. I have also done my due diligence on the Virginia side of the detainer problem.  But this is a traffic arrest warrant, not a bench warrant, so there is no actual court case currently pending. I have spoken to the Virginia warrants desk; the only way to get rid of the warrant is for Mr. Frazier to be released to the detainer.

11. This is a traffic case.  I fully expect that Mr. Frazier will be released on this case in Virginia and able to return very soon to this County.

12. The second change in circumstances is the deterioration of Mr. Frazier's medical situation.  Before I was involved in this case, previous counsel filed a bond-review motion because of the dental care that Mr. Frazier needs and, on information and belief, was not getting in the jail.   The Honorable Judge Heffron instructed OPD to inquire with Dr. Hernandez whether Mr. Frazier would be able to get the necessary medication within the jail.

13. I have left two voicemails with Dr. Hernandez asking to speak about Mr. Frazier's medical situation.  As of the filing of this motion, I have not received a call back.

14. For his part, Mr. Frazier informs me that he is not getting the soft-food diet that he needs due to his severe dental needs.  Most meals, he gets the same meal as everyone else, with a "soft" label attached.  For example, he is served hamburgers and hot dogs, even though he has repeatedly explained that he cannot eat these foods.

15. When Mr. Frazier gets foods he cannot eat, he lets the jail staff know.  They typically respond by saying things like "my mother has no teeth, and she can eat."  CO Guzman called him a "piece of shit."

16. The jail staff are not medical professionals and they don't know what they're talking about.  Mr. Frazier's mouth is swollen and he has open sores in his mouth.  He is concerned they are infected.  He has repeatedly requested a dentist or doctor's visit, but has not seen either.

17. Respectfully, enough is enough.  Mr. Frazier has suffered a great deal already, and he has suffered for a great deal longer because pretrial is not making a "decision" on a case in which the decision has already been made: Mr. Frazier has been ordered released on pretrial monitoring.

18. Mr. Frazier should not have to wait another day in jail, particularly under such dangerous, painful, and humiliating conditions.

19. Mr. Frazier isn't just presumed innocent—the evidence the State produced at the hearing strongly suggests that he is demonstrably innocent.  The gun was in a woman's purse, at the feet

2

**JA221**

of his female passenger.  Reasonable minds may differ on the Court's view that those facts amount to probable cause, but they surely do not amount to clear and convincing evidence or proof beyond a reasonable doubt.

20. As every judge to review this case has agreed, Mr. Frazier can be safely released on electronic monitoring.  In order to make that finding functional, Mr. Frazier requests that his bond be modified to an unsecured bond with a condition of beginning electronic monitoring upon his release from Virginia.

Respectfully submitted,

*/s/  Jeff Campbell*
Jeff Campbell
Assistant Public Defender
14735 Main St Ste. 272B
CPF 200804005
(301) 327-0717
 jeffreyj.campbell@maryland.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July, 2022, a copy of the foregoing motion was hand-delivered, via the District Court Clerk's Office, to the following:

Office of the State's Attorney
Prince George's County, Maryland

*/s/  Jeff Campbell*
Jeff Campbell
Assistant Public Defender
14735 Main St Ste 272B
(301) 327-0717
 jeffreyj.campbell@maryland.gov

3

**IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| **v.** | : | **3E00714640** |
| | : | |
| **ROBERT FRAZIER** | : | |

---

## O R D E R

UPON CONSIDERATION of the foregoing Motion for Modification of Pretrial Release

Conditions, it is this _____ day of _____, 2022, hereby

ORDERED that the Defendant be released on an unsecured bond of _____; special

condition to report for electronic monitoring within twenty-four hours of release from Virginia.


_____

J U D G E


**Copies to:**

Jeff Campbell, Assistant Public Defender
Office of the State's Attorney

# EXHIBIT 36

29 W/H/M

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY
**PRETRIAL INTAKE FACT SHEET**

STATE OF MARYLAND
VS.
Anibal Erick Hernandez Jr

ID NO.: 052124
CASE NO.: 5E00715391
CHARGE: PWID
TOTAL BOND: $ 0.00

THE FOLLOWING INFORMATION HAS BEEN VERIFIED BY THE PRETRIAL INTAKE STAFF:

1) Additional Bond Hearing Case No's.: _____

2) AKA's: AnibalErik Hernandez _____

3) Detainers: _____

4) Also In Jail On: _____

5) PreTrial Release: _____

6) P&P Information: _____

7) Residence: Unable/No Answer          Employment: Self-Employed

Length: _____          Length: _____
Tel. #: (   ) _____          Position: Furniture Installer
Lives With: _____          Can S/he Return: _____
Verified By: _____          Verified By: _____

8) COMMENTS: Defendant states he lives at 6815 Decator Street, Hyattsville, MD 20784
_____

TOTAL FTA's: CR 0 /MV 0     TOTAL CONTEMPTS: 0     DRUG TEST: _____
Pending: _____          NCIC: _____
_____          MDPPD - Drunken Driving 01/18/18
_____          (G) 12 months probation
Prior: _____
     CR CDS Para (Stet) 06/28/12
     CR Poss Mari (Dism) 07/30/15
     CR Theft (NP)   10/22/20
     CR CDS Para (Stet) 05/08/15
_____          LEVEL: 1 2 3 4   DM/CM 0        None
_____          CONDITIONS: _____

Investigator: K Brown          Date: 06/23/22

Distribution:  White: Judge   Green: Computer Work   Yellow: State's Attorney   Pink: File Copy   Green: Public Defender

PGC Form 3088 (Rev. 9/13)

**JA225**

# EXHIBIT 37

S: 10:29AM
E: 11:19AM

5 - JAIL

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

# DAILY SHEET

| | |
|---|---|
| **State of Maryland**<br>Plaintiff | Case No. ___CT211239X___ |
| **Steven D. Smith**<br>State's Attorney | Judge ___Serrette___ |
| | Date ___February 18, 2022___ |
| -v- | Court Clerk ___708AJ___ |
| **Christopher Daniel Butler**<br>Defendant | ☐ J  ☐ C  Day _____<br>(J=Jury Sworn) |
| **Allison Heldreth**<br>Defendant's Attorney | (C=Court Trial)<br>Deliberations Start Date:<br>Deliberations End Date:<br>Alternate Jurors:          Code: _____ |

### DOCKET ENTRIES

Hearing on Defendant's Motion for Bail Review.

Judge Serrette; CS – M1421.

Motion – Granted.

Court Orders Pretrial Release Level 4 if eligible:

      Defendant is not allowed to work.

      Defendant is not allowed to leave the house, only for medical reasons.

# EXHIBIT 41

DocuSign Envelope ID: 8465480B-26CD-456D-9E14-24544D412961

## DECLARATION OF ALLIE HORWITZ

I, Allie Horwitz, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant Public Defender for the Maryland Office of the Public Defender ("OPD") in Prince George's County. I have worked for OPD since April 2022.

2. As an Assistant Public Defender, among other duties, I represent indigent clients at bail review hearings in District Court. Over the time that I have worked at OPD, I have represented dozens of clients at bail review hearings.

3. Through my work, I am familiar with the pretrial detention and release policies and practices of Prince George's County District Court, Prince George's County Circuit Court, and Prince George's County Department of Corrections.

### T.H.

4. The experience of one of my current clients, T.H., illustrates many of the ongoing issues with these policies and practices.

5. T.H. is 19 years old. At the time of his arrest, he lived in Washington, D.C. with his mother and siblings. T.H. has never been convicted of any crime or failed to appear at any court date.

6. T.H. was arrested on June 27, 2022. He first appeared in front of a Prince George's County District Judge on June 29, 2022 for a bail review hearing. I represented T.H. at that hearing.

### The Court Gave A Pretrial Option

7. At Mr. Doe's initial bail hearing, the Court held T.H. without bond, but gave him a "pretrial option" at Level 4.

8. The Pretrial Division has decided that Level 4 release requires a "verified" address in Prince George's County.

DocuSign Envelope ID: 8465480B-26CD-456D-9E14-24544D412961

9. Because of this county residence restriction created by the Pretrial Division, I knew T.H. would not be released to his home address at Level 4. Presumably the Court knew this as well, as county residence has been a longstanding requirement for Level 4 release.

10. The Court was presumably aware giving T.H. a pretrial option that T.H. lived in Washington, D.C. His Washington, D.C. address was listed on both the Statement of Charges, and the Pretrial Intake Fact Sheet prepared by the Prince George's County Department of Corrections Population Management Division ("the Pretrial Division") ahead of the bail review hearing. The Court had both of these documents at the bail review hearing.

11. As such, I argued for a lower level of release.

12. Despite this obvious problem, the Court refused to release T.H. on a lower level, and instead issued him a pretrial option at Level 4.

**The Pretrial Division Has Refused To Release T.H.**

13. T.H. was authorized for pretrial release on June 29. 15 days later, the Pretrial Division still refuses to release him.

14. Since T.H.'s bail review hearing, I have spent a significant amount of time advocating for his release and following up with the Pretrial Division.

15. As I do with all my clients who receive a pretrial option, I proactively sent T.H.'s Statement of Charges and Pretrial Intake Fact Sheet to the Pretrial Division. In my experience, the Pretrial Division delays "processing" my clients even longer if I do not proactively and repeatedly send them these documents—which they presumably already have access to, or, as with the Intake Fact Sheet, which they themselves created.

16. A friend agreed to let T.H. stay at her home in Prince George's County upon his release. I provided the Pretrial Division with a copy of her recent gas bill as proof of residence.

DocuSign Envelope ID: 8465480B-26CD-456D-9E14-24544D412961

17. However, the Pretrial Division decided that a recent gas bill is not sufficient "verification" of an address, and refused to release T.H. without receiving a copy of the lease or mortgage. It took the friend several days to obtain a copy of her mortgage, which I sent to the Pretrial Division on July 12.

18. Despite receiving the address "verification" that they asked for, the Pretrial Division still refuses to release T.H. The Division has not explained why to me or to him.

**T.H. Instead Pursued Private Home Detention**

19. Because of how opaque the Pretrial Division's process is, I have also simultaneously been advocating for him to be released on private home detention.

20. Both private home detention, and Pretrial Level 4, involve pretrial release on house arrest, under some supervision. But while Pretrial Level 4 involves supervision by the Pretrial Division, private home detention involves supervision by a private company.

21. In Prince George's County, people authorized for release on private home detention—unlike people authorized for Pretrial Level 4—are usually released within a few days. Furthermore, private home detention does not have a county residency requirement. People can be released on private home detention to a Washington, D.C. address.

22. The same day as T.H.'s bond review hearing, June 29, 2022, I filed a motion seeking authorization for T.H. to be released to private home detention.

23. The Court did not act on my motion for nearly two weeks. I contacted the clerk's office twice and spoke to one of the administrative clerks. No one could give me any information as to the status of my motion. During this time, T.H. remained detained.

24. Finally, late on July 12, 2022, the Court granted my motion and approved T.H. for private home detention at his home in Washington, D.C.

DocuSign Envelope ID: 8465480B-26CD-456D-9E14-24544D412961

25. As of today, T.H. has yet to be released.

**T.H. Remains Detained**

26. To date, T.H. remains incarcerated, despite my continuous advocacy and repeated follow-ups both with the Pretrial Division and the court. I am now advocating with the Jail and private home detention company for T.H. to be released.

27. To this date, the Pretrial Division has not, to my knowledge, taken any action on T.H.'s pretrial referral. The Division has never communicated directly or proactively with him, or explained to me why it is refusing to release him.

28. T.H. has been unable to see any of his family members while incarcerated.

29. Another person incarcerated in T.H.'s unit at the jail tested positive for COVID-19. Rather than isolating the sick person in another unit, the jail put T.H. and his entire unit on a "23-and-1" lockdown, meaning he is locked in his cell for 23 hours a day.

30. As of July 12, T.H. was moved to the protective custody unit, where he continues to be on a "23-and-1" lockdown, but his only hour of release is between 1am and 2am. I have not been able to find any information as to why T.H. was placed in this unit.

I declare under penalty of perjury that this declaration is true and correct.

Executed on 7/14/2022 _____.

DocuSigned by:

*Allie Horwitz*
A0AB4C5F24FB4F3...

Allie Horwitz

4
**JA232**

# EXHIBIT 46

W/H M 30

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY
PRETRIAL INTAKE FACT SHEET

STATE OF MARYLAND
VS.
Elmer Uriel Laguan-Salinas

| ID NO.: | 033578 |
| CASE NO.: | 1) 1E00721379 |
| CHARGE: | Assault 1st Degree |
| TOTAL BOND: | $ 0.00 |

THE FOLLOWING INFORMATION HAS BEEN VERIFIED BY THE PRETRIAL INTAKE STAFF:

1) Additional Bond Hearing Case No's.: 2) 3E00732028, Assault 2nd Deg, $2,500
   Not to contact or harass victim. Not to enter or be near the location of incident.

2) AKA's:  Elmer Uriel Laguan-Salines; Elmer Uriel Salinas-Laguan; Salinas Laguan Elmer

3) Detainers:

4) Also In Jail On:

5) PreTrial Release:

6) P&P Information: 1) Mont Co., Probation, 6D00314873, Assault 2nd, 2/27/17, Referred to CCU, 3/8/18,
   Revocation New Off, Beyene, Silver Spring

7) Residence: Unable to Interview                    Employment: Unable to Interview

Length: _____          Length: _____
Tel. #: (   ) _____          Position: _____
Lives With: _____          Can S/he Return: _____
Verified By: _____          Verified By: _____

8) COMMENTS: _____

   Pretrial Investigation unable to contact victim - no number.

TOTAL FTA's: CR 0 /MV 0      TOTAL CONTEMPTS: 0         DRUG TEST: _____
Pending: 1) 2E00721373, Mal Dest,          NCIC: _____
( SUMI: 7/7/21), 4/13/22                    Mont Co., Viol Protection Order
_____          10/16/18 (G) 60d
Prior: _____          Mont  Co., Assault 2nd 2/27/17 (G)
   CR Assault 2nd (NP) 3/26/15              4d + 2y Probation
   Victim: Maria Angel                     Mont Co., Viol Protection Order
   CR Trespass (NP) 10/3/18                11/16/17 (G) 2y Probation
   CR Assault 2nd (NP) 11/17/16            LEVEL: 1 2 3 4   DM/CM 0       None
   Victim: Canthia Garrido                 CONDITIONS: _____
_____          _____
Investigator: K  Brown                     Date: 03/17/22 _____

Distribution:  White: Judge   Green: Computer Work   Yellow: State's Attorney   Pink: File Copy   Green: Public Defender

PGC Form 3088 (Rev. 9/13)

**JA234**

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND
    VS.

CASE NO.: 1E00721379/3E00732028

Elmer Uriel Laguan-Salinas

## PRETRIAL INTAKE FACT SHEET (continued)

PRIOR:

NCIC:

Mont Co., DUI 10/15/19 (PBJ) 3d + 1y Probation

COMMENTS:

P&P Continued:

2) Mont Co., 6D00374954, Probation, Viol Protection Order, 11/17/17, Closed, 3/8/28, Appealed,

Beyenne, Silver Spring

3) Mont Co., Probation, 132921C, Viol Proetect Order, 2/12/18, Closed, 10/16/18, Revocation Technical,

Cox, Silver Spring

4) Mont Co., PBJ, KN0H79, DUI, 10/15/19, Referred to CCU, 4/15/20, Exp of Sentence, Frasier,

Silver Spring

P.G.C. FORM #3088A

**JA235**

8/18/22
3
8:45

## IN THE DISTRICT COURT OF MARYLAND
## FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND       :

    **V.**            :         **1E00721379**

                        :

**ELMER URIEL LAGUAN SALINAS**  :

## MOTION FOR BOND REVIEW HEARING

COMES NOW defendant Elmer Uriel Laguan Salinas, by and through counsel, and moves this Honorable Court to set a bond review hearing in the above-captioned case.  In support thereof, Mr. Laguan Salinas states as follows:

1. Mr. Laguan Salinas is charged in the above-captioned case with (1) attempted home invasion, (3) firearm use in the commission of a crime of violence, (5) reckless endangerment, (6) illegal possession of a regulated firearm, and (7) carrying a handgun on his person.  His trial is scheduled for August 18, 2022, at 8:45 a.m. in Hyattsville Courtroom 3.

2. There is no allegation that any handgun was recovered.

3. The date of the alleged incident was on October 4, 2020, over twenty months ago.  The warrant was served on March 16, 2022.  On April 15, 2022, count 2 was dismissed, and on May 12, count 4 was entered *nolle prosequi.*

4. Since Mr. Laguan Salinas' initial bond hearing on March 17, 2022, Mr. Laguan Salinas has had the pretrial option.  Undersigned counsel has called pretrial services at least 7 times to inquire about this case.  Pretrial services has refused even to look at Mr. Laguan Salinas' file.  It has not even filed a notice saying that he is not eligible.

5. According to his pretrial sheet, Mr. Laguan Salinas has **no failures to appear**.

6. Between October 4, 2020, when the warrant issued, and March 16, 2022, when the warrant was served, Mr. Laguan Salinas was not convicted of any crimes.

7. As of the time of filing, Mr. Laguan Salinas has spent **91 days** in jail.  By his trial date, he will have spent **156 days** in jail.

Accordingly, Mr. Laguan Salinas asks the Court to set a bond review hearing in the above-captioned case on the earliest available date.

**JA236**

Respectfully Submitted,

Peter Im, Esq., Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(301) 291-7537
peter.im@maryland.gov
CPF# 2105130005

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of June, 2022, a copy of the foregoing motion was hand-delivered, via the Court Clerk's Office, to the following:

Office of the State's Attorney
Prince George's County, Maryland

Peter Im, Esq.
Assistant Public Defender

2

**JA237**



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

Case No. 1E00721379

## STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge STACEY MARIA COBB SMITH on 03/17/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    OR PR TO PTR LEVEL #4
    PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
    LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
    STATE'S WITNESSES/STAY AWAY FROM VICTIMS
    RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
    on 04/15/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

03/17/2022  2:00 p.m.  Room: 5

_____          _____
Defendant Signature                    Date

Tracking No.  211001246374                          JA238



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379

## STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

CC #:20-2462
Eyes: BRN     Hair: OTH
Race:2

State ID:0004177347
Height: 5'05"
Sex:M    DOB:11/17/1991    DL #:

LocID:
Weight: 155 lb.

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER

     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge STACEY MARIA COBB SMITH and the Defendant is committed Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR LEVEL #4
PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
STATE'S WITNESSES/STAY AWY FROM VICTIMS
RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 04/15/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 03/17/2022   Time: 2:00 p.m.

**Tracking No. 211001246374**

CC-DC-CR-028 (Rev. 07/2017)

JUDGE/~~CLERK~~: _____

_Judge Stacey M. Cobb Smith_

JA239

Page: 1
Room: 5

Date:  04/15/2022
Time:  10:13 AM

Case No. 1E00721379



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

## STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

CC #:20-2462
Eyes: BRN  Hair: OT
Race: 2     Sex: M

State ID:0004177347
Height: 5'05"
DOB:11/17/1991

LocID:
Weight: 155 lb.
DL #:

## DEFENDANT TRIAL SUMMARY

The Preliminary Hearing in the above case was POSTPONED today, 04/15/2022.
    REASON: PROBABLE CAUSE FOUND.
YOUR NEXT COURT APPEARANCE IS SCHEDULED FOR TRIAL on 05/12/2022 at 10:15 a.m. in Room 261 at
the District Court of Maryland for PRINCE GEORGE'S COUNTY located at COURTHOUSE, 14735 MAIN ST.,
UPPER MARLBORO, MD  20772.

The Court's finding is as follows:

Charge # 002  ASSAULT-FIRST DEGREE   was DISMISSED.

If you have been convicted of, pled guilty to, or received probation before judgment for a crime, it may be unlawful for
you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or
federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you
should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms
(even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/
Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA sample and DNA record relating to the charge or charges
against you.  Effective October 1, 2021, certain cases shall be automatically expunged after three years if all charges
resulted in any combination of acquittal, dismissal, not guilty or nolle prosequi, or you may file for expungement of those
charges within three years upon completion of the attached Petition for Expungement of Records and General Waiver
and Release. To learn more about which cases may be eligible for expungement, see the Expungement Brochure
available in the Clerk's office or visit the Maryland Courts website: www.mdcourts.gov/legalhelp/expungement

04/15/2022     Defendant_____     (LAGUAN-SALINAS, ELMER URIEL)

Tracking No. 211001246374

**JA240**




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379

### STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

| | | |
|---|---|---|
| CC #:20-2462 | State ID:0004177347 | LocID: |
| Eyes: BRN | Hair: OTH | Height: 5'05" |
| Race:2 | | Weight: 155 lb. |
| | Sex:M  DOB:11/17/1991  DL #: | |

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

**Charge | Statute | AR/Citation**
DISM | ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge SCOTT MICHAEL CARRINGTON and the Defendant is committed Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR LEVEL #4
PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
STATE'S WITNESSES/STAY AWY FROM VICTIMS
RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 05/12/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 04/15/2022   Time: 10:13 a.m.

**Tracking No. 211001246374**
CC-DC-CR-028 (Rev. 07/2017)

JUDGE/CLERK: _____

JA24Judge Scott Carrington

Room: 5    Time: 10:47 AM



Case No. 1E00721379



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

## STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

| | | | |
|---|---|---|---|
| CC #:20-2462 | State ID:0004177347 | LocID: | |
| Eyes: BRN | Hair: OT | Height: 5'05" | Weight: 155 lb. |
| Race: 2 | Sex: M | DOB:11/17/1991 | DL #: |

## DEFENDANT TRIAL SUMMARY

The above case was POSTPONED today, 05/12/2022.

REASON: FELONY NP.

YOUR NEXT COURT APPEARANCE IS SCHEDULED FOR TRIAL on 08/18/2022 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781.

The Court's finding is as follows:

Charge # 004  FIREARM POSS W/FEL CONVICT  was NOLLE PROSEQUIED.

If you have been convicted of, pled guilty to, or received probation before judgment for a crime, it may be unlawful for you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms (even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/ Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA sample and DNA record relating to the charge or charges against you. Effective October 1, 2021, certain cases shall be automatically expunged after three years if all charges resulted in any combination of acquittal, dismissal, not guilty or nolle prosequi, or you may file for expungement of those charges within three years upon completion of the attached Petition for Expungement of Records and General Waiver and Release. To learn more about which cases may be eligible for expungement, see the Expungement Brochure available in the Clerk's office or visit the Maryland Courts website: www.mdcourts.gov/legalhelp/expungement

(LAGUAN-SALINAS, ELMER URIEL)

05/12/2022      Defendant_____

Tracking No. 211001246374

JA242



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379

## STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

| | | | |
|---|---|---|---|
| CC #:20-2462 | State ID:0004177347 | LocID: | |
| Eyes: BRN | Hair:OTH | Height: 5'05" | |
| Race:2 | | Weight: 155 lb. | |
| | Sex:M | DOB:11/17/1991 | DL #: |

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
NP | FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

**Charge | Statute | AR/Citation**
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR42O4b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
    13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge JOHN ANTHONY BIELEC and the Defendant is committed Without Bail.

## SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
NO CONTACT W/DILSIA MORALES. STAY AWAY
FROM 3536 MADISON ST HYATTSVILLE MD
HAVE NO GUNS OR AMMO

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 08/18/2022 at 8:45 a.m. in Court Room 3 at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 05/12/2022   Time: 10:47 a.m.

JUDGE/CLERK:

**Tracking No. 211001246374**

CC-DC-CR-028 (Rev. 07/2017)

JA243            Judge John Bielec



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

**STATE OF MARYLAND**    **VS.**    **LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD 20783-0000

Case No. 1E00721379

CC#: 20-2462      SID: 0004177347
LID:      DL#:
Race: 2   Sex: M   Ht: 5' 05"    Wt: 155    Hair: OTH   Eyes: BRN
DOB: 11/17/1991   Home phone: 240-764-9834   Cellphone:

| Charge | Statute | AR/Citation | CJISCode |
|---|---|---|---|
| ATT-HOME INVASION | CL | | 1A1338 |
| RECKLESS ENDANGERMENT | CR 3 204 (a)(1) | | 1 1425 |
| HANDGUN ON PERSON | CR 4 203 | | 1 5212 |

| Charge | Statute | AR/Citation | CJISCode |
|---|---|---|---|
| FIREARM USE/FEL-VIOL CRIME | CR 4 204 b | | 1 5299 |
| REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) | | 1 1106 |

## RELEASE FROM COMMITMENT

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
    13400 DILLE DRIVE     UPPER MARLBORO    20772

YOU ARE HEREBY COMMANDED to release the above-named Defendant
subject to the following condition(s)/restriction(s):

OR PR TO PTR
NO CONTACT W/EDNA YULEYSSI PEREZ OR HER
ENTIRE FAMILY/DO NOT RETURN TO 3536
MADISON ST HYATTSVILLE /NOT TO OWN/POSSESS
FIREARMS/AMMO

Unsecured Personal Bond in the amount of $25,000.00 was posted by: DEFENDANT.

☐ Fine of $_____ , the payment of which was in default, has now been paid.

**NOTE: This release applies only to the case listed above. Before release check for detainers.
If Defendant is committed for any other reason, hold Defendant pursuant to that commitment.**

Date: 06/17/2022  Time: 11:24 AM      Judge/Clerk: _____

### NOTICE TO DEFENDANT
**You are scheduled for a Trial/Hearing on 08/18/2022 at 8:45AM in Court Room 3**

Tracking No:   211001246374      CC-DC-CR-013(Rev. 06/15)      **DV**

Rev. 2/09      **JA244**

3015555551
06/17/2022   09:38
P.001/001



# DISTRICT COURT OF MARYLAND FOR Prince George's County

Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 1E00721379

**STATE OF MARYLAND**    VS.    **LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD 20783-0000

**Hearing or Trial Date: 08/18/2022**
**at 08:45 AM in Courtroom 3**

CC#: 20-2462     SID: 0004177347
LID:     DL#:
Race: 2   Sex: M    Ht: 5' 05"    Wt: 155    Hair: OTH Eyes: BRN
DOB: 11/17/1991    Home phone: 240-764-9834    Cellphone:

| Charge \| Statute \| AR/Citation \| CJISCode | Charge \| Statute \| AR/Citation \| CJISCode |
|---|---|
| ATT-HOME INVASION \| CL   \| \| 1A1338 | FIREARM USE/FEL-VIOL CRIME \| CR 4 204 b \| \| 1 5299 |
| RECKLESS ENDANGERMENT \| CR 3 204 (a)(1) \| \| 1 1425 | REG FIREARM:ILLEGAL POSSESSION \| PS 5 133 (b) \| \| 1 1106 |
| HANDGUN ON PERSON \| CR 4 203 \| \| 1 5212 | |

## BAIL BOND

**KNOW ALL PERSONS BY THESE PRESENTS:**

That I/we, the undersigned, jointly and severally acknowledge that I/we, our personal representatives, successors, and assigns are held and firmly bound unto the State of Maryland in the penalty sum of $25,000.00
(Twenty Five Thousand Dollars)
without collateral security.

THE CONDITION OF THIS BOND IS that the Defendant personally appear, as required, in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which action may be transferred, removed, or, if from the District Court, appealed.

If, however, the Defendant fails to perform the foregoing condition, this bond shall be forfeited forthwith for payment of the above penalty sum in accordance with law.

IT IS AGREED AND UNDERSTOOD that this bond shall continue in full force and effect until discharged pursuant of Rule 4-217.

**RELEASE CONDITIONS:**

The Defendant above is subject to the following condition(s)/ restriction(s):
NO CONTACT W/DILSIA MORALES. STAY AWAY
FROM 3536 MADISON ST HYATTSVILLE MD
HAVE NO GUNS OR AMMO

IN WITNESS WHEREOF, these presents have been executed under seal this 17th day of June, 2022.

| | | |
|---|---|---|
| Defendant: _____ (SEAL) | Address: _5200 Flintridge Drive_ (SEAL) Defendant | |
| Pers.Surety/Individual: _____ (SEAL) | Address: _____ (SEAL) Surety | |
| Surety/Ins: _____ (SEAL) | Address: _____ (SEAL) Surety-Insurer | |
| By Bondsman: _____ (SEAL) | Address: _____ Power of Attorney No. | |

SIGNED, sealed, and acknowledged before me:
Date: 06/17/2022     Clerk: _____
        For Prince George's County      DV

**Tracking No. 211001246374**
CC-DC-CR-008 (Rev. 07/2017)



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379

## STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge PATRICE E. LEWIS on 06/17/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

Revised your bail:
Ordered that you be held in default of $25,000.00 bond, to be posted without collateral security (unsecured personal bond);

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    OR PR TO PTR
    NO CONTACT W/EDNA YULEYSSI PEREZ OR HER
    ENTIRE FAMILY/DO NOT RETURN TO 3536
    MADISON ST HYATTSVILLE /NOT TO OWN/POSSESS
    FIREARMS/AMMO

YOU ARE SCHEDULED FOR TRIAL
    on 08/18/2022 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

PLEASE BE ADVISED THAT, IF RELEASED,

1. you must follow all conditions of release and appear in court as directed;
2. a warrant for your arrest will be issued if you violate the condition(s) of release; that if the recognizance or bail bond is forfeited and you willfully fail to surrender within 30 days following the forfeiture, you may be charged and fined not more than $5000.00 or imprisoned not more than 5 years or both, if given in connection with felony charge, or charged and fined not more than $1000.00 or imprisoned not more than 1 year or both, if given in connection with a misdemeanor charge; that you may be cited for contempt of court;
3. you must notify the court in writing of any change of address or telephone number.

06/17/2022  9:28 a.m.  Room: 5

_____
,    Defendant Signature

_____
Date

Tracking No.  211001246374

JA246



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379

## STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

CC #:20-2462
Eyes: BRN
Race:2

State ID:0004177347
Hair: OTH          Height: 5'05"
Sex:M          DOB:11/17/1991          DL #:

LocID:
Weight: 155 lb.

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge PATRICE E. LEWIS and the Defendant is committed In default of $25,000.00 bail, unsecured personal bond required.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR
NO CONTACT W/EDNA YULEYSSI PEREZ OR HER
ENTIRE FAMILY/DO NOT RETURN TO 3536
MADISON ST HYATTSVILLE /NOT TO OWN/POSSESS
FIREARMS/AMMO

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 08/18/2022 at 8:45 a.m. in Court Room 3  at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 06/17/2022  Time: 9:28 a.m.

**Tracking No. 211001246374**
CC-DC-CR-028 (Rev. 07/2017)

JUDGE/CLERK

JA247   Patrice E. Lewis, Judge

# EXHIBIT 47

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY
PRETRIAL INTAKE FACT SHEET

| | |
|---|---|
| **STATE OF MARYLAND** | **ID NO.:** 211121 |
| **VS.** | **CASE NO.:** 5E00705808 |
| Adrienne Michelle Worthington | **CHARGE:** Assault First Degree |
| | **TOTAL BOND:** $ 0.00 |

THE FOLLOWING INFORMATION HAS BEEN VERIFIED BY THE PRETRIAL INTAKE STAFF:

1) Additional Bond Hearing Case No's.: _____

2) AKA's:   Adreinne Romo; April Habin; Adrienne Washington; 9 more _____

3) Detainers: 1) NC 12-11784, Stolen Vehicle, 4/17/12, Instate pickup only
   2) OH 30-P21030600000091, Poss Cocaine, 7/1/21, Instate pickup only

4) Also In Jail On: _____

5) PreTrial Release: _____

6) P&P Information: Probation, CT70523X, Unauth Use/Prostitution, 3/13/08, Closed, 1/8/15,
   Expiration of Sentence, A. Carraquillo, Upper Marlboro

7) Residence: Unable to Interview _____        Employment: Unable to Interview _____

   Length: _____          Length: _____
   Tel. #: (   ) _____     Position: _____
   Lives With: _____       Can S/he Return: _____
   Verified By: _____      Verified By: _____

8) COMMENTS: _____

_____

TOTAL FTA's: CR _5_ /MV _3_      TOTAL CONTEMPTS: 0        DRUG TEST: _____
Pending: 6E00696912, Fail Return ____     NCIC: _____
Veh, no date                              (CA) Import CDS 12/3/00 (G) 5 mo
_____                               (CA) Parole Viol 6/24/02 (G) 14 mo
Prior: _____                        (CA) SRV 8/29/02 (G) 14 mo
   CR Assault 2nd (NP) 3/20/19 NVI        (DC) Bail Reform 4/3/06 (G) 5 days
   CR Prostitution (NP) 9/4/19            (DC) Sexual Solicitation 9/30/09 (G)
   CR Alcohol Bev (NP) 12/13/07           _____ no sent info
   CR False Statement (G) 1/28/08         **LEVEL:** 1 2 3 4  DM/CM 0      None
   CR Trespass (G) 2/18/09                **CONDITIONS:** _____
   CR Alcohol Bev (NP) 1/27/09            _____
Investigator: D. Pinder/S. Sweet         Date: 12/27/21 _____

Distribution: White: Judge   Green: Computer Work    Yellow: State's Attorney   Pink: File Copy   Green: Public Defender

PGC Form 3088 (Rev. 9/13)

**JA249**

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY

STATE OF MARYLAND
    VS.

CASE NO.: 5E00705808

Adrienne Michelle Worthington

## PRETRIAL INTAKE FACT SHEET (continued)

PRIOR: CR CDS Poss Para (NP) 1/27/09

CR Theft (NP) 12/5/08

CR Theft (NP) 1/14/13

6E00244978/CA051326J MV Theft (G) 4/8/05

3E00235672/CA051326J MV Theft (G) 4/8/05

0E00363874/CJ083004 Poss Forged Curr (G) 10/23/08

3E00325181/CT070523X UUV (G) 3/13/08

0E00335223/CJ083004 Poss Forged Curr (G) 10/23/08

NCIC:

(CA) Offensive Words in Public 5/28/02 (G) $300 fine

(NV) Loiter/Prostitution 1/17/95 (G) no sent info

(NV) Shoplifting 12/27/94 (G) No sent info

(NV) Receive Stolen Goods 5/3/96 (G) no sent info

(NV) Obstruction 8/8/00 (G) no sent info

COMMENTS:

P.G.C. FORM #3088A

**JA250**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

Case No. 5E00705808

## STATE OF MARYLAND  VS.  WORTHINGTON, ADRIENNE MICHELLE
664 PALMERTON TER
HYATTSVILLE MD 207850000

| CC #:21-0059714 | | State ID: 0002709985 | LocID:X0893683 |
|---|---|---|---|
| Eyes: BRN | Hair: BLK | Height: 5'08" | Weight: 225 lb. |
| Race: I | Sex:M  DOB:09/05/1967  DL #: | | |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
    13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge JOHN ANTHONY BIELEC and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
    OR PR TO PTR OPTION
    NO CONTACT WITH VICTIMS/STATE'S WITNESSES/
    CO-DEFENDANTS/KEON MATHIAS.
    STAY AWAY FROM LOCATION OF INCIDENT
    NO GUNS, NO AMMO, NO CDS

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
    on 01/24/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY
    located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 12/28/2021  Time: 1:46 p.m.    JUDGE    Judge John Bielec

**Tracking No. 180001550304**

CC-DC-CR-028 (Rev. 07/2017)    **JA251**





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

Case No. 5E00705808

**STATE OF MARYLAND  VS.  WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE MD 207850000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge JOHN ANTHONY BIELEC on 12/28/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
   OR PR TO PTR OPTION
   NO CONTACT WITH VICTIMS/STATE'S WITNESSES/
   CO-DEFENDANTS/KEON MATHIAS.
   STAY AWAY FROM LOCATION OF INCIDENT
   NO GUNS, NO AMMO, NO CDS

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
  on 01/24/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

12/28/2021  1:46 p.m.  Room: 5

_____    _____
Defendant Signature    Date

**Tracking No.  180001550304**    **JA252**

1/24/22
261
845

## IN THE DISTRICT COURT OF MARYLAND
## FOR PRINCE GEORGE'S COUNTY

| | | |
|---|---|---|
| **STATE OF MARYLAND** | 2021 DEC 29  A 10: 28 | |
| | : | |
| **V.** | : | 5E00705808 |
| | : | |
| **ADRIENNE WORTHINGTON** | : | |

### MOTION FOR BOND REVIEW HEARING

COMES NOW defendant Adrienne Worthington, by and through counsel, and moves this Honorable Court to set a bond review hearing in the above-captioned case.  In support thereof, Ms. Worthington states as follows:

1. Ms. Worthington is charged with one count of first-degree assault and one count of second-degree assault.

2. Ms. Worthington's initial bond hearing was held on December 28, 2021, the Honorable John A. Bielec presiding.  The Court ordered that Ms. Worthington be held without bond with the option of pretrial release at any level.

3. The alleged victim for both charges is Keon Mathias.  Since the initial bond review hearing, undersigned counsel has spoken to Mr. Mathias, who informed him that he does not intend to press charges, Ms. Worthington does not pose a danger to him, and he does not feel threatened by or in fear of Ms. Worthington.

4. Ms. Worthington has no prior violent convictions, and no convictions from the last ten years.  The Court's holding her without bond was primarily based on the statement of charges and the risk of danger to the Mr. Mathias.

5. The representations by the alleged victim in this case are highly material and represent a change in circumstances that merits a new bond hearing.

Accordingly, Ms. Worthington asks the Court to set a bond review hearing in the above-captioned case on the earliest available date.

Respectfully Submitted,

Peter Im, Esq., Assistant Public Defender
4990 Rhode Island Avenue, Room 345
Hyattsville, MD 20781
(301) 291-7537
peter.im@maryland.gov
CPF# 2105130005

Granted 1/3/22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December, 2021, a copy of the foregoing

motion was hand-delivered, via the Court Clerk's Office, to the following:

Office of the State's Attorney
Prince George's County, Maryland

Peter Im, Esq.
Assistant Public Defender

**IN THE DISTRICT COURT OF MARYLAND
FOR PRINCE GEORGE'S COUNTY**

| | | |
|---|---|---|
| STATE OF MARYLAND | : | |
| | : | |
| V. | : | 5E00705808 |
| | : | |
| ADRIENNE WORTHINGTON | : | |

**O R D E R**

UPON CONSIDERATION of the foregoing Motion for Bond Review Hearing, it is this ____5ᵗʰ____ day of ____January____, 2022, hereby

ORDERED that a hearing on the motion is scheduled in Courtroom 261 ~~on~~

_____, ~~2022~~.

_____ ock

J U D G E

*Copies to:*

Peter Im, Assistant Public Defender
State's Attorney's Office

1/11/22   BRA cancel appeare
Df w/d's motion
Def has been released
on PTR
BRDubose

3
**JA255**



# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF LAW

**Angela D. Alsobrooks**
County Executive

**Rhonda L. Weaver**
County Attorney

**Deputy County Attorney**
Sean G. Dixon
Andrew J. Murray
Joseph C. Ruddy

August 3, 2022

The Honorable Peter J. Messitte
The United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re: *Robert Frazier, et. al. v. Prince George's County, Maryland, et. al.*
        Case No. 8:22-cv-1768 PJM

Judge Messitte,

In response to the Court's Order issued during the telephone conference held with the parties on Wednesday, July 27, 2022, Defendant Prince George's County, Maryland respectfully submits the following information addressing the named plaintiffs and the court's inquiry of whether any of them are continuing to be held allegedly in violation of a Court Order issued by the District or Circuit Courts for Prince George's County, Maryland.

      To answer the Court's question directly and succinctly, no. None of the Plaintiffs that remain at the Prince George's County Department of Corrections (PGCDOC) are being held in violation of a Court Order (nor for that matter, were the previously released named plaintiffs). As stated during the telephone conference, this case centers on Plaintiffs' confounding contention that the courts' orders and referrals to the County detention center's pre-trial release program are orders for release of detainees despite acknowledgement in their complaint that such orders are not treated, i.e., understood, by either the courts or the facility as orders for release. Moreover, it is clear from the documents found in the Plaintiffs' criminal case files that the Office of the Public Defender for Prince George's County is using the instant civil suit as an effort to circumvent the state court rulings on bail decisions made in serious felony cases.

      The named Plaintiffs in this matter are Robert Frazier, Anibal Hernandez, D.P. (a minor), Christopher Butler, Miramba Williams, Donnell Davis, Leslie Sharp, Elmer Laguna-Salinas and Adrienne Worthington. Below are each named Plaintiff's criminal charges, dates of commitment hearing, dates of bond review hearings and conditions of release, if any, and release dates (if released). Attached are copies of the commitment documentation, bond review and conditions for release, if any.

1.  **Robert Frazier** (Exhibit A)

    a. <u>Date of Arrest</u>: 05/28/22

b. Charges:

- Handgun in vehicle – CR §4-203
- Knowingly Alter Firearm ID No. – PS § 5-144 ((a)(2))
- Loaded Handgun in Vehicle – CR § 4-203((a)(1)(v))
- Illegal Poss. Ammo – PS §5-133.1
- Un-registered Firearm: Illegal Possession – PS §5-133((b))
- Firearm possession w/felony conviction – PS §5-133(c)
- Driving w/o current tags – TA §13-411(d)
- Operating unregistered vehicle – TA§ 13-410(b)(1)
- Knowingly driving uninsured vehicle – TA§ 17-107(a)(1)
- Displaying expired registration plate(s) issued by any state – TA §13-411(f)
- Driving/attempting drive motor vehicle on hwy w/o reg. license and authorization – TA §16-101 (a)(1)
- (Displaying, permitting to be displayed) reg. plate(s) issued for (for other vehicle, to other person) TA §13-411(g)
- Owner failure to maintain required security for vehicle during reg. period – TA §17-104
- Unauthorized display and use of reg. plate – TA §13-703(g)

c. Court Dates

- 05/29/22 – Initial Appearance.  No bond.
- 05/31/22 –Bond Review Hearing. No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- 06/21/22 – Bond Review Hearing.  No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- 06/28/22 – Bond Review Hearing.  No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- 07/14/22 – Indicted by Grand Jury.
- 7/19/22 – held no bond or Court ordered PTR Level #4 – no contact with victim/witnesses/codefendant; stay away from LOI or be near any firearms.  Not to possess any firearms or ammo.
- **Frazier not released due to Detainer - Arlington Co., VA (fleeing and eluding).**

2. **Anibal Hernandez** – **No longer in custody**. (Exhibit B)

- Date of Arrest:  06/22/22

- Charges:
- CDS: Poss w/I Dist. Narc. – CR §5-602(2)
- CDS: Import into State – CR §5-614
- CDS: Possess – Not Marijuana – CR §5-601(a)(1)

2

**JA257**

- CDS: Poss Marijuana 10 GM+ - CR§5-601(a)(1)
- Firearm/Drug Traf. Crime – CR §5-621(b)(1)

c. Court Dates

➢ 06/23/22 – Initial Appearance Hearing
➢ 06/24/22 – Bail Review Hearing
  - No bond
  - PTR Ordered – verify address before release
  - No possession of weapons, CDS, ammo.
➢ 07/13/22 – **DOC letter to Court advising no verifiable address. District Court receives, reviews and sets case in for an additional bail review hearing.**
➢ 07/25/22 – Bail Review Hearing
➢ **07/25/22 – Preliminary Hearing held. Probable cause found for all counts. Bail review requested and held. Court advised the PTR could only release upon verification of address that has not occurred. Court ordered case bond in the amount of $5,000/10% option, no possession of CDS, weapons, firearms, and ammo.)**
➢ **Defendant Released.**

3. **D.P. – 16 years-old – No longer in PGCDOC custody.** (Exhibit C)

- Date of Arrest:  06/17/22.

- Charge:
- Armed Robbery – CR §3-403
- Robbery – CR§ 3-402
- Theft – CR 7-104
- Firearm Use/Fel-Viol Crime – CR §4-204(b)
- Dangerous Weapon on school Property CR §4-102
- Assault 1st degree – CR§ 3-202
- Poss of firearm minor – PS §5-133(d)
- Court Dates
➢ 06/16/22 – Initial Appearance, no Bond.
➢ 06/21/22 - Bail Review Summary
  - Bond to remain same.
  - PTR – Option at Level 4; stay away from location of incident (Potomac High School) and no contact with victim.
➢ 06/28/22 – Preliminary Hearing – Probable cause found on all counts; Bond Review, bond to remain same; PTR level 4 allowed but no ordered.
- Defendant is a minor and shall be held in a juvenile facility. Transferred to Cheltenham juvenile facility located in Clinton, MD. (state).
➢ 07/28/22 – State NP Count 1 and Count 5.  Bond remains the same.

- **D.P. not released due to Detainer – Arlington, Co., Virginia.**

4. **Christopher Butler - Never Referred to Pretrial Service** (Exhibit D)

- <u>Date of Arrest:</u>  10/26/21.

- <u>Charges</u>:
- Murder – 2nd degree – CR §2204
- Manslaughter – CR § 2207(a)
- Assault 1st degree – CR§ 3-202
- Firearm use/fel- vol crime – CR §4-204(b)

c.. <u>Court Dates</u>

- ➤ 10/27/21 – Initial Appearance, bail review, no bond.
- ➤ 10/28/21 – Bond Review Hearing – No Bond.
- ➤ 10/29/21 – Bond Hearing – No bond -
- ➤ 11/18/21 – Indicted
- ➤ 02/18/22 – Bond Hearing held.

5. **Miramba Williams** (Exhibit E)

- <u>Date of Arrest:</u>  06/30/22.

- <u>Charges</u>
- CDS:  Poss Marijuana 10 GM+ - CR §5-601(a)(1)
- CDS poss w/int to Dist. – CR §5-602
- Handgun in vehicle – CR §4-203
- CDS:  Dist etc. w/ firearm – CR  5-621(b)(2)
- Firearm/Drug Traf Crime – CR § 5-621(b)(1)
- Reg Firearm:  Illegal possession – PS §5-133(b)
- Loaded Handgun in Vehicle – CR §4-203(a)(1)(v)
- Illegal Poss Ammo – PS§ 5-133.1
- Firearm use/fel – viol crime – CR §4-204(b)

- <u>Court Dates</u>
- ➤ 07/01/22 – Initial Appearance Hearing – No bond.
- ➤ 07/01/22 – **Pretrial Release Determination – Found not eligible for Pretrial Release because of active probation and detainer for Montgomery Co., MD.**
- ➤ 07/05/22 – Bail Review Hearing - No bond; PTR option at any level – do not possess any weapons, firearms or ammo.  No use of alcohol, drugs, or controlled substance.
- ➤ **Prior convictions: regulated firearm: illegal poss.; probation ending 10/28/22; Active protective order exp. 5/13/23**.

4

**JA259**

6. **Donnell Davis** (Exhibit F)

- Date of Arrest: 10/09/20.

- Charges:
- Assault 1st Degree CR§3-202
- Assault 2nd Degree CR §3-202

- Court Dates
- ➤ 10/08/20 – Initial Appearance. No bond.
- ➤ 10/09/20 – Bond Hearing - No Bond or PTR Level 4 with complete PTSU interview. Level 4 can be cell, must verify address before release, stay away.
- ➤ **10/28/20 – Pretrial Service notification that No PG address and thus, not eligible for Pretrial Release at Level 4**.
- ➤ 11/09/20 – Preliminary Hearing. Count 1 NP. Bond Hearing – Bond remain the same. No Bond or PTR option Level 4 with complete PTSU interview. PTSU verify address before release; no contact with victim and LOI.
- ➤ 12/16/20 – Bond Hearing – No bond or PTR option at any level with condition of stay away from victim.
- ➤ 01/07/21 – Released upon finding of not guilty.

7. **Leslie Sharp**  (Exhibit G)

- Arrest Date: 06/11/21

- Charges:
- Assault – 2nd degree – CR §2-203

- Court Dates
- ➤ 06/12/21 – Initial Appearance.  No bond.
- ➤ 06/14/21 – Bail Review Hearing. No Bond or Option  PTR – Level 4 – No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
- ➤ 06/24/21 – Bail Review Hearing.  No Bond or ordered PTR – Level 4 – No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
- ➤ 06/30/21 – **Pretrial Services found not eligible for PTR due to D.C., detainer for violation of probation n PWID/Poss. Of Firearm.  Probation agent informed PTR that Sharp has been arrested twice in 30 days.**

> 07/14/22 – Bail Review Hearing.  No bond or PTR Option -Level 4 - No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
> 07/22/22 – Trial – Verdict – Nolle Prosequi.  Released.

8. **Elmer Laguan-Salinas – Never referred to Pretrial Services**  (Exhibit H)

   a.  Date of Arrest:
   - Case No. 1 – 3E00732028 – 03/15/22

   b.  Charges:
      a.  Assault 2nd degree – CR§ 3-203. (Case No. 1 - 3E00732028)
      b.  Disorderly Conduct – CR §10-201(c)(2) (Case No. 1 - 3E00732028)
   c.  Court Dates
   - 03/16/22 – Initial Appearance.  $2,500 and 10% acceptable.
   - 03/17/22 – Bond Review Hearing – Same bond; stay away, no contact, no weapons, CDS, ammo.
   - 05/25/22 – Nolle prosequi.

   a.  Date of Arrest:  Case No. 2 – 1E00721379 – 03/16/22 (arrest warrant served at DOC.)

   b.  Charges:
   - Attempted Home invasion. (Case No. 2 - 1E00721379)
   - Assault – 1st Degree – CR §3-202 (Case No. 2 - 1E00721379)
   - Firearm Use -felony violent crime - CR §4-204(b) (Case No. 2 - 1E00721379)
   - Firearm possession with felony conviction – PS §5-133(c) (Case No. 2 - 1E00721379)
   - Reckless Endangerment – CR §3-204(a)(1) (Case No. 2 - 1E00721379)
   - Reg. Firearm: illegal possession – PS §5-133(B) (Case No. 2 - 1E00721379)
   - Handgun on person – CR§4-203(Case No. 2 - 1E00721379)

   c.  Court Dates
   > 03/16/22 – Initial Appearance and Defendant committed.
   > 03/17/22 – Bail Review **(BOTH CASES)** -Defendant Committed. No bond with PTR Option, Level 4, must verify address before release.  Stay away ordered. -Conditions of no contact with victims and stay away from residence and place of employment. No ownership or possession of weapon, firearm, ammo, or CDS.
   > 04/15/22 – Preliminary Hearing – No probable cause for 1st degree Assault.  Bond Review Hearing, no bond, or Level 4 with verified address and stay away.
   > 05/12/22 –Hearing – State NP Count 4, Bail Review in light of change.  No bond and no PTR option.

6

**JA261**

> ➤ **06/17/22 – Released from commitment on unsecured person bond in the amount of $25,000. No contact, no weapons.**

d. <u>**Adrienne Worthington**</u> **– No longer in custody.** (Exhibit I)

a. <u>Date of Arrest:</u> 12/23/21.

b. <u>Charges:</u>
- Assault 1st degree – CR § 3-202
- Assault 2nd degree – CR §3-203

c. <u>Court Dates</u>
> ➤ 12/24/21 – Initial Appearance Hearing. No bond.
> ➤ 12/27/21 – Bail Review Hearing – No bond.
> ➤ 12/28/21 - Bail Review Hearing
>   - No bond.
>   - PTR option – no contact with victim/witness/co-defendants; stay away from LOI; no guns, ammo or CDS. Court did not order PTR and did not order private home detention.
> ➤ 12/30/21 – Motion for Bail Review Hearing filed.
> ➤ Approved for Electronic Monitoring on 01/07/22.
> ➤ 01/24/22 – Preliminary Hearing held. Count 1 NP, NO CDS, weapons, firearms, ammo.
> ➤ 02/02/22 – Motion Bail Review Hearing filed. Hearing granted on 02/07/22.
> ➤ **02/09/22 – Bail Review Hearing held and PTR was modified to an $15,000 unsecured bond, no contact stay away. Approved for Electronic Monitoring but had PTR release status changed to unsecured bond in the amount of $15,000. Required to live at Restore Community Development Corp..**

As the Court can see, none of the named plaintiffs are being held in violation of a court order. Local criminal defense counsel and the Office of the Public Defender are very familiar with the pretrial practices used in Prince George's County and that these practices have been established for years, if not decades. If or when a criminal defendant is found not eligible for pretrial release, written notice of the individual's ineligibility is submitted back to the Court notifying the Court as to why the defendant is currently ineligible for pretrial release. The same notification/correspondence is forwarded to designated attorneys assigned to the Office of the Public Defender (OPD). The OPD's designated attorneys forward a copy, of the court correspondences, to private defense counsel, for their specific client(s). Either the assigned public defender or private defense counsel can then has the ability to file a motion whereas another bond review hearing can be requested and scheduled. If the Court grants the motion, then the Court can make any modification it deems appropriate to the pretrial conditions. Counsel for the criminal defendants are often aware of their client's ineligibility from contact with Pretrial Services regarding the status of the investigation and/or to provide information to assist in the investigation.

Moreover, docket entries for cases of some of the named Plaintiffs show that the Office of the Public Defender periodically filed motions for bond review hearings.  These filed motions for bond review hearing were granted by the District Court in each one of these cases.  Finally, the Court should note that even where a detainee is "released from custody" in the pre-trial service program, i.e., does not have to await trial within the walls of the correctional facility, that detainee remains in the custody of the department of corrections as a result of the court's commitment of the detainee to the department of corrections. This is why detainees are supervised by investigators assigned to their cases and why the court's commitment orders require the department of corrections to produce the detainees for future court hearings (unless the detainee previously posts the bail set by the court).

Sincerely,

Shelley L. Johnson
Associate County Attorney
*Counsel for Defendant*

Attachments

8

**JA263**

# EXHIBIT A

MARYLAND JUDICIARY

☐ CIRCUIT COURT ☒ DISTRICT COURT OF MARYLAND FOR Prince George's County
_____ City/County

Located at 14735 MAIN ST. UPPER MARLBORO   Case No. 3E00714640
_____ Court Address

Tracking No.: _____   Associated Case No.: CT-220860X

STATE OF MARYLAND                    vs.   FRAZIER, ROBERT SYLVESTER
_____ Defendant

_____ Address

_____
City, State, Zip                              Telephone

DOB: _____ INMATE ID #: _____ FBI #: _____ SID #: _____

## COMMITMENT PENDING HEARING
### ☐ CIVIL ☒ CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE

TO: PRINCE GEORGES CO DENT , 13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO
_____ Title                    Facility

**YOU ARE HEREBY COMMANDED** to receive from any officer the body of _____
Charges are listed below.                                          Name

| Charge | CJIS | Disposition | Charge | CJIS | Disposition |
|--------|------|-------------|--------|------|-------------|
| HANDGUN IN VEHICLE | | | KNOW ALTER FIREARM ID NUMBER | | |
| LOADED HANDGUN IN VEHICLE | | | REG FIREARM ILLEGAL POSSESSION | | |
| FIREARM POSS W/FEL CONVICT | | | | | |

☐ Bond is set at $ _____ ( _____ % acceptable). ( ☐ Secured ☐ Unsecured)

☐ Bail review was held and the bond is set at $ _____ ( _____ % acceptable).
   ( ☐ Secured ☐ Unsecured)

☐ In default of $ _____ bail ( _____ % acceptable).

☐ Bail review was held by Judge _____ and above named individual is
   committed in default of $ _____ bail ( _____ % acceptable).

☐ Having been surrendered by bondsman, bond of $ _____ to continue.

☒ Hold without bond.

☒ Special Conditions: COURT ORDERED PTR LEVEL #4. NO CONTACT W/VIC/STATES WITS/
   CODEF(N/A). STAY AWAY FROM LOI OR BE NEAR ANY FIREARMS. DEF IS NOT TO
   OWN/POSS ANY FIREARMS/AMMO

☐ Other: _____

**YOU ARE FURTHER COMMANDED** to:

☐ Transfer above named individual to the jail or detention center in _____
   County/City. If the above named individual has not been transferred prior to the next session of court, and
   has not had a bail review, he is to be brought before the court in your county for bail review.

☐ Produce the above named individual for further review before a judicial officer at the Court and address below:
   _____

   within ☐ 30 days from date of arrest ☐ 60 days from second commitment if before that time the above named
   individual has not posted the bail or been arrested on a warrant of the Governor or Maryland on a requisition of
   the executive authority of the State of _____, Pending hearing date: _____

☐ Produce the above named individual for court appearance at the Court and address below:
   _____

whenever notified for: CIRCUIT COURT _____ . Pending court appearance is
set for: when called     at _____
         Date              Time

_____
07/19/2022
Date

_____ Clerk/Judge/Commissioner     _____ ID Number

CC-DC-CR-012 (Rev. 07/2017)



 **DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772                Case No. 3E00714640

### STATE OF MARYLAND VS. FRAZIER, ROBERT SYLVESTER
11 61ST NE #102
WASHINGTON DC 200190000

CC #:22-0025821      State ID:      LocID:
Eyes: BRN    Hair: OTH    Height: 5'09"    Weight: 140 lb.
Race: 1    Sex:M    DOB: ▓▓▓▓    DL #:4810774 DC

Charge | Statute | AR/Citation          Charge | Statute | AR/Citation

HANDGUN IN VEHICLE | 1 0175 CR4203 |
LOADED HANDGUN IN VEHICLE | 1 1454 CR4203(a)(1)(v) |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
KNOWINGLY DRIVING UNINSURED VEHICLE | TA17107 | 030F0JJ6
DRIVING/ATTEMPTING DRIVE MOTOR VEH. ON HWY W/O REQ. LICENSE AND AUTHORIZATION | TA16101  A | 030H0JJ6

KNOW ALTER FIREARM ID NUMBER | 1 1612 PS5144(a)(2) |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

**More charges on continuation page.**

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Trial/Hearing was held by Judge BRIAN CHARLES DENTON and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
COURT ORDERED PTR LEVEL #4
NO CONTACT W/VIC/STATES WITS/CO-DEF'S(N/A)
STAY AWAY FRMLOCATION OF INCIDENT
OR BE NEAR ANY FIREARMS
DEF IS NOT TO OWN/POSS ANY FIREARM/AMMO

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 07/28/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Charge | Statue | AR/Citation          Charge | Statue | AR/Citation

Date: 06/28/2022  Time: 10:21 a.m.     JUDGE/CLERK: _____

**Tracking No. 190001224711**
CC-DC-CR-028 (Rev. 07/2017)

Judge Brian C. Denton

**JA266**




# DISTRICT COURT OF MARYLAND FOR Prince George's County
## FRAZIER, ROBERT SYLVESTER

Case No. 3E00714640

11 61ST NE #102.
WASHINGTON, DC 20019-0000

Sex: M   Ht: 5' 09"   Wt: 140   Race: I   Eyes: BRN   Hair: OTH
DOB: ▪▪▪▪▪▪   Home phone: ▪▪▪▪▪▪   Cellphone:
CC#: 22-0025821   LID:   SID:
DL#: 4810774 DC
☐ DEFENDANT IS A MINOR

CHARGE 001 OF 6   1 0175   CR4203   3   Y &/or $2,500.00   HANDGUN IN VEHICLE
CHARGE 002 OF 6   1 1612   PS5144(a)(2)   5   Y &/or $10,000.00   KNOW ALTER FIREARM ID NUMBER
CHARGE 003 OF 6   1 1454   CR4203(a)(1)(v)   3   Y &/or $2,500.00   LOADED HANDGUN IN VEHICLE
CHARGE 004 OF 6   1 1285   PS5133.1   1   Y &/or $1,000.00   ILLEGAL POSS AMMO
CHARGE 005 OF 6   1 1106   PS5133(b)   5   Y &/or $10,000.00   REG FIREARM:ILLEGAL POSSESSION
CHARGE 006 OF 6   1 1609   PS5133c  --Felony15   Y   FIREARM POSS W/FEL CONVICT
CIT: 030C0JJ6   TA13411D   DRIVING W/O CURRENT TAGS
CIT: 030D0JJ6   TA13401B1   OPERATING UNREGISTERED MOTOR VEHICLE
CIT: 030F0JJ6   TA17107   KNOWINGLY DRIVING UNINSURED VEHICLE
CIT: 030G0JJ6   TA13411F   DISPLAYING EXPIRED REGISTRATION PLATE(S) ISSUED BY ANY STATE
CIT: 030H0JJ6   TA16101A   DRIVING/ATTEMPTING DRIVE MOTOR VEH. ON HWY W/O REQ. LICENSE AND AUTHORIZATION
CIT: 030J0JJ6   TA13411G   (DISPLAYING, PERMITTING TO BE DISPLAYED) REG. PLATE(S) ISSUED (FOR OTHER VEH., TO OTHER PERSON)
CIT: 030K0JJ6   TA17104   OWNER FAILURE TO MAINTAIN REQUIRED SECURITY FOR VEH. DURING REG. PERIOD
CIT: 030L0JJ6   TA13703G   UNAUTHORIZED DISPLAY AND USE OF REG. PLATE

☐ PRELIMINARY HEARING WAIVED

## THE COURT ON THE DATE SHOWN BELOW ---

☐ DETERMINED DEFENSE REPRESENTATION: _____
☒ FOUND PROBABLE CAUSE   ☐ CONTINUED THE CASE
   ☐ DISMISSED THE FELONY CHARGE   ☐ DISMISSED ALL CHARGES
☐ ORDERED MISDEMEANOR CHARGES SCHEDULED FOR TRIAL
☐ CONTINUED RECOGNIZANCE   ☐ CONTINUED BAIL   ☐ FORWARDED TO CIRCUIT COURT
☐ REVISED BAIL: $ _____
☐ DEFENDANT IS A MINOR, AND
   ☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
   ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____
_____

IMPOSED THE FOLLOWING RESTRICTION ON THE DEFENDANT:

   ☐ NO CONTACT WITH VICTIM/COMPLAINANT
   ☐ NO RETURN TO MARITAL HOME
   ☐ PRE-TRIAL SUPERVISION
   ☐ ALCOHOL SCREENING
   ☐ ALCOHOL PROGRAM
   ☐ OTHER:_____
_____
_____

☐ COMMITTED IN DEFAULT OF BOND

_____   _____   _____
Date   4/28/22   Judge   ID Number   83C

## THE STATE'S ATTORNEY ---

☒ FILED AN INDICTMENT   ☐ FILED AN INFORMATION
☐ ENTERED A NOLLE PROSEQUI
☐ AMENDED THE ORIGINAL FELONY CHARGE(S) TO MISDEMEANOR(S)
   CHARGE SEQUENCE NUMBER(S): _____
☐ AND FILED NEW CHARGING DOCUMENT IN DISTRICT COURT
   MDCCS CODES REFLECTING NEW CHARGES: _____

CT-220060X

_____   _____   _____
Date   Judge   ID Number

Tracking No. 190001224711

DC-CR-DOC-003 FELONY DOCKET (Rev. 07/2016)

## FELONY DOCKET

**JA267**

 

# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00714640

## STATE OF MARYLAND  VS.  FRAZIER, ROBERT SYLVESTER

11 61ST NE #102
WASHINGTON DC 200190000

| | | | |
|---|---|---|---|
| CC #:22-0025821 | | State ID: | LocID: |
| Eyes: BRN | Hair: OTH | Height: 5'09" | Weight: 140 lb. |
| Race: 1 | Sex:M   DOB: | | DL #:4810774 DC |

**Charge | Statute | AR/Citation**

HANDGUN IN VEHICLE | 1 0175 CR4203 |
LOADED HANDGUN IN VEHICLE | 1 1454 CR4203(a)(1)(v) |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
KNOWINGLY DRIVING UNINSURED VEHICLE | TA17107 | 030F0JJ6
DRIVING/ATTEMPTING DRIVE MOTOR VEH. ON HWY W/O REQ. LICENSE AND AUTHORIZATION | TA16101  A | 030H0JJ6

**Charge | Statute | AR/Citation**

KNOW ALTER FIREARM ID NUMBER | 1 1612 PS5144(a)(2) |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

**More charges on continuation page.**

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge BRIAN CHARLES DENTON and the Defendant is committed Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
COURT ORDERED PTR LEVEL #4
NO CONTACT W/VIC/STATES WITS/CO-DEF'S(N/A)
STAY AWAY FRMLOCATION OF INCIDENT
OR BE NEAR ANY FIREARMS
DEF IS NOT TO OWN/POSS ANY FIREARM/AMMO

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 07/28/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Charge | Statue | AR/Citation                     Charge | Statue | AR/Citation

28 JUN '22 am 12:37

Date: 06/28/2022  Time: 10:21 a.m.     JUDGE/CLERK: _____032

**Tracking No. 190001224711**

CC-DC-CR-028 (Rev. 07/2017)

Judge Brian C. Denton

**JA268**



 **DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3E00714640

**STATE OF MARYLAND  VS.  FRAZIER, ROBERT SYLVESTER**
11 61ST NE #102
WASHINGTON DC 200190000

| | | |
|---|---|---|
| CC #:22-0025821 | State ID: | LocID: |
| Eyes: BRN | Hair: OTH | Height: 5'09" | Weight: 140 lb. |
| Race: 1 | Sex: M   DOB: ██████ | DL #:4810774 DC |

**Charge | Statute | AR/Citation**
HANDGUN IN VEHICLE | 1 0175 CR4203 |
LOADED HANDGUN IN VEHICLE | 1 1454 CR4203(a)(1)(v) |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
KNOWINGLY DRIVING UNINSURED VEHICLE | TA17107  | 030F0JJ6
DRIVING/ATTEMPTING DRIVE MOTOR VEH. ON HWY W/O REQ. LICENSE AND AUTHORIZATION | TA16101  A | 030H0JJ6

**Charge | Statute | AR/Citation**
KNOW ALTER FIREARM ID NUMBER | 1 1612 PS5144(a)(2) |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

**More charges on continuation page.**

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge ADA ELIZABETH CLARK-EDWARDS and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
COURT ORDERED PTR LEVEL #4
NO CONTACT W/VIC/STATES WITS/CO-DEF'S(N/A)
STAY AWAY FRMLOCATION OF INCIDENT
OR BE NEAR ANY FIREARMS
DEF IS NOT TO OWN/POSS ANY FIREARM/AMMO

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 06/28/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772
**Charge | Statue | AR/Citation**                    **Charge | Statue | AR/Citation**

21 JUN '22 PM06:47

Date: 06/21/2022  Time: 1:13 p.m.          JUDGE/CLERK: _____

**Tracking No. 190001224711**
CC-DC-CR-028 (Rev. 07/2017)                    Judge Ada Clark Edwards

**JA269**




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3E00714640

## STATE OF MARYLAND  VS.  FRAZIER, ROBERT SYLVESTER
11 61ST NE #102
WASHINGTON DC 200190000

CC #:22-0025821          State ID:          LocID:
Eyes: BRN     Hair: OTH          Height: 5'09"          Weight: 140 lb.
Race: 1          Sex:M          DOB:          DL #:4810774 DC

**Charge | Statute | AR/Citation**
HANDGUN IN VEHICLE | 1 0175 CR4203 |
LOADED HANDGUN IN VEHICLE | 1 1454 CR4203(a)(1)(v) |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
KNOWINGLY DRIVING UNINSURED VEHICLE | TA17107  | 030F0JJ6
DRIVING/ATTEMPTING DRIVE MOTOR VEH. ON HWY W/O REQ. LICENSE AND AUTHORIZATION | TA16101  A | 030H0JJ6

**Charge | Statute | AR/Citation**
KNOW ALTER FIREARM ID NUMBER | 1 1612 PS5144(a)(2) |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.
Bail review was held by Judge BRYON SETH BEREANO and the Defendant is committed Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PTR LEVEL 4 OPTION; NO CONTACT W/VIC/
STATES WITS/CO-DEF'S(N/A);STAY AWAY FROM
LOCATION OF INCIDENT; NOT TO OWN/POSSESS
OR BE NEAR ANY FIREARMS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 06/28/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

31 MAY '22 PM 04

Date: 05/31/2022  Time: 3:01 p.m.          JUDGE/CLERK:

**Tracking No. 190001224711**
CC-DC-CR-028 (Rev. 07/2017)          Bryon S. Bereano

**JA270**





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772                    Case No. 3E00714640

**STATE OF MARYLAND  VS.  FRAZIER, ROBERT SYLVESTER**
11 61ST NE #102
WASHINGTON DC 200190000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge BRYON SETH BEREANO on 05/31/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    OR PTR LEVEL 4 OPTION; NO CONTACT W/VIC/
    STATES WITS/CO-DEF'S(N/A);STAY AWAY FROM
    LOCATION OF INCIDENT; NOT TO OWN/POSSESS
    OR BE NEAR ANY FIREARMS

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
    on 06/28/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

05/31/2022  3:01 p.m.  Room: 5                    _____     _____
                                                   Defendant Signature                 Date

**Tracking No.  190001224711**

**JA271**





# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 3E00714640

**STATE OF MARYLAND**    VS.    **FRAZIER, ROBERT SYLVESTER**
11 61ST NE #102
WASHINGTON, DC, 20019

CC#: 22-0025821      SID:
LID:                   DL#: 4810774 DC
Race: I   Sex: M    Ht: 5' 09"    Wt: 140     Hair: OTH   Eyes: BRN
DOB:            Home phone:        Cellphone:

**Charge | Statute | AR/Citation | CJISCode**
HANDGUN IN VEHICLE | CR 4 203 | | 1 0175
LOADED HANDGUN IN VEHICLE | CR 4 203 (a)(1)(v) | | 1 1454
FIREARM POSS W/FEL CONVICT | PS 5 133 c | | 1 1609

**Charge | Statute | AR/Citation | CJISCode**
KNOW ALTER FIREARM ID NUMBER | PS 5 144 (a)(2) | | 1 1612
REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) | | 1 1106

## COMMITMENT PENDING HEARING
☐ Civil    ☐ Criminal    ☐ Traffic    ☐ Domestic Violence

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE     UPPER MARLBORO    20772
     YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
Not engage in criminal activity.Appear in
court.Not own/possess weapons.

### YOU ARE FURTHER COMMANDED to:
**Produce the Defendant for Bail Review: on 05/31/2022 at 1:15PM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

**Produce the Defendant for Trial/Hearing: on 06/28/2022 at 8:45AM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 05/29/2022     Time: 4:15 AM      Commissioner: _____      ID: 5235

☐ Bail Review was held on _____ by Judge _____ and Defendant

     is commited in default of $ _____ bail ( _____ % Acceptable).

**Tracking No. 190001224711**        CC-DC-CR-012 (Rev. 07/2017)

**JA272**

H-4B



**Prince George's County Department of Corrections**
**13400 Dille Drive**
**Upper Marlboro, Maryland 20772**

**DETAINER NOTIFICATION**
NOTIFICACÍON DE RETENCÍON

5/29/22

Date (Fecha)

Frazier, Robert S.    # 051950    H-4B

Last Name    First Name    Middle    Inmate ID No.    Housing Unit
(Apellido)   (Primer Nombre) (Segundo Nombre) (Número de Identificación) (Unidad de Vivienda)

Please be advised that a detainer(s) has been placed against you by:
(Tenga en cuenta que una retención(es) ha sido puesta en su contra por:)

Arlington County Police Dept. (Virginia)

Case or Warrant Number(s) 2019-10210121
(Número(s) de caso o orden judicial)

Charging you with Eluding + Improper Registration
(Se le acusa de)

This is to advise you that a/any question(s) in reference to the above case(s) should be
sent to the prosecuting Attorney of the issuing jurisdiction(s). (Esto es para informarle de
que cualquier pregunta(s) en referencia al caso(s) anterior deben enviarse al fiscal de la jurisdicción
emisora.)

| | | **Received by Records Section** |
| --- | --- | --- |
| | 5/29/22 | (Recibido por la Sección de Registros) |
| Inmate's Signature | Date | 5/29/22 |
| (Firma de Recluso) | (Fecha) | Date (Fecha) |
| Delivered by (Please Print) ID# | Date | Sgt. Fowlerill S |
| Entregado por (Nombre con (Número de | (Fecha) | Print Name (Nombre con Letra de Molde) |
| Letra de Molde) Identificación) | | Sgt. Fowl  1115  Sgt |
| | | Signature (Firma)    Title (Título) |

*DISTRIBUTION: Original – Inmate    Yellow – Records    Pink – Classification*

PGC FORM 2316 (3/2020)

**JA273**

# EXHIBIT B

DISTRICT COURT OF MARYLAND

Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **5E00715391**  Tracking No: **190001145902**
Case Type:    **CRIMINAL**
District Code: **05**  Location Code: **02**
Document Type: **STATEMENT OF CHARGES**  Issued Date: **06/23/2022**
Case Status:    **ACTIVE**

## Defendant Information

Defendant Name: **HERNANDEZ, ANIBAL ERICK JR**
Race: **WHITE, CAUCASIAN, ASIATIC INDIAN, ARAB**
Sex: **M**  Height: **509**  Weight: **170**  DOB: **02/09/1993**
Address: **6815 DECATUR ST**
City:    **HYATTSVILLE**  State: **MD**  Zip Code: **20784 - 0000**

## Court Scheduling Information

Trial Date: **08/24/2022**  Trial Time: **10:15 AM**  Room: **261**
Trial Type: **FELONY DISMISSAL DATE**
Trial Location:**COURTHOUSE,14735 MAIN STUPPER MARLBORO 20772-3042**

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **001**  Description: **CDS: POSS W/I DIST: NARC**
Statute:          Description:
Amended Date:   CJIS Code: **1 1119**  MO/PLL:  Probable Cause: **X**
Incident Date From: **06/22/2022**  To: **06/22/2022**  Victim Age:

Charge No: **002**  Description: **CDS:IMPORT INTO STATE**
Statute:        **CR.5.614**  Description: **CDS:IMPORT INTO STATE**
Amended Date:   CJIS Code: **3 3550**  MO/PLL:  Probable Cause: **X**
Incident Date From: **06/22/2022**  To: **06/22/2022**  Victim Age:

Charge No: **003**  Description: **CDS: POSSESS-NOT MARIJUANA**
Statute:          Description:
Amended Date:   CJIS Code: **1 1111**  MO/PLL:  Probable Cause: **X**
Incident Date From: **06/22/2022**  To: **06/22/2022**  Victim Age:

Charge No: **004**  Description: **CDS: POSS MARIJUANA 10 GM+**
Statute:          Description:
Amended Date:   CJIS Code: **1 1564**  MO/PLL:  Probable Cause: **X**
Incident Date From: **06/22/2022**  To: **06/22/2022**  Victim Age:

Charge No: **005**  Description: **FIREARM/DRUG TRAF CRIME**
Statute:        **CR.5.621.(b)(1)**  Description: **FIREARM/DRUG TRAF CRIME**
Amended Date:   CJIS Code: **1 0493**  MO/PLL:  Probable Cause: **X**
Incident Date From: **06/22/2022**  To: **06/22/2022**  Victim Age:

**Related Person Information**

**JA275**

*(Each Person related to the case other than the Defendant is shown)*

Name: **MITCHELL, OFFR**
Connection: **COMPLAINANT/POLICE OFFICER**
Agency Code: **DA**   Agency Sub-Code: **NED**   Officer ID: **2723**

---

Name: **PRYCE, MELISSA**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
          **14735 MAIN ST, ROOM 272B**

City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

---

Name: **EARNEST, RON**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
          **14735 MAIN ST., ROOM 272B**

City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

---

**Event History Information**

| | Event Date | Comment |
|---|---|---|
| **DOCI** | **06/23/2022** | **SC ISSUED 220623** |
| **INIT** | **06/23/2022** | **220623;00000000.00;HWOB;100; ;5098** |
| **CMIT** | **06/23/2022** | **DEFENDANT COMMITTED;220623;PGD** |
| **BALR** | **06/24/2022** | **220624;00000000.00;HWOB;100; ;0CX** |
| **CMIT** | **06/24/2022** | **DEFENDANT COMMITTED;220624;PGD;** |
| **BALR** | **07/25/2022** | **220725;00005000.00;HDOB;010; ;0BI** |
| **CMIT** | **07/25/2022** | **DEFENDANT COMMITTED;220725;PGD** |
| **BOND** | **07/25/2022** | **220725;00005000.00;PCT ; ; ;010** |
| **RELS** | **07/25/2022** | **DEFENDANT RELEASED FROM COMMITMENT** |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*



# PRINC̲ ̲ GEORGE'S COUNTY ̲ ̲OVERNMENT
## Department of Corrections

Angela D. Alsobrooks
County Executive

July 13, 2022

T/D
7/25/ 261
8:45AM

TO:            The Honorable LaKeecia Renee Allen

FROM:          Hope Clark, Case Manager, Monitoring Services

DEFENDANT:     Anibal Hernandez Jr.

CASE/CHARGE:   [1. CR5E007115391 Firearm/Drug Trafficking] 5E7I 5391

[ X ]   The above defendant has been evaluated for program placement;

[  ]    The above defendant is being reconsidered for pretrial release;

[ x ]   The above defendant is no longer eligible for pretrial release;

[  ]    The above defendant violated "Conditions of Release";

[  ]    The above defendant's whereabouts are currently unknown/absconded;

## STATUSES

1.   [  ]   Victim Fears

2.   [  ]   Pending Case (s)/Detainer (s)

3.   [  ]   Criminal History

4.   [ X ]  No Verifiable Address

5.   [  ]   Mental Health Issue / Evaluation Pending

6.   [  ]   Medical Health Issue(s)

7.   [  ]   Violated "Conditions of Release"

8.   [  ]   Federal Hold or State Hold

9.   [  ]   Other-See Explanation

EXPLANATION:

Received
Nov
7/9/22



# DISTRICT COURT OF MARYLAND FOR Prince George's County

## HERNANDEZ, ANIBAL ERICK JR

Case No. 5E00715391

6815 DECATUR ST
HYATTSVILLE, MD 20784-0000

Sex: M   Ht: 5' 09"   Wt: 170   Race: 2   Eyes: BRN   Hair: BLK
DOB:   Home phone:   Cellphone:
CC#: 22-0029163   LID:   SID: 0004181618
DL#:   ☐ DEFENDANT IS A MINOR



CHARGE 001 OF 5  1 1119  CR5602(2)  --Felony20  Y &/or $15,000.00   CDS: POSS W/I DIST: NARC

### More charges on continuation page.

**THE COURT ON THE DATE SHOWN BELOW ---**                                ☐ RIGHTS GIVEN BY VIDEO

☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT

☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL                ☐ BAIL REVIEW POSTPONED

    ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW

    ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW

    ☐ REPRESENTED BY:_____

☐ DEFENDANT ADVISED OF RIGHT AT        ☐ INITIAL APPEARANCE        ☐ PRELIMINARY INQUIRY

☐ REQUIRED DEFENDANT TO READ OR  ☐ READ TO DEFENDANT THE NOTICE OF RIGHTS TO COUNSEL.

☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES

☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER

    ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW

☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING

    ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME

☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL

☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE

☒ HOLD WITHOUT BOND

☐ ORDERED BAIL TO REMAIN SAME        ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME

☐ REVISED BAIL $_____ .00        ☐ CASH (MAY BE POSTED BY THIRD PARTY)        ☐ FAILURE TO PAY SUPPORT, TO BE CASH,
    POSTED BY DEFENDANT ONLY        ☐ PCT___%        ☐ UNSECURED PERSONAL BOND $_____ .00

☐ REINSTATED BAIL $_____ .00   POSTED ON ___ / ___ / _____

☐ COMMITTED IN DEFAULT OF BOND

☐ DEFENDANT IS A MINOR AND
    ☐ SHALL BE HELD IN A SECURE JUVENILE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
    ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM TO THE MINOR DEFENDANT
    OR OTHERS FOR THE FOLLOWING REASONS:_____

**IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:**

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
    RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.

☐ BOND TO BE CO-SIGNED BY:_____

☐ COMPLETE PTSU INTERVIEW

☒ PROOF OF ADDRESS TO        ☒ PTSU        ☐ COMMISSIONER BEFORE RELEASE

☒ PTSU TO VERIFY ADDRESS BEFORE RELEASE

☒ LIVE AT ADDRESS THAT PTSU HAS VERIFIED

☐ PROOF OF IDENTITY TO        ☐ PTSU        ☐ COMMISSIONER BEFORE RELEASE

☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE

☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY

☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY

☐ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS

☐ STAY AWAY FROM _____

    ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION

☐ CURFEW: AS SET BY PTSU OR _____

☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE

☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE

☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____

    ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION        ☐ OUT-PATIENT

TRIAL SCHEDULED:   DATE:_____ TIME:_____ LOC:_____ ROOM:_____

    ☐ BAIL REVIEW        ☐ PREL. INQUIRY        ☐ PREL.HEARING        ☐ TRIAL        ☐ VOP        ☐ SENTENCING

☐ PLACED IN CUSTODY OF_____

☐ PRE-TRIAL SUPERVISION BY_____

☐ ALCOHOL SCREENING        ☐ DRUG SCREENING

☐ ALCOHOL PROGRAM        ☐ DRUG PROGRAM

**Prince George's County Only:**

☐ GPS TRACKING:        ☐ $        FEE ASSESSED        ☒ FEE WAIVED

☒ OTHER:_____

Date _____        Judge _____        ID Number _____

Tracking No. 190001145902

DC-BR-DOC-001 BAIL REVIEW DOCKET (Rev. 11/2017)



 **DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 5E00715391

### STATE OF MARYLAND VS. HERNANDEZ, ANIBAL ERICK JR
6815 DECATUR ST
HYATTSVILLE MD 207840000

CC #:22-0029163          State ID: 0004181618      LocID:
Eyes: BRN      Hair: BLK          Height: 5'09"        Weight: 170 lb.
Race: 2        Sex: M        DOB              DL #:

**Charge | Statute | AR/Citation**
CDS: POSS W/I DIST: NARC | 1 1119 CR5602(2) |
CDS: POSSESS-NOT MARIJUANA | 1 1111 CR5601(a)(1) |
FIREARM/DRUG TRAF CRIME | 1 0493 CR5621(b)(1) |

**Charge | Statute | AR/Citation**
CDS:IMPORT INTO STATE | 3 3550 CR5614 |
CDS: POSS MARIJUANA 10 GM+ | 1 1564 CR5601(a)(1) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Bail review was held by Judge LAKEECIA RENEE ALLEN and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
     COURT ORDERED PTR/PTSU TO VERIFY ADDRESS/
     LIVE AT VERIFIED ADDRESS/DO NOT OWN/
     POSSESS FIREARMS/AMMO OF ANY KIND

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
     on 07/25/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
     located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 06/24/2022  Time: 2:30 p.m.          JUDGE/CLERK: _____

**Tracking No. 190001145902**                     Judge LaKeecia Allen
CC-DC-CR-028 (Rev. 07/2017)                **JA279**





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772          Case No. 5E0071539

**STATE OF MARYLAND  VS.  HERNANDEZ, ANIBAL ERICK JR**
6815 DECATUR ST
HYATTSVILLE MD 207840000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge LAKEECIA RENEE ALLEN on 06/24/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
COURT ORDERED PTR/PTSU TO VERIFY ADDRESS/
LIVE AT VERIFIED ADDRESS/DO NOT OWN/
POSSESS FIREARMS/AMMO OF ANY KIND

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
on 07/25/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

06/24/2022  2:30 p.m.  Room: 5                    _____          _____
                                                        Defendant Signature                Date

**Tracking No.  190001145902**                    **JA280**



# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 5E00715391

**STATE OF MARYLAND**     **VS.**     **HERNANDEZ, ANIBAL ERICK JR**
6815 DECATUR ST
HYATTSVILLE, MD, 20784

CC#: 22-0029163          SID: 0004181618
LID:                     DL#:
Race: 2   Sex: M   Ht: 5' 09"   Wt: 170   Hair: BLK  Eyes: BRN
DOB: ▓▓▓▓▓   Home phone: ▓▓▓▓▓   Cellphone:

Charge | Statute | AR/Citation | CJISCode
CDS: POSS W/I DIST: NARC | CR 5 602 (2) | | 1 1119
CDS: POSSESS-NOT MARIJUANA | CR 5 601 (a)(1) | | 1 1111
FIREARM/DRUG TRAF CRIME | CR 5 621 (b)(1) | | 1 0493

Charge | Statute | AR/Citation | CJISCode
CDS:IMPORT INTO STATE | CR 5 614 | | 3 3550
CDS: POSS MARIJUANA 10 GM+ | CR 5 601 (a)(1) | | 1 1564

## COMMITMENT PENDING HEARING
☐Civil      ☐Criminal      ☐Traffic      ☐Domestic Violence

TO:  PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE      UPPER MARLBORO   20772
     YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
Not engage in criminal activity.Appear in
court.Not own/possess weapons.
Not use alcohol,drug,controlled substance.

### YOU ARE FURTHER COMMANDED to:
**Produce the Defendant for Bail Review: on 06/24/2022 at 1:15PM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

**Produce the Defendant for Trial/Hearing: on 07/25/2022 at 8:45AM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 06/23/2022     Time:  5:13 AM     Commissioner:_____     ID:  5098

☐ Bail Review was held on_____by Judge_____and Defendant

is commited in default of $_____bail (_____% Acceptable).

**Tracking No. 190001145902**          CC-DC-CR-012 (Rev. 07/2017)

JA281



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 5E00715391

**STATE OF MARYLAND**   VS.   **HERNANDEZ, ANIBAL ERICK JR**
6815 DECATUR ST
HYATTSVILLE, MD, 20784

| | |
|---|---|
| CC#: 22-0029163 | SID: 0004181618 |
| LID: | DL#: |
| Race: 2   Sex: M   Ht: 5' 09"   Wt: 170 | Hair: BLK   Eyes: BRN |
| DOB: | Home phone:   Cellphone: |

**Charge | Statute | AR/Citation | CJISCode**
CDS: POSS W/I DIST: NARC | CR 5 602 (2) | | 1 1119
CDS: POSSESS-NOT MARIJUANA | CR 5 601 (a)(1) | | 1 1111
FIREARM/DRUG TRAF CRIME | CR 5 621 (b)(1) | | 1 0493

**Charge | Statute | AR/Citation | CJISCode**
CDS:IMPORT INTO STATE | CR 5 614 | | 3 3550
CDS: POSS MARIJUANA 10 GM+ | CR 5 601 (a)(1) | | 1 1564

## COMMITMENT PENDING HEARING
☐ Civil    ☐ Criminal    ☐ Traffic    ☐ Domestic Violence

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE     UPPER MARLBORO   20772
     YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
Not engage in criminal activity.Appear in
court.Not own/possess weapons.
Not use alcohol,drug,controlled substance.

**YOU ARE FURTHER COMMANDED to:**
Produce the Defendant for Bail Review: on 06/24/2022 at 1:15PM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Produce the Defendant for Trial/Hearing: on 07/25/2022 at 8:45AM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 06/23/2022     Time: 5:13 AM     Commissioner: _____     ID: 5098

☐ Bail Review was held on_____ by Judge_____ and Defendant

     is commited in default of $_____ bail (_____ % Acceptable).

**Tracking No. 190001145902**

CC-DC-CR-012 (Rev. 07/2017)
**JA282**

CONTINUATION PAC   OF INITIAL APPEARANCE REPORT



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 5E00715391

### STATE OF MARYLAND    VS.    HERNANDEZ, ANIBAL ERICK JR

right to have a preliminary hearing by a request made now or within 10 days; and failure to make a timely request will result in a waiver of this hearing.

Defendant requests preliminary hearing. It is scheduled for 07/25/2022 at 8:45 AM in Room 261, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

## Pretrial Release Determination

On the basis of information available to and developed by me I HAVE DETERMINED:

Defendant ordered held without bond.

Reasonable likelihood Defendant will not appear when required.

The following Required Condition(s) of Release are imposed on the Defendant:

Do not engage in any criminal conduct during the period of pretrial release.

Appear in court when notified to do so.

Subjected to the following Special Conditions:

Shall not own or possess a firearm, destructive device, or other dangerous weapon of any description.

Abstain from alcohol, or abusive use or possession of a narcotic drug or other controlled dangerous substance as defined in Code, Criminal Law Article, §5-101(f), without a prescription from a licensed medical practitioner.

The Defendant is to be HELD WITHOUT BOND.

## Notice

I INFORMED THE DEFENDANT:

1. that a condition of ANY release is that Defendant appear for hearing and/or trial as directed by the Court.
2. that a warrant will be issued for the Defendant's arrest for any violation of condition(s) of release; that if the recognizance or bail bond is forfeited and the Defendant fails to surrender within 30 days following the forfeiture, on a felony charge the penalty imposed may be up to 5 years in jail and/or a fine up to $5,000, or on a misdemeanor charge the penalty imposed may be up to 1 year in jail and/or a fine up to $1,000; that the Defendant may be charged with contempt of Court.
3. to notify the Court in writing of any change of address or telephone number.

Date: 06/23/2022  Time: 5:13 AM      Commissioner: _____  ID:    5098

## Receipt

I have  ☑read  ☐had read to me the offense(s) for which I am charged, the conditions of release, the penalty for violation of the conditions of release, the Notice of Advice of Right to Counsel. I acknowledge receipt of a copy of this form.
 **My Bail Review date is 06/24/2022 at 01:15 pm in room 261, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.**

 **I have been informed that the Trial/Hearing date is 07/25/2022 at 8:45 AM in Room 261, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.**

I agree to any conditions of release and agree to appear as directed.

JUN 23 2022
Date                    Signature of Custodian                    Signature of Defendant

**Tracking No. 190001145902**
DC-CR-007 (Rev. 11/2017)

**JA283**

# EXHIBIT C

**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 3E00715403

**STATE OF MARYLAND** VS. P███ D.████

CC#: 22-0029234     SID:
LID:     DL#:
Race: 1   Sex: M   Ht: 5' 09"   Wt: 140   Hair: BLK   Eyes: BRN
Cellphone:

Charge | Statute | AR/Citation | CJISCode
ARMED ROBBERY | CR 3 403 | | 2 0705
ROBBERY | CR 3 402 | | 2 0700
THEFT: $100 TO UNDER $1,500 | CR 7 104 | | 1 1137
FIREARM USE/FEL-VIOL CRIME | CR 4 204 b | | 1 5289

Charge | Statute | AR/Citation | CJISCode
DANGEROUS WPN ON SCHOOL PROP | CR 4 102 | | 1 5203
ASSAULT-FIRST DEGREE | CR 3 202 | | 1 1420
POSS OF FIREARM MINOR | PS 5 133 (d) | | 1 5285

## COMMITMENT PENDING HEARING
☐Civil    ☐Criminal    ☐Traffic    ☐Domestic Violence

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE     UPPER MARLBORO    20772
     YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
Not engage in criminal activity.Appear in
court.Not intimidate Q████████ B████
JR.Not contact or harass Q████████ B████
DON JR..Not own/possess weapons.

DETAINED
CHILD

**YOU ARE FURTHER COMMANDED to:**
Produce the Defendant for Bail Review: on 06/21/2022 at 1:15PM in Court Room 261
District Court of Maryland For Prince George's County. Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Produce the Defendant for Trial/Hearing: on 06/28/2022 at 8:45AM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 06/17/2022   Time: 12:42 AM     Commissioner: _____     ID: 5235

☐ Bail Review was held on _____ by Judge _____ and Defendant
    is commited in default of $_____ bail (_____% Acceptable).

**Tracking No. 180001276442**     CC-DC-CR-012 (Rev. 07/2017)

**JA285**



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3E00715403

**STATE OF MARYLAND VS. P████ D██████**

## BAIL REVIEW SUMMARY

Your bail review was held by Judge ADA ELIZABETH CLARK-EDWARDS on 06/21/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:

   OR PR TO PTR LEVEL #4

   NO CONTACT W/ Q███████████ B█████

   STAY AWAY FROM LOCATION OF INCIDENT

YOU ARE SCHEDULED FOR PRELIMINARY HEARING

   on 06/28/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

06/21/2022  2:00 p.m.  Room: 5

                         Defendant Signature          Date

**Tracking No.  180001276442**



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3E00715403

**STATE OF MARYLAND VS. P██████D**

CC #:22-0029234          State ID:          LocID:
Eyes: BRN     Hair: BLK     Height: 5'09"     Weight: 140 lb.
Race: I          Sex: M          DL #:

**Charge | Statute | AR/Citation**
ARMED ROBBERY | 2 0705 CR3403 |
ROBBERY | 2 0700 CR3402 |
THEFT: $100 TO UNDER $1,500 | 1 1137 CR7104 |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |

**Charge | Statute | AR/Citation**
DANGEROUS WPN ON SCHOOL PROP | 1 5203 CR4102 |
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
POSS OF FIREARM MINOR | 1 5285 PS5133(d) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Bail review was held by Judge ADA ELIZABETH CLARK-EDWARDS and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
     OR PR TO PTR LEVEL #4
     NO CONTACT W/ Q████████B█████
     STAY AWAY FROM LOCATION OF INCIDENT

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
     on 06/28/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY
     located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

21 JUN '22 ᴘᴍ 06:⸤

Date: 06/21/2022   Time: 2:00 p.m.          JUDGE/CLERK: _____

**Tracking No. 180001276442**
CC-DC-CR-028 (Rev. 07/2017)                              Judge Ada Clark Edwards

**JA287**





## DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00715403

### STATE OF MARYLAND VS. P. D.

| | | | |
|---|---|---|---|
| CC #:22-0029234 | | State ID: | LocID: |
| Eyes: BRN | Hair: BLK | Height: 5'09" | Weight: 140 lb. |
| Race: I | Sex: M | DL #: | |

**Charge | Statute | AR/Citation**
ARMED ROBBERY | 2 0705 CR3403 |
ROBBERY | 2 0700 CR3402 |
THEFT: $100 TO UNDER $1,500 | 1 1137 CR7104 |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |

**Charge | Statute | AR/Citation**
DANGEROUS WPN ON SCHOOL PROP | 1 5203 CR4102 |
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
POSS OF FIREARM MINOR | 1 5285 PS5133(d) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge BRIAN CHARLES DENTON and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PTR LEVEL 4 AUTHORIZED
DEF IS A MINOR AND SHALL BE HELD IN A
JUVENILE FACILITY

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 07/28/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

28 JUN '22 PM 12:9

Date: 06/28/2022   Time: 11:26 a.m.

**Tracking No. 180001276442**
CC-DC-CR-028 (Rev. 07/2017)

JUDGE/CLERK:

Judge Brian C. Denton

**JA288**



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00715403

## STATE OF MARYLAND VS. P█████D█████

CC #:22-0029234
Eyes: BRN
Race: I

State ID:
Hair: BLK        Height: 5'09"
Sex: M

LocID:
Weight: 140 lb.
DL #:

**Charge | Statute | AR/Citation**
ARMED ROBBERY | 2 0705 CR3403 |
ROBBERY | 2 0700 CR3402 |
THEFT: $100 TO UNDER $1,500 | 1 1137 CR7104 |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |

**Charge | Statute | AR/Citation**
DANGEROUS WPN ON SCHOOL PROP | 1 5203 CR4102 |
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
POSS OF FIREARM MINOR | 1 5285 PS5133(d) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge BRIAN CHARLES DENTON and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PTR LEVEL 4 AUTHORIZED
DEF IS A MINOR AND SHALL BE HELD IN A
JUVENILLE FACILITY

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 07/28/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUN located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

28 JUN '22 ₧ 12:5

Date: 06/28/2022   Time: 11:26 a.m.

JUDGE/CLERK: _____

**Tracking No. 180001276442**
CC-DC-CR-028 (Rev. 07/2017)

Judge Brian C. Denton

**JA289**

07/11/2022    09:13                                              (FAX)                    P.001/002

3015555551                                              06:11:42 p.m.    07-10-2022    2/3

## DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3B00715403

### STATE OF MARYLAND VS. P████ D███

|  |  |  |
|---|---|---|
| CC #:22-0029234 | State ID: | LocID: |
| Eyes: BRN    Hair: BLK | Height: 5'09" | Weight: 140 lb. |
| Race: I    Sex: M | DL #: |  |

**Charge | Statute | AR/Citation**
ARMED ROBBERY | 2 0705 CR3403 |
ROBBERY | 2 0700 CR3402 |
THEFT: $100 TO UNDER $1,500 | 1 1137 CR7104 |
FIREARM USE/FEL-VIOL CRIME |-1 5299 CR4204h |

**Charge | Statute | AR/Citation**
DANGEROUS WPN ON SCHOOL PROP | 1 5203 CR4102 |
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
POSS OF FIREARM MINOR | 1 5285 PS5133(d) |

*Amended KdT*

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
  13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Trial/Hearing was held by Judge BRIAN CHARLES DENTON and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
  OR PTR LEVEL 4 AUTHORIZED
  DEF IS A MINOR AND SHALL BE HELD IN A *SECURE*
  JUVENILLE FACILITY

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
  on 07/28/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUN'
  located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

28 JUN '22 PM 12:5

Date: 06/28/2022   Time: 11:26 a.m.         JUDGE/CLERK: _____  032

**Tracking No. 180001276442**                            Judge Brian C. Denton
CC-DC-CR-028 (Rev. 07/2017)

07/11/2022   09:13                                                    (FAX)                    P.002/002

3015555551                                          06:14:16 p.m.   07-10-2022        3 /3
                                                    Page: 1        Date: 06/28/2022
                                                    Room: 5        Time: 11:26 AM

Case No. 3E00715403



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

STATE OF MARYLAND VS. P▓▓▓▓▓D ▓▓▓▓▓▓▓

| | | | |
|---|---|---|---|
| CC #:22-0029234 | State ID: | LocID: | |
| Eyes: BRN  Hair: BL | Height: 5'09" | Weight: 140 lb. | |
| Race: 1  Sex: M | | DL #: | |

## DEFENDANT TRIAL SUMMARY

The Preliminary Hearing in the above case was POSTPONED today, 06/28/2022.
   REASON: PROBABLE CAUSED FOUND.
YOUR NEXT COURT APPEARANCE IS SCHEDULED FOR FELONY DISMISSAL on 07/28/2022 at 10:15
a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY located at COURTHOUSE,
14735 MAIN ST., UPPER MARLBORO, MD  20772.

If you have been convicted of, pled guilty to, or received probation before judgment for a crime, it may be unlawful for
you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or
federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you
should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms
(even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/
Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA sample and DNA record relating to the charge or charges
against you.  Effective October 1, 2021, certain cases shall be automatically expunged after three years if all charges
resulted in any combination of acquittal, dismissal, not guilty or nolle prosequi, or you may file for expungement of those
charges within three years upon completion of the attached Petition for Expungement of Records and General Waiver
and Release. To learn more about which cases may be eligible for expungement, see the Expungement Brochure
available in the Clerk's office or visit the Maryland Courts website: www.mdcourts.gov/legalhelp/expungement

06/28/2022      Defendant_____          (P▓▓▓▓▓ D▓▓▓▓▓▓)

Tracking No. 180001276442

**JA291**

# DETENTION ORDER / CAPIAS PURSUANT TO § 16.1-247(K)

Case No. ................................

Commonwealth of Virginia Va. Code §§ 16.1-247(A & D), 16.1-248.1, 16.1-250 F, 16.1-256

**Fairfax County** Juvenile and Domestic Relations District Court

In re: D................................................. ........................................................
                                                              JUVENILE                                          SOCIAL SECURITY NUMBER

Total charges = 1
5339825 FRD-2360-F9 / THEFT OF CREDIT CARD OR CREDIT CARD NUMBERS
                                                CHARGES ON WHICH JUVENILE/ADULT UNDER 21 IS TO BE DETAINED

Other Pending and Previous Charges

To be completed ONLY if petition is not attached to this order.

                                                                                        DATE OF BIRTH
                                                                        ADDRESS

| 16 | B | M | 140 | 5 FT, 9 IN. |
|----|---|---|-----|-------------|
| AGE | RACE | SEX | WEIGHT | HEIGHT |

## DETENTION ORDER:

It appears from the petition or warrant filed concerning the juvenile that the juvenile may come within the purview of the Juvenile and Domestic Relations District Court Law, and it further appears that the welfare of the juvenile requires that his or her custody be immediately assumed by the Court, in that there is probable cause to believe that the juvenile committed the act alleged in the petition or warrant and:

[ X ] The juvenile is alleged to have
    [ X ] committed an act that would be a felony or Class 1 misdemeanor if committed by an adult;
    [ ] violated the terms of probation or parole when the charge for which he/she was placed on probation or parole would have
        been a felony or Class 1 misdemeanor if committed by an adult; or
    [ ] violated any of the provisions of § 18.2-308.7
    AND there is clear and convincing evidence that:
    [ X ] the release of the juvenile constitutes a clear and substantial threat to the person or property of others; or
    [ ] the release of the juvenile would present a clear and substantial threat of serious harm to such juvenile's life or health; or
    [ ] the juvenile has threatened to abscond from the court's jurisdiction during the pendency of the instant proceedings or has a
        record of willful failure to appear at a court's hearing within the immediately preceding twelve months.
[ ] The juvenile absconded from a detention home or facility where he has been directed to remain by the lawful order of a judge or intake officer.
[ ] The juvenile is a fugitive from a jurisdiction outside Virginia and subject to verified petition or warrant.
[ ] The juvenile has failed to appear in court after having been duly served with a summons in any case in which it is alleged that the juvenile has committed a delinquent act or that the juvenile is in need of services or the juvenile is in need of supervision.
[ ] The juvenile failed to adhere to the previously imposed conditions following his release upon a Class 1 misdemeanor charge or a felony charge.
It is hereby ORDERED that the juvenile be taken into immediate custody and be brought before a judge or intake officer. If court is NOT open, the juvenile [ ] who is younger than 11 years old but who is alleged to have committed a delinquent act set forth in § 16.1-269.1 (B) or (C), shall be placed in the custody of:
........................................................ **Fairfax Juvenile Detention** , a secure facility, until brought before the Court
                NAME OF AGENCY OR FACILITY
on the next day on which the Court sits, not to exceed 72 hours. However, if the 72 hours expires on a Saturday, Sunday, legal holiday, or day on which the Court is lawfully closed, the juvenile shall be brought before the Court on the next day that is not a Saturday, Sunday, legal holiday or day on which the Court is lawfully closed.

## CAPIAS PURSUANT TO § 16.1-247(K):

It appears from the petition or warrant filed that the adult under the age of 21 may come within the purview of the Juvenile and Domestic Relations District Court law, in that there is probable cause to believe that the adult under the age of 21 committed the act alleged in the petition or warrant and:
[ ] The adult under the age of 21 is alleged to have
    [ ] committed, before attaining the age of 18, an offense that would be a crime if committed by an adult.
    [ ] violated the terms of probation or parole.
It is hereby ORDERED that the adult under the age of 21 be arrested and be brought before a judicial officer.

[ ] SPECIAL INSTRUCTIONS: (See reverse if checked)

........07/11/2022........                    *Elizabeth Jones*
                DATE                    [ ] CLERK   [ ] JUDGE   [ X ] INTAKE OFFICER   [ ] MAGISTRATE
FORM DC-529 (MASTER, PAGE ONE OF TWO) 07/21          ICN 3881286          JUVENILE NUMBER 1405393

ORIGINAL DOCUMENT
STAMPED IN RED

**JA292**

# EXHIBIT D

MARYLAND ☐ CIRCUIT COURT ☒ DISTRICT COURT OF MARYLAND FOR Prince George's County
City/County

Located at 14735 MAIN ST. UPPER MARLBORO ........ Case No. 5E00704415
Court Address

Tracking No.: .................................. Associated Case No.: CT-211239X

STATE OF MARYLAND                              vs.    BUTLER, CHRISTOPHER DANIEL
Defendant

................................................................................
Address

................................................................................
City, State, Zip                                              Telephone

DOB: ................. INMATE ID #: ................. FBI #: ................. SID #: .................

## COMMITMENT PENDING HEARING
☐ CIVIL ☒ CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE

TO: PRINCE GEORGES CO DENT , 13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO
Title                                          Facility

**YOU ARE HEREBY COMMANDED** to receive from any officer the body of ....................
Charges are listed below.                                                         Name

| Charge | CJIS | Disposition | Charge | CJIS | Disposition |
|---|---|---|---|---|---|
| MURDER SECOND DEGREE | | | MANSLAUGHTER | | |
| ASSAULT FIRST DEGREE | | | FIREARM USE/FEL-VIOL CRIME | | |

☐ Bond is set at $ ................................ ( ........ % acceptable). ( ☐ Secured ☐ Unsecured)
☐ Bail review was held and the bond is set at $ ................................ ( ........ % acceptable).
( ☐ Secured ☐ Unsecured)
☐ In default of $ ................................ bail ( ........ % acceptable).
☐ Bail review was held by Judge ................................ and above named individual is
committed in default of $ ................................ bail ( ........ % acceptable).
☐ Having been surrendered by bondsman, bond of $ ................................ to continue.
☒ Hold without bond.
☒ Special Conditions: NONE
................................................................................
................................................................................
☐ Other: ........................................................................

**YOU ARE FURTHER COMMANDED** to:
☐ Transfer above named individual to the jail or detention center in ....................
County/City. If the above named individual has not been transferred prior to the next session of court, and
has not had a bail review, he is to be brought before the court in your county for bail review.
☐ Produce the above named individual for further review before a judicial officer at the Court and address below:
................................................................................
within ☐ 30 days from date of arrest ☐ 60 days from second commitment if before that time the above named
individual has not posted the bail or been arrested on a warrant of the Governor or Maryland on a requisition of
the executive authority of the State of ................................, Pending hearing date: ................. .
☐ Produce the above named individual for court appearance at the Court and address below:
................................................................................
whenever notified for: CIRCUIT COURT ................................ . Pending court appearance is
set for: when called at .................
Date              Time

................. 11/29/2021 .................              ................................ ................
Date                                          Clerk/Judge/Commissioner              ID Number

**CC-DC-CR-012** (Rev. 07/2017)

**JA294**





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 5E00704415

**STATE OF MARYLAND VS. BUTLER, CHRISTOPHER DANIEL**

500 QUARRY AVE

CAPITOL HEIGHTS MD 207430000

| | | | | |
|---|---|---|---|---|
| CC #:21-0049445 | | State ID:0004157898 | | LocID: |
| Eyes: BRN | Hair: BLK | | Height: 5'08" | Weight: 120 lb. |
| Race:1 | Sex:M | DOB: | | DL #: |

**Charge | Statute | AR/Citation**
MURDER-SECOND DEGREE | 1 1107 CR2204 |
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
MANSLAUGHTER | 1M0910 CR2207(a) |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER

13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge CLAYTON ANTHONY AARONS and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
NONE

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**

on 11/24/2021 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 10/29/2021 Time: 2:02 p.m.

JUDGE: _____
Clayton A. Aarons

**Tracking No. 180001450543**

CC-DC-CR-028 (Rev. 07/2017)

**JA295**

# EXHIBIT E

DISTRICT COURT OF MARYLAND

Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **2E00715535** Tracking No: **180001569952**
Case Type: **CRIMINAL**
District Code: **05** Location Code: **02**
Document Type: **STATEMENT OF CHARGES** Issued Date: **07/01/2022**
Case Status: **ACTIVE**

## Defendant Information

Defendant Name: **WILLIAMS, MIRAMBA KINTE**
Race: **BLACK, AFRICAN AMERICAN**
Sex: **M** Height: **603** Weight: **180** DOB: **10/03/1994**
Address: **2516 DAREL DR #102**
City: **SUITLAND** State: **MD** Zip Code: **20746 - 0000**

## Court Scheduling Information

Trial Date: **11/17/2022** Trial Time: **08:45 AM** Room: **262**
Trial Type:
Trial Location: **COURTHOUSE,14735 MAIN STUPPER MARLBORO 20772-3042**

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **001** Description: **CDS: POSS MARIJUANA 10 GM+**
Statute: Description:
Amended Date: CJIS Code: **1 1564** MO/PLL: Probable Cause:
Incident Date From: **06/30/2022** To: **06/30/2022** Victim Age:

Charge No: **002** Description: **CDS POSS W/INT TO DIST**
Statute: **CR.5.602** Description: **CDS POSS W/INT TO DIST**
Amended Date: CJIS Code: **1 0233** MO/PLL: Probable Cause:
Incident Date From: **06/30/2022** To: **06/30/2022** Victim Age:

Charge No: **003** Description: **HANDGUN IN VEHICLE**
Statute: **CR.4.203** Description: **HANDGUN IN VEHICLE**
Amended Date: CJIS Code: **1 0175** MO/PLL: Probable Cause: **X**
Incident Date From: **06/30/2022** To: **06/30/2022** Victim Age:

Charge No: **004** Description: **CDS: DISTR ETC. W/FIREARM**
Statute: **CR.5.621.(b)(2)** Description: **CDS: DISTR ETC. W/FIREARM**
Amended Date: CJIS Code: **1 0487** MO/PLL: Probable Cause:
Incident Date From: **06/30/2022** To: **06/30/2022** Victim Age:

Charge No: **005** Description: **FIREARM/DRUG TRAF CRIME**
Statute: **CR.5.621.(b)(1)** Description: **FIREARM/DRUG TRAF CRIME**
Amended Date: CJIS Code: **1 0493** MO/PLL: Probable Cause:
Incident Date From: **06/30/2022** To: **06/30/2022** Victim Age:

Charge No: **006** Description: **REG FIREARM:ILLEGAL POSSESSION**
Statute: **PS.5.133.(b)** Description: **REG FIREARM:ILLEGAL POSSESSION**

Amended Date: Case 8:22-cv-01768-PJM   Document 59-5   Filed 08/03/22   Page 3 of 11

Incident Date From: **06/30/2022**  To:  **06/30/2022**  Victim Age:

---

Charge No: **007**  Description: **LOADED HANDGUN IN VEHICLE**

Statute:          Description:

Amended Date:   CJIS Code: **1 1454**  MO/PLL:   Probable Cause: **X**

Incident Date From: **06/30/2022**  To:  **06/30/2022**  Victim Age:

---

Charge No: **008**  Description: **ILLEGAL POSS AMMO**

Statute:        **PS.5.133.1**  Description: **ILLEGAL POSS AMMO**

Amended Date:   CJIS Code: **1 1285**  MO/PLL:   Probable Cause: **X**

Incident Date From: **06/30/2022**  To:  **06/30/2022**  Victim Age:

---

Charge No: **009**  Description: **FIREARM USE/FEL-VIOL CRIME**

Statute:        **CR.4.204.b**  Description: **FIREARM USE/FEL-VIOL CRIME**

Amended Date:   CJIS Code: **1 5299**  MO/PLL:   Probable Cause:

Incident Date From: **06/30/2022**  To:  **06/30/2022**  Victim Age:

---

**Related Person Information**

*(Each Person related to the case other than the Defendant is shown)*

Name:**GROCE, OFFR**

Connection:**COMPLAINANT/POLICE OFFICER**

Agency Code: **DA**  Agency Sub-Code: **DIS8**  Officer ID: **4210**

Name:**PRYCE, MELISSA**

Connection:**ASSISTANT PUBLIC DEFENDER**

Address: **DISTRICT PUBLIC DEFENDER**
          **14735 MAIN ST SUITE 272B**

City: **UPPER MARLBORO**  State: **MD**  Zip Code: **20772 - 0000**

Name:**D'APPOLITO, ALAN D**

Connection:**ASSISTANT PUBLIC DEFENDER**

Address: **DISTRICT PUBLIC DEFENDER**
          **14735 MAIN ST SUITE 272B**

City: **UPPER MARLBORO**  State: **MD**  Zip Code: **20772 - 0000**

---

**Event History Information**

| | Event Date | Comment |
|---|---|---|
| **DOCI** | **07/01/2022** | **SC ISSUED 220701** |
| **INIT** | **07/01/2022** | **220701;00000000.00;HWOB;100; ;5197** |
| **CMIT** | **07/01/2022** | **DEFENDANT COMMITTED;220701;PGD** |
| **BALR** | **07/05/2022** | **220705;00000000.00;HWOB;100; ;0AG** |
| **CMIT** | **07/05/2022** | **DEFENDANT COMMITTED;220705;PGD;** |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*




# DISTRICT COURT OF MARYLAND FOR Prince George's County

**WILLIAMS, MIRAMBA KINTE**

Case No. 2E00715535

2516 DAREL DR #102
SUITLAND, MD 20746-0000

Sex: M    Ht: 6' 03"    Wt: 180    Race: I    Eyes: BRN    Hair: BLK
DOB:
Home phone:    Cellphone:
CC#: 220031773    LID:    SID: 0003884781
DL#:    ☐ DEFENDANT IS A MINOR

CHARGE 001 OF 9  1 1564  CR5601(a)(1)  6  M &/or $1,000.00  CDS: POSS MARIJUANA 10 GM+

## More charges on continuation page.

**THE COURT ON THE DATE SHOWN BELOW ---**                       ☐ RIGHTS GIVEN BY VIDEO

☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT            ☐ BAIL REVIEW POSTPONED
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
  ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
  ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
  ☐ REPRESENTED BY:_____
☐ DEFENDANT ADVISED OF RIGHT AT        ☐ INITIAL APPEARANCE        ☐ PRELIMINARY INQUIRY
☐ REQUIRED DEFENDANT TO READ OR ☐ READ TO DEFENDANT THE NOTICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
  ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
  ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE        *PTR option ony level*
☒ HOLD WITHOUT BOND        0~
☐ ORDERED BAIL TO REMAIN SAME        ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $_____ .00        ☐ CASH (MAY BE POSTED BY THIRD PARTY)        ☐ FAILURE TO PAY SUPPORT, TO BE CASH.
  POSTED BY DEFENDANT ONLY        ☐ PCT___%        ☐ UNSECURED PERSONAL BOND $_____ .00
☐ REINSTATED BAIL $_____ .00    POSTED ON __/__/_____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR AND
  ☐ SHALL BE HELD IN A SECURE JUVENILE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
  ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM TO THE MINOR DEFENDANT
  OR OTHERS FOR THE FOLLOWING REASONS:_____

**IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:**
☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
  RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY:_____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO        ☐ PTSU        ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO        ☐ PTSU        ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☐ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS
☐ STAY AWAY FROM _____
  ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
  ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION        ☐ OUT-PATIENT
TRIAL SCHEDULED:  DATE:_____  TIME:_____  LOC:_____  ROOM:_____
  ☐ BAIL REVIEW        ☐ PREL. INQUIRY        ☐ PREL.HEARING        ☐ TRIAL        ☐ VOP        ☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING        ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM        ☐ DRUG PROGRAM
  **Prince George's County Only:**
  ☐ GPS TRACKING:    ☐ $_____    ☐ FEE ASSESSED    ☐ FEE WAIVED    *Do not possess any weapons firearms on*
☐ OTHER: _____        *ammo.*

_____
Date        Judge        ID Number

**Tracking No. 180001569952**
DC-BR-DOC-001 BAIL REVIEW DOCKET (Rev. 11/2017)

**JA299**

CONTINUATION PAGE 1 OF DC-BR-DOC-001 BAIL REVIEW DOCKET (Rev. 11/2017)



# DISTRICT COURT OF MARYLAND FOR Prince George's County
## WILLIAMS, MIRAMBA KINTE

Case No. 2E00715535

```
CHARGE 002 OF 9  1 0233  CR5602  --Felony5  Y &/or $15,000.00   ·CDS POSS W/INT TO DIST
CHARGE 003 OF 9  1 0175  CR4203  3  Y &/or $2,500.00   HANDGUN IN VEHICLE
CHARGE 004 OF 9  1 0487  CR5621(b)(2)  --Felony20  Y   CDS: DISTR ETC. W/FIREARM
CHARGE 005 OF 9  1 0493  CR5621(b)(1)  --Felony20  Y   FIREARM/DRUG TRAF CRIME
CHARGE 006 OF 9  1 1106  PS5133(b)  5  Y &/or $10,000.00   REG FIREARM:ILLEGAL POSSESSION
CHARGE 007 OF 9  1 1454  CR4203(a)(1)(v)  3  Y &/or $2,500.00   LOADED HANDGUN IN VEHICLE
CHARGE 008 OF 9  1 1285  PS5133.1  1  Y &/or $1,000.00   ILLEGAL POSS AMMO
CHARGE 009 OF 9  1 5299  CR4204b  20  Y   FIREARM USE/FEL-VIOL CRIME
```





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 2E00715535

## STATE OF MARYLAND VS. WILLIAMS, MIRAMBA KINTE
2516 DAREL DR #102
SUITLAND MD 207460000

CC #:220031773     State ID: 0003884781     LocID:

Eyes: BRN    Hair: BLK    Height: 6'03"    Weight: 180 lb.

Race: I    Sex: M    DOB:    DL #:

**Charge | Statute | AR/Citation**
HANDGUN IN VEHICLE | 1 0175 CR4203 |
LOADED HANDGUN IN VEHICLE | 1 1454 CR4203(a)(1)(v) |

**Charge | Statute | AR/Citation**
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |
ILLEGAL POSS AMMO | 1 1285 PS5133.1 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.
Bail review was held by Judge GREGORY C. POWELL and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PR TO PTR
DO NOT POSSESS ANY FIREARMS, WEAPONS OR
AMMO.

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 08/02/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 07/05/2022   Time: 3:50 p.m.      JUDGE/CLERK:

**Tracking No. 180001569952**      Judge Gregory C. Powell
CC-DC-CR-028 (Rev. 07/2017)

**JA301**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772                    Case No. 2E00715535

### STATE OF MARYLAND  VS.  WILLIAMS, MIRAMBA KINTE
2516 DAREL DR #102
SUITLAND MD 207460000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge GREGORY C. POWELL on 07/05/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
OR PR TO PTR
DO NOT POSSESS ANY FIREARMS, WEAPONS OR
AMMO.

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
on 08/02/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

07/05/2022  3:50 p.m.  Room: 5

_____          _____
Defendant Signature                                Date

Tracking No.   180001569952

## JA302



# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 2E00715535

**STATE OF MARYLAND**    **VS.**    **WILLIAMS, MIRAMBA KINTE**
2516 DAREL DR #102
SUITLAND, MD, 20746

CC#: 220031773     SID: 0003884781
LID:     DL#:
Race: 1   Sex: M   Ht: 6' 03"   Wt: 180    Hair: BLK   Eyes: BRN
DOB:     Home phone:     Cellphone:

**Charge | Statute | AR/Citation | CJISCode**
HANDGUN IN VEHICLE | CR 4 203 | | 1 0175
LOADED HANDGUN IN VEHICLE | CR 4 203 (a)(1)(v) | | 1 1454

**Charge | Statute | AR/Citation | CJISCode**
REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) | | 1 1106
ILLEGAL POSS AMMO | PS 5 133.1 | | 1 1285

# COMMITMENT PENDING HEARING
☐ **Civil**    ☐ **Criminal**    ☐ **Traffic**    ☐ **Domestic Violence**

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE     UPPER MARLBORO    20772
     YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

## SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
Not engage in criminal activity.Appear in
court.Not own/possess weapons.Not use alco
hol,drug,controlled substance.

## YOU ARE FURTHER COMMANDED to:
**Produce the Defendant for Bail Review: on 07/05/2022 at 1:15PM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

**Produce the Defendant for Trial/Hearing: on 08/02/2022 at 8:45AM in Court Room 262**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 07/01/2022    Time: 6:11 AM    Commissioner: _____    ID: 5197

☐ Bail Review was held on_____ by Judge_____ and Defendant

   is commited in default of $_____ bail (_____ % Acceptable).

**Tracking No. 180001569952**      CC-DC-CR-012 (Rev. 07/2017)
**JA303**





**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 2E0071553

**STATE OF MARYLAND** **VS.** **WILLIAMS, MIRAMBA KINTE**
2516 DAREL DR #102
SUITLAND, MD, 20746

| | |
|---|---|
| CC#: 220031773 | SID: 0003884781 |
| LID: | DL#: |
| Race: I  Sex: M | Ht: 6' 03"  Wt: 180  Hair: BLK  Eyes: BRN |
| DOB; | Home phone:  Cellphone: |

Charge | Statute | AR/Citation | CJISCode
HANDGUN IN VEHICLE | CR 4 203 |  | 1 0175
LOADED HANDGUN IN VEHICLE | CR 4 203 (a)(1)(v) |  | 1 1454

Charge | Statute | AR/Citation | CJISCode
REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) |  | 1 1106
ILLEGAL POSS AMMO | PS 5 133.1 |  | 1 1285

## COMMITMENT PENDING HEARING
☐ Civil    ☐ Criminal    ☐ Traffic    ☐ Domestic Violence

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
13400 DILLE DRIVE    UPPER MARLBORO    20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):

Not engage in criminal activity.Appear in
court.Not own/possess weapons.Not use alco
hol,drug,controlled substance.

### YOU ARE FURTHER COMMANDED to:

**Produce the Defendant for Bail Review: on 07/05/2022 at 1:15PM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

**Produce the Defendant for Trial/Hearing: on 08/02/2022 at 8:45AM in Court Room 262**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

| | | | |
|---|---|---|---|
| Date: 07/01/2022    Time: 6:11 AM | Commissioner: | | ID:  5197 |
| ☐ Bail Review was held on | by Judge | | and Defendant |
| is commited in default of $ | bail ( | % Acceptable). | |

**Tracking No. 180001569952**

CC-DC-CR-012 (Rev. 07/2017)

**JA304**

**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 2E00715535

**STATE OF MARYLAND          VS.          WILLIAMS, MIRAMBA KINTE**

2516 DAREL DR #102
SUITLAND, MD, 20746
SID: 0003884781    LID:

## INITIAL APPEARANCE REPORT

**(Md. Rules 4-213, 4-213.1, 4-216 and 4-216.1)**

### Advice

I hereby certify that when the above named Defendant was brought before me for initial appearance, I:

ADVISED Defendant has appeared without an attorney and has a right to an attorney at the initial appearance, of the importance of having an attorney and, if indigent, the Public Defender will provide representation if the proceeding is before a judge or, a court-appointed attorney will provide representation if the proceeding is before a commissioner.

ADVISED Defendant has the right to waive the right to be represented by an attorney at the initial appearance and the waiver is only applicable to the initial appearance and not to any other hearing or proceeding.

ADVISED Defendant has an absolute right to hire a private attorney at Defendant's expense to defend against these charges. If the Defendant does not have the money to hire a private attorney, the Defendant is advised to apply right away to a District Court commissioner for representation by the Public Defender. A District Court commissioner makes the determination of whether the Defendant is financially eligible for the services of the Public Defender. After receipt of the Final Qualification, all further questions should be directed to the Public Defender's Office.

ADVISED Defendant any representation by a court-appointed attorney is provisional, limited to the initial appearance, and will terminate automatically upon conclusion of the hearing.

INFORMED Defendant of each offense charged and of the allowable penalties, including any mandatory or enhanced penalties, if any.

PROVIDED Defendant with a copy of the charging document since Defendant did not already have one.

READ to Defendant, the Notice of Advice of Right to Counsel.

ADVISED Defendant that if Defendant appears for trial without counsel, the Court could determine that the Defendant waived counsel and the Defendant may have to proceed to trial unrepresented by counsel.

INFORMED Defendant that this preliminary determination is for the purpose of representation at the initial appearance only.
DETERMINED DEFENDANT IS INDIGENT.

ADVISED Defendant has the right to be represented by an attorney at the initial appearance and, if no other attorney has entered an appearance you shall be represented by the court-appointed attorney, unless the Defendant waives the right to be represented by an attorney at the initial appearance.

ENTRY OF APPEARANCE:   Defendant was represented at initial appearance by court-appointed Attorney.

APPEARANCE: COURT-APPOINTED ATTORNEY/PUBLIC DEFENDER

Received: by Telecommunication.

Attorney's Name: ATTY UBA

Appeared Remotely.

ADVISED defendant of provisional representation by court-appointed attorney shall be limited to the initial appearance before the judicial officer and shall terminate automatically upon the conclusion of this proceeding.

ADVISED Defendant that the charge is a felony that is not within the jurisdiction of the District Court; the Defendant has a right to have a preliminary hearing by a request made now or within 10 days; and failure to make a timely request will result in a waiver of this hearing.

Defendant requests preliminary hearing. It is scheduled for 08/02/2022 at 8:45 AM in Room 262, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

**Tracking No. 180001569952**

DC-CR-007 (Rev. 11/2017)                    **JA305**

CONTINUATION PAC    OF INITIAL APPEARANCE REPORT



## DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 2E00715535

### STATE OF MARYLAND    VS.    WILLIAMS, MIRAMBA KINTE

### Pretrial Release Determination

On the basis of information available to and developed by me I HAVE DETERMINED:

That Defendant is not eligible for release under CP Article, Section 5-202 (f) of Maryland Code.

The following Required Condition(s) of Release are imposed on the Defendant:

Do not engage in any criminal conduct during the period of pretrial release.

Appear in court when notified to do so.

Subjected to the following Special Conditions:

Shall not own or possess a firearm, destructive device, or other dangerous weapon of any description.

Abstain from alcohol, or abusive use or possession of a narcotic drug or other controlled dangerous substance as defined in Code, Criminal Law Article, §5-101(f), without a prescription from a licensed medical practitioner.

The Defendant is to be HELD WITHOUT BOND.

### Notice

I INFORMED THE DEFENDANT:

1. that a condition of ANY release is that Defendant appear for hearing and/or trial as directed by the Court.
2. that a warrant will be issued for the Defendant's arrest for any violation of condition(s) of release; that if the recognizance or bail bond is forfeited and the Defendant fails to surrender within 30 days following the forfeiture, on a felony charge the penalty imposed may be up to 5 years in jail and/or a fine up to $5,000, or on a misdemeanor charge the penalty imposed may be up to 1 year in jail and/or a fine up to $1,000; that the Defendant may be charged with contempt of Court.
3. to notify the Court in writing of any change of address or telephone number.

Date: 07/01/2022  Time: 6:10 AM         Commissioner: _____    ID:   5197

### Receipt

I have   ☐read   ☐had read to me the offense(s) for which I am charged, the conditions of release, the penalty for violation of the conditions of release, the Notice of Advice of Right to Counsel. I acknowledge receipt of a copy of this form.
**My Bail Review date is 07/05/2022 at 01:15 pm in room 261, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.**

**I have been informed that the Trial/Hearing date is 08/02/2022 at 8:45 AM in Room 262, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.**

I agree to any conditions of release and agree to appear as directed.

JUL 0 1 2022

_____        _____        _____
        Date                        Signature of Custodian                    Signature of Defendant

**Tracking No. 180001569952**
DC-CR-007 (Rev. 11/2017)

**JA306**

# EXHIBIT F



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 0E00713044

**STATE OF MARYLAND**     **VS.**     **DAVIS, DONNELL**
AKA: DAVIS, DONNELL DAJUAN
3608 ROCK CREEK CHURCH RD NW
WASHINGTON, DC, 20010

CC#:            SID: 0004788247
LID: X0890594      DL#:
Race: I   Sex: M    Ht: 6' 01"    Wt: 190     Hair: BLK   Eyes: BRN
DOB: ▓▓▓▓▓▓    Phone(H): ▓▓▓▓▓▓     Phone(W):

Charge | Statute | AR/Citation | CJISCode                 Charge | Statute | AR/Citation | CJISCode
ASSAULT-FIRST DEGREE | CR 3 202 | | 1 1420       ASSAULT-SEC DEGREE | CR 3 203 | | 1 1415

## COMMITMENT PENDING HEARING
☐ Civil    ☐ Criminal    ☐ Traffic    ☐ Domestic Violence

TO:   PRINCE GEORGES COUNTY CORRECTIONAL CENTER
      13400 DILLE DRIVE     UPPER MARLBORO    20772
      YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
Appear in court.Not intimidate THE VICTIM,
AJAH MCKNIGHTNot contact or harass THE VI
CTIM, AJAH MCKNIGHT.Not enter or be near 5
805 CHERRYWOOD TERR., GREENBELT, PRINCE GE
ORGE'S COUNTY, MARYLAND.YOU ARE NOT TO ENG

**YOU ARE FURTHER COMMANDED to:**
Produce the Defendant for Bail Review:  on 10/09/2020 at 1:15PM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Produce the Defendant for Trial/Hearing: on 11/09/2020 at 8:45AM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 10/08/2020     Time: 8:37 PM      Commissioner: _____      ID:   5176

☐ Bail Review was held on_____ by Judge_____ and Defendant

     is commited in default of $_____ bail (_____ % Acceptable).

**Tracking No. 201001501923**       CC-DC-CR-012 (Rev. 07/2017)      DV

**JA308**




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00713044

## STATE OF MARYLAND VS. DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

CC #:  
Eyes: BRN  
Race: I

State ID: 0004788247  
Hair: BLK      Height: 6'01"  
Sex: M    DOB: ▆▆▆▆    DL #:

LocID: X0890594  
Weight: 190 lb.

**Charge | Statute | AR/Citation**  
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**  
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER  
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge ROBERT WILSON HEFFRON and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PR TO PTR LEVEL #4 MAY BE CELLPHONE / GPS  
COMPLETE PTSU INTERVIEW/PTSU TO VERIFY ADD  
BEFORE RELEASE/NO CONT W/ AJAH MCKNIGHT  
STAY AWAY FROM 5805 CHERRYWOOD TERR  
GREENBELT, MD

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 11/09/2020 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

OCT 9 20 16:17

Date: 10/09/2020  Time: 1:59 p.m.

JUDGE/CLERK:

Ige Robert W. Heffron

**Tracking No. 201001501923**  
CC-DC-CR-028 (Rev. 07/2017)

**JA309**



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772                      Case No. 3E00713044

**STATE OF MARYLAND VS. DAVIS, DONNELL**
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge ROBERT WILSON HEFFRON on 10/09/2020.

THE COURT, ON THE DATE SHOWN ABOVE,

Advised you of your right to Preliminary Hearing;

You deferred your right to a Preliminary Hearing;

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:

OR PR TO PTR LEVEL #4 MAY BE CELLPHONE

COMPLETE PTSU INTERVIEW/PTSU TO VERIFY ADD

BEFORE RELEASE/NO CONT W/ AJAH MCKNIGHT

STAY AWAY FROM 5805 CHERRYWOOD TERR

GREENBELT, MD

YOU ARE SCHEDULED FOR PRELIMINARY HEARING

on 11/09/2020 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

10/09/2020  1:59 p.m.  Room: 5

_____          _____
Defendant Signature                                Date

**Tracking No.  201001501923**

**JA310**



# PRINCE GEORGE'S COUNTY GOVERNMENT
## Department of Corrections

Angela D. Alsobrooks
County Executive

October 28, 2020

TO:                 The Honorable Robert Wilson Heffron

FROM:               Tanya Law, Unit Chief, Monitoring Services

DEFENDANT:          Donnell Davis

CASE/CHARGE:        [1. CR3E00713044 1st Degree Assault]

[ X ]   The above defendant has been evaluated for program placement;

[  ]    The above defendant is being reconsidered for pretrial release;

[ x ]   The above defendant is no longer eligible for pretrial release;

[  ]    The above defendant violated "Conditions of Release";

[  ]    The above defendant's whereabouts are currently unknown/absconded;

**STATUSES**

1.    [  ]   Victim Fears

2.    [  ]   Pending Case (s)/Detainer (s)

3.    [  ]   Criminal History

4.    [  ]   No Verifiable Address

5.    [  ]   Mental Health Issue / Evaluation Pending

6.    [  ]   Medical Health Issue(s)

7.    [  ]   Violated "Conditions of Release"

8.    [  ]   Federal Hold or State Hold

9.    [ x ]  Other-See Explanation

EXPLANATION: Defendant was granted the option of Pre-trial Services Level 4 on October 9, 2020. Please contact Monitoring Services for additional information at 301-952-7111 or 301-952-7064.

13400 Dille Drive, Upper Marlboro, Maryland 20772
(301) 952-4800 • 711 Maryland Relay Service • www.princegeorgescountymd.gov

JA311



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00713044

**STATE OF MARYLAND VS. DAVIS, DONNELL**
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| CC #: | | State ID: 0004788247 | LocID:X0890594 |
| Eyes: BRN | Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| Race: I | Sex:M    DOB: | DL #: | |

Charge | Statute | AR/Citation
NP | ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

Charge | Statute | AR/Citation
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge ROBERT WILSON HEFFRON and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PR TO PTR LEVEL #4 MAY BE CELLPHONE
COMPLETE PTSU INTERVIEW/PTSU TO VERIFY ADD
BEFORE RELEASE/NO CONT W/ AJAH MCKNIGHT
STAY AWAY FROM 5805 CHERRYWOOD TERR
GREENBELT, MD

YOU WILL BE NOTIFIED of the defendant's next hearing or trial.

09 NOV '20 PM 04:39

Date: 11/09/2020  Time: 9:17 a.m.         JUDGE: _____

**Tracking No. 201001501923**                    Judge Robert W. Heffron
CC-DC-CR-028 (Rev. 07/2017)

**JA312**



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00713044

## STATE OF MARYLAND VS. DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| | |
|---|---|
| CC #: | State ID: 0004788247 | LocID: X0890594 |
| Eyes: BRN | Hair: BLK | Height: 6'0" | Weight: 190 lb. |
| Race: I | Sex: M    DOB: | DL #: |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.

Bail review was held by Judge STACEY MARIA COBB SMITH and the Defendant is committed Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PR TO PTR OPTION ANY LEVEL
NO CONT W/VICTS/STATE'S WIT/ CO-DEFS

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 01/07/2021 at 1:45 p.m. in Court Room 3  at the District Court of Maryland For PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 12/16/2020  Time: 11:17 a.m.

JUDGE/: _Cobb Smith_ ODA

**Tracking No. 201001501923**
CC-DC-CR-028 (Rev. 07/2017)

**JA313**



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772        Case No. 3E00713044

**STATE OF MARYLAND  VS.  DAVIS, DONNELL**
812548TH AVE #218B
COLLEGE PARK MD 207400000

### BAIL REVIEW SUMMARY

Your bail review was held by Judge STACEY MARIA COBB SMITH on 12/16/2020.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
OR PR TO PTR OPTION ANY LEVEL
NO CONT W/VICTS/STATE'S WIT/ CO-DEFS

YOU ARE SCHEDULED FOR TRIAL
on 01/07/2021 at 01:45 p.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD  20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

12/16/2020  11:17 a.m.  Room: 5

_____            _____
Defendant Signature                     Date

**Tracking No.  201001501923**

**JA314**



**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Case No. 3E00713044

### STATE OF MARYLAND VS. DAVIS, DONNELL
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| | | |
|---|---|---|
| CC #: | State ID: 0004788247 | LocID: X0890594 |
| Eyes: BRN | Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| Race: I | Sex: M | DOB: | DL #: |

Charge | Statute | AR/Citation
NG | ASSAULT-SEC DEGREE | CR3203 | | 1 1415

Charge | Statute | AR/Citation

## RELEASE FROM COMMITMENT

TO: PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT UPPER MARLBORO 20772

YOU ARE HEREBY COMMANDED to release the above-named Defendant as Trial in the case was held on 01/07/2021 before Judge WENNESA BELL SNODDY and the case was concluded.

07 JAN '21 PM04:58

NOTE: This release applies only to the case listed above. Before release check for detainers. If Defendant is committed for any other reason, hold Defendant pursuant to that commitment.

01/07/2021   02:52 p.m.          JUDGE/CLERK

**Tracking No.**

Rev. 2/09

**JA315**

Page: 1          Date: 01/07/2021
Room: 3          Time: 2:52 PM

Case No. 3E00713044





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

**STATE OF MARYLAND  VS.  DAVIS, DONNELL**
8125 48TH AVE #218B
COLLEGE PARK MD 207400000

| | | | |
|---|---|---|---|
| CC #: | | State ID: 0004788247 | LocID: X0890594 |
| Eyes: BRN | Hair: BL | Height: 6'01" | Weight: 190 lb. |
| Race: 1 | Sex: M | DOB: | DL #: |

## DEFENDANT TRIAL SUMMARY

The above case was heard today, 01/07/2021 by Judge WENNESA BELL SNODDY
The Court's finding is as follows:

002 ASSAULT-SEC DEGREE
Plea - NOT GUILTY  Verdict - NOT GUILTY

If you have been convicted or received probation before judgment for a crime, it may be unlawful for you to possess or purchase a firearm, including a rifle, shotgun, pistol, revolver, or ammunition, pursuant to state and/or federal law. If you have any questions about whether it is now illegal for you to possess or purchase a firearm, you should immediately consult an attorney. For additional information about these prohibitions or the surrender of firearms (even if you are currently incarcerated), please consult http://www.marylandattorneygeneral.gov/Forms/Form_77R_gun_questions.pdf or contact Maryland State Police at: 1-410-653-4500.

You may be entitled to expunge this record and any DNA Sample and DNA Record relating to the charge or charges against you if you meet certain conditions. Further information on expungement is contained in a brochure available at the Clerk's Office or on our website at http://www.courts.state.md.us/district.

01/07/2021        Defendant_____        (DAVIS, DONNELL)

Tracking No. 201001501923



# EXHIBIT G





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

## BAIL REVIEW DOCKET

Tracking No. 180001536466

## STATE OF MARYLAND VS. SHARP, LESLIE

**SHARP, LESLIE**
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

CC #:21-0026214    State ID: 0002907177    LocID:
Eyes: BRN    Hair: BLK    Height: 6'01"    Weight: 190 lb.
Race: I    Sex:M    DOB~~███~~7    DL #:
☐ DEFENDANT IS A MINOR

CHARGE: I OF I   I 1415 CR3203  10 Y  $2500.00  ASSAULT-SEC DEGREE

### Charges on continuation page.

**THE COURT ON THE DATE SHOWN BELOW ---**
☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
  ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
  ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
  ☐ REPRESENTED BY:
☐ DEFENDANT ADVISED OF RIGHTS AT   ☐ INITIAL APPEARANCE   ☐ PRELIMINARY INQUIRY
  ☐ REQUIRED DEFENDANT TO READ OR  ☐ READ TO DEFENDANT THE NOTICE OR ADVICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
  ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
  ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ ~~...~~ED DEFENDANT ON OWN RECOGNIZANCE      *Rvl level IV option*
☐ ~~..~~LD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN THE SAME   ☑ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $_____.00   ☐ CASH (MAY BE POSTED BY THIRD PARTY)   ☐ FAILURE TO PAY SUPPORT, TO BE CASH.
  POSTED BY DEFEDANT ONLY   ☐ PCT____%   ☐ UNSECURED PERSONAL BOND $_____.00
☐ REINSTATED BAIL $_____.00   POSTED ON ___/___/_____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR, AND
  ☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEP. OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
  ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM
  TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

☐ RIGHTS GIVEN BY VIDEO
☐ BAIL REVIEW POSTPONED

**IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:**

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY:_____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO ____☐ PTSU   ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO ____☐ PTSU   ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☐ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS
☐ STAY AWAY FROM_____
  ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
  ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION   ☐ OUT-PATIENT
☐ TRIAL SCHEDULED: DATE:_____ TIME:_____ LOC:_____ ROOM:_____
  ☐ BAIL REVIEW   ☐ PREL. INQUIRY   ☐ PREL. HEARING   ☐ TRIAL   ☐ VOP   ☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING   ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM   ☐ DRUG PROGRAM
  **Prince George's/Washington County Only:**
  ☐ GPS TRACKING   ☐ $_____ FEE ASSESSED   ☐ FEE WAIVED
☐ OTHER:_____

_____      1/14/21      _____      _____
Date        Judge        ID Number

DC-BR-DOC-001 BAIL REVIEW DOCKET (Rev. 11/2017)      **DV**

**JA318**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

### STATE OF MARYLAND VS. SHARP, LESLIE

3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

| | | | |
|---|---|---|---|
| CC #:21-0026214 | | State ID:0002907177 | LocID: |
| Eyes: BRN | Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| Race: I | Sex:M | DOB: | DL #: |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

**Charge | Statute | AR/Citation**

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER
    13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Bail review was held by Judge DONNAKA VARNER LEWIS and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):

OR PR TO PTR LEVEL #4 OPTION
NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
FROM 3590 POWDER MILL RD BELTSVILLE, MD
NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing

on 07/22/2021 at 8:45 a.m. in Court Room 3   at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 07/14/2021   Time: 10:55 a.m.    JUDGE/~~CLERK~~:

Judge Donnaka Varner Lewt

**Tracking No. 180001536466**

CC-DC-CR-028 (Rev. 07/2017)

**JA319**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

**STATE OF MARYLAND VS. SHARP, LESLIE**
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge DONNAKA VARNER LEWIS on 07/14/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
OR PR TO PTR LEVEL #4 OPTION
NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
FROM 3590 POWDER MILL RD BELTSVILLE, MD
NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

YOU ARE SCHEDULED FOR TRIAL/HEARING
on 07/22/2021 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

07/14/2021   10:55 a.m.   Room: 5

_____          _____
Defendant Signature                              Date

**Tracking No.   180001536466**

**JA320**



*Closed*

# PRINCE GEORGE'S COUNTY GOVERNMENT
## Department of Corrections

Angela D. Alsobrooks
County Executive

7-22-21  8⁴⁵ H₄³

June 30, 2021

| | |
|---|---|
| **TO:** | **The Honorable April T. Ademiluyi** |
| **FROM:** | **Jermaine Mills, Case Manager, Monitoring Services** |
| **DEFENDANT:** | **Leslie Sharp** |
| **CASE/CHARGE:** | **[1. CR3E00701207 2ND Degree Assault]** |

[ X ]   The above defendant has been evaluated for program placement;

[ ]   The above defendant is being reconsidered for pretrial release;

[ x ]   The above defendant is no longer eligible for pretrial release;

[ ]   The above defendant violated "Conditions of Release";

[ ]   The above defendant's whereabouts are currently unknown/absconded;

## STATUS

1.   [ ]   **Victim Fears**

2.   [ x ]   **Detainer(s) District of Columbia Probation Agent K. Holston requested a warrant for Violation of Probation. Defendant is on probation for PWID/Possession of Firearm. Case #2015CF2015442 & case#2011CF2020039. Agent states defendant has been arrested twice in 30 days.**

3.   [ ]   **Criminal History**

4.   [ ]   **No Verifiable Address**

5.   [ ]   **Mental Health Issue / Evaluation Pending**

6.   [ ]   **Medical Health Issue(s)**

7.   [ ]   **Violated "Conditions of Release"**

8.   [ ]   **Federal Hold or State Hold**

9.   [ ]   **Other-See Explanation**

**EXPLANATION:**

cc:    Lisa Hall Johnson, Administrative Judge
       PGCDOC-Corenne Labbe, Director
       PGCDOC-Guy Merritt, Acting Deputy Director, Bureau of Administration
       PGCDOC-Jeffrey Logan, Division Chief, Population Management




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

## BAIL REVIEW DOCKET

Tracking No. 180001536466

### STATE OF MARYLAND VS. SHARP, LESLIE

| **SHARP, LESLIE** | CC #:21-0026214 | | State ID: 0002907177 | LocID: |
|---|---|---|---|---|
| 3590 POWDER MILL RD #102 | Eyes: BRN | Hair: BLK | Height: 6'01" | Weight: 190 lb. |
| BELTSVILLE MD 207050000 | Race: I | Sex: M | DOB: | DL #: |
| | | | | ☐ DEFENDANT IS A MINOR |

CHARGE: 1 OF 1   1 1415 CR3203   10 Y   $2500.00   ASSAULT-SEC DEGREE

**Charges on continuation page.**

## THE COURT ON THE DATE SHOWN BELOW ---

☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
　☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
　☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
　☐ REPRESENTED BY:

☐ RIGHTS GIVEN BY VIDEO
☐ BAIL REVIEW POSTPONED

☐ DEFENDANT ADVISED OF RIGHTS AT 　☐ INITIAL APPEARANCE 　☐ PRELIMINARY INQUIRY
　☐ REQUIRED DEFENDANT TO READ OR 　☐ READ TO DEFENDANT THE NOTICE OF ADVICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
　☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
　☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☐ HOLD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN THE SAME 　☒ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $_____.00 　☐ CASH (MAY BE POSTED BY THIRD PARTY) 　☐ FAILURE TO PAY SUPPORT, TO BE CASH,
　POSTED BY DEFEDANT ONLY 　☐ PCT____% 　☐ UNSECURED PERSONAL BOND $_____.00
☐ REINSTATED BAIL $_____.00 　POSTED ON ___/___/_____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR, AND
　☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEP. OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
　☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM
　　TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

*Order PTR Level 4* (handwritten)

## IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
　RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY:_____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO _____☐ PTSU 　☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO _____☐ PTSU 　☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☒ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS *job, employment, & family* (handwritten)
☒ STAY AWAY FROM ___1___ *DD* (handwritten)
　☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
　☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION 　☐ OUT-PATIENT
☐ TRIAL SCHEDULED: DATE:_____ TIME:_____ LOC:_____ ROOM:_____
　☐ BAIL REVIEW 　☐ PREL. INQUIRY 　☐ PREL. HEARING 　☐ TRIAL 　☐ VOP 　☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING 　☐ DRUG SCREENING
☐ ALCOHOL PROGRAM 　☐ DRUG PROGRAM
**Prince George's/Washington County Only:**
☐ GPS TRACKING 　☐ $_____ FEE ASSESSED 　☐ FEE WAIVED
☒ OTHER: *NO Weapons, firearms, illicit substances, ammo, no alcohol* (handwritten)

| Date | Judge | ID Number |
|---|---|---|
| *6/24/21* (handwritten) | (signature) | |





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

## STATE OF MARYLAND VS. SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

CC #:21-0026214    State ID:0002907177    LocID:
Eyes: BRN    Hair: BLK    Height: 6'01"    Weight: 190 lb.
Race: 1    Sex:M    DOB: ▓▓▓▓▓    DL #:

Charge | Statute | AR/Citation      Charge | Statute | AR/Citation
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Bail review was held by Judge SCOTT MICHAEL CARRINGTON and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
COURT ORDERED PRE TRIAL RELEASE LEVEL 4
NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
FROM 3590 POWDER MILL RD BELTSVILLE, MD
NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 07/22/2021 at 8:45 a.m. in Court Room 3   at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 06/24/2021  Time: 9:06 a.m.      JUDGE/~~CLERK~~:

**Tracking No. 180001536466**
CC-DC-CR-028 (Rev. 07/2017)

Judge Scott Carrington

**JA324**

 

**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 3E00701207

**STATE OF MARYLAND VS. SHARP, LESLIE**
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge SCOTT MICHAEL CARRINGTON on 06/24/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    COURT ORDERED PRE TRIAL RELEASE LEVEL 4
    NO CONTACT W/MARQUITA TIBBS HER RESIDENCE
    PLACE OF EMPLOYMENT & HER FAMILY/STAY AWAY
    FROM 3590 POWDER MILL RD BELTSVILLE, MD
    NO WEAPONS/FIREARMS/AMMO/ALCOHOL/CDS

YOU ARE SCHEDULED FOR TRIAL
    on 07/22/2021 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

06/24/2021  9:06 a.m.  Room: 5

_____           _____
              Defendant Signature                    Date

**Tracking No. 180001536466**

**JA325**



 **DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781     Case No. 3E00701207

**STATE OF MARYLAND VS. SHARP, LESLIE**
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

CC #:21-0026214     State ID:0002907177     LocID:
Eyes: BRN     Hair:BLK     Height: 6'01"     Weight: 190 lb.
Race: I     Sex:M     DOB:     DL #:

**Charge | Statute | AR/Citation**
NP | ASSAULT-SEC DEGREE | CR3203 | | 1 1415

**Charge | Statute | AR/Citation**

# RELEASE FROM COMMITMENT

TO: PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT UPPER MARLBORO 20772

YOU ARE HEREBY COMMANDED to release the above-named Defendant as Trial in
the case was held on 07/22/2021 before Judge DOLORES DORSAINVIL and the case was
concluded.

NOTE: This release applies only to the case listed above. Before release check for detainers.
If Defendant is committed for any other reason, hold Defendant pursuant to that commitment.

07/22/2021  09:10 a.m.     JUDGE/CLERK _____

**Tracking No.**

Rev 2/00     **JA326**

*Amended*

MARYLAND JUDICIARY

☐ CIRCUIT COURT ☒ DISTRICT COURT OF MARYLAND FOR  Prince George's County
City/County

Located at  4990 Rhode Island Ave, Hyattsville, Md      Case No. 3E00701207
Court Address

Tracking No.:  180001536466          Associated Case No.: ................................

STATE OF MARYLAND                    vs.    Sharp, Leslie
Defendant
3590 Powder Mill Rd #102
Address
Beltsville, MD 20705
City, State, Zip                              Telephone

DOB: ▬▬▬▬    INMATE ID #: ....................    FBI #: ................    SID #: ................

## COMMITMENT PENDING HEARING
☐ CIVIL ☒ CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE

TO:  Records Department          Prince George's County Det Ctr
Title                                    Facility

**YOU ARE HEREBY COMMANDED** to receive from any officer the body of  Sharp, Leslie .,
Name
Charges are listed below.

| Charge | CJIS | Disposition | Charge | CJIS | Disposition |
|--------|------|-------------|--------|------|-------------|
| ASSAULT-SEC DEGREE | | | | | |

☐ Bond is set at $ ................ ( ........ % acceptable). ( ☐ Secured ☐ Unsecured)

☐ Bail review was held and the bond is set at $ ...................................... ( ........ % acceptable).
( ☐ Secured ☐ Unsecured)

☐ In default of $ .......................... bail ( ........ % acceptable).

☐ Bail review was held by Judge ............................................ and above named individual is
committed in default of $ .......................... bail ( ........ % acceptable).

☐ Having been surrendered by bondsman, bond of $ .......................... to continue.

☒ Hold without bond.

☐ Special Conditions: NONE
................................................................................................................
................................................................................................................

☐ Other: ...................................................................................................
.

## YOU ARE FURTHER COMMANDED to:

☐ Transfer above named individual to the jail or detention center in ..........................................
County/City. If the above named individual has not been transferred prior to the next session of court, and
has not had a bail review, he is to be brought before the court in your county for bail review.

☐ Produce the above named individual for further review before a judicial officer at the Court and address below:

............................................................................................................
within ☐ 30 days from date of arrest ☐ 60 days from second commitment if before that time the above named
individual has not posted the bail or been arrested on a warrant of the Governor or Maryland on a requisition of
the executive authority of the State of ............................; Pending hearing date: ..............

☒ Produce the above named individual for court appearance at the Court and address below:
Prince George's County District Court, 4990 Rhode Island Ave, Hyattsville, MD 20781

whenever notified for:  trial HY 3 ................................. . Pending court appearance is
set for: 07/22/2021      at 8:45am .
Date              Time

06/15/2021                 Robert Prender
Date              Clerk/Judge/Commissioner                                ID Number

**CC-DC-CR-012** (Rev. 07/2017)      **JA327**



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 3E007

### STATE OF MARYLAND VS. SHARP, LESLIE
3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

| | | | | |
|---|---|---|---|---|
| CC #:21-0026214 | | State ID:0002907177 | | LocID: |
| Eyes: BRN | Hair: BLK | | Height: 6'01" | Weight: 190 lb. |
| Race: 1 | Sex:M | DOB~~:~~ | | DL #: |

narge | Statute | AR/Citation                    Charge | Statute | AR/Citation
SSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER
    13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Bail review was held by Judge BRIAN CHARLES DENTON and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
NONE

YOU WILL BE NOTIFIED of the defendant's next hearing or trial.

Date: 06/14/2021   Time: 3:04 p.m.          JUDGE/~~CLERK~~:

**Tracking No. 180001536466**                         Judge Brian C. Denton
CC-DC-CR-028 (Rev. 07/2017)

**JA328**

**STATE OF MARYLAND VS. SHARP, LESLIE**

3590 POWDER MILL RD #102
BELTSVILLE MD 207050000

## BAIL REVIEW SUMMARY

ir bail review was held by Judge BRIAN CHARLES DENTON on 06/14/2021.

E COURT, ON THE DATE SHOWN ABOVE,

;LD YOU WITHOUT BAIL;

ND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
No restrictions imposed.

'OU WILL BE NOTIFIED of your next hearing or trial.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at tria soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

06/14/2021  3:04 p.m.  Room: 5

_____
Defendant Signature

_____
Date

**Tracking No.  180001536466**

**JA329**

 

# DISTRICT COURT OF MARYLAND FOR Prince George's County

Case No. 3E00701207

**SHARP, LESLIE**

3590 POWDER MILL RD #102
BELTSVILLE, MD 20705-0000

Sex: M   Ht: 6' 01"   Wt: 190   Race: 1   Eyes: BRN   Hair: BLK
DOB:   Phone(H): 2   Phone(W):
CC#: 21-0026214   LID:   SID: 0002907177
DL#:   ☐ DEFENDANT IS A MINOR

CHARGE 001 OF 1  1 1415  CR3203  10  Y &/or $2,500.00  ASSAULT-SEC DEGREE

**THE COURT ON THE DATE SHOWN BELOW ---**

☐ RIGHTS GIVEN BY VIDEO
☐ BAIL REVIEW POSTPONED

☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
    ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
    ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
    ☐ REPRESENTED BY:
☐ DEFENDANT ADVISED OF RIGHT AT      ☐ INITIAL APPEARANCE      ☐ PRELIMINARY INQUIRY
☐ REQUIRED DEFENDANT TO READ OR ☐ READ TO DEFENDANT THE NOTICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
    ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
    ☑ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☑ HOLD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN SAME      ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $ _____ .00    ☐ CASH (MAY BE POSTED BY THIRD PARTY)    ☐ FAILURE TO PAY SUPPORT, TO BE CASH,
    POSTED BY DEFENDANT ONLY      ☐ PCT ___%      ☐ UNSECURED PERSONAL BOND $ _____ .00
☐ REINSTATED BAIL $ _____ .00  POSTED ON ___ / ___ / _____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR AND
    ☐ SHALL BE HELD IN A SECURE JUVENILE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
    ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM TO THE MINOR DEFENDANT
    OR OTHERS FOR THE FOLLOWING REASONS: _____

**IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:**

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
    RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY:_____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO      ☐ PTSU      ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO      ☐ PTSU      ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☐ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS
☐ STAY AWAY FROM _____
    ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY_____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
    ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION      ☐ OUT-PATIENT
    TRIAL SCHEDULED: DATE:_____ TIME:_____ LOC:_____ ROOM:_____
    ☐ BAIL REVIEW    ☐ PREL. INQUIRY    ☐ PREL.HEARING    ☐ TRIAL    ☐ VOP    ☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING      ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM      ☐ DRUG PROGRAM
    **Prince George's County Only:**
    ☐ GPS TRACKING:    ☐ $_____ FEE ASSESSED      ☐ FEE WAIVED
☐ OTHER:_____

_____    6/14/21      _____      _____
Date                       Judge                                    ID Number

**JA330**

# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 3E(

**STATE OF MARYLAND**     **VS.**     **SHARP, LESLIE**
3590 POWDER MILL RD #102
BELTSVILLE, MD, 20705

CC#: 21-0026214      SID: 0002907177
LID:              DL#:
Race: I   Sex: M   Ht: 6' 01"    Wt: 190     Hair: BLK   Eyes: B
DOB:       7    Phone(H):      6     Phone(W):

ge | Statute | AR/Citation | CJISCode
AULT-SEC DEGREE | CR 3 203 | | 1 1415

Charge | Statute | AR/Citation | CJISCode

# COMMITMENT PENDING HEARING
☐Civil     ☐Criminal     ☐Traffic     ☐Domestic Violence

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
    13400 DILLE DRIVE     UPPER MARLBORO    20772

    YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant who is charged with the offense(s) listed above.
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
Not engage in criminal activity.Appear in
court.No Violent Contact with Victim.

### YOU ARE FURTHER COMMANDED to:
Produce the Defendant for Bail Review: on 06/14/2021 at 1:15PM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 06/12/2021     Time: 3:02 AM     Commissioner                    ID: 5229

☐ Bail Review was held on_____ by Judge_____ and Defendant

is commited in default of $_____ bail (_____ % Acceptable).

**STATE OF MARYLAND**     **VS.**     **SHARP, LESLIE**

3590 POWDER MILL RD #102
BELTSVILLE, MD, 20705
SID: 0002907177    LID:

# INITIAL APPEARANCE REPORT

## (Md. Rules 4-213, 4-213.1, 4-216 and 4–216.1)

### Advice

I hereby certify that when the above named Defendant was brought before me for initial appearance, I:

ADVISED Defendant has appeared without an attorney and has a right to an attorney at the initial appearance, of the importance of having an attorney and, if indigent, the Public Defender will provide representation if the proceeding i: a judge or, a court-appointed attorney will provide representation if the proceeding is before a commissioner.

ADVISED Defendant has the right to waive the right to be represented by an attorney at the initial appearance and th waiver is only applicable to the initial appearance and not to any other hearing or proceeding.

ADVISED Defendant has an absolute right to hire a private attorney at Defendant's expense to defend against these charges. If the Defendant does not have the money to hire a private attorney, the Defendant is advised to apply right a to a District Court commissioner for representation by the Public Defender. A District Court commissioner makes the determination of whether the Defendant is financially eligible for the services of the Public Defender. After receipt of Final Qualification, all further questions should be directed to the Public Defender's Office.

ADVISED Defendant any representation by a court-appointed attorney is provisional, limited to the initial appearanc will terminate automatically upon conclusion of the hearing.

INFORMED Defendant of each offense charged and of the allowable penalties, including any mandatory or enhancec penalties, if any.

READ to Defendant, the Notice of Advice of Right to Counsel.

ADVISED Defendant that if Defendant appears for trial without counsel, the Court could determine that the Defenda waived counsel and the Defendant may have to proceed to trial unrepresented by counsel.

INFORMED Defendant of Affidavit for Indigent, the Defendant completed the requested affidavit and the commissic determined with the criteria set forth in Code, Criminal Procedure Article §16-210 (b) and (c) whether the Defendant qualifies for a court-appointed attorney.

INFORMED Defendant that this preliminary determination is for the purpose of representation at the initial appearanc

    DETERMINED DEFENDANT IS INDIGENT.

      ADVISED Defendant has the right to be represented by an attorney at the initial appearance and, if n other attorney has entered an appearance you shall be represented by the court-appointed attorney, ur the Defendant waives the right to be represented by an attorney at the initial appearance.

ENTRY OF APPEARANCE:   Defendant was represented at initial appearance by court-appointed Attorney.
    APPEARANCE: COURT-APPOINTED ATTORNEY/PUBLIC DEFENDER

Received:
    Attorney's Name: SCOTT

Appeared Remotely.

ADVISED defendant of provisional representation by court-appointed attorney shall be limited to the initial appearance before the judicial officer and shall terminate automatically upon the conclusion of this proceedir

### Pretrial Release Determination

On the basis of information available to and developed by me I HAVE DETERMINED:
That release on personal recognizance will not reasonably ensure the appearance of the Defendant as required becaus

    **DV**

**Tracking No. 180001536466**

DC-CR-007 (Rev. 11/2017)

**JA332**



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 3E00701207

**STATE OF MARYLAND    VS.    SHARP, LESLIE**

Nature and circumstance of the offense charged.

The following Required Condition(s) of Release are imposed on the Defendant:

Do not engage in any criminal conduct during the period of pretrial release.

Appear in court when notified to do so.

Subjected to the following Special Conditions:

Any other lawful condition: No Violent Contact with Victim.

The Defendant is to be HELD WITHOUT BOND.

## Notice

I INFORMED THE DEFENDANT:

1. that a condition of ANY release is that Defendant appear for hearing and/or trial as directed by the Court.
2. that a warrant will be issued for the Defendant's arrest for any violation of condition(s) of release; that if the recognizance or bail bond is forfeited and the Defendant fails to surrender within 30 days following the forfeiture, on a felony charge the penalty imposed may be up to 5 years in jail and/or a fine up to $5,000, or on a misdemeanor charge the penalty imposed may be up to 1 year in jail and/or a fine up to $1,000; that the Defendant may be charged with contempt of Court.
3. to notify the Court in writing of any change of address or telephone number.

Date: 06/12/2021  Time: 3:02 AM          Commissioner: _____  ID: 5229

## Receipt

I have  ☐ read  ☐ had read to me the offense(s) for which I am charged, the conditions of release, the penalty for violation of the conditions of release, the Notice of Advice of Right to Counsel. I acknowledge receipt of a copy of this form. **My Bail Review date is 06/14/2021 at 01:15 pm in room 261, at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.**

I agree to any conditions of release and agree to appear as directed.

STATE OF EMERGENCY

_6/12/21_
Date                Signature of Custodian  VERBAL CONFIRMATION RECORDED
                                            Signature of Defendant

# EXHIBIT H

DISTRICT COURT OF MARYLAND

Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **1E00721379**   Tracking No: **211001246374**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **01**
Document Type: **WARRANT**   Issued Date: **07/09/2021**
Case Status: **ACTIVE**

## Defendant Information

Defendant Name: **LAGUAN-SALINAS, ELMER URIEL**
Race: **WHITE, CAUCASIAN, ASIATIC INDIAN, ARAB**
Sex: **M**   Height: **505**   Weight: **155**   DOB: **11/17/1991**
Address: **5200 FLINTRIDGE DRIVE**
City:     **HYATTSVILLE**   State: **MD**   Zip Code: **20783 - 0000**

## Court Scheduling Information

Trial Date: **08/18/2022**   Trial Time: **08:45 AM**   Room: **3**
Trial Type:
Trial Location: **4990 RHODE ISLAND AVE HYATTSVILLE 20781-2008**

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

| Charge No: **001**   Description: **ATT-HOME INVASION** |
| --- |
| Statute:     Description: |
| Amended Date:   CJIS Code: **1A1338**   MO/PLL:   Probable Cause: **X** |
| Incident Date From: **10/04/2020**   To: **10/04/2020**   Victim Age: |

| Charge No: **003**   Description: **FIREARM USE/FEL-VIOL CRIME** |
| --- |
| Statute:     **CR.4.204.b**   Description: **FIREARM USE/FEL-VIOL CRIME** |
| Amended Date:   CJIS Code: **1 5299**   MO/PLL:   Probable Cause: **X** |
| Incident Date From: **10/04/2020**   To: **10/04/2020**   Victim Age: |

| Charge No: **005**   Description: **RECKLESS ENDANGERMENT** |
| --- |
| Statute:     **CR.3.204.(a)(1)**   Description: **RECKLESS ENDANGERMENT** |
| Amended Date:   CJIS Code: **1 1425**   MO/PLL:   Probable Cause: **X** |
| Incident Date From: **10/04/2020**   To: **10/04/2020**   Victim Age: |

| Charge No: **006**   Description: **REG FIREARM:ILLEGAL POSSESSION** |
| --- |
| Statute:     **PS.5.133.(b)**   Description: **REG FIREARM:ILLEGAL POSSESSION** |
| Amended Date:   CJIS Code: **1 1106**   MO/PLL:   Probable Cause: **X** |
| Incident Date From: **10/04/2020**   To: **10/04/2020**   Victim Age: |

| Charge No: **007**   Description: **HANDGUN ON PERSON** |
| --- |
| Statute:     **CR.4.203**   Description: **HANDGUN ON PERSON** |
| Amended Date:   CJIS Code: **1 5212**   MO/PLL:   Probable Cause: **X** |
| Incident Date From: **10/04/2020**   To: **10/04/2020**   Victim Age: |

Related Person Information

## JA335

*(Each Person related to the case other than the Defendant is shown)*

Name:**HERNANDEZ, PVT**
Connection:**COMPLAINANT/POLICE OFFICER**
Agency Code: **CC**   Agency Sub-Code: **HPD**   Officer ID: **0261**

---

Name:**PRYCE, MELISSA**
Connection:**ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
        **14735 MAIN ST., ROOM 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

---

Name:**STUART, CHRISTOPHER**
Connection:**ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
        **14735 MAIN ST., ROOM 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

---

**Event History Information**

| Event | Date | Comment |
|---|---|---|
| **WARI** | **07/09/2021** | **210709;ZP 16 ;1;ARR;D21009518-5** |
| **WARS** | **03/16/2022** | **220316;D21009518-5;** |
| **INIT** | **03/16/2022** | **220316;00000000.00;HWOB;100; ;5219** |
| **CMIT** | **03/16/2022** | **DEFENDANT COMMITTED;220316;PGD** |
| **BALR** | **03/17/2022** | **220317;00000000.00;HWOB;100; ;0DA** |
| **CMIT** | **03/17/2022** | **DEFENDANT COMMITTED;220317;PGD;** |
| **CMIT** | **04/15/2022** | **DEFENDANT COMMITTED;220415;PGD** |
| **CMIT** | **05/12/2022** | **DEFENDANT COMMITTED;220512;PGD** |
| **BALR** | **06/17/2022** | **220617;00025000.00;HDOB;100;UPB ;9H5** |
| **CMIT** | **06/17/2022** | **DEFENDANT COMMITTED;220617;PGD;** |
| **RELS** | **06/17/2022** | **DEFENDANT RELEASED FROM COMMITMENT** |
| **BOND** | **06/17/2022** | **220617;00025000.00;UPB ; ; ;100** |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**JA336**





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379
Tracking No. 211001246374

## BAIL REVIEW DOCKET
### STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL

**LAGUAN-SALINAS, ELMER URIEL** CC #:20-2462
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

State ID: 0004177347   LocID:

Eyes: BRN   Hair: OTH   Height: 5'05"   Weight: 155 lb.

Race: 2   Sex: M   DOB:   DL #:

☐ DEFENDANT IS A MINOR

CHARGE: 1 OF 7  1A1338 CL  25 Y  $0.00  ATT-HOME INVASION
CHARGE: 2 OF 7  1 1420 CR3202 --Felony  25 Y  $0.00  ASSAULT-FIRST DEGREE

**Charges on continuation page.**

### THE COURT ON THE DATE SHOWN BELOW ---
☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
  ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
  ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
  ☐ REPRESENTED BY:
☐ DEFENDANT ADVISED OF RIGHTS AT    ☐ INITIAL APPEARANCE    ☐ PRELIMINARY INQUIRY
  ☐ REQUIRED DEFENDANT TO READ OR  ☐ READ TO DEFENDANT THE NOTICE OF ADVICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
  ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
  ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☐ HOLD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN THE SAME    ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☒ REVISED BAIL $_____.00    ☐ CASH (MAY BE POSTED BY THIRD PARTY)    ☐ FAILURE TO PAY SUPPORT, TO BE CASH,
  ☐ POSTED BY DEFEDANT ONLY    ☐ PCT____%    ☒ UNSECURED PERSONAL BOND $ 25 000 .00 /PTR
☐ REINSTATED BAIL $_____.00    POSTED ON ___/___/_____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR, AND
  ☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEP. OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
  ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM
  TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

☐ RIGHTS GIVEN BY VIDEO
☐ BAIL REVIEW POSTPONED

## IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL RELEASE AND 2) DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY:_____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO    ☐ PTSU    ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO    ☐ PTSU    ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☒ NO CONTACT WITH VICTIM(S)/STATE'S WITNESS(S)/CO-DEFENDANTS
☒ STAY AWAY FROM 5536 Madison St. Hyattsville MD
  ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
  ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION    ☐ OUT-PATIENT
☐ TRIAL SCHEDULED: DATE:_____ TIME:_____ LOC:_____ ROOM:_____
  ☐ BAIL REVIEW    ☐ PREL. INQUIRY    ☐ PREL. HEARING    ☐ TRIAL    ☐ VOP    ☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING    ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM    ☐ DRUG PROGRAM

**Prince George's/Washington County Only:**
☐ GPS TRACKING    ☐ $_____ FEE ASSESSED    ☐ FEE WAIVED
☒ OTHER: Not to own or possess any firearm of ammunition

Edna Yuleyssi Perez Morales and/or her entire family

Date 4/17/22      Judge      ID Number 9165



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 1E00721379

**STATE OF MARYLAND**      **VS.**      **LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD 20783-0000

CC#: 20-2462              SID: 0004177347
LID:                     DL#:
Race: 2   Sex: M   Ht: 5' 05"   Wt: 155   Hair: OTH  Eyes: BRN
DOB:              Home phone          Cellphone:

| Charge \| Statute \| AR/Citation \| CJISCode | Charge \| Statute \| AR/Citation \| CJISCode |
|---|---|
| ATT-HOME INVASION \| CL   \|   \| 1A1338 | FIREARM USE/FEL-VIOL CRIME \| CR 4 204 b \|   \| 1 5299 |
| RECKLESS ENDANGERMENT \| CR 3 204 (a)(1) \|   \| 1 1425 | REG FIREARM:ILLEGAL POSSESSION \| PS 5 133 (b) \|   \| 1 1106 |
| HANDGUN ON PERSON \| CR 4 203 \|   \| 1 5212 | |

## RELEASE FROM COMMITMENT

TO:  PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE      UPPER MARLBORO     20772

YOU ARE HEREBY COMMANDED to release the above-named Defendant
subject to the following condition(s)/restriction(s):

OR PR TO PTR
NO CONTACT W/EDNA YULEYSSI PEREZ OR HER
ENTIRE FAMILY/DO NOT RETURN TO 3536
MADISON ST HYATTSVILLE /NOT TO OWN/POSSESS
FIREARMS/AMMO

Unsecured Personal Bond in the amount of  $25,000.00 was posted by: DEFENDANT.

☐ Fine of $_____ , the payment of which was in default, has now been paid.

**NOTE: This release applies only to the case listed above.  Before release check for detainers.
If Defendant is committed for any other reason, hold Defendant pursuant to that commitment.**

Date: 06/17/2022  Time: 11:24 AM      Judge/Clerk: _____

### NOTICE TO DEFENDANT
**You are scheduled for a Trial/Hearing on 08/18/2022 at 8:45AM in Court Room 3**

**Tracking No:  211001246374**          CC-DC-CR-013(Rev. 06/15)          **DV**

Rev. 2/09                              **JA338**

,3015555551
**06/17/2022   09:38**

7:15 a.m.   06-17-2022   1/1
v. .l)   P.001/001



## DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 1E00721379

### STATE OF MARYLAND          VS.          LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD 20783-0000

**Hearing or Trial Date: 08/18/2022**
**at 08:45 AM in Courtroom 3**

CC#: 20-2462          SID: 0004177347
LID:                         DL#:
Race: 2   Sex: M   Ht: 5' 05"   Wt: 155   Hair: OTH   Eyes: BRN
DOB:          Home phone:          Cellphone:

Charge | Statute | AR/Citation | CJISCode
ATT-HOME INVASION | CL   | | 1A1338
RECKLESS ENDANGERMENT | CR 3 204 (a)(1) | | 1 1425
HANDGUN ON PERSON | CR 4 203 | | 1 5212

Charge | Statute | AR/Citation | CJISCode
FIREARM USE/FEL-VIOL CRIME | CR 4 204 b | | 1 5299
REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) | | 1 1106

## BAIL BOND

KNOW ALL PERSONS BY THESE PRESENTS:

That I/we, the undersigned, jointly and severally acknowledge that I/we, our personal representatives, successors, and assigns are held and firmly bound unto the State of Maryland in the penalty sum of $25,000.00
(Twenty Five Thousand Dollars)
without collateral security.

THE CONDITION OF THIS BOND IS that the Defendant personally appear, as required, in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which action may be transferred, removed, or, if from the District Court, appealed.

If, however, the Defendant fails to perform the foregoing condition, this bond shall be forfeited forthwith for payment of the above penalty sum in accordance with law.

IT IS AGREED AND UNDERSTOOD that this bond shall continue in full force and effect until discharged pursuant of Rule 4-217.

RELEASE CONDITIONS:
The Defendant above is subject to the following condition(s)/ restriction(s):
NO CONTACT W/DILSIA MORALES. STAY AWAY
FROM 3536 MADISON ST HYATTSVILLE MD
HAVE NO GUNS OR AMMO

IN WITNESS WHEREOF, these presents have been executed under seal this 17th day of June, 2022.

Defendant:_____ (SEAL)   Address:  5200 Flintridge Drive (SEAL)
                                                                    Defendant
Pers.Surety/Individual:_____ (SEAL)   Address:_____
                                                                    Surety
Surety/Ins:_____ (SEAL)   Address:_____
                                                                    Surety-Insurer
By Bondsman:_____ (SEAL)   Address:_____
                                                                    Power of Attorney No.
SIGNED, sealed, and acknowledged before me:
Date: 06/17/2022          Clerk:_____
                                    For Prince George's County          DV

**Tracking No. 211001246374**
CC-DC-CR-008 (Rev. 07/2017)                    **JA339**



# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 1E00721379

**STATE OF MARYLAND**        **VS.**        **LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD 20783-0000

**Hearing or Trial Date: 08/18/2022**
**at 08:45 AM in Courtroom 3**

CC#: 20-2462                    SID: 0004177347
LID:                            DL#:
Race: 2   Sex: M    Ht: 5' 05"   Wt: 155        Hair: OTH  Eyes: BRN
DOB:              Home phone:              Cellphone:

**Charge | Statute | AR/Citation | CJISCode**
ATT-HOME INVASION | CL   |  | 1A1338
RECKLESS ENDANGERMENT | CR 3 204 (a)(1) |  | 1 1425
HANDGUN ON PERSON | CR 4 203 |  | 1 5212

**Charge | Statute | AR/Citation | CJISCode**
FIREARM USE/FEL-VIOL CRIME | CR 4 204 b |  | 1 5299
REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) |  | 1 1106

## BAIL BOND

KNOW ALL PERSONS BY THESE PRESENTS:

That I/we, the undersigned, jointly and severally acknowledge that I/we, our personal representatives, successors, and assigns are held and firmly bound unto the State of Maryland in the penalty sum of $25,000.00
(Twenty Five Thousand Dollars)
without collateral security.

THE CONDITION OF THIS BOND IS that the Defendant personally appear, as required, in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which action may be transferred, removed, or, if from the District Court, appealed.

If, however, the Defendant fails to perform the foregoing condition, this bond shall be forfeited forthwith for payment of the above penalty sum in accordance with law.

IT IS AGREED AND UNDERSTOOD that this bond shall continue in full force and effect until discharged pursuant of Rule 4-217.

RELEASE CONDITIONS:
The Defendant above is subject to the following condition(s)/ restriction(s):
  NO CONTACT W/DILSIA MORALES. STAY AWAY
  FROM 3536 MADISON ST HYATTSVILLE MD
  HAVE NO GUNS OR AMMO

IN WITNESS WHEREOF, these presents have been executed under seal this 17th day of June, 2022.

Defendant:_____(SEAL)        Address:_____(SEAL)
                                                              Defendant
Pers.Surety/Individual:_____(SEAL)       Address:_____
                                                              Surety
Surety/Ins:_____(SEAL)          Address:_____
                                                              Surety-Insurer
By Bondsman:_____(SEAL)           Address:_____
                                                              Power of Attorney No.
  SIGNED, sealed, and acknowledged before me:
  Date: 06/17/2022                Clerk:_____
                                  For Prince George's County

**Tracking No. 211001246374**            **JA340**                          DV
CC-DC-CR-008 (Rev. 07/2017)





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772

Case No. 1E00721379

## STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

| | | | |
|---|---|---|---|
| CC #:20-2462 | | State ID:0004177347 | LocID: |
| Eyes: BRN | Hair: OTH | Height: 5'05" | Weight: 155 lb. |
| Race:2 | Sex:M   DOB: | DL #: | |

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Bail review was held by Judge PATRICE E. LEWIS and the Defendant is committed
In default of  $25,000.00 bail, unsecured personal bond required.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
OR PR TO PTR
NO CONTACT W/EDNA YULEYSSI PEREZ OR HER
ENTIRE FAMILY/DO NOT RETURN TO 3536
MADISON ST HYATTSVILLE /NOT TO OWN/POSSESS
FIREARMS/AMMO

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 08/18/2022 at 8:45 a.m. in Court Room 3   at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 06/17/2022  Time: 9:28 a.m.         JUDGE/CLERK

**Tracking No. 211001246374**

CC-DC-CR-028 (Rev. 07/2017)          **JA341**     Patrice E. Lewis, Judge





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772                    Case No. 1E00721379

**STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge PATRICE E. LEWIS on 06/17/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

Revised your bail:
Ordered that you be held in default of $25,000.00 bond, to be posted without collateral security (unsecured personal bond);

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
  OR PR TO PTR
  NO CONTACT W/EDNA YULEYSSI PEREZ OR HER
  ENTIRE FAMILY/DO NOT RETURN TO 3536
  MADISON ST HYATTSVILLE /NOT TO OWN/POSSESS
  FIREARMS/AMMO

YOU ARE SCHEDULED FOR TRIAL
  on 08/18/2022 at 08:45 a.m. in Room 3 at the District Court of Maryland for PRINCE GEORGE'S COUNTY located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD  20781.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner regarding the status of your Application.

PLEASE BE ADVISED THAT, IF RELEASED,

  1. you must follow all conditions of release and appear in court as directed;
  2. a warrant for your arrest will be issued if you violate the condition(s) of release; that if the recognizance or bail bond is forfeited and you willfully fail to surrender within 30 days following the forfeiture, you may be charged and fined not more than $5000.00 or imprisoned not more than 5 years or both, if given in connection with felony charge, or charged and fined not more than $1000.00 or imprisoned not more than 1 year or both, if given in connection with a misdemeanor charge; that you may be cited for contempt of court;
  3. you must notify the court in writing of any change of address or telephone number.

06/17/2022  9:28 a.m.  Room: 5

_____     _____
                  Defendant Signature              Date

**Tracking No.  211001246374**               **JA342**




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 1E00721379
Tracking No. 211001246374

## BAIL REVIEW DOCKET

### STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL

**LAGUAN-SALINAS, ELMER URIEL** CC #:20-2462
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

Eyes: BRN   Hair: OTH   Height: 5'05"
Race: 2   Sex: M   DOB:

State ID: 0004177347   LocID:
Weight: 155 lb.
DL #:
☐ DEFENDANT IS A MINOR

CHARGE: 1 OF 6  1A1338 CL  25 Y  $0.00  ATT-HOME INVASION
CHARGE: 2 OF 6  1 5299 CR4204b  20 Y  $0.00  FIREARM USE/FEL-VIOL CRIME

#### Charges on continuation page.

**THE COURT ON THE DATE SHOWN BELOW ---**

☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT          ☐ RIGHTS GIVEN BY VIDEO
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL   ☐ BAIL REVIEW POSTPONED
　☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
　☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
☒ REPRESENTED BY: PD
☐ DEFENDANT ADVISED OF RIGHTS AT   ☐ INITIAL APPEARANCE   ☐ PRELIMINARY INQUIRY
　☐ REQUIRED DEFENDANT TO READ OR   ☐ READ TO DEFENDANT THE NOTICE OF ADVICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
　☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
　☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☒ HOLD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN THE SAME   ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $_____ .00   ☐ CASH (MAY BE POSTED BY THIRD PARTY)   ☐ FAILURE TO PAY SUPPORT, TO BE CASH.
　POSTED BY DEFEDANT ONLY   ☐ PCT ____ %   ☐ UNSECURED PERSONAL BOND $_____ .00
☐ REINSTATED BAIL $_____ .00   POSTED ON ___/___/_____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR, AND
　☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEP. OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
　☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM
　TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

## IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
　RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY:_____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO   ☐ PTSU   ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO   ☐ PTSU   ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☒ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS ＞
☒ STAY AWAY FROM   LOT
　☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
　☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION   ☐ OUT-PATIENT
☐ TRIAL SCHEDULED: DATE:_____ TIME:_____ LOC:_____ ROOM:_____
　☐ BAIL REVIEW   ☐ PREL. INQUIRY   ☐ PREL. HEARING   ☐ TRIAL   ☐ VOP   ☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING   ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM   ☐ DRUG PROGRAM
　**Prince George's/Washington County Only:**
☐ GPS TRACKING   ☐ $_____ FEE ASSESSED   ☐ FEE WAIVED
☒ OTHER: No gun   No ammo

_____

| | | |
|---|---|---|
| 5/12/22 | | |
| Date | Judge | ID Number |



# DISTRICT COURT OF MARYLAND FOR Prince George's County

## LAGUAN-SALINAS, ELMER URIEL

Case No. 1E00721379

5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD 20783-0000

Sex: M   Ht: 5' 05"   Wt: 155   Race: 2      Eyes: BRN   Hair: OTH
DOB: ▓▓▓▓▓   Home phone: ▓▓▓▓▓   Cellphone:
CC#: 20-2462   LID:   SID: 0004177347
DL#:

☐ DEFENDANT IS A MINOR

CHARGE 001 OF 7   1A1338  CL   25  Y   ATT-HOME INVASION
CHARGE 002 OF 7   1 1420  CR3202  --Felony25  Y   ASSAULT-FIRST DEGREE
CHARGE 003 OF 7   1 5299  CR4204b  20  Y   FIREARM USE/FEL-VIOL CRIME
CHARGE 004 OF 7   1 1609  PS5133c  --Felony15  Y   FIREARM POSS W/FEL CONVICT
CHARGE 005 OF 7   1 1425  CR3204(a)(1)  5  Y &/or $5,000.00  RECKLESS ENDANGERMENT
CHARGE 006 OF 7   1 1106  PS5133(b)  5  Y &/or $10,000.00  REG FIREARM:ILLEGAL POSSESSION
CHARGE 007 OF 7   1 5212  CR4203  3  Y &/or $2,500.00  HANDGUN ON PERSON

TBD  5/12/22  @1015

☐ PRELIMINARY HEARING WAIVED

**THE COURT ON THE DATE SHOWN BELOW ---** _Jenkroff_ / OPD
☑ DETERMINED DEFENSE REPRESENTATION: _____
☑ FOUND PROBABLE CAUSE      ☐ CONTINUED THE CASE
☐ DISMISSED THE FELONY CHARGE      ☑ DISMISSED ALL CHARGES _Count_ #2
☐ ORDERED MISDEMEANOR CHARGES SCHEDULED FOR TRIAL
☐ CONTINUED RECOGNIZANCE      ☐ CONTINUED BAIL      ☐ FORWARDED TO CIRCUIT COURT
☐ REVISED BAIL: $ _____
☐ DEFENDANT IS A MINOR, AND
   ☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE
     CAPACITY TO HOLD DEFENDANT.
   ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL
     POSE A RISK OF HARM TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

IMPOSED THE FOLLOWING RESTRICTION ON THE DEFENDANT:

   ☐ NO CONTACT WITH VICTIM/COMPLAINANT
   ☐ NO RETURN TO MARITAL HOME
   ☐ PRE-TRIAL SUPERVISION
   ☐ ALCOHOL SCREENING
   ☐ ALCOHOL PROGRAM
   ☐ OTHER: _____

☐ COMMITTED IN DEFAULT OF BOND

_4/15/22_
_____
Date

_____
Judge

_____
ID Number

**THE STATE'S ATTORNEY ---**
   ☐ FILED AN INDICTMENT      ☐ FILED AN INFORMATION
   ☑ ENTERED A NOLLE PROSEQUI — ct 4
   ☐ AMENDED THE ORIGINAL FELONY CHARGE(S) TO MISDEMEANOR(S)
      CHARGE SEQUENCE NUMBER(S): _____
   ☐ AND FILED NEW CHARGING DOCUMENT IN DISTRICT COURT
      MDCCS CODES REFLECTING NEW CHARGES

_5/12/22_
_____
Date

_____
Judge

_____
ID Number

Tracking No. 211001246374

DC-CR-DOC-003 FELONY DOCKET (Rev. 07/2016)

**FELONY DOCKET**
**JA344**

D'





# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772                              Case No. 1E00721379

### STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

CC #:20-2462            State ID:0004177347        LocID:
Eyes: BRN        Hair: OTH        Height: 5'05"        Weight: 155 lb.
Race:2        Sex:M        DOB:████████        DL #:

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
NP | FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

**Charge | Statute | AR/Citation**
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Trial/Hearing was held by Judge JOHN ANTHONY BIELEC and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
NO CONTACT W/DILSIA MORALES. STAY AWAY
FROM 3536 MADISON ST HYATTSVILLE MD
HAVE NO GUNS OR AMMO

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 08/18/2022 at 8:45 a.m. in Court Room 3 at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 05/12/2022  Time: 10:47 a.m.        JUDGE/CLERK: _____

**Tracking No. 211001246374**            **JA345**        Judge John Bielec





## DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 1E00721379

### STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

| | | | |
|---|---|---|---|
| CC #:20-2462 | | State ID:0004177347 | LocID: |
| Eyes: BRN | Hair: OTH | Height: 5'05" | Weight: 155 lb. |
| Race:2 | Sex:M      DOB: ▮▮▮▮▮▮ | DL #: | |

| Charge \| Statute \| AR/Citation | Charge \| Statute \| AR/Citation |
|---|---|
| ATT-HOME INVASION \| 1A1338 CL \| | DISM \| ASSAULT-FIRST DEGREE \| 1 1420 CR3202 \| |
| FIREARM USE/FEL-VIOL CRIME \| 1 5299 CR4204b \| | FIREARM POSS W/FEL CONVICT \| 1 1609 PS5133c \| |
| RECKLESS ENDANGERMENT \| 1 1425 CR3204(a)(1) \| | REG FIREARM:ILLEGAL POSSESSION \| 1 1106 PS5133(b) \| |
| HANDGUN ON PERSON \| 1 5212 CR4203 \| | |

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER
   13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Trial/Hearing was held by Judge SCOTT MICHAEL CARRINGTON and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR LEVEL #4
PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
STATE'S WITNESSES/STAY AWY FROM VICTIMS
RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 05/12/2022 at 10:15 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUN'
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 04/15/2022   Time: 10:13 a.m.          JUDGE/CLERK: _____

**Tracking No. 211001246374**                        **JA346**   Judge Scott Carrington
CC-DC-CR-028 (Rev. 07/2017)




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 1E00721379

## STATE OF MARYLAND  VS.  LAGUAN-SALINAS, ELMER URIEL
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

CC #:20-2462                          State ID: 0004177347          LocID:
Eyes: BRN          Hair: OTH          Height: 5'05"          Weight: 155 lb.
Race:2          Sex:M          DOB          DL #:

**Charge | Statute | AR/Citation**
ATT-HOME INVASION | 1A1338 CL |
FIREARM USE/FEL-VIOL CRIME | 1 5299 CR4204b |
RECKLESS ENDANGERMENT | 1 1425 CR3204(a)(1) |
HANDGUN ON PERSON | 1 5212 CR4203 |

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |
FIREARM POSS W/FEL CONVICT | 1 1609 PS5133c |
REG FIREARM:ILLEGAL POSSESSION | 1 1106 PS5133(b) |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Bail review was held by Judge STACEY MARIA COBB SMITH and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):
OR PR TO PTR LEVEL #4
PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
STATE'S WITNESSES/STAY AWY FROM VICTIMS
RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing
on 04/15/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 03/17/2022  Time: 2:00 p.m.          JUDGE/CLERK: _____

**Tracking No. 211001246374**          **JA347**          Judge Stacey M. Cobb Smith





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 1E00721379

**STATE OF MARYLAND VS. LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE MD 207830000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge STACEY MARIA COBB SMITH on 03/17/2022.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
OR PR TO PTR LEVEL #4
PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
STATE'S WITNESSES/STAY AWY FROM VICTIMS
RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
on 04/15/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

03/17/2022   2:00 p.m.   Room: 5

_____          _____
Defendant Signature                    Date

**JA348**





**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 1E00721375

**STATE OF MARYLAND**　　　**VS.**　　**LAGUAN-SALINAS, ELMER URIEL**
5200 FLINTRIDGE DRIVE
HYATTSVILLE, MD, 20783

CC#: 20-2462　　　　　　　SID: 0004177347
LID:　　　　　　　　　　　DL#:
Race: 2　Sex: M　　Ht: 5' 05"　　Wt: 155　　　　Hair: OTH　Eyes: BRN
DOB: 11/17/1991　　Home phone: ▓▓▓▓▓▓▓▓▓　Cellphone:

Charge | Statute | AR/Citation | CJISCode
ATT-HOME INVASION | CL　| | 1A1338
FIREARM USE/FEL-VIOL CRIME | CR 4 204 b | | 1 5299
RECKLESS ENDANGERMENT | CR 3 204 (a)(1) | | 1 1425
HANDGUN ON PERSON | CR 4 203 | | 1 5212

Charge | Statute | AR/Citation | CJISCode
ASSAULT-FIRST DEGREE | CR 3 202 | | 1 1420
FIREARM POSS W/FEL CONVICT | PS 5 133 c | | 1 1609
REG FIREARM:ILLEGAL POSSESSION | PS 5 133 (b) | | 1 1106

# COMMITMENT PENDING HEARING
☐ Civil　　　☐ Criminal　　　☐ Traffic　　　☐ Domestic Violence

TO:  PRINCE GEORGES COUNTY CORRECTIONAL CENTER
　　　13400 DILLE DRIVE　　　UPPER MARLBORO　　20772
　　YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):

Not engage in criminal activity.Appear in
court.Not intimidate DILSIA MIGDALIA MORAL
ESNot contact or harass DILSIA MIGDALIA MO
RALES.Not enter or be near 3536 MADISON ST
, HYATTSVILLE MD.Not own/possess weapons.

### YOU ARE FURTHER COMMANDED to:

**Produce the Defendant for Bail Review: on 03/17/2022 at 1:15PM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

**Produce the Defendant for Trial/Hearing: on 04/15/2022 at 8:45AM in Court Room 261**
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Felicia Trenard #5219

Date: 03/16/2022　　　Time:  3:51 AM　　　Commissioner:_____　ID:   5219

☐ Bail Review was held on_____　　by Judge_____　and Defendant
　　is commited in default of $_____　**JA349**
　　　　　　　　　　　　　　　　　　　　　bail (_____ % Acceptable).

**TRIAL DATE: 05/12/22**

**ROOM: 261**

04/28/22                          DISTRICT COURT CRIMINAL SUMMARY SHEET                          0502

DEFENDANT: LAGUAN-SALINAS, ELMER URIEL                                              PAGE    1

          5200 FLINTRIDGE DRIVE
          HYATTSVILLE          MD 20783                    CASE NUMBER: 1E00721379


---------------------------------------------      ---------------------------------------------
                  DEFENSE ATTORNEY
---------------------------------------------      ---------------------------------------------
PRYCE, MELISSA                PUBLIC DEFENDER
DISTRICT PUBLIC DEFENDER
14735 MAIN ST., ROOM 272B
UPPER MARLBORO       MD 20772

STUART, CHRISTOPHER           PUBLIC DEFENDER
DISTRICT PUBLIC DEFENDER
14735 MAIN ST., ROOM 272B
UPPER MARLBORO       MD 20772


---------------------------------------------      ---------------------------------------------
              WITNESSES                                          POSTPONEMENTS
---------------------------------------------      ---------------------------------------------
HERNANDEZ, PVT          COM POL OFCR NOTIFIED    04/15/22  E;PROBABLE CAUSE FOUND


-------------------------------------------------------------------------------------------------
                                  CHARGE INFORMATION
-------------------------------------------------------------------------------------------------
001 ATT-HOME INVASION                 1A1338
002 ASSAULT-FIRST DEGREE              1 1420
VERDICT: DISMISSED        DATE: 04/15/22   SENTENCE:                PROBATION ENDS:
FINE:            SUSP FINE:              SUSP SENT:                     ACS HOURS:
COST:            SUSP COST:              SENT BEGINS:
CICF:            SUSP CICF:              CREDIT TIME SERVED:
RESTITUTION:

003 FIREARM USE/FEL-VIOL CRIME        1 5299
004 FIREARM POSS W/FEL CONVICT        1 1609
005 RECKLESS ENDANGERMENT             1 1425
006 REG FIREARM:ILLEGAL POSSESSION    1 1106
007 HANDGUN ON PERSON                 1 5212


-------------------------------------------------------------------------------------------------
                                  HISTORY OF CASE
-------------------------------------------------------------------------------------------------
07/09/21    210709;ZP  16  ;1;ARR;D21009518-5
03/16/22    220316;D21009518-5;
03/16/22    INITIAL APPEARANCE      00000000.00 HWOB REQUIRED BOND:    100%
03/16/22    T;CAA APPEARANCE SUBMITTED BY TELECOM
03/16/22    R;CAA WARBY              PRSN REMOTE
03/16/22    20220415;0845A;261;R
03/16/22    1418 RUATAN STREET
03/16/22    HYATTSVILLE       MD207830000  **JA350**

```
                                                        TRIAL DATE: 05/12/22
ROOM: 261

04/28/22                    DISTRICT COURT CRIMINAL SUMMARY SHEET                0502

DEFENDANT: LAGUAN-SALINAS, ELMER URIEL              *CONTINUED*          PAGE   2

           5200 FLINTRIDGE DRIVE
           HYATTSVILLE          MD 20783            CASE NUMBER: 1E00721379


----------------------------------------------------------------------------------
                                  HISTORY OF CASE
----------------------------------------------------------------------------------
03/16/22    PUBLIC DEFENDER ELIGIBLE
03/17/22    BAIL REVIEW              00000000.00 HWOB REQUIRED BOND:     100%
03/17/22    DEFENDANT COMMITTED;220317;PGD;
04/15/22    TRIAL KEYPOINT 09:36:38   REEL 999999
04/15/22    TRIAL KEYPOINT 09:39:15   REEL 999999
04/15/22    20220512;1015A;261;
04/15/22    DEFENDANT COMMITTED;220415;PGD
04/15/22    OR PR TO PTR LEVEL #4
04/15/22    PTSU TO VERIFY ADDRESS BEFORE RELEASE AND
04/15/22    LIVE AT ADDRESS/NO CONTACT W/ VICTIMS OR
04/15/22    STATE'S WITNESSES/STAY AWY FROM VICTIMS
04/15/22    RESIDENCE/NO WEAPONS/FIREARMS/AMMO/CDS
04/15/22    CHARGE DISPS DATE 22/04/15 BY JUDGE OCB
```

# EXHIBIT I

**TRIAL DATE: 04/05/22**

**ROOM: 3**

03/22/22                    DISTRICT COURT CRIMINAL SUMMARY SHEET                    0501

DEFENDANT: WORTHINGTON, ADRIENNE MICHELLE                                    PAGE    1

      664 PALMERTON TER
      HYATTSVILLE          MD 20785                    CASE NUMBER: 5E00705808

------------------------------------------          -----------------------------------------------
         DEFENSE ATTORNEY
------------------------------------------          -----------------------------------------------
 DEFENDER, PUBLIC          PUBLIC DEFENDER

 4990 RHODE ISL AVE RM 345
 HYATTSVILLE          MD 20781

 NAJHRAM, CINDY          PUBLIC DEFENDER
 DISTRICT PUBLIC DEFENDER
 14735 MAIN ST., ROOM 272B
 UPPER MARLBORO          MD 20772

 PRYCE, MELISSA          PUBLIC DEFENDER

 14735 MAIN STREET, STE 272B
 UPPER MARLBORO          MD 20772

------------------------------------------          -----------------------------------------------
       WITNESSES                                    POSTPONEMENTS
------------------------------------------          -----------------------------------------------
 CANADY, OFFR          COM POL OFCR NOTIFIED          01/24/22  G;FELONY CHG NOLLE PROS
 HERNANDEZ, CPL          WIT POL OFCR NOTIFIED          04/05/22  G;BOND HEARING HELD
 HARGROVE, DEPUTY          WIT POL OFCR NOTIFIED
 BARNES, DEPUTY          WIT POL OFCR NOTIFIED
 CANADY, OFFC          WIT POL OFCR NOTIFIED

---------------------------------------------------------------------------------------------------
             CHARGE INFORMATION
---------------------------------------------------------------------------------------------------
001 ASSAULT-FIRST DEGREE              1 1420
VERDICT: NOLLE PROSEQUI   DATE: 01/24/22   SENTENCE:                    PROBATION ENDS:
FINE:          SUSP FINE:          SUSP SENT:                    ACS HOURS:
COST:          SUSP COST:          SENT BEGINS:
CICF:          SUSP CICF:          CREDIT TIME SERVED:
RESTITUTION:

002 ASSAULT-SEC DEGREE              1 1415

---------------------------------------------------------------------------------------------------
             HISTORY OF CASE
---------------------------------------------------------------------------------------------------
12/24/21    SC   ISSUED 211224
12/24/21    INITIAL APPEARANCE          00000000.00 HWOB REQUIRED BOND:          100%
12/24/21    DEFENDANT WAIVED ATTORNEY AT IA
12/24/21    20220124;0845A;261;R
12/24/21    667 PALMERTON TER                    **JA353**

ROOM: 3                                                TRIAL DATE: 04/05/22

03/22/22              DISTRICT COURT CRIMINAL SUMMARY SHEET                0501

DEFENDANT: WORTHINGTON, ADRIENNE MICHELLE          *CONTINUED*        PAGE   2

          664 PALMERTON TER
          HYATTSVILLE        MD 20785          CASE NUMBER: 5E00705808


------------------------------------------------------------------------------
                              HISTORY OF CASE
------------------------------------------------------------------------------
12/24/21    HYATTSVILLE        MD207850000
12/24/21    DEFENDANT COMMITTED;211224;PGD
12/25/21    PUBLIC DEFENDER ELIGIBLE
12/27/21    TRIAL KEYPOINT 13:35:30   REEL 999999
12/27/21    BAIL REVIEW            00000000.00 HWOB REQUIRED BOND:    100%
12/27/21    DEFENDANT COMMITTED;211227;PGD;
12/28/21    TRIAL KEYPOINT 13:27:09   REEL 999999
12/28/21    TRIAL KEYPOINT 13:37:38   REEL 999999
12/28/21    BAIL REVIEW            00000000.00 HWOB REQUIRED BOND:    100%
12/28/21    DEFENDANT COMMITTED;211228;PGD;
12/30/21    MOTN FOR BOND REVIEW HEARING FILED BY APD/
12/30/21    ..CASE FWD TO JUDGE BIELEC
01/24/22    TRIAL KEYPOINT 10:08:34   REEL 999999
01/24/22    DEFENDANT COMMITTED;220124;PGD
01/31/22    20220405;0845A;3  ;
02/07/22    APD ATTY FILES MTN TO REV BOND/FWD FILE
02/07/22    ..TO JUDGE BIELEC
02/09/22    TRIAL KEYPOINT 10:12:52   REEL 999999
02/09/22    20220405;0845A;3  ;
02/09/22    BAIL REVIEW            00015000.00 HDOB REQUIRED BOND: UPB  100% UPB
02/09/22    DEFENDANT COMMITTED;220209;PGD
02/09/22    220209;00015000.00;UPB ;       ;  ;100
02/09/22    DEF OUT, NEEDS TO COME TO 170B TO SIGN UPB
02/09/22    PAPERWORK AND RELS NEEDS TO BE DONE.
02/09/22    DEFENDANT RELEASED FROM COMMITMENT




# DISTRICT COURT OF MARYLAND FOR Prince George's County

## WORTHINGTON, ADRIENNE MICHELLE

Case No. 5E00705808

664 PALMERTON TER
HYATTSVILLE, MD 20785-0000

Sex: M   Ht: 5' 08"   Wt: 225   Race: I   Eyes: BRN   Hair: BLK
DOB: _____   Home phone: _____ Cellphone: _____
CC#: 21-0059714   LID: X0893683   SID: 0002709985
DL#: _____   ☐ DEFENDANT IS A MINOR

CHARGE 002 OF 1   1 1415   CR3203   10   Y &/or $2,500.00   ASSAULT-SEC DEGREE

## THE COURT ON THE DATE SHOWN BELOW ---

☐ RIGHTS GIVEN BY VIDEO

☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
  ☐ BAIL REVIEW POSTPONED
  ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
  ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
  ☐ REPRESENTED BY: _____
☐ DEFENDANT ADVISED OF RIGHT AT    ☐ INITIAL APPEARANCE    ☐ PRELIMINARY INQUIRY
☐ REQUIRED DEFENDANT TO READ OR ☐ READ TO DEFENDANT THE NOTICE OF RIGHTS TO COUNSEL
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
  ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
  ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☐ HOLD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN SAME    ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $ _____ .00    ☐ CASH (MAY BE POSTED BY THIRD PARTY)    ☐ FAILURE TO PAY SUPPORT, TO BE CASH,
  POSTED BY DEFENDANT ONLY    ☐ PCT___%    ☒ UNSECURED PERSONAL BOND $ 15,000 .00
☐ REINSTATED BAIL $ _____ .00   POSTED ON ___ / ___ / ___
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR AND
  ☐ SHALL BE HELD IN A SECURE JUVENILE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
  ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM TO THE MINOR DEFENDANT
  OR OTHERS FOR THE FOLLOWING REASONS: _____

## IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
  RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY: _____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO    ☐ PTSU    ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO    ☐ PTSU    ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY    _Keon Mathias_
☒ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS
☒ STAY AWAY FROM _Mr Mathias residence & place of employment_
  ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO _____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM _____
  ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION    ☐ OUT-PATIENT
TRIAL SCHEDULED:   DATE: _____   TIME: _____   LOC: _____   ROOM: _____
  ☐ BAIL REVIEW    ☐ PREL. INQUIRY    ☐ PREL.HEARING    ☐ TRIAL    ☐ VOP    ☐ SENTENCING
☐ PLACED IN CUSTODY OF _____
☐ PRE-TRIAL SUPERVISION BY _____
☐ ALCOHOL SCREENING    ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM    ☐ DRUG PROGRAM

**Prince George's County Only:**
☐ GPS TRACKING: ___ ☐ $ ___ FFF ASSESSED    ☐ FEE WAIVED
☒ OTHER: _Def. required to live @ Restore Community Development Corp._
_4818 St Barnabas R, Temple Hills MD_

Date: 2-9-2022
Judge: _____   ID Number: 905

Tracking No. 180001550304
DC-BR-DOC-001 BAIL REVIEW DOCKET (Rev. 11/2017)

# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 5E0070S

**STATE OF MARYLAND**    **VS.**    **WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE, MD 20785-0000

CC#: 21-0059714          SID: 0002709985
LID: X0893683            DL#:
Race: 1   Sex: M    Ht: 5' 08"    Wt: 225    Hair: BLK  Eyes: BRN
DOB:              Home phone:            Cellphone:

Charge | Statute | AR/Citation | CJISCode
ASSAULT-SEC DEGREE | CR 3 203 | | 1 1415

Charge | Statute | AR/Citation | CJISCode



*Def to come in + sign UPB + Supervisor needs to do release + fax both to Jail Records 301-952-7159 Thanks, Lori*

## RELEASE FROM COMMITMI

TO:  PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE      UPPER MARLBORO    20772

YOU ARE HEREBY COMMANDED to release the above-named Defendant
subject to the following condition(s)/restriction(s):

NO CONTACT W/ KEON MATHIAS
STAY AWAY FRM MR.MATHIAS'S RESIDEN/PLACE
OF EMPLYMNT/DEF REQUIRED TO LIVE AT
RISTORE COMMUNITY DEVELOPMENT CORP. 4818
ST.BARNABAS RD, TEMPLE HILLS,MD

Unsecured Personal Bond in the amount of $15,000.00 was posted by: _____

☐ Fine of $_____ , the payment of which was in default, has now been paid.

**NOTE: This release applies only to the case listed above.  Before release check for detainers.
If Defendant is committed for any other reason, hold Defendant pursuant to that commitment.**

Date: 02/09/2022  Time: 1:24 PM       Judge/Clerk: _Robert Prender_

### NOTICE TO DEFENDANT
**You are scheduled for a Trial/Hearing on 04/05/2022 at 8:45AM in Court Room 3**

Tracking No:  180001550304          CC-DC-CR-013(Rev. 06/15)

Rev. 2/09                           **JA356**



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at 4990 Rhode Island Ave., Hyattsville, Maryland 20781

Case No. 5E0070580:

**STATE OF MARYLAND**   **VS.**   **WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE, MD 20785-0000

**Hearing or Trial Date: 04/05/2022**
**at 08:45 AM in Courtroom 3**

CC#: 21-0059714          SID: 0002709985
LID: X0893683            DL#:
Race: I   Sex: M    Ht: 5' 08"   Wt: 225       Hair: BLK  Eyes: BRN
DOB:                Home phone:               Cellphone:

Charge | Statute | AR/Citation | CJISCode
ASSAULT-SEC DEGREE | CR 3 203 | | 1 1415

Charge | Statute | AR/Citation | CJISCode

## BAIL BOND

KNOW ALL PERSONS BY THESE PRESENTS:
    That I/we, the undersigned, jointly and severally acknowledge that I/we, our personal representatives, successors, and assigns are held and firmly bound unto the State of Maryland in the penalty sum of $15,000.00
(Fifteen Thousand Dollars)
without collateral security.


    THE CONDITION OF THIS BOND IS that the Defendant personally appear, as required, in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which action may be transferred, removed, or, if from the District Court, appealed.
    If, however, the Defendant fails to perform the foregoing condition, this bond shall be forfeited forthwith for payment of the above penalty sum in accordance with law.
    IT IS AGREED AND UNDERSTOOD that this bond shall continue in full force and effect until discharged pursuant of Rule 4-217.


RELEASE CONDITIONS:
The Defendant above is subject to the following condition(s)/ restriction(s):
NO CONTACT W/ KEON MATHIAS
STAY AWAY FRM MR.MATHIAS'S RESIDEN/PLACE
OF EMPLYMNT/DEF REQUIRED TO LIVE AT
RISTORE COMMUNITY DEVELOPMENT CORP. 4818
ST.BARNABAS RD, TEMPLE HILLS,MD

IN WITNESS WHEREOF, these presents have been executed under seal this 09th day of February, 2022.
Defendant: _____ (SEAL)   Address: _____ (SEAL)
                                                              Defendant
Pers.Surety/Individual: _____ (SEAL)   Address: _____
                                                              Surety
Surety/Ins: _____ (SEAL)   Address: _____
                                                              Surety-Insurer
By Bondsman: _____ (SEAL)   Address: _____
                                                              Power of Attorney No.

    SIGNED, sealed, and acknowledged before me:
Date: 02/09/2022                          Clerk: _Robert Prender_
                                          For Prince George's County

**Tracking No. 180001550304**
CC-DC-CR-008 (Rev. 07/2017)

**JA357**

 

**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772          Case No. 5E00705808

**STATE OF MARYLAND VS. WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE MD 207850000

CC #:21-0059714                     State ID: 0002709985          LocID: X0893683
Eyes: BRN          Hair: BLK          Height: 5'08"          Weight: 225 lb.
Race: 1          Sex: M          DOB:          DL #:

Charge | Statute | AR/Citation
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

Charge | Statute | AR/Citation

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Trial/Hearing was held by Judge ROBERT WILSON HEFFRON and the Defendant is committed
In default of $15,000.00 bail, unsecured personal bond required.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
NO CONTACT W/ KEON MATHIAS
STAY AWAY FRM MR.MATHIAS'S RESIDEN/PLACE
OF EMPLYMNT/DEF REQUIRED TO LIVE AT
RISTORE COMMUNITY DEVELOPMENT CORP. 4818
ST.BARNABAS RD, TEMPLE HILLS,MD

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 04/05/2022 at 8:45 a.m. in Court Room 3   at the District Court of Maryland For PRINCE GEORGE'S COUNTY
located at 4990 RHODE ISLAND AVE, HYATTSVILLE, MD 20781

Date: 02/09/2022  Time: 10:35 a.m.          JUDGE:

**Tracking No. 180001550304**
CC-DC-CR-028 (Rev. 07/2017)

Robert W. Heffron

**JA358**

☐ CIRCUIT COURT ☒ DISTRICT COURT OF MARYLAND FOR Prince George's County
City/County

Located at 4900 Rhode Island Ave, Hyattsville, MD    Case No. 5E00705808
Court Address

Tracking No.: 180001550304 _____ Associated Case No.: _____

STATE OF MARYLAND                    vs.    Worthington, Adrienne Michelle
                                            Defendant
AMEND                                       664 Palmerton Terr
                                            Address
                                            Hyattsville, MD 20785
                                            City, State, Zip                    Telephone

DOB: ▆▆▆▆▆▆   INMATE ID #: _____   FBI #: _____   SID #: 0002709985

## COMMITMENT PENDING HEARING
☐ CIVIL ☒ CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE

TO: _____ , Prince George's County Detention Center
         Title                              Facility

YOU ARE HEREBY COMMANDED to receive from any officer the body of _____ ,
                                                                    Name
Charges are listed below.

| Charge | CJIS | Disposition | Charge | CJIS | Disposition |
|--------|------|-------------|--------|------|-------------|
| ASSAULT-SEC DEGREE | | | | | |
| | | | | | |
| | | | | | |

☐ Bond is set at $ _____ (_____ % acceptable). (☐ Secured ☐ Unsecured)
☐ Bail review was held and the bond is set at $ _____ (_____ % acceptable).
   (☐ Secured ☐ Unsecured)
☐ In default of $ _____ bail (_____ % acceptable).
☐ Bail review was held by Judge _____ and above named individual is
   committed in default of $ _____ bail (_____ % acceptable).
☐ Having been surrendered by bondsman, bond of $ _____ to continue.
☒ Hold without bond.
☒ Special Conditions: PR to PTR option, No Contact w/ Victims/ State's Witnesses/ Co-Defendants;
   Keon Mathias; No CDS, Weapons, Firearms, Ammo.
   _____

☐ Other: _____

YOU ARE FURTHER COMMANDED to:
☐ Transfer above named individual to the jail or detention center in _____
   County/City. If the above named individual has not been transferred prior to the next session of court, and
   has not had a bail review, he is to be brought before the court in your county for bail review.

☐ Produce the above named individual for further review before a judicial officer at the Court and address below:
   _____

   within ☐ 30 days from date of arrest ☐ 60 days from second commitment if before that time the above named
   individual has not posted the bail or been arrested on a warrant of the Governor or Maryland on a requisition of
   the executive authority of the State of _____ . Pending hearing date: _____ .

☒ Produce the above named individual for court appearance at the Court and address below:
   District Court/ 4900 Rhode Island Ave, Hyattsville, MD 20781

   whenever notified for: TRIAL/ 4-5-2022 HY3 _____ . Pending court appearance is
   set for: 4/5/2022    at 8:45am
           Date            Time

_____ 02/01/2022 _____   _____   _____
         Date                 Clerk/Judge/Commissioner          ID Number

CC-DC-CR-012 (Rev. 07/2017)

**JA359**





# DISTRICT COURT OF MARYLAND FOR Prince George's County

## WORTHINGTON, ADRIENNE MICHELLE

Case No. 5E00705808

664 PALMERTON TER
HYATTSVILLE, MD 20785-0000

Sex: M   Ht: 5' 08"   Wt: 225   Race: 1   Eyes: BRN   Hair: BLK
DOB: 09/05/1967   Home phone: 202-556-5251   Cellphone:
CC#: 21-0059714   LID: X0893683   SID: 0002709985
DL#:

☐ DEFENDANT IS A MINOR

CHARGE 001 OF 2   1 1420   CR3202  --Felony25  Y   ASSAULT-FIRST DEGREE
CHARGE 002 OF 2   1 1415   CR3203   10  Y &/or $2,500.00   ASSAULT-SEC DEGREE

☐ PRELIMINARY HEARING WAIVED

### THE COURT ON THE DATE SHOWN BELOW ---

☑ DETERMINED DEFENSE REPRESENTATION: _Cindy Najhran_, ☐VD

☐ FOUND PROBABLE CAUSE      ☐ CONTINUED THE CASE
    ☐ DISMISSED THE FELONY CHARGE      ☐ DISMISSED ALL CHARGES
☐ ORDERED MISDEMEANOR CHARGES SCHEDULED FOR TRIAL
☐ CONTINUED RECOGNIZANCE      ☐ CONTINUED BAIL      ☐ FORWARDED TO CIRCUIT COURT
☐ REVISED BAIL: $ _____
☐ DEFENDANT IS A MINOR, AND
    ☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE
        CAPACITY TO HOLD DEFENDANT.
    ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL
        POSE A RISK OF HARM TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

IMPOSED THE FOLLOWING RESTRICTION ON THE DEFENDANT:

    ☐ NO CONTACT WITH VICTIM/COMPLAINANT
    ☐ NO RETURN TO MARITAL HOME
    ☐ PRE-TRIAL SUPERVISION
    ☐ ALCOHOL SCREENING
    ☐ ALCOHOL PROGRAM
    ☑ OTHER: _No CDS, Weapons, firearms, ammunition_

☐ COMMITTED IN DEFAULT OF BOND

_1/24/22_

Date

_____    Judge                    _____    ID Number

### THE STATE'S ATTORNEY ---

    ☐ FILED AN INDICTMENT      ☐ FILED AN INFORMATION
    ☑ ENTERED A NOLLE PROSEQUI  &/
    ☐ AMENDED THE ORIGINAL FELONY CHARGE(S) TO MISDEMEANOR(S)
        CHARGE SEQUENCE NUMBER(S): _____
    ☐ AND FILED NEW CHARGING DOCUMENT IN DISTRICT COURT
        MDCCS CODES REFLECTING NEW CHARGES

_1/24/22_

Date

_____    Judge                    _____    ID Number

**Tracking No. 180001550304**

DC-CR-DOC-003 FELONY DOCKET (Rev. 07/2016)

### FELONY DOCKET
**JA360**




# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
Located at COURTHOUSE, 14735 MAIN ST.; UPPER MARLBORO, MD 20772

Case No. 5E00705808

Tracking No. 180001550304

## BAIL REVIEW DOCKET
### STATE OF MARYLAND VS. WORTHINGTON, ADRIENNE MICHELLE

**WORTHINGTON, ADRIENNE MICHELLE** CR-0059714     State ID: 0002709985     LocID: X0893683

664 PALMERTON TER

HYATTSVILLE MD 207850000

Eyes: BRN     Hair: BLK     Height: 5'08"     Weight: 225 lb.

Race: I     Sex: M     DOB: ~~████~~     DL #:

☐ DEFENDANT IS A MINOR

CHARGE: 1 OF 2  1 1420 CR3202 --Felony  25 Y  $0.00  ASSAULT-FIRST DEGREE
CHARGE: 2 OF 2  1 1415 CR3203  10 Y  $2500.00  ASSAULT-SEC DEGREE

**Charges on continuation page.**

**THE COURT ON THE DATE SHOWN BELOW ---**
☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL     ☐ RIGHTS GIVEN BY VIDEO
☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW     ☐ BAIL REVIEW POSTPONED
☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
☑ REPRESENTED BY: _____
☐ DEFENDANT ADVISED OF RIGHTS AT     ☐ INITIAL APPEARANCE     ☐ PRELIMINARY INQUIRY
  ☐ REQUIRED DEFENDANT TO READ OR  ☐ READ TO DEFENDANT THE NOTICE OF ADVICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
  ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
  ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☑ HOLD WITHOUT BOND
☐ ORDERED BAIL TO REMAIN THE SAME     ☐ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $_____.00     ☐ CASH (MAY BE POSTED BY THIRD PARTY)     ☐ FAILURE TO PAY SUPPORT, TO BE CASH,
    POSTED BY DEFEDANT ONLY     ☐ PCT____%     ☐ UNSECURED PERSONAL BOND $_____.00
☐ REINSTATED BAIL $_____.00     POSTED ON __/__/_____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR, AND
  ☐ SHALL BE HELD IN A SECURE FACILITY PROVIDED DEP. OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
  ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM
    TO THE MINOR DEFENDANT OR OTHERS FOR THE FOLLOWING REASONS: _____

## IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:

☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
  RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.

☐ BOND TO BE CO-SIGNED BY: _____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO     ☐ PTSU     ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO     ☐ PTSU     ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☑ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS > Kean Mathias
☑ STAY AWAY FROM____ ZOI
  ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO_____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM_____
  ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION     ☐ OUT-PATIENT
☐ TRIAL SCHEDULED: DATE:_____ TIME:_____ LOC:_____ ROOM:_____
  ☐ BAIL REVIEW     ☐ PREL. INQUIRY     ☐ PREL. HEARING     ☐ TRIAL     ☐ VOP     ☐ SENTENCING
☐ PLACED IN CUSTODY OF_____
☐ PRE-TRIAL SUPERVISION BY_____
☐ ALCOHOL SCREENING     ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM     ☐ DRUG PROGRAM
**Prince George's/Washington County Only:**
☐ GPS TRACKING     ☐ $_____ FEE ASSESSED     ☐ FEE WAIVED
☑ OTHER: _____

12/28/21

Date          Judge          ID Number



# DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Case No. 5E00705808

### STATE OF MARYLAND VS. WORTHINGTON, ADRIENNE MICHELLE

664 PALMERTON TER
HYATTSVILLE MD 207850000

CC #: 21-0059714      State ID: 0002709985      LocID: X0893683
Eyes: BRN      Hair: BLK      Height: 5'08"      Weight: 225 lb.
Race: 1      Sex: M      DOB:      DL #:

**Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |

**Charge | Statute | AR/Citation**
ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO: PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.

Bail review was held by Judge JOHN ANTHONY BIELEC and the Defendant is committed
Without Bail.

### SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):

OR PR TO PTR OPTION
NO CONTACT WITH VICTIMS/STATE'S WITNESSES/
CO-DEFENDANTS/KEON MATHIAS.
STAY AWAY FROM LOCATION OF INCIDENT
NO GUNS, NO AMMO, NO CDS

### YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing

on 01/24/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

Date: 12/28/2021    Time: 1:46 p.m.      JUDGE:

Judge John Bielec

**Tracking No. 180001550304**

CC-DC-CR-028 (Rev. 07/2017)

**JA362**



 **DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772                    Case No. 5E00705808

**STATE OF MARYLAND  VS.  WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE MD 207850000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge JOHN ANTHONY BIELEC on 12/28/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
    OR PR TO PTR OPTION
    NO CONTACT WITH VICTIMS/STATE'S WITNESSES/
    CO-DEFENDANTS/KEON MATHIAS.
    STAY AWAY FROM LOCATION OF INCIDENT
    NO GUNS, NO AMMO, NO CDS

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
    on 01/24/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

12/28/2021   1:46 p.m.   Room: 5                    _____        _____
                                                          Defendant Signature                     Date

**Tracking No.   180001550304**

**JA363**



# DISTRICT COURT OF MARYLAND FOR Prince George's County

## WORTHINGTON, ADRIENNE MICHELLE

Case No. 5E00705808

664 PALMERTON TER
HYATTSVILLE, MD 20785-0000

Sex: M   Ht: 5'08"   Wt: 225   Race: I   Eyes: BRN   Hair: BLK
DOB:
Home phone:   Cellphone:
CC#: 21-0059714   LID: X0893683   SID: 0002709985
DL#:
☐ DEFENDANT IS A MINOR

Con't 12/28/2
@ 1:15pm

CHARGE 001 OF 2  1 1420  CR3202  —Felony25 Y   ASSAULT-FIRST DEGREE

*More charges on continuation page.*

### THE COURT ON THE DATE SHOWN BELOW ---
☐ RIGHTS GIVEN BY VIDEO
☐ MADE CERTAIN THE DEFENDANT RECEIVED COPY OF CHARGING DOCUMENT
☐ BAIL REVIEW POSTPONED
☐ INFORMED DEFENDANT OF RIGHT TO COUNSEL AND IMPORTANCE OF ASSISTANCE OF COUNSEL
  ☐ DEFENDANT WAIVED ATTORNEY FOR BAIL REVIEW
  ☐ THE PUBLIC DEFENDER PROVIDED PROVISIONAL REPRESENTATION AT THE BAIL REVIEW
  ☐ REPRESENTED BY: _P.D._
☐ DEFENDANT ADVISED OF RIGHT AT    ☐ INITIAL APPEARANCE    ☐ PRELIMINARY INQUIRY
☐ REQUIRED DEFENDANT TO READ OR ☐ READ TO DEFENDANT THE NOTICE OF RIGHTS TO COUNSEL.
☐ ADVISED DEFENDANT OF THE NATURE OF THE CHARGES AND ALLOWABLE AND ANY MANDATORY OR ENHANCED PENALTIES
☐ ADVISED DEFENDANT THAT MAKING NEXT APPEARANCE WITHOUT COUNSEL COULD BE A WAIVER
  ☐ REMINDED THE DEFENDANT THAT REPRESENTATION BY THE OPD AT BAIL REVIEW ENDS WITH THE BAIL REVIEW
☐ ADVISED FELONY DEFENDANT OF RIGHT TO PRELIMINARY HEARING
  ☐ DEFENDANT REQUESTED PRELIMINARY HEARING AT THIS TIME
☐ ADVISED DEFENDANT OF RIGHT TO JURY TRIAL
☐ RELEASED DEFENDANT ON OWN RECOGNIZANCE
☒ HOLD WITHOUT BOND

*(handwritten in left margin: waived)*

☒ ORDERED BAIL TO REMAIN SAME    ☒ CONDITION(S)/RESTRICTION(S) TO REMAIN THE SAME
☐ REVISED BAIL $ _____ .00    ☐ CASH (MAY BE POSTED BY THIRD PARTY)    ☐ FAILURE TO PAY SUPPORT, TO BE CASH,
  POSTED BY DEFENDANT ONLY    ☐ PCT ___ %    ☐ UNSECURED PERSONAL BOND $ _____ .00
☐ REINSTATED BAIL $ _____ .00   POSTED ON ___ / ___ / _____
☐ COMMITTED IN DEFAULT OF BOND
☐ DEFENDANT IS A MINOR AND
  ☐ SHALL BE HELD IN A SECURE JUVENILE FACILITY PROVIDED DEPARTMENT OF JUVENILE SERVICES DETERMINES THERE IS AVAILABLE CAPACITY TO HOLD DEFENDANT.
  ☐ SHALL NOT BE HELD IN A SECURE JUVENILE FACILITY. COURT FINDS THAT DETENTION IN A SECURE JUVENILE FACILITY WILL POSE A RISK OF HARM TO THE MINOR DEFENDANT
  OR OTHERS FOR THE FOLLOWING REASONS: _____

### IMPOSED THE FOLLOWING CONDITION(S)/RESTRICTION(S) ON THE DEFENDANT:
☒ REQUIRED CONDITIONS OF RELEASE: 1) DEFENDANT WILL NOT ENGAGE IN ANY CRIMINAL CONDUCT DURING THE PERIOD OF PRETRIAL
  RELEASE AND 2) THE DEFENDANT WILL APPEAR IN COURT WHEN REQUIRED TO DO SO.
☐ BOND TO BE CO-SIGNED BY: _____
☐ COMPLETE PTSU INTERVIEW
☐ PROOF OF ADDRESS TO    ☐ PTSU    ☐ COMMISSIONER BEFORE RELEASE
☐ PTSU TO VERIFY ADDRESS BEFORE RELEASE
☐ LIVE AT ADDRESS THAT PTSU HAS VERIFIED
☐ PROOF OF IDENTITY TO    ☐ PTSU    ☐ COMMISSIONER BEFORE RELEASE
☐ SURRENDER CURRENT PASSPORT/ALL TRAVEL DOCUMENTS TO THE COURT BEFORE RELEASE
☐ SUBSTANCE ABUSE TREATMENT IF _____ DEEMS NECESSARY
☐ MENTAL HEALTH TREATMENT IF PTSU DEEMS NECESSARY
☐ NO CONTACT WITH VICTIMS/STATE'S WITNESSES/CO-DEFENDANTS
☐ STAY AWAY FROM _____
  ☐ USE ELECTRONIC MONITORING TO CONFIRM AREA OF RESTRICTION
☐ CURFEW: AS SET BY PTSU OR _____
☐ REPORT TO PROBATION OFFICER NEXT BUSINESS DAY AFTER RELEASE
☐ TRANSFER DIRECTLY TO _____ BY _____ WHEN BED AVAILABLE
☐ RELEASE TO THE FOLLOWING RESIDENTIAL TREATMENT PROGRAM _____
  ☐ REFERRED DEFENDANT FOR COMPETENCY EVALUATION    ☐ OUT-PATIENT
  TRIAL SCHEDULED:   DATE: _____  TIME: _____  LOC: _____  ROOM: _____
  ☐ BAIL REVIEW   ☐ PREL. INQUIRY   ☐ PREL. HEARING   ☐ TRIAL   ☐ VOP   ☐ SENTENCING
☐ PLACED IN CUSTODY OF _____
☐ PRE-TRIAL SUPERVISION BY _____
☐ ALCOHOL SCREENING    ☐ DRUG SCREENING
☐ ALCOHOL PROGRAM    ☐ DRUG PROGRAM
  **Prince George's County Only:**
  ☐ GPS TRACKING:   ☐ $ _____ FEE ASSESSED    ☐ FEE WAIVED
☐ OTHER: _____

12/27/21       Judge _____   ID Number

CONTINUATION PAGE 1 OF DC-BR-DOC-001 BAIL REVIEW DOCKET (Rev. 11/2017)



**DISTRICT COURT OF MARYLAND FOR Prince George's County**
**WORTHINGTON, ADRIENNE MICHELLE**

Case No. 5E00705808

CHARGE 002 OF 2  1 1415  CR3203  10  Y &/or $2,500.00   ASSAULT-SEC-DEGREE





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772                     Case No. 5E00705808

### STATE OF MARYLAND VS. WORTHINGTON, ADRIENNE MICHELLE
664 PALMERTON TER
HYATTSVILLE MD 207850000

CC #:21-0059714                State ID: 0002709985          LocID: X0893683
Eyes: BRN          Hair: BLK          Height: 5'08"          Weight: 225 lb.
Race: I          Sex:M          DOB:          DL #:

**Charge | Statute | AR/Citation**                 **Charge | Statute | AR/Citation**
ASSAULT-FIRST DEGREE | 1 1420 CR3202 |         ASSAULT-SEC DEGREE | 1 1415 CR3203 |

## COMMITMENT PENDING HEARING

TO:  PRINCE GEORGES COUNTY DETENTION CENTER
     13400 DILLE RD., RECORDS DEPT, UPPER MARLBORO, 20772

YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Bail review was held by Judge WENNESA BELL SNODDY and the Defendant is committed
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
NOT ENGAGE IN CRIMINAL ACTIVITY.APPEAR IN
COURT.NOT INTIMIDATE KEON MATHIASNO VIOLEN
T CONTACT WITH KEON MATHIAS.
PER JD BELL-SNODDY CASE CONT TO 12/28/21
RM 261B @ 01:15PM

**YOU ARE FURTHER COMMANDED to produce the Defendant for Trial/Hearing**
on 01/24/2022 at 8:45 a.m. in Court Room 261 at the District Court of Maryland For PRINCE GEORGE'S COUNT
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD 20772

No P-r R,
fapework

Date: 12/27/2021   Time: 1:39 p.m.          JUDGE/CLERK:   Wennesa Bell Snoddy

**Tracking No. 180001550304**                           Judge Wennesa Bell Snoddy
CC-DC-CR-028 (Rev. 07/2017)

**JA366**





**DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
Located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772                 Case No. 5E00705808

**STATE OF MARYLAND  VS.  WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE MD 207850000

## BAIL REVIEW SUMMARY

Your bail review was held by Judge WENNESA BELL SNODDY on 12/27/2021.

THE COURT, ON THE DATE SHOWN ABOVE,

Made certain you received copy of Charging Document;

Informed you of right to counsel and importance of assistance of counsel;

Advised you of the nature of the charges and allowable and mandatory penalties;

Advised you of making next appearance without counsel could be a "waiver";

Reminded you that representation by the OPD at Bail Review ends with the Bail Review;

Advised you of your right to Preliminary Hearing;

You deferred your right to a Preliminary Hearing;

Advised you of your right to jury trial;

Rights given by video;

HELD YOU WITHOUT BAIL;

AND THE FOLLOWING CONDITIONS/RESTRICTIONS WERE IMPOSED:
NOT ENGAGE IN CRIMINAL ACTIVITY.APPEAR IN
COURT.NOT INTIMIDATE KEON MATHIASNO VIOLEN
T CONTACT WITH KEON MATHIAS.
PER JD BELL-SNODDY CASE CONT TO 12/28/21
RM 261B @ 01:15PM

YOU ARE SCHEDULED FOR PRELIMINARY HEARING
on 01/24/2022 at 08:45 a.m. in Room 261 at the District Court of Maryland for PRINCE GEORGE'S COUNTY
located at COURTHOUSE, 14735 MAIN ST., UPPER MARLBORO, MD  20772.

NOTICE: Unless a final determination of indigency has been made, representation at the Bail Review is provisional and
terminates at the end of the Bail Review. If you have already applied for the Public Defender through the District Court
Commissioner, there is no need to apply again. You will be notified in writing of your eligibility for representation at trial as
soon as a final determination is made. Please allow at least one week before contacting the District Court Commissioner
regarding the status of your Application.

12/27/2021   1:39 p.m.   Room:  5          _____        _____

                                                          Defendant Signature                    Date

**Tracking No.   180001550304**

**JA367**



 **DISTRICT COURT OF MARYLAND FOR Prince George's County**
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 5E00705808

**STATE OF MARYLAND**    **VS.**    **WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE, MD, 20785

CC#: 21-0059714      SID: 0002709985
LID: X0893683      DL#:
Race: 1   Sex: M    Ht: 5' 08"    Wt: 225    Hair: BLK   Eyes: BRN
DOB:      Home phone:      Cellphone:

Charge | Statute | AR/Citation | CJISCode            Charge | Statute | AR/Citation | CJISCode
ASSAULT-FIRST DEGREE | CR 3 202 | | 1 1420      ASSAULT-SEC DEGREE | CR 3 203 | | 1 1415

## COMMITMENT PENDING HEARING
☐ Civil      ☐ Criminal      ☐ Traffic      ☐ Domestic Violence

TO: PRINCE GEORGES COUNTY CORRECTIONAL CENTER
     13400 DILLE DRIVE      UPPER MARLBORO    20772
     YOU ARE HEREBY COMMANDED to receive from any officer the body of the above-named Defendant
who is charged with the offense(s) listed above.
Without Bail.

**SUBJECT TO THE FOLLOWING CONDITION(S)/RESTRICTION(S):**
Not engage in criminal activity.Appear in
court.Not intimidate KEON MATHIASNO VIOLEN
T CONTACT WITH KEON MATHIAS.

**YOU ARE FURTHER COMMANDED to:**
Produce the Defendant for Bail Review: on 12/27/2021 at 1:15PM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Produce the Defendant for Trial/Hearing: on 01/24/2022 at 8:45AM in Court Room 261
District Court of Maryland For Prince George's County, Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772.

Date: 12/24/2021      Time: 10:05 PM      Commissioner:_____      ID: 5202

☐ Bail Review was held on_____ by Judge_____ and Defendant

     is commited in default of $_____ bail (_____ % Acceptable).

**Tracking No. 180001550304**      CC-DC-CR-012 (Rev. 07/2017)
**JA368**





# DISTRICT COURT OF MARYLAND FOR Prince George's County
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

Case No. 5E00705808

**STATE OF MARYLAND**          **VS.**          **WORTHINGTON, ADRIENNE MICHELLE**
664 PALMERTON TER
HYATTSVILLE, MD 20785-0000

## NOTIFICATION OF PROCEEDING REPORT
### (Md. Rule 4-216(g))

No notification required and why: WAIVER

---

**Upon Completion of Proceeding**

**STATE'S ATTORNEY: APPEARANCE**
Participated: No

CONFIRMATION that Defendant Waived an Attorney and the advice under Rule 4-213.1(e) was given to the Defendant and the waiver was knowingly and voluntary.

CONFIRMATION the judicial officer complied with Rules 4-216(g) and 4-213(a).
  Defendant was ordered held without bail.
  Defendant was ordered pursuant to Rule 4-216.1 released on the following conditions:
  Not engage in criminal activity.Appear in
  court.Not intimidate KEON MATHIASNO VIOLEN
  T CONTACT WITH KEON MATHIAS.

DEC 24 2021

| Date | Judicial Officer | ID Number |

DC-CR-144 (Rev. 7/2017)

**JA369**



# PRINCE GEORGE'S COUNTY GOVERNMENT

## OFFICE OF LAW

**Angela D. Alsobrooks**
**County Executive**

**Rhonda L. Weaver**
**County Attorney**

**Deputy County Attorneys**
**Sean G. Dixon**
**Andrew J. Murray**
**Joseph C. Ruddy**

August 4, 2022

The Honorable Peter J. Messitte
The United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

   Re: *Robert Frazier, et. al. v. Prince George's County, Maryland, et. al.*
     Case No. 8:22-cv-1768 PJM

Judge Messitte,

In response to the Court's Order issued during the telephone conference held with the parties on Wednesday, July 27, 2022, Defendant Prince George's County, Maryland respectfully submits the following information addressing the named plaintiffs and the court's inquiry of whether any of them are continuing to be held allegedly in violation of a Court Order issued by the District or Circuit Courts for Prince George's County, Maryland.

   To answer the Court's question directly and succinctly, no.  None of the Plaintiffs that remain at the Prince George's County Department of Corrections (PGCDOC) are being held in violation of a Court Order (nor for that matter, were the previously released named plaintiffs).  As stated during the telephone conference, this case centers on Plaintiffs' confounding contention that the courts' orders and referrals to the County detention center's pre-trial release program are orders for release of detainees despite acknowledgement in their complaint that such orders are not treated, i.e., understood, by either the courts or the facility as orders for release.  Moreover, it is clear from the documents found in the Plaintiffs' criminal case files that the Office of the Public Defender for Prince George's County is using the instant civil suit as an effort to circumvent the state court rulings on bail decisions made in serious felony cases.

   The named Plaintiffs in this matter are Robert Frazier, Anibal Hernandez, D.P. (a minor), Christopher Butler, Miramba Williams, Donnell Davis, Leslie Sharp, Elmer Laguna-Salinas and Adrienne Worthington.  Below are each named Plaintiff's criminal charges, dates of commitment hearing, dates of bond review hearings and conditions of release, if any, and release dates (if released).  Attached are copies of the commitment documentation, bond review and conditions for release, if any.

  1. **Robert Frazier** (Exhibit A)

   a. <u>Date of Arrest</u>: 05/28/22

b. <u>Charges</u>:

- Handgun in vehicle – CR §4-203
- Knowingly Alter Firearm ID No. – PS § 5-144 ((a)(2))
- Loaded Handgun in Vehicle – CR § 4-203((a)(1)(v))
- Illegal Poss. Ammo – PS §5-133.1
- Un-registered Firearm: Illegal Possession – PS §5-133((b))
- Firearm possession w/felony conviction – PS §5-133(c)
- Driving w/o current tags – TA §13-411(d)
- Operating unregistered vehicle – TA§ 13-410(b)(1)
- Knowingly driving uninsured vehicle – TA§ 17-107(a)(1)
- Displaying expired registration plate(s) issued by any state – TA §13-411(f)
- Driving/attempting drive motor vehicle on hwy w/o reg. license and authorization – TA §16-101 (a)(1)
- (Displaying, permitting to be displayed) reg. plate(s) issued for (for other vehicle, to other person) TA §13-411(g)
- Owner failure to maintain required security for vehicle during reg. period – TA §17-104
- Unauthorized display and use of reg. plate – TA §13-703(g)

c. <u>Court Dates</u>

- ➢ 05/29/22 – Initial Appearance.  No bond.
- ➢ 05/31/22 –Bond Review Hearing. No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- ➢ 06/21/22 – Bond Review Hearing.  No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- ➢ 06/28/22 – Bond Review Hearing.  No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- ➢ 07/14/22 – Indicted by Grand Jury.
- ➢ 7/19/22 – held no bond or Court ordered PTR Level #4 – no contact with victim/witnesses/codefendant; stay away from LOI or be near any firearms.  Not to possess any firearms or ammo.
- ➢ **Frazier not released due to Detainer - Arlington Co., VA (fleeing and eluding).**

2. **<u>Anibal Hernandez</u> – No longer in custody**. (Exhibit B)

- <u>Date of Arrest</u>:  06/22/22

- <u>Charges</u>:
- CDS: Poss w/I Dist. Narc. – CR §5-602(2)
- CDS: Import into State – CR §5-614
- CDS: Possess – Not Marijuana – CR §5-601(a)(1)

- CDS: Poss Marijuana 10 GM+ - CR§5-601(a)(1)
- Firearm/Drug Traf. Crime – CR §5-621(b)(1)

c. <u>Court Dates</u>

➢ 06/23/22 – Initial Appearance Hearing
➢ 06/24/22 – Bail Review Hearing
  - No bond
  - PTR Ordered – verify address before release
  - No possession of weapons, CDS, ammo.
➢ **07/13/22 – DOC letter to Court advising no verifiable address. District Court receives, reviews and sets case in for an additional bail review hearing.**
➢ 07/25/22 – Bail Review Hearing
➢ **07/25/22 – Preliminary Hearing held.  Probable cause found for all counts.  Bail review requested and held.  Court advised the PTR could only release upon verification of address that has not occurred.  Court ordered case bond in the amount of $5,000/10% option, no possession of CDS, weapons, firearms, and ammo.)**
➢ **Defendant Released.**

3. **D.P. – 16 years-old – No longer in PGCDOC custody.** (Exhibit C)

- <u>Date of Arrest:</u>  06/17/22.

- <u>Charge</u>:
- Armed Robbery – CR §3-403
- Robbery – CR§ 3-402
- Theft – CR 7-104
- Firearm Use/Fel-Viol Crime – CR §4-204(b)
- Dangerous Weapon on school Property CR §4-102
- Assault 1st degree – CR§ 3-202
- Poss of firearm minor – PS §5-133(d)
- <u>Court Dates</u>
➢ 06/16/22 – Initial Appearance, no Bond.
➢ 06/21/22 - Bail Review Summary
  - Bond to remain same.
  - PTR – Option at Level 4; stay away from location of incident (Potomac High School) and no contact with victim.
➢ 06/28/22 – Preliminary Hearing – Probable cause found on all counts; Bond Review, bond to remain same; PTR level 4 allowed but no ordered.
- Defendant is a minor and shall be held in a juvenile facility. Transferred to Cheltenham juvenile facility located in Clinton, MD. (state).
➢ 07/28/22 – State NP Count 1 and Count 5.  Bond remains the same.

**JA372**

- **D.P. not released due to Detainer – Arlington, Co., Virginia.**

4. <u>**Christopher Butler - Never Referred to Pretrial Service**</u> (Exhibit D)

- <u>Date of Arrest:</u> 10/26/21.

- <u>Charges</u>:
- Murder – 2nd degree – CR §2204
- Manslaughter – CR § 2207(a)
- Assault 1st degree – CR§ 3-202
- Firearm use/fel- vol crime – CR §4-204(b)

    c.. <u>Court Dates</u>

  ➢ 10/27/21 – Initial Appearance, bail review, no bond.
  ➢ 10/28/21 – Bond Review Hearing – No Bond.
  ➢ 10/29/21 – Bond Hearing – No bond -
  ➢ 11/18/21 – Indicted
  ➢ 02/18/22 – Bond Hearing held.

5. <u>**Miramba Williams**</u> (Exhibit E)

- <u>Date of Arrest:</u>  06/30/22.

- <u>Charges</u>
- CDS:  Poss Marijuana 10 GM+ - CR §5-601(a)(1)
- CDS poss w/int to Dist. – CR §5-602
- Handgun in vehicle – CR §4-203
- CDS:  Dist etc. w/ firearm – CR  5-621(b)(2)
- Firearm/Drug Traf Crime – CR § 5-621(b)(1)
- Reg Firearm:  Illegal possession – PS §5-133(b)
- Loaded Handgun in Vehicle – CR §4-203(a)(1)(v)
- Illegal Poss Ammo – PS§ 5-133.1
- Firearm use/fel – viol crime – CR §4-204(b)

- <u>Court Dates</u>
  ➢ 07/01/22 – Initial Appearance Hearing – No bond.
  ➢ 07/01/22 – **Pretrial Release Determination – Found not eligible for Pretrial Release because of active probation and detainer for Montgomery Co., MD.**
  ➢ 07/05/22 – Bail Review Hearing - No bond; PTR option at any level – do not possess any weapons, firearms or ammo.  No use of alcohol, drugs, or controlled substance.
  ➢ **Prior convictions: regulated firearm: illegal poss.; probation ending 10/28/22; Active protective order exp. 5/13/23.**

4

**JA373**

6. **Donnell Davis** (Exhibit F)

- <u>Date of Arrest:</u>  10/09/20.

- <u>Charges:</u>
- Assault 1st Degree CR§3-202
- Assault 2nd Degree CR §3-202

- <u>Court Dates</u>
➤ 10/08/20 – Initial Appearance. No bond.
➤ 10/09/20 – Bond Hearing - No Bond or PTR Level 4 with complete PTSU interview. Level 4 can be cell, must verify address before release, stay away.
➤ **10/28/20 – Pretrial Service notification that No PG address and thus, not eligible for Pretrial Release at Level 4**.
➤ 11/09/20 – Preliminary Hearing.  Count 1 NP.  Bond Hearing – Bond remain the same.  No Bond or PTR option Level 4 with complete PTSU interview. PTSU verify address before release; no contact with victim and LOI.
➤ 12/16/20 – Bond Hearing – No bond or PTR option at any level with condition of stay away from victim.
➤ 01/07/21 – Released upon finding of not guilty.

7. **Leslie Sharp**  (Exhibit G)

- <u>Arrest Date:</u> 06/11/21

- <u>Charges:</u>
- Assault – 2nd degree – CR §2-203

- <u>Court Dates</u>
➤ 06/12/21 – Initial Appearance.  No bond.
➤ 06/14/21 – Bail Review Hearing. No Bond or Option  PTR – Level 4 – No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
➤ 06/24/21 – Bail Review Hearing.  No Bond or ordered PTR – Level 4 – No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
➤ 06/30/21 – **Pretrial Services found not eligible for PTR due to D.C., detainer for violation of probation n PWID/Poss. Of Firearm.  Probation agent informed PTR that Sharp has been arrested twice in 30 days.**

**JA374**

➢ 07/14/22 – Bail Review Hearing.  No bond or PTR Option -Level 4 - No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.

➢ 07/22/22 – Trial – Verdict – Nolle Prosequi.  Released.


8. **Elmer Laguan-Salinas**  (Exhibit H)

a.  Date of Arrest:
- Case No. 1 – 3E00732028 – 03/15/22

b.  Charges:
   a.  Assault 2nd degree – CR§ 3-203. (Case No. 1 - 3E00732028)
   b.  Disorderly Conduct – CR §10-201(c)(2) (Case No. 1 - 3E00732028)

c.  Court Dates
- 03/16/22 – Initial Appearance.  $2,500 and 10% acceptable.
- 03/17/22 – Bond Review Hearing – Same bond; stay away, no contact, no weapons, CDS, ammo.
- 05/25/22 – Nolle prosequi.


a.  Date of Arrest:  Case No. 2 – 1E00721379 – 03/16/22 (arrest warrant served at DOC.)

b.  Charges:
- Attempted Home invasion. (Case No. 2 - 1E00721379)
- Assault – 1st Degree – CR §3-202 (Case No. 2 - 1E00721379)
- Firearm Use -felony violent crime - CR §4-204(b) (Case No. 2 - 1E00721379)
- Firearm possession with felony conviction – PS §5-133(c) (Case No. 2 - 1E00721379)
- Reckless Endangerment – CR §3-204(a)(1) (Case No. 2 - 1E00721379)
- Reg. Firearm:  illegal possession – PS §5-133(B) (Case No. 2 - 1E00721379)
- Handgun on person – CR§4-203(Case No. 2 - 1E00721379)

c.  Court Dates
➢ 03/16/22 – Initial Appearance and Defendant committed.
➢ 03/17/22 – Bail Review **(BOTH CASES)** -Defendant Committed. No bond with PTR Option, Level 4, must verify address before release.  Stay away ordered.
   -Conditions of no contact with victims and stay away from residence and place of employment. No ownership or possession of weapon, firearm, ammo, or CDS.
➢ 04/15/22 – Preliminary Hearing – No probable cause for 1st degree Assault.  Bond Review Hearing, no bond, or Level 4 with verified address and stay away.
➢ 05/12/22 –Hearing – State NP Count 4, Bail Review in light of change.  No bond and no PTR option.

> **06/17/22 – Released from commitment on unsecured person bond in the amount of $25,000. No contact, no weapons.**

d. <u>**Adrienne Worthington**</u> **– No longer in custody.** (Exhibit I)

a. <u>Date of Arrest:</u> 12/23/21.

b. <u>Charges:</u>
- Assault 1st degree – CR § 3-202
- Assault 2nd degree – CR §3-203

c. <u>Court Dates</u>
> 12/24/21 – Initial Appearance Hearing. No bond.
> 12/27/21 – Bail Review Hearing – No bond.
> 12/28/21 - Bail Review Hearing
>   - No bond.
>   - PTR option – no contact with victim/witness/co-defendants; stay away from LOI; no guns, ammo or CDS. Court did not order PTR and did not order private home detention.
> 12/30/21 – Motion for Bail Review Hearing filed.
> Approved for Electronic Monitoring on 01/07/22.
> 01/24/22 – Preliminary Hearing held. Count 1 NP, NO CDS, weapons, firearms, ammo.
> 02/02/22 – Motion Bail Review Hearing filed. Hearing granted on 02/07/22.
> **02/09/22 – Bail Review Hearing held and PTR was modified to an $15,000 unsecured bond, no contact stay away. Approved for Electronic Monitoring but had PTR release status changed to unsecured bond in the amount of $15,000. Required to live at Restore Community Development Corp..**

As the Court can see, none of the named plaintiffs are being held in violation of a court order. Local criminal defense counsel and the Office of the Public Defender are very familiar with the pretrial practices used in Prince George's County and that these practices have been established for years, if not decades. If or when a criminal defendant is found not eligible for pretrial release, written notice of the individual's ineligibility is submitted back to the Court notifying the Court as to why the defendant is currently ineligible for pretrial release. The same notification/correspondence is forwarded to designated attorneys assigned to the Office of the Public Defender (OPD). The OPD's designated attorneys forward a copy, of the court correspondences, to private defense counsel, for their specific client(s). Either the assigned public defender or private defense counsel can then has the ability to file a motion whereas another bond review hearing can be requested and scheduled. If the Court grants the motion, then the Court can make any modification it deems appropriate to the pretrial conditions. Counsel for the criminal defendants are often aware of their client's ineligibility from contact with Pretrial Services regarding the status of the investigation and/or to provide information to assist in the investigation.

Moreover, docket entries for cases of some of the named Plaintiffs show that the Office of the Public Defender periodically filed motions for bond review hearings. These filed motions for bond review hearing were granted by the District Court in each one of these cases. Finally, the Court should note that even where a detainee is "released from custody" in the pre-trial service program, i.e., does not have to await trial within the walls of the correctional facility, that detainee remains in the custody of the department of corrections as a result of the court's commitment of the detainee to the department of corrections. This is why detainees are supervised by investigators assigned to their cases and why the court's commitment orders require the department of corrections to produce the detainees for future court hearings (unless the detainee previously posts the bail set by the court).

Sincerely,

Shelley L. Johnson
Associate County Attorney
*Counsel for Defendant*

Attachments

8

**JA377**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................2

I.     INTRODUCTION/PROCEDURAL BACKGROUND ..................................... 5

II.    STANDARD OF REVIEW .........................................................9

III.   ARGUMENT .................................................................10

      A.  Individual Defendants Sued in Their Capacities are Entitled
          To Dismissal ........................................................10

      B.  Plaintiffs Lack Standing.................................................10

          i.      Plaintiffs did not suffer an injury-in-fact ...........................12

          ii.     The Plaintiffs' claims are not ripe for judicial review ....................14

          iii.    Plaintiffs' claims are moot ...........................................15

      C.  The Court Lacks Subject Matter Jurisdiction Because the Action is
          Barred by the *Rooker-Feldman* Doctrine.......................................16

      D.  If this Court has Jurisdiction, the Court Should Abstain from Entertaining
          the Suit Pursuant to the *Younger* Abstention Doctrine ................................19

      E.  Plaintiffs Have No Substantive Due Process Liberty Interest in a
          Non-Mandated Pre-Trial Release Program..................................21

      F.  The Complaint and the Affidavit of Jeffrey Logan Establish
          That Plaintiffs Receive Due Process........................................28

      G.  The County Defendants Cannot Be Liable for Money Damages ................30

IV.    THE MOTION FOR PRELIMINARY INJUNCTION MUST BE DENIED
      BECAUSE PLAINTIFFS CANNOT SATISFY THE REQUISITE
      ELEMENTS FOR A PRELIMINARY INJUNCTION ...........................32

V.     CONCLUSION....................................................................36

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)............................................................................................11,15

*Baugh v. Woodward,* 604 F. Supp. 1529 (E.D. N.C. 1985).........................................26

*Beck v, McDonald,* 848 F.3d 262 (4ᵗʰ Cir. 2017)........................................................13

*Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) .......................33

*Berman v. Karvounis*, 308 Md. 259, 518 A.2d 726 (1987) ...........................................9

*Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).......33

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) ..........13

*Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)................................................................................................................23

*Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ...............................9

*Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981)...........................................................................................................21

*Cooksey v. Futrell*, 721 F.3d 226 (4th Cir. 2013)........................................................12

*County of Sacramento v.  Lewis* (citing *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)...........................................................................................23

*Davani v. Virginia Dept. of Transportation* 434 F.3d 712 (4ᵗʰ Cir. 712, 718, 2006) ...........17,18

*Daves v. Dallas County, Texas*, 22 F.4th 522, 540-41 (5ᵗʰ Cir. 2022)....................................27,31

*District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) .......................................................................................16

*Doe v. Va. Dep't of State Police*, 713 F.3d 745 (4th Cir. 2013) ................................14

*Edwards v. City of Goldsboro*, 178 F.3d 231(4ᵗʰ Cir. 1999)........................................9

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)....................................................................................................16

*Figueiredo-Torres v. Nickel*, 321 Md. 642, 584 A.2d 69 (1991)..................................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).............................................................11,15

*Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)..........................8

*Hawkins v. Freeman*, 195 F.2d 732 (4ᵗʰ Cir. 1999) ................................. 22-24,26, 27

*Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77 (2d Cir. 2005)..................18

*Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).......................20

*Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969 ..............9

*Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977)...........................................................................................................33

*Kennedy v. Widdowson*, 804, F.Supp. 737 (D.Md. 1992).............................................10

*Lee-Thomas v. Prince George's County Public Schools*, 666 F.3d 244, 248 (2012)................30

*Lokhova v. Halper*,441 F.3d 238 (E.D. Va. 2020).......................................................30

*Lowery v. Prince George's County*, 960 F. Supp. 952, 953 (D.Md. 1997).............................10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1993) ..............................................12,13

*Mitchell v. Doherty*, 530 F.Supp.3d 744 (N.D. Illinois 2021) .....................................8

*Moore v. City of Asheville,* 396 F.3d 385 (4th Cir. 2005)..........................................19

*NAACP*, 2019 WL 355743, at *8.................................................................................12

2

**JA379**

*Nat'l Ass'n for the Advancement of Colored People v. Bureau of the Census*, PWG-18-891, 2019 WL 355743 (D. Md. Jan 19, 2019)..............................................................................................11

*Nat'l Coalition for Students with Disabilities Educ. and Legal Def. Fund v. Scales*, 150 F. Supp.2d 845 (D.Md. 2001) ...........................................................................................................................9

*New Orleans Pub. Serv. v. Council of City of New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)........................................................................................................20

*Nivens v. Gilchrist,* 319 F.3d 151 (4th Cir. 2003)........................................................................19

*O'Donnell v. Harris County*, 892 F.3d 147, 156 (5th Cir. 2018) ...........................................27,31

*Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) .........................................................................................................20

*Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998)..............................................................................................................................14

*O'Neil v. City of Philadelphia*, 32 F.3d 785 (3d Cir.1994).........................................................20

*Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013)............................................................................33

*Pender v. Bank of Am. Corp.*, 788 F.3d 354, 368 (4th Cir. 2015) ........................................11,15

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)......................20

*Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346, 347(4th Cir. 2009)..............................................................................................................33-34

*Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985).......21

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ................ 16-19

*Sanchez v. Hill*, 2022 WL1178572 (D. Wyoming April 15, 2022) ............................................26

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ...................................9

*Scoggins v. Lee's Crossing Homeowners* Ass'n, 718 F.3d 262,269,270 (4th Cir. 2013)......11,14

*South Carolina v. United States*, 912 F.3d 720 (4th Cir. 2019)................................................13

*Spears v. Jones*, 2012 WL 4460514 (W.D. Va. 2012)................................................................26

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) ................11,12

*Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)...12

*Taylor v. Freeman*, 34 F.3d 266 (4th Cir. 1994)..........................................................................*33*

*Telco Comm'ns, Inc. v. Carbaugh,* 885 F.2d 1225 (4th Cir.1989)..............................................20

*Texas v. U.S.*, 523 U.S. 296, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)......................................14

*Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) .....................................33

*U.S. v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).......................................8

*Va. Soc'y for Human Life, Inc. v. FEC*, 263 F.3d 379 (4th Cir. 2001)........................................12

*Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) .....................................11

*Washington v. Wilmore,* 407 F.3d 274 (4th Cir.2005)................................................................18

*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91(1982)...................34

*Wheeler v. State*, No. 1101, Sept.term,2019, 2021 WL 1831821, at *1 (Md. Ct. Spec. App. May 7, 2021), <u>cert. denied,</u> 475 Md. 717, 257 A.3d 1170 (2021) .............................................8

*Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) .....................13

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)..........................................................................................................................10,30

*Williams v. Ozmint*, 716 F.3d 801,808, 809 (4th Cir. 2013)................................................11,15

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20-22, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)......................................................................................................................33-34

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)................................ 19-20

3

**JA380**

**Statutes**

ERWIN CHEMERINKSKY, FEDERAL JURISDICTION § 2.4 (4th ed. 2003) ........................................12
*5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1357
at 332-36 (2d ed. 1990)..........................................................................................................9
Maryland Annotated Code, Correctional Services Article, Subtitle 7, §11-702 ......................24
Maryland Annotated Code, Correctional Services Article, Subtitle 7, §11-703 ......................24
Maryland Annotated Code, Correctional Services Article, Subtitle 7, §11-718 .................. 24-25
Maryland State Tort Claims Act, State Government Article §12-101(a)(11)
Tex. Code Crim. Pro. Arts. 2.13, 2.16, 2.18 ........................................................................27,31
Tex. Loc. Gov't Code § 351.041(a)

**Rules**

Maryland Rule of Criminal Procedure 4-216.1 ........................................................... 6,26,28-29
Federal Rules of Civil Procedure 12(b)(1)..............................................................................11
Federal Rules of Civil Procedure 12(b)(6)...........................................................................8,36

**Sites**

https://civilrightscorps.org/ellora-israni-attorney/ ....................................................................8

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROBERT FRAZIER,** *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Case No. 8:22-cv-1768 PJM** |
| | * | |
| **PRINCE GEORGE'S COUNTY, MARYLAND** | * | |
| *et a.l,* | * | |
| | * | |
| **Defendants.** | * | |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

The Defendants, Corenne Labbé, Jeffrey Logan, Kenneth Gray, Tanya Law, and Prince George's County, Maryland, by counsel, respectfully submit the following memorandum of law in support of their motion to dismiss and opposition to the motion for preliminary injunction:

**I.   INTRODUCTION/PROCEDURAL BACKGROUND**

Plaintiffs in this action, nine (9) formerly or currently detained persons in the Prince George's County Detention Center, have filed a complaint against the Prince George's County judiciary, Prince George's County, Maryland, and several of its officials employed at the Prince George's County Department of Corrections ("PGCDOC" , "DOC" or, simply, "the County"), including its Director, Corenne Labbé. Plaintiffs contend that the judiciary fails to conduct constitutionally adequate bail hearings, abdicates its constitutional duty to determine the conditions of pre-trial release by unconstitutionally delegating that decision to the PGCDOC pre-trial release program, and that the PGCDOC pre-trial release program fails to provide substantive and procedural due process. See ECF 1, ¶¶ 5-12.  Plaintiffs seek declaratory and injunctive relief on behalf of themselves and a putative class against the judiciary and PGCDOC and money damages against PGCDOC.  See ECF 1, ¶ 24.

5

**JA382**

Although Plaintiffs mischaracterize the nature and import of the various steps of the pre-trial process in Prince George's County, generally their account of the process is correct. Once arrested, an accused is taken before a District Court Commissioner for an initial determination of pre-trial release or detention. Plaintiffs do not allege that this step is unconstitutional or otherwise in violation of the Maryland Rules of Criminal Procedure. A defendant who remains in custody following his/her appearance before a commissioner is given a bond review hearing by the District or Circuit Court on the Court's next business day. Plaintiffs do not allege that this step violates the constitution or the Maryland Rules of Criminal Procedure, or otherwise is different from the procedure followed by other county in the state. The Court then conducts a bond review hearing and, if not released on personal recognizance, sets a bail amount, determines the conditions of pre-trial release, and enters an order committing the defendant to the custody of the county DOC.

The County DOC, like 16 other counties in Maryland and Baltimore City, voluntarily (and gratuitously) offers a "Pretrial release program".  (Ex. 1, Jeffrey Logan Affidavit.)  The program is not mandated by the Federal constitution, State constitution, or State law. Six counties in Maryland do not offer a pre-trial release program (Allegheny, Cecil, Charles, Garrett, Wicomico and Somerset). In all counties, including Prince George's, the jail administrator (or Sheriff as the case may be) sets and administers the criteria for pretrial release.  (Ex. 1.)  Judges in the District and Circuit Courts for Prince George's County are familiar with the PGCDOC pretrial release program and often refer or "order", depending upon a particular judge's vernacular, a defendant to DOC's pretrial release program. (Ex. 1.)  In essence, the Court on such occasions has found that if a defendant qualifies for entry into DOC's pre-trial release program that condition of release is approved by the Court.  (Ex. 1.)  The Court, per Maryland Rule of Criminal Procedure 4-216.1(f), must consider the recommendation of a pretrial services program.

DOC has four levels of pre-trial release. (Ex. 1.) All named Plaintiffs in this action, should they have qualified, would have only been considered for the most heavily monitored form of pretrial release – Level IV -which requires a GPS monitoring device and a case investigator making field visits. (Ex. 1.) The criteria for all levels are designed to release the defendant while attempting to ensure the defendant's appearance at the next scheduled court hearing and to protect the public. (Ex. 1.) Regardless, even when a defendant qualifies for DOC's pre-trial release program they remain in the custody of DOC by virtue of the court's commitment order, and thus pre-trial "release" really means release from the correctional facility itself, not a full release from custody. (Ex. 1.) If a defendant qualifies for pre-trial release based on the criteria established by the PGCDOC, they are released from confinement. (Ex. 1.) If a defendant does not qualify, DOC notifies the Court and their counsel in writing of this and the reason(s) why, and the Court may revisit the defendant's bond status and/or conditions of pre-trial release. (Ex. 1D.), Thus, the Court ultimately determines the conditions of pre-trial release and makes the pretrial release decisions, not the PGCDOC.

Plaintiffs complain that the Courts, not the PGCDOC, are constitutionally required to make the pre-trial release decisions and that by abdicating that duty to the PGCDOC have violated Maryland's separation of powers provision in its state constitution, and that Plaintiffs are denied substantive and procedural due process because of the manner in which the Courts and DOC defendants administer its pre-trial release program. See ECF 1. Yet, the Courts are making pre-trial status decisions per the Maryland Rules of Criminal Procedure, specifically Rule 4-216.1, and all of these contentions could be made in a petition for habeas corpus relief. This action seeks to sidestep such relief and do a run-around, seeking federal court intervention in continually on-going state criminal matters. Plaintiffs contend that the DOC defendants have confined them despite

"orders" for their release – yet not one order granting a petition for writ of habeas corpus or show cause order holding the DOC director in contempt is appended to Plaintiffs' complaint. There are none because DOC has not violated any court order.

Plaintiffs' complaints are novel to say the least. Never have such contentions been made in any reported case the undersigned have found and Plaintiffs seek to expand substantive due process beyond any point previously recognized by the Court.[1] Indeed, their theories of recovery against the County Defendants are analytically flawed on fundamental levels: first, Plaintiffs contend on the one hand that the judiciary has unconstitutionally abdicated its constitutional duty to determine the conditions of a defendant's pretrial release and have delegated that responsibility to the County and yet on the other seek to hold the County liable in damages for performing a duty it does not owe (because, according to Plaintiffs, it is owed by the judiciary).[2] More fundamentally, however, is that Plaintiffs completely gloss over the threshold issue of whether they have a substantive due process liberty interest in successfully participating in a gratuitously provided,

---

[1]  The liberties Plaintiffs take is no surprise as their counsel of record, the Civil Rights Corps, and Ms. Ellora Israni in particular, state on their website that "Ellora litigates in support of movements to abolish police, prosecutors, and the prison industrial complex. " See https://civilrightscorps.org/ellora-israni-attorney/.

[2] Plaintiffs even contend that a full adversary hearing with the burden on the State to prove by clear and convincing evidence is the constitutional standard for *all* bond hearings. They cite *U.S. v. Salerno* and *Wheeler v. State* for these propositions. Yet, these cases stand for the proposition that such a standard is constitutionally adequate in instances where the Court finds no pre-trial release options (i.e., "preventive detention" – no bail or other conditions of pretrial release). No court has ever held that such a standard is applicable when the court sets a bond or otherwise approves some possibility of pre-trial release. In *Gerstein v. Pugh,* 95 S. Ct. 854 (1975) the Supreme Court held that the 4th Amendment, not the 14th Amendment, was the source for analysis of continued detention beyond arrest and that only probable cause was required to extend detention following arrest.  Plaintiffs' failure to draw this distinction is troubling at best. While this is not necessarily an issue to be addressed by the County defendants it is illustrative of the liberties plaintiffs take in their efforts to expand substantive due process beyond points previously recognized by the law.

Plaintiffs also contend that they are constitutionally entitled to a bail review hearing within 48 hours of their arrest. But see *Mitchell v. Doherty*, 530 F. Supp. 3d 744 (N.D. Illinois 2021)(4th Amendment did not afford arrestees a right to a bail hearing within 48 hours following their warrantless arrests).

non-mandated pre-trial release program offered by PGCDOC. Further, Plaintiffs lack standing because, of the nine named Plaintiffs, six have been released and three are being detained because they have detainers from other jurisdictions –irrespective of the pre-trial release program. Because of these fundamental flaws, and others, Prince George's County and the individual DOC Defendants move to dismiss this action.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a means of testing the legal sufficiency of a complaint.   The Court must grant a motion to dismiss where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).   "The question therefore is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1357 at 332-36 (2d ed. 1990).

The Court, when deciding a motion to dismiss, must consider well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).   However, the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *Nat'l Coalition for Students with Disabilities Educ. and Legal Def. Fund v. Scales*, 150 F. Supp.2d 845, 849 (D.Md. 2001)(citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).   When reviewing a motion to dismiss, a court need not consider mere conclusory charges that have no factual support or basis, and any ambiguity or uncertainty in the allegations must be construed against the pleader. *Berman v. Karvounis*, 308 Md. 259, 265, 518 A.2d 726 (1987); *Figueiredo-Torres v. Nickel*, 321 Md. 642, 647, 584 A.2d 69 (1991).   A

9

**JA386**

complaint, or counts thereof, may be dismissed if the law does not support the conclusions argued, the court lacks jurisdiction, or where the facts alleged are not sufficient to support the claim presented.

### III. ARGUMENT

#### A. INDIVIDUAL DEFENDANTS SUED IN THEIR OFFICIAL CAPACITIES ARE ENTITLED TO DISMISSAL.

It is well-established that "an official capacity claim against a government employee is, in effect, a claim against the governmental unit." *Lowery v. Prince George's County*, 960 F. Supp. 952, 953 (D.Md. 1997). Official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent ... an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58,  71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, "suing defendants in their official capacities  is 'effectively brings suit against the governmental bodies for which the official works.'" *Lowery*, 960 F.Supp. at 959; (quoting *Kennedy v. Widdowson*, 804, F.Supp. 737, 740 (D.Md. 1992). Here in the present case, the Complaint clearly asserts claims against the named Defendants in their official capacities only. See ECF 1, ¶¶ 230-234. There are no allegations that any action or omission committed by the named Defendants were performed in their personal capacities or motivated by any personal amicus towards Plaintiffs. The Complaint clearly describes conduct allegedly committed with the authority vested in them by their official county positions. Thus, Defendants Corenne Labbe, Jeffrey Logan, Kenneth Gray and Tanya Law must be dismissed as named Defendants and the suit allowed to proceed against the real party of interest, Defendant Prince George's County, Maryland.

#### B.  PLAINTIFFS LACK STANDING.

Standing is a threshold issue. "[W]hether the plaintiff has made out a 'case or controversy'

between himself and the defendant . . . is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A motion to dismiss for lack of Article III standing is evaluated under *Federal Rules of Civil Procedure* 12(b)(1). Plaintiffs must show that they: "(1) suffered injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337, 136 S.Ct. 1540, 1547 (2016). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Moreover, "the case-or-controversy requirement applies to all stages of a federal case" *Williams v. Ozmint*, 716 F.3d 801, 808-809 (4th Cir. 2013). Thus, "[i]f a live case or controversy ceases to exist after a suit has been filed, the case will be deemed moot." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 368 (4th Cir. 2015). "The doctrine of mootness can be described as 'the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 120 S.Ct. 693,  145 L.Ed.2d 610 (2000) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)).

In addition to standing, the "constraint of Article III" also includes the principle of ripeness, which "presents a 'threshold question [] of justiciability.'" *Scoggins v. Lee's Crossing Homeowners* Ass'n, 718 F.3d 262, 269 (4th Cir. 2013) (citation omitted). *See Nat'l Ass'n for the Advancement of Colored People v. Bureau of the Census*, PWG-18-891, 2019 WL 355743, at *8 (D. Md. Jan 19, 2019) ("NAACP") (describing standing and ripeness as "overlapping facets" of subject matter jurisdiction). Whereas standing focuses on who can sue, ripeness "'concerns the

appropriate timing of judicial intervention.'" *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013) (quoting *Va. Soc'y for Human Life, Inc. v. FEC*, 263 F.3d 379, 389 (4th Cir. 2001)); *see NAACP*, 2019 WL 355743, at *8 (noting that standing addresses *who* may sue, and ripeness addresses *when* a party may sue).[3]

Here, the Plaintiffs do not have standing (*who* may sue) because the Plaintiffs must have a right to pre-trial release and personally suffered an actual and concrete injury-in-fact. Moreover, these claims are not ripe (*when* a party may sue) because the Plaintiffs have not been ordered released from Prince George's County Department of Corrections (PGCDOC) and PGCDOC failed to release them that is evidenced by the lack of any court order ordering their release.

### i. The Plaintiffs did not suffer an injury-in-fact.

The Complaint asserts constitutional violations based on Plaintiffs' alleged denial of pre-trial release. Specifically, Plaintiffs contend that "continue to be – illegally jailed through the referral process." See ECF 1, 5-9. Article III precludes an individual who was never ordered released from custody and never suffered an actual and concrete injury-in-fact from filing suit.

To establish Article III standing, a plaintiff must have, first and foremost, suffered an injury-in-fact. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83 U.S. 83, 103 (1998) (an injury-in-fact is the "[f]irst and foremost" of standing's three elements). To demonstrate an injury-in-fact, the plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. at 337, 136 S. Ct. at 1548 (2016)) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

---

[3] As constitutional law scholar Erwin Chemerinsky explained, "Although the phrasing makes the questions of who may sue and when they sue seem distinct, in practice there is an obvious overlap between the doctrines of standing and ripeness." ERWIN CHEMERINKSKY, FEDERAL JURISDICTION § 2.4 (4th ed. 2003).

560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1993)). Alternatively, a threatened injury can satisfy Article III standing, although "not all threatened injuries constitute an injury-in-fact." *Beck*, 848 F.3d 262, 271 (4th Cir. 2017); see *South Carolina v. United States*, 912 F.3d 720, 726 (4th Cir. 2019). "Threatened injury must be certainly impending to constitute injury in fact." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S.Ct. 1138, 1147-48, 185 L.Ed.2d 264 (2013). A plaintiff cannot rely on an "attenuated chain of inferences" nor "on speculation" to claim injury. *Id.*; (quoting *Lujan*, 504 U.S. at 562). "The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

As a threshold matter, the Court must recognize that "referral to Pre-trial services" is not an order for release. (Ex. 1.) It defies logic and common sense that a detainee can be illegally detained when the court only ***referred*** them to pre-trial services. Although it is alleged that some of the named Plaintiffs have been ordered released, Plaintiffs cannot produce any court order that clearly orders the immediate release of any Plaintiff.

Presently, only two of the nine named Plaintiffs remain detained at the jail. *See* ECF 59 and Ex. 1. The remaining two Plaintiffs (Butler and Williams) have suffered no actual injury because the circumstances of their respective pending criminal matters and criminal histories rendered them ineligible for release from PGCDOC custody. *See* ECF 59-4, 59-5 and Ex. 1. Specifically, Williams has a detainer from another jurisdiction. Id. Moreover, both are charged with serious felonies (i.e. illegal possession of a firearm and murder). Id. Thus, the remaining detained Plaintiffs do not have a constitutional liberty interest in pre-trial release or suffered any actual injury because they were eligible for pre-trial release due to the existence of valid detainers or were never referred by the state court of pre-trial release eligibility evaluation.

13

**JA390**

ii. <u>The Plaintiffs' claims are not ripe for judicial review.</u>

The "constraint of Article III" includes principles of standing as well as ripeness, which "presents a 'threshold question [] of justiciability.'" *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013) (citation omitted). A claim is not ripe for judicial review "'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. at 270 (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)). In other words, "the ripeness requirement is designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements' . . . ." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-33, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998) (citations omitted). A claim "should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). Neither Plaintiff Butler nor Williams have been ordered released from PGCDOC custody by the state courts in their pending criminal cases. Also, both Butler and Williams, who are represented by counsel, have a State court remedy in the form of a bond review hearing that may be requested on their behalf. Docket entries for both Plaintiffs' cases show that their respective counsel have filed motions for bond review hearings that have been granted and held. See ECF 59, Ex. 1. Since neither have a constitutional right to pre-trial release and have not been ordered released by the State courts, Plaintiffs have not suffered an injury-in-fact; and thus, their claims are not ripe of judicial review.

14

**JA391**

<u>iii. The Plaintiffs' claims are moot.</u>

Clearly, the claims of the Plaintiffs who have been released from PGCDOC are now moot and should be dismissed as named Plaintiffs from this suit.   "The doctrine of mootness can be described as 'the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. at 190 (2000) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). "Mootness principles derive from [the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." *Williams*, 716 F.3d at 808 (internal quotation marks omitted). "The case-or-controversy requirement applies to all stages of a federal case." *Id*. Thus, "[i]f a live case or controversy ceases to exist after a suit has been filed, the case will be deemed moot and dismissed for lack of standing." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 368 (4th Cir. 2015). "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Williams*, 716 F.3d at 809 (internal quotation marks omitted).

Plaintiffs Robert Frazier, Anibal Hernandez, D.P., Donnell Davis, Leslie Sharp, Elmer Laguan-Salinas, and Adrienne Worthington are no longer in PGCDOC custody.  Thus, their claims are now moot as they no longer have a live case or controversy.  Likewise, the remaining detained Plaintiffs' claims are also moot because as stated previously herein, they cannot satisfy the perquisite of being ordered released by the State court and have suffered no injury-in-fact.

As to Plaintiffs' contention that the pre-trial evaluations conducted by PGCDOC are not completed in an expediate fashion, this Court must take judicial notice of the effect the COVID-19 pandemic had on our judiciary.   For an extended period of time and due to circumstances

beyond anyone's control, the COVID-19 pandemic ceased the courts ability to hold trials that caused detainees to spend extended time incarcerated.  Now, that the height of the pandemic is over, the courts and PGCDOC have been diligently working through the backlog of cases but the reality is that there are only so many hours, judges and PGCDOC staff and the number of cases exceeds their capacities to hold bond hearings, motion hearings and trial in a more expediate fashion while safeguarding the accused constitutional rights.

Thus, it is clear that Plaintiffs lack standing on the grounds that either the case is moot or they did not suffer an injury-in-fact.  Therefore, the court must dismiss Plaintiffs' Complaint because the Court lacks subject matter jurisdiction based on Plaintiffs' lack of standing.

### C.  THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE ACTION IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Plaintiffs in this action necessarily ask this court to revisit state court judgments of pre-trial release and determine that those judgments were unlawful. Plaintiffs' invitation is barred by the *Rooker-Feldman* doctrine.  The *Rooker–Feldman* doctrine is the namesake of *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In *Rooker,* the plaintiffs brought suit in Federal district court seeking a declaration that a state-court judgment against them was "null and void" because, they alleged, it was in violation of the Constitution. *Id.* at 414–15, 44 S.Ct. 149. The Supreme Court concluded that the district court lacked subject-matter jurisdiction over the claim because "[u]nder the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state-court] judgment for errors of [Constitutional] character." *Id.* at 416, 44 S.Ct. 149.  The Supreme Court's subsequent opinion in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct.

1517, 161 L.Ed.2d 454 (2005), however, significantly altered the Fourth Circuit's interpretation of

the *Rooker–Feldman* doctrine. Under prior 4th Circuit cases, the *Rooker–Feldman* doctrine had

been interpreted broadly to provide that the loser in a State-court adjudication was barred from

bringing suit in Federal court alleging the same claim or a claim that could have been brought in

the State proceedings. *Exxon* teaches, however, that the *Rooker- Feldman* doctrine applies only

when the loser in State court files suit in Federal district court seeking redress for an injury

allegedly caused by the State court's decision itself. *Davani v. Virginia Dept. of Transportation*

434 F.3d 712 (4th Cir. 712, 718, 2006). The Supreme Court in *Exxon* noted that:

> *Rooker–Feldman* doctrine ... is confined to cases of the
> kind from which the doctrine acquired its name: cases
> brought by state court losers complaining of injuries
> caused by state-court judgments rendered before the
> district court proceedings commenced and inviting
> district court review and rejection of those
> judgments.... [*In cases of parallel litigation,
> d]isposition of the federal action, once the state-court
> adjudication is complete, would be governed by
> preclusion law....Moreover, the Rooker–Feldman
> doctrine does not] stop a district court from exercising
> subject-matter jurisdiction simply because a party
> attempts to litigate in federal court a matter previously
> litigated in state court. If a federal plaintiff presents
> some independent claim, albeit one that denies a legal
> conclusion that a state court has reached in a case to
> which he was a party ...,* then there is jurisdiction and
> state law determines whether the defendant prevails
> under principles of preclusion*.

*Id.* at 1521–22, 1527 (internal quotation marks omitted and emphasis added).  The appropriate

analysis was stated by the Fourth Circuit Court of Appeals as follows:

> ...*Exxon* requires us to examine whether the state-court
> loser who files suit in federal district court seeks
> redress for an injury caused by the state-court decision
> itself.[6] If he is not challenging the state-court decision,
> the *Rooker–Feldman* doctrine does not apply. *See,*

17

**JA394**

*e.g., Washington v. Wilmore,* 407 F.3d 274, 280 (4th Cir.2005) (holding, post-*Exxon,* that the *Rooker–Feldman* doctrine did not apply because "[the plaintiff's] claim of injury rests not on the state court judgment itself, but rather on the alleged violation of his constitutional rights [by the defendant]"). If, on the other hand, he is challenging the state-court decision, the *Rooker–Feldman* doctrine applies. It is important to note that the *Rooker–Feldman* doctrine applies in this second situation even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court. A claim seeking redress for an injury caused by the state-court decision itself— even if the basis of the claim was not asserted to the state court—asks the federal district court to conduct an appellate review of the state-court decision. *Exxon* clarifies, however, that § 1257(a) provides that only the Supreme Court may review state-court decisions. Under *Exxon,* then, *Feldman's* "inextricably intertwined" language does not create an additional legal test for determining when claims challenging a state-court decision are barred, but merely states a conclusion: if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, "inextricably intertwined" with the state-court decision, and is therefore outside of the jurisdiction of the federal district court. *See Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 86–87 (2d Cir. 2005) ("[D]escribing a federal claim as 'inextricably intertwined' with a state-court judgment only states a conclusion. *Rooker– Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment.").

*Davani v. Virginia Dept. of Transportation, 434 F.3d 712,  (4th Cir. 2008).* In this case, the plaintiffs ask the Court to essentially reverse the state court's judgments concerning the conditions of the pre-trial liberty. Plaintiffs directly claim that they are injured by the State Court's judgments in a) failing to conduct constitutionally adequate bond review hearings and b) unlawfully delegating pretrial release decisions to the PGCDOC.  See ECF 1, ¶¶ 5-12.

18

**JA395**

*Rooker-Feldman* precludes the Court's review of these decisions because plaintiffs' injuries, if any, stem directly from the State Court judgments and are, at a minimum, "inextricably intertwined" with them. Plaintiffs could raise the same contentions they make here in bond review hearings and in habeas corpus petitions. Instead, they seek to circumvent these remedies and ask this Court to be a bail review and pre-rial release overseer of the Prince George's County pre-trial process – a suggestion that this Court should reject. Accordingly, the Plaintiffs' claims must be dismissed.

### D. IF THIS COURT HAS JURISDICTION, THE COURT SHOULD ABSTAIN FROM ENTERTAINING THE SUIT PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE

This Court should respectfully abstain from entertaining this suit under the principles articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In a nutshell, by entertaining the Plaintiffs' claims this court would necessarily have to revisit the State court's criminal proceedings and decisions to set the parameters of the Plaintiffs' pre-trial status.

The doctrine of abstention articulated in *Younger* requires a Federal court to abstain from interfering in State proceedings, even if jurisdiction exists, if there is:

> (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit. *Moore v. City of Asheville,* 396 F.3d 385, 390 (4th Cir. 2005) (citing *Nivens v. Gilchrist,* 319 F.3d 151, 153(4th Cir. 2003).

"*Younger* abstention represents an accommodation between a state's pursuit of important interests

in its own forum and the federal interest in federal adjudication of federal rights." *Telco Comm'ns, Inc. v. Carbaugh,* 885 F.2d 1225, 1229 (4th Cir.1989). In *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the Supreme Court stated that "a necessary concomitant of *Younger* is that a party must exhaust his state appellate remedies before seeking relief in the District Court." Thus, "a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court." *New Orleans Pub. Serv. v. Council of City of New Orleans,* 491 U.S. 350, 369, 109 S.Ct. 2506, 43 L.Ed.2d. 482 (1989); *see also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 627, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (applying *Younger* to state administrative proceedings). Indeed, the purpose of abstention is to ensure that state courts may construe state law in a way that avoids unwarranted determinations of federal constitutional questions and to maintain comity between the state and federal courts. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Hence, "federal intervention before a state court has had the opportunity to review an agency's decision is no less an 'aspersion on the capabilities and good-faith of state appellate courts,' and no 'less a disruption of the State's efforts to protect interests which it  deems important." *O'Neil v. City of Philadelphia,* 32 F.3d 785, 791 (3d Cir.1994) (quoting *Huffman,* 420 U.S. at 608, 95 S.Ct. 1200).

  Here, all of the elements of *Younger* abstention are present. The two remaining detained Plaintiffs are involved in on-going State criminal proceedings. They implicate the State criminal procedure process of the County's court system which implicates vital State interests, and Plaintiffs have an adequate opportunity to raise the identical claims in bond review hearings and/or via a habeas corpus action in State court, or even ostensibly an action under the Maryland Declaration of Rights in State court. Plaintiffs essentially concede this point by alleging in their

complaint that the Maryland Declaration of Rights, Article 24, is in *pari materia* to the Fourteenth Amendment to the U.S. Constitution (i.e., the rights afforded under the Maryland Constitution are co-extensive with those under the Federal Constitution). Thus, Plaintiffs may seek the same remedies they seek here, if viable, in a State court action(s). Accordingly, this Court should abstain from entertaining Plaintiffs' claim. The claims asserted in this case should be decided, if at all, by the State Court system. Accordingly, the Court should dismiss this matter.

### E. PLAINTIFFS HAVE NO SUBSTANTIVE DUE PROCESS LIBERTY INTERST IN A NON-MANDATED PRE-TRIAL RELEASE PROGRAM.

Plaintiffs, without any authority, simply assert that the PGCDOC has no authority to make pre-trial release decisions and that their "fundamental liberty interest" is thereby violated. However, Plaintiffs fail to even phrase the issue in the manner required by law. This is no mistake because, when properly phrased, it is abundantly clear that Plaintiffs have no substantive liberty interest in participating in a non-mandated, gratuitously provided pre-trial release program offered by a local jail.

As previously noted, nothing in Federal or Maryland law requires that a local jail offer a pre-trial release program. The Fourth Circuit Court of Appeals has made it clear that:

> while liberty interests entitled to procedural due process protection may be created by state law as well as the Constitution itself, those entitled to substantive due process protection (whatever the procedures afforded) are "created only by the Constitution." *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). And, if not by positive state law, surely not by conduct of state officials giving rise to some form of right-by-estoppel. *Cf. Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464–65, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981) (holding that constitutionally protected liberty interest in commutation of prisoner's sentence "cannot be created—as if by estoppel"—from

**JA398**

consistent practice of commutation by state officials in
"most" cases) (quotation omitted).

*Hawkins v. Freeman*, 195 F.2d 732, 748 (4th Cir. 1999). Further, when analyzing a substantive

due process claim (at least when legislation is the source of the claim) starts with:

> The first step in that "fundamental-rights-based"
> process, *id*. at 721 n. 17, 117 S.Ct. 2258, is to make a
> "careful description" of the asserted liberty right or interest
> that avoids overgeneralization in the historical
> inquiry. *See id.* at 722–23, 117 S.Ct. 2258 (narrowing
> descriptions used by lower court and urged by claimants in
> defining liberty interest allegedly violated by assisted-
> suicide legislative ban). Hawkins's rhetorical reference to the
> right as being "freedom from unjust incarceration," Br. of
> Appellant at 10, and that of *amicus,* American Civil
> Liberties Union of North Carolina, as the "right to be free
> from arbitrary incarceration," (Br. of *Amicus* at 7), are issue-
> begging generalizations that cannot serve the inquiry. A
> properly precise description can, however, be found in the
> facts and legal authorities relied upon by Hawkins in support
> of his claim. From these, we deduce that the precise right
> asserted is that of a prisoner to remain free on erroneously
> granted parole so long as he did not contribute to or know of
> the error and has for an appreciable time remained on good
> behavior to the point that his expectations for continued
> freedom from incarceration have "crystallized."

*Hawkins v. Freeman*, supra at 747. Plaintiffs here have engaged in the same "issue begging

generalizations" description of a fundamental right asserted. It is not one simply to be free from

pre-trial incarceration but, rather, whether plaintiffs who are committed by court order to the

custody of a local jail are entitled to successfully participate in a gratuitously provided, non-legally

mandated pre-trial release program offered and administered by a local jail and where the court

has indicated approval of the release pursuant to the program *if* the detainee qualifies under the

jail's criteria, and where if not qualified the Court is subsequently notified so that it may reconsider

the conditions of pre-trial release that it set.   The answer is no – they have no concrete or

"crystalized" expectation that they will be released based on the criteria established and

administered by jail officials. The following discussion illustrates why.

In *Hawkins v. Freeman*, infra, a man (Hawkins) was released on parole by a State of North Carolina parole official. North Carolina had in place statutes governing parole and the criteria for release on parole. Freeman had been released for almost two years when the parole official determined that he had made a mistake and that parole should not have been granted. The State of North Carolina then revoked Freeman's parole and reincarcerated him to serve the remainder of his sentence. While Freeman was on parole he was gainfully employed, reunited with his family and had incurred no other offenses. Freeman filed a habeas corpus petition in Federal court contending that his reincarceration violated his due process rights. The Fourth Circuit Court of Appeals analyzed the case under the alternative theories/assumptions that the revocation of parole was by 1) an executive act of a State official; and 2) mandated by State legislation. In either case, the court found that Hawkins had no fundamental liberty interest in remaining free on an erroneously granted parole. Under the executive act analysis, the Court found that there was no intent to punish Hawkins and thus the act did not "shock the conscience of the court". The Court in so finding noted that:

> Over time, the Supreme Court has elaborated on the kind of executive conduct that fairly can be said to "shock the conscience," to be "fatally arbitrary in the constitutional sense." It is conduct that involves "abusing [executive] power, or employing it as an instrument of oppression." *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)(quotation omitted). More objectively, it is conduct more blameworthy than simple negligence, which never can support a claim of substantive due process violation by executive act. *See County of Sacramento v. Lewis* (citing *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)). While intentional conduct is that "most likely" to meet the test, that alone will not suffice; the conduct must be "intended to injure in some way *unjustifiable          by          any          government*

*interest.*" *Id.* (emphasis added).

As previously noted, there is no legislation that requires that a local jail maintain a pre-trial release program. In those counties that do have them, or some form of release program, all create and administer their criteria. See for example, the Maryland Annotated Code, Correctional Services Article, Subtitle 7, §11-702, which reads:

> – Allegheny County
>   (a) Scope of Section – This section applies only in
>   Allegheny County
>   (b)   Pre-trial release program.—
>
>   (1)   The Sheriff *may*:
>   (i)    Establish a pretrial release program that offers
>          alternatives to pretrial detention; and
>   (ii)   adopt regulations to administer the program

See also §11-703, which reads in pertinent part:

> -Anne Arundel County
>   f)(1)  The Administrator *may*:
>   (i) establish a pretrial release program that offers
>   alternatives to pretrial detention; and
>   (ii) adopt regulations to carry out the program.

By contrast, §11-718, applicable only to Prince George's County, authorizes the County jail administrator, in her discretion, to have a work-release program for sentenced prisoner's and adopt the rules and regulations for the program. It reads

>  Section 11-718 - Prince George's County
>
> (a) In this section, "administrator" means an administrator
> of a county detention center.
>
> (b) This section applies only in Prince George's County.
>
> (c)(1) Subject to paragraph (2) of this subsection, an
> administrator may allow an inmate sentenced to
> imprisonment in a detention center after being convicted of
> a crime or found in contempt of court to leave actual

confinement to:
    (i) seek or work at gainful, private employment;
    (ii) participate in a training or rehabilitation program; or
    (iii) attend educational or vocational institutions in the
    county.

(2) The administrator may allow the inmate to leave
confinement:
    (i) in accordance with established programs;
    (ii) during necessary and reasonable hours; and
    (iii) after determining that the inmate is eligible for the
    program and recommending it to and receiving written
    approval from the sentencing or administrative judge.

(d)(1) The administrator shall adopt guidelines and rules for
the conduct of the work release program that shall:

    (i) take into consideration the security of the detention
    center and the safety of the public; and
    (ii) conform with conditions that a sentencing or
    administrative judge may impose in a particular case.

No mention is made in this provision regarding a pre-trial release program in Prince George's County and, as indicated, the Administrator sets the criteria for any work release program she may choose to provide. Allegheny County has yet to institute a pretrial services program and Anne Arundel County's pretrial release program is created and administered by the jail's administrator. Thus, the establishment and administration of a pre-trial release program is left to the jails, not the courts.

Prince George's County is no different, and no law compels its existence.[4] It is thus perplexing that Plaintiffs essentially contend that the pre-trial services program should be abolished – such a drastic action would eliminate an alternative to pre-trial detention, contrary to the apparent interests of the Plaintiffs, and result in more pre-trial incarceration, precisely what

---

[4] Indeed, the County could moot much of this action by simply discontinuing its pretrial release program as nothing prevents it from doing so.

Plaintiffs expressly seek to avoid.[5] In any event, Plaintiffs have no substantive due process liberty interest in participating in DOC's pre-trial release program or in contesting its criteria. See *Baugh v. Woodward*, 604 F. Supp. 1529 (E.D. NC 1985) (where a transfer decision is solely within the discretion of prison officials and prisoners have no justifiable expectation that they will not be transferred absent a specified event or condition then no state-created liberty interest arises ); *Hawkins*, supra (no liberty interest in continued parole where parole erroneously granted); *Spears v. Jones*, 2012 WL 4460514 (W.D. Va. 2012) (no liberty interest in work-release program even though ordered by a judge because determination left to jail officials as a matter of Virginia law); *Sanchez v. Hill*, 2022 WL1178572 (D. Wyoming April 15, 2022)(no due process violations found and motion for preliminary injunction denied where pre-trial detainees participating in Wyoming's "24/7" Sobriety Program administered by local sheriff and where detainees were re-arrested and incarcerated for failing to show up for twice daily breath tests);   and Maryland Rule 4-216.1(d)(2)(K) reads:

> ((2) Special Conditions. Subject to section (b) of this Rule, special conditions of release imposed by a judicial officer under this Rule may include, to the extent appropriate and capable of implementation:
>
> (K) committing the defendant to the custody or supervision of a designated person or organization that agrees to supervise the defendant and assist in ensuring the defendant's appearance in court;).

Thus, there is no precedent for Plaintiffs' contention that they have a liberty interest protected by due process in a jail's pre-trial release program or that a local jail may not adopt and administer its own programs.

---

[5]  See, e.g., plaintiffs' complaint, page 21, where plaintiffs reference an illustrative flow chart that they believe is constitutionally required. No pretrial release program is included or referenced at all, indicating that plaintiffs seek elimination of the pretrial release program.

Even if Plaintiffs have a protected liberty interest in the jail's pre-trial release decisions, i.e., its executive acts, substantive due process could only be violated by conduct "*intended to injure in some way unjustifiable by any government interest.*" <u>*Hawkins, supra.*</u>. Plaintiffs have not alleged that the administration of the pre-trial release program is *intended to injure* Plaintiffs in an unjustifiable way. Nor could they – DOC has no interest in detaining anyone it does not have to and only has detainees by virtue of a court order.

Perhaps most significantly, however, is the fact that the final decision to release in the case of a pre-trial release denial decision made by PGCDOC is made by the Court, not PGCDOC. The Courts and counsel are advised of denial decisions by PGCDOC and they may revisit the terms and conditions of defendant's pre-trial status. (Ex. 1D, p. 2.)  The County Defendants simply follow the Court's orders – they have no authority to independently override or alter them. Thus, Plaintiffs' due process claims against the County Defendants must fail. See *Daves v. Dallas County, Texas*, 22 F.4th 522, 540-41 (5th Cir. 2022) (Judges in Texas are State officials and the County could not be liable under §1983 for judges' actions in setting bail); See also *O'Donnell v. Harris County*, 892 F.3d 147, 156 (5th Cir. 2018), *overruled on other grounds* by *Daves v. Dallas County*, supra. ("We agree with the County that its Sheriff is not an appropriate party for attaching municipal liability, however. The Sheriff does not have the same policymaking authority as the County Judges. To the contrary, the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed "for want of bail." *See* Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a) (noting the Sheriff's authority is "subject to an order of the proper court"). State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders

**JA404**

imposing secured bail by unilaterally declaring them unconstitutional. Accordingly, the County Sheriff does not qualify as a municipal policymaker under § 1983").

### F. THE COMPLAINT AND THE AFFIDAVIT OF JEFFREY LOGAN ESTABLISH THAT PLAINTIFFS RECEIVE DUE PROCESS.

Plaintiffs factual recitation demonstrates that the procedures followed by the courts are in accord with the requirements of the Maryland Rules of Criminal Procedure, Rule 4-216 and 4-216.1. Bond hearings are held in a timely manner in accordance with the Rules and the judges take into consideration the factors required by the rules when making bond and pre-trial release condition decisions. (Ex. 1.)  Nowhere in the rules are the bond review standards stated that plaintiffs advocate, with the exception of only preventive detention decisions (those for which the Court finds no conditions of release are possible). Plaintiffs make no contention that the judiciary in Prince George's County do not follow the rules. Those rules clearly provide that a judge may consider the recommendation of a pre-trial release program – and more, consider placing a defendant in the custody of anyone who agrees to supervise the defendant that is satisfactory to the court (See Maryland Rule 4-216.1(d)(2)(K): the court may commit a defendant "to the custody or supervision of a designated person or organization that agrees to supervise the defendant and assist in ensuring the defendant's appearance in court;).– and that the Courts do just that. Thus, Plaintiffs in essence contend that the Maryland Rules of Criminal Procedure are deficient and violate the due process requirements of bail and pre-trial release.

Moreover, the underlying premise in the Plaintiffs' complaint against PGCDOC is that Plaintiffs have an absolute right to be released pursuant to DOC's pre-trial release program and that no denial is appropriate. Plaintiffs' description of the putative class demonstrates this contention as they seek class certification for persons "1) still detained more than 48 hours after arrest and 2) having been issued a "pre-trial option" or "pre-trial order" by the Prince George's

28

**JA405**

County District or Circuit Court", regardless of the charges placed against the person or other pre-trial considerations. In other words, Plaintiffs contend that everyone falling within these parameters was/are entitled to be released by the Courts and/or DOC regardless of an analysis of whether they qualified for pre-trial release. Again, Plaintiffs' description of the class if certified would essentially void the pre-trial release program at PGCDOC.

There is no precedent for this and Plaintiffs' position is fanciful at best. The attached affidavit (and exhibits thereto) of Defendant Jeffrey Logan, former Chief of PGCDOC's pre-trial program, sets forth the criteria that the program investigators employ, all of which are designed to ensure (to the extent possible) the appearance of the defendant at a court hearing and protection of the public, and the manner in which decisions are made.[6] (Ex. 1.)  These criteria mirror those articulated in Maryland Rule of Criminal Procedure 4-216.1. The criteria are a matter of public record. Plaintiffs have full access to them. It is telling that Plaintiffs assert that they are unaware of DOC's pre-trial release criteria and then proceed to identify criteria they challenge: a victim's fear of a defendant, detainers, etc. Nor do Plaintiffs suggest in any manner how due process would be appropriately accomplished other than, of course, elimination of the PGCDOC pre-trial release program altogether (or, without citation to any authority, have a local jail's pre-trial release program decisions be made by an elected, accountable person). Again, and perhaps most significantly, is that when PGCDOC determines that a defendant referred or ordered to pre-trial release does not qualify for pre-trial release the Court and counsel are notified of this and the Court can then revisit the conditions of release previously set. (Ex. 1.)  Ultimately, it is the Courts not

---

[6] The affidavits appended hereto from Jeffrey Logan and Corenne Labbe do not convert the instant motion to dismiss into one for summary judgment. This is because they discuss all matters integral to the complaint filed.  See *Lokhova v. Halper,*441 F.3d 238, 252 (E.D. Va. 2020).

the County Defendants, that make the final decision. Accordingly, the Plaintiffs receive any procedural due process that may be owed.

### G.  THE COUNTY DEFENDANTS CANNOT BE LIABLE FOR MONEY DAMAGES.

The County Defendants cannot be liable for money damages for carrying out a duty/function for which the Plaintiffs have no due process liberty interest. Further, it cannot be liable if, as Plaintiffs allege, the County Defendants are carrying out a judicial function through the administration of its pre-trial release program.

The Judges of the District and Circuit Courts are State officials. As such, they are immune by virtue of Eleventh Amendment Sovereign immunity from §1983 money damages liability. If, as Plaintiffs contend, the County Defendants are carrying out a State judicial function through the administration of its pre-trial release program then the County Defendants are also entitled to Eleventh Amendment immunity.

A suit against a State official in their official capacity is not a suit against the official but rather against the official's office and, as such, is no different than a suit against the State itself. *Will v. Michigan Department of State Police*, 109 S. Ct. 2304, 2371 (1989). Eleventh Amendment immunity extends to "state agents". *Lee-Thomas v. Prince George's Count Public Schools*, 666 F.3d 244, 248 (2012). State officials are not "persons" subject to suit under §1983. *Will*, 109 S. Ct. at 2371. There can be little doubt that state court judges, much like assistant state's attorneys and deputy sheriffs, are "state officials". Indeed, Circuit Court judges are specifically listed as "state personnel" in the Maryland State Tort Claims Act, State Government Article §12-101(a)(11). As such, the judges in this case enjoy Eleventh Amendment sovereign immunity from money damages liability under §1983. *Will*, *id.* (state officials are not "persons" subject to suit under §1983).

30

**JA407**

Recognizing this, Plaintiffs do not attempt to seek money damages from the judiciary. Plaintiffs in this case seek to circumvent that obstacle by seeking money damages from the County Defendants.  Yet, Plaintiffs allege that the County Defendants are carrying out a judicial function, namely, determining the conditions of a defendant's pre-trial release. Plaintiffs have even gone so far as to allege that this a violation of the separation of powers under the Maryland Constitution, i.e., the executive branch is unconstitutionally performing a non-delegable duty of the judicial branch. If, as Plaintiffs allege, this is true then it analytically follows that the County Defendants, like the judges, would also be entitled to assert Eleventh Amendment sovereign immunity.

Even if the County could not assert sovereign immunity it could not be liable for money damages. This is because the County does not establish pre-trial release policy for purposes of §1983. See *Daves v. Dallas County, Texas*, 22 F.4th at 540-41 (5th Cir. 2022) (Judges in Texas are State officials and the County could not be liable under §1983 for judges' actions in setting bail); See also *O'Donnell v. Harris County*, 892 F.3d 147, 156 (5th Cir. 2018), *overruled on other grounds* by *Daves v. Dallas County*, supra. ("We agree with the County that its Sheriff (the local jailor) is not an appropriate party for attaching municipal liability, however. The Sheriff does not have the same policymaking authority as the County Judges. To the contrary, the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed "for want of bail." *See Tex. Code Crim. Pro. Arts*. 2.13, 2.16, 2.18; *Tex. Loc. Gov't Code* § 351.041(a)(noting the Sheriff's authority is "subject to an order of the proper court"). State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional. Accordingly, the County Sheriff does not qualify as a municipal policymaker

under § 1983"). Because the County jail administrator in this case must follow the court's orders the County cannot be liable for money damages.

Finally, attempting to fashion a damages remedy in this case as presented is so speculative as to be impossible. In each and every case the Court would have to examine whether a defendant received an appropriate bail review hearing, even if the Court were to accept the standards pressed by Plaintiffs, and whether the jail's pre-trial release program should have released a defendant that remained detained. For these reasons, this is not the kind of action that can lend itself to a class action – there will never be typicality of claims common to all members of the putative class and proving damages even on an individual basis will be difficult because the Court's decisions and the pre-trial services program decisions will have to be reviewed on an individual basis and second guessed.

## IV.   THE MOTION FOR PRELIMINARY INJUNCTION MUST BE DENIED BECAUSE PLAINTIFFS CANNOT SATISFY THE REQUISITE ELEMENTS FOR A PRELIMINARY INJUNCTION.

Absent the most extraordinary circumstances, a Federal court should not issue an injunction against a State prison concerning prison management. The Supreme Court has repeatedly emphasized that prison administrators, and not the Federal courts, must "manage penal institutions." The Court recognized that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the Legislative and Executive Branches of Government." *Turner v. Safley,* 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). An essential objective in the administration and management of a prison is "maintaining institutional security and preserving internal order and discipline." *Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Critical to that goal, prison officials must be given "wide ranging deference" in pursuing

32

**JA409**

legitimate penological concerns. *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *see also Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) (no Federal injunction against State prisons "absent the most extraordinary circumstances" and Federal courts should not immerse themselves in prison management). "A preliminary injunction is an extraordinary remedy never awarded as a right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Because it is an extraordinary remedy, injunctive relief can only be awarded upon "a clear showing" that the plaintiff is entitled to such relief. *Winter*, 555 U.S. at 22. The Supreme Court has provided four requirements that a plaintiff must establish in order to obtain a preliminary injunction: (1) that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009) *cert. granted, judgment vacated on other grounds*, 559 U.S. 1089 (2010) and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010) (per curiam) (adopting the requirements of *Winter* and overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977)).

All four of the *Winter* requirements must be established independently. *See Real Truth About Obama, Inc.*, 575 F.3d at 346; *Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013). The establishment of one or two of these factors does not "relax" the remaining requirements; there is no longer a "flexible interplay" among the four factors. *Real Truth About Obama, Inc.*, 575 F.3d at 347. Thus, a plaintiff seeking a preliminary injunction must always "demonstrate that irreparable injury is *likely* in the absence of an injunction" even if he has established a likelihood of succeeding on the merits *Winter*, 555 U.S. at 21 (emphasis in original).

33

**JA410**

Both the Supreme Court and Fourth Circuit have emphasized that courts must consider the public interest impact of preliminary injunctions. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)); *Real Truth About Obama, Inc*., 575 F.3d at 347. Indeed, in *Winter*, the Supreme Court reversed the Ninth Circuit because it had "understated" the public interest burden that would occur if a preliminary injunction is granted. *Winter*, 555 U.S. at 24.

Applying the four-factor test of a preliminary injunction motion demonstrates the Court should not issue a preliminary injunction. First, for the reasons previously stated, Plaintiffs are not likely to succeed on this novel case of first impression. Plaintiffs essentially ask the Court to determine that either the Prince George's County courts are not following the Maryland Rules of Criminal Procedure or, alternatively, are following them but the Rules themselves are inadequate to satisfy due process. This position is simply untenable. As demonstrated, the County is well within its rights to establish and administer a pre-trial release program and set the criteria for it. Plaintiffs do not contend that the program is operated in a manner to intentionally punish the Plaintiffs and does so without any legitimate government interest. Additionally, the Court has standing, mootness, jurisdictional and abstention issues to consider. In sum, in no fashion can the Plaintiffs establish, as required, a "clear showing" of entitlement to relief. For these reasons alone the Court should deny the motion for a preliminary injunction.

Second, Plaintiffs cannot establish that they will suffer irreparable harm if the status quo is permitted to continue. The kind of harm articulated by the Plaintiffs is the same kind of harm that exists anytime a person is incarcerated, whether a pre-trial detainee or a convicted and sentenced prisoner. The bail review and pretrial release practice of Prince George's County have been in

34

**JA411**

existence for years – there is no indication proffered by Plaintiffs why irreparable harm would only manifest itself now. More to the point, however, is that (for the reasons previously stated) no Plaintiffs' pretrial liberty rights have likely been abridged and thus there cannot be irreparable harm.

Third, an injunction of some form, especially in the manner sought by Plaintiffs (to essentially enjoin the judiciary in the manner it conducts bail review hearings and to somehow oversee and/or correct the pretrial release program administered by the County jail), would cause great disruption to a state criminal justice system that has been in place for years and that is likely fully constitutional. Plaintiffs' liberty interests, on the other hand, are significantly reduced by virtue of the serious felony crimes for which they have been charged and upon which a judicial officer has found probable cause, thus triggering the right to detain the defendants pre-trial. On balance, the equities tip in favor of the defendants.

Finally, the public interest would not be served by the Court issuing an injunction in some fashion. It is troubling that the Plaintiffs and local Public Defender's Office did not approach the Defendants on an informal basis to try to resolve their concerns. Instead, they amassed an army of volunteers, untrained in the law, to watch bond review hearings and make observations and impassioned complaints about them that have little or no legal import (see the multiple affidavits and Plaintiffs' repeated statements about the minimal attention the courts supposedly give them and the mantra that the defendants are presumed innocent, despite the fact that Maryland Rules do not contemplate a hearing envisioned by Plaintiffs or  that probable cause is the standard for determining pretrial detention) over many months and then ambushed both judiciary and County with this lawsuit. Notwithstanding this vexatious approach and Plaintiffs' "war with the system," it is unclear precisely what an injunction would look like. Plaintiffs' proposed order of injunction

is absolutely confounding: they seek an injunction against the County Defendants only but for matters entirely outside their control – the court's bail review process. Not a single item identified in the proposed order does the PGCDOC have control over. The County Defendants could not abide by the Plaintiffs proposed injunction. A review of Plaintiffs proposed order could (and likely would), if granted, require the County Defendants to violate a court order (as the proposed injunction is not sought of the judiciary). For these reasons an injunction would not be in the interest of the public.   Therefore, Plaintiffs' Motion for Preliminary Injunction must be denied because Plaintiffs cannot satisfy the requisite elements to be entitled to a preliminary injunction.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court issue an Order dismissing the Complaint in its entirety for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6) and deny Plaintiffs' Motion for Preliminary Injunctive Relief.

Respectfully submitted,

*Andrew J. Murray*

Andrew J. Murray, Fed. No. 10511
Deputy County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
(301) 952-522
AJMurray@co.pg.md.us

*Shelley L. Johnson*

Shelley L. Johnson, Fed. No. 15853
Associate County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
(301) 952-5225 voice
(301) 952-3071 facsimile
Sljohnson@co.pg.md.us

37

**JA414**

**AFFIDAVIT OF JEFFERY LOGAN**

My name is Jeffery Logan. I am over 18 years of age and am competent to testify. The following statements are made from my personal knowledge:

I employed by the Prince George's County Department of Corrections ("PGCDOC" or "DOC"). I am the Division Chief of the Population Management Division. I have served in this capacity since 2010. Prior to that I was employed as the Assistant Division Chief for 3 years. My division administers programs that are alternatives to incarceration by detainees and pre-trial detainees following their commitment to PGCDOC by orders of the District and Circuit Courts for Prince George's County. The programs offered by the Population Management Division to qualified detainees are pre-trial release, home detention, and work release. The population management division exists to manage the jail's in-house population by offering detainees alternatives to incarceration and limit the number of detainees at the jail. Limiting the number of detainees is in PGCDOC's interest because of the strain on resources needed to house them.

All detainees at PGCDOC are there because of a court order committing them to the custody of PGCDOC. The jail has no control over the incidence of crime in the county, the seriousness of the crimes, the arrest rates by police or the number of commitment orders from the court.

The pre-trial release program, offered and administered by the population management division of PGCDOC, is intended to offer pre-trial detainees committed to the custody of PGCDOC, an alternative to spending their pre-trial or county sentenced time behind the four walls of the county correctional facility. Both divisions are integral to the facility managing its population. The pre-trial release program offered by the jail began sometime in the 1980's and its criteria were vetted with the Courts, the State's Attorney's Office, and the Public Defender's Office. Each entity has been acutely aware of the program, its criteria and the jail's administration of it through the daily application of it via bond review hearings in the courts. The Public Defender's Office has been trained on the pre-trial release program. The training created by the Population Management Division outlines the purpose of the Pre-trial and Case Management Division, defines key terms, outlines the Pre-trial investigative process, outlines the Community Supervision Process and outlines the four (4) levels of pre-trial release (see Power Point Training Outline attached as exhibit 1.) The training is provided periodically to new members of the Court, the State's Attorney's Office and the Public Defender's Office. I personally gave the training to the Public Defender's Office on June 2, 2021.

The PGCDOC has established four (4) levels of pre-trial release and the criteria needed to be established for successful participation in each. The goals of the criteria are to allow a vetted and approved program participant the opportunity to spend his/her time awaiting trial outside of the correctional facility while also ensuring public safety and the detainee's presence in the next scheduled court hearing. These levels are published in PGCDOC's operating procedures and available to anyone who wishes to review them. The levels of pre-trial release, their criteria and the process for making an eligibility determination are outlined in the attached paper titled "Prince George's County Department of Corrections Population Management Division Levels of Supervision" (attached as exhibit 2). I created this document in March of 2001 for the benefit of a Pre-trial release work group that was formed by and between the Circuit Court, Public Defender's Office, and State's Attorney's Office to review ways to reduce the jail population at the beginning of the COVID pandemic.

1

Unfortunately, due the serious nature of the crimes alleged against most of the pre-trial detainees at PGCDOC, the most restrictive level (level IV) is most often considered by the courts when ordering or referring a detainee to the jail's pre-trial release program. At this level approved detainees released on pre-trial released are fitted with a GPS monitoring device and are monitored frequently by case investigators and investigators that check on defendants in the community. Under this level, PGCDOC requires specific information that must be collected in a prescreening interview with a defendant and verified prior to any defendant's release on Pretrial Release Level IV:

    a. Non-violent offense (unless otherwise ordered or approved by the court )

    b. Inmate's identity, address and telephone number;

    c. Full criminal history check to ensure no open warrants, detainers or pending charges (other than the intake case, and that all pending cases allow pretrial release);

    d. Residence in Prince George's County, MD;

    e. Employment/school address and schedule;

    f. Have and maintain an operable telephone;

    g. Ability to reside with a cooperative family member willing to accept program rules;

    h. Be employed or willing to participate in full-time employment, education and/or training;

    i. References to establish community ties;

    j. Employment history;

    k. Past and present substance usage and abuse;

    l. Medical information (for any medication compliance requirements);

    m. Any other conditions ordered by the court, such as victim contacts, social media information, internet access, .etc.)

This process is outlined in PGCDOC Policy and Procedure 20.3 Pre-Trial Investigation Services (attached as exhibit 3). This information is required in order to determine the proper parameters of electronic monitoring for each individual defendant. Without proper home address verification, for example, GPS monitoring of a defendant's location would be meaningless, especially if there are stay-away orders or restrictions, established by the court, regarding the defendant's activities once the detainee is released. The time it takes to obtain this information can vary for each defendant, as it is based on the amount of time responses are received from external sources and involved individuals, such as employers and alleged victims. The time it takes also varies due to the limited number of case managers employed in the pre-trial services unit which is 3 permanent staff persons. Each case manager/investigator manages approximately 50 cases (detainees) at any given period of time which is a tremendously time-consuming caseload. Once PGCDOC determines that a defendant who has been ordered to pretrial release cannot satisfy one or more of these criteria, PGCDOC informs the court that issued the order for pretrial release ("the issuing court") and awaits further instructions.

A member of DOC's pre-trial services program, oftentimes it has been me , attends the courts' daily bond/bail review hearings. Prior to the hearings, the pre-trial services division investigators, working with very little time because the detainees were often arrested just a day or two earlier, attempt to gather as much information about a detainee as possible (home address, criminal record history, employment status, etc.) in order to provide the courts with necessary information upon their consideration of whether to refer (or "order" depending the vernacular used by the individual judges) a detainee to the pre-trial services program and at which level. The pre-trial services representative (pretrial investigations liaison) will often advise the court whether it is

2

**JA416**

likely or unlikely that a particular individual, based on the investigation conducted at that time, will qualify for a particular level of pre-trial release. Every effort is made to qualify individuals for pre-trial release because of the resources required to house detainees at the correctional facility.

Following a bond review hearing the Court sets a bail amount or, alternatively, no bail, and may refer or order the detainee to DOC's pre-trial release program for consideration of participation in the program and often at a specified level. Whether the Courts use the term "refer" or "order" it is universally understood that DOC will conduct an investigation and ultimately determine whether a detainee may participate in the pre-trial release program. Regardless, unless and until a detainee is ordered to be released by a judge, and/or posts a specified bail, the detainee is committed to the custody of DOC. If, following the Court's order, the Population Community Management Division and/or the Population Management Division determines that a detainee does not qualify for a level of pre-trial release, the division then notifies the court, in writing, of its determination. (attached as exhibit 4.) Counsel for the detainees may then request another bond review hearing and often do. When a detainee successfully qualifies for a level of pre-trial release, they are released from confinement within the correctional facility and can await their next court date from outside of the facility. However, there remains a commitment order from the court committing the detainee to the custody of DOC. Accordingly, the detainees are monitored by a case manager until the detainee's case is resolved or his/her commitment is changed. Even if a defendant is "court-ordered" for pretrial release, PGCDOC must ensure that its Electronic Monitoring criteria, as well as any additional criteria set by the court, are met prior to release in order to properly effectuate electronic monitoring. Pretrial release is conditional on meeting those criteria. This has been the practice for decades. The Courts are aware of this, as are criminal defense counsel. If defense counsel disagrees with the Unit's application of release criteria or contests its findings, they will seek court intervention. If an inmate ordered to pre-trial release does not qualify for it, the Court is notified and may then order the release anyway or revisit the inmate's bond status. The PGCDOC Community Supervision staff work exhaustively, attempting to find reasonable ways to effectuate releasing defendants, not the opposite.

Currently, there are 160 persons on pre-trial release level IV and a total of 90 on levels II and III (there are almost never any detainees on level I). The PGCDOC administration of a pre-trial release program is typical of others in the state. See for example, Anne Arundel County's which sets similar levels of pre-trial release, establishes its criteria and administers them. Their program can be viewed at https://www.aacounty.org/services-and-programs/pretrial-services.

All local jails to my knowledge that offer alternatives to incarceration establish and administer their criteria. In Prince George's County, no detainee is required to participate in the pre-trial release program – it is a program offered and funded by the PGCDOC. Because the Courts are familiar with its criteria and administration they often consider the jail's pre-trial release program as a potential acceptable alternative to incarceration for a detainee on an individual and particularized basis.

It has been my experience that in recent years, given the public safety concerns from a number of publicized cases, the Courts are very careful in their consideration of detainees for pre-trial release in certain cases, and DOC is also very careful in its investigations to determine qualifications for pre-trial release. A number of highly publicized tragedies have occurred as a result of detainees released on pre-trial release. Some of those were the subject of media articles found at the following:

https://www.wusa9.com/article/news/investigations/sylvia-matthews-michael-garrett-stalking-murder-investigation/65-8342ecc3-84cb-43a5-af72-79dee8129e65

https://www.washingtonpost.com/crime-law/2020/08/06/released-jail-height-pandemic-alexandria-rape-suspect-allegedly-killed-his-accuser/

https://www.washingtonpost.com/local/public-safety/darrell-moore-second-murder-charge/2021/05/12/3786cf54-b2a6-11eb-ab43-bebddc5a0f65_story.html

https://wtop.com/loudoun-county/2021/10/va-man-charged-in-hammer-death-of-wife-was-awaiting-trial-for-domestic-abuse/

In my capacity as Division Chief of the Population Management Division, I have general familiarity with the underlying criminal proceedings of each Plaintiff in *Frazier, et al. v. Prince George's County, Maryland, et al.*, United States District Court of Maryland, Case No. 8:22-cv-01768-PJM (the "Lawsuit"). Each Plaintiff is a current or former person detained in Prince George's County Detention Center. As of the writing of this affidavit, and with respect to the criminal proceedings discussed in the Lawsuit, the detention status of each Plaintiff is as follows:

Plaintiff Robert Frazier's status was altered in the Circuit Court on or about August 16, 2022 by the Honorable Judge Lawrence V. Hill, Jr. to release-on-recognizance so that he could be transferred to Virginia to handle a pending detainer. Mr. Frazier was transferred to Virginia on August 24, 2022, and released that same day after addressing the detainer. After returning to the Circuit Court, and following a bail review on August 25, 2022, Mr. Frazier was released.

Plaintiff Anibal Hernandez had a bond of $5,000 set by the Honorable Judge Katina Steuart at a bail hearing on or about July 25, 2022. After the bond was paid, Mr. Hernandez was released.

Plaintiff D.P. had a bond of $15,000 set by the Honorable Judge Jonas D. Legum at a bail hearing on or about August 17, 2022. After the bond was paid, D.P. was released. D.P.'s case was transferred to the Circuit Court and is scheduled for a hearing on November 2, 2022.

Plaintiff Christopher Butler is currently incarcerated in the Prince George's County jail. Plaintiff Christopher Daniel Butler had a No Bond set by the Honorable Ada Clark-Edwards at a bail hearing on or about October 28, 2021. The defendant had another bail review on or about February 18, 2022, and the judge court-ordered pretrial release only if the defendant was found eligible. However, the defendant was found ineligible due to the nature of the pending charge coupled with the defendant's mental health status. The defendant's attorney, Assistant Public Defender Ms. Allison Hedgepath, has filed a motion, for the defendant to have a reconsideration of bail, that is to be held sometime during November 2022.

Plaintiff Miramba Williams is currently incarcerated in the Prince George's County jail. Mr. Williams was found to be ineligible for release to Pretrial Services because of his active probation status and a detainer from Montgomery County, Maryland.

3

**JA418**

Plaintiff Donnell Davis remained detained through trial. On January 7, 2021, Mr. Davis was found not guilty at trial and released.

Plaintiff Leslie Sharp was released on or about July 22, 2021, after the State of Maryland dismissed all charges against Mr. Sharp on the date of trial.

Plaintiff Elmer Laguan-Salinas had an unsecured bond set by the Honorable Patrice Lewis at a bail review on or about June 17, 2022. Mr. Laguan-Salinas was then released.

Plaintiff Adrienne Worthington had an unsecured bond set by the Honorable Robert Heffron Jr. at a bail review on or about February 9, 2022. Ms. Worthington was then released.


I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND BASED UPON MY PERSONAL KNOWLEDGE.


_____          _____
Jeffrey Logan                                         September 26, 2022
                                                              Date

9/26/2022

The Prince George's County Department of Corrections

The Pre-trial Release Process

1

**JA420**
EXHIBIT 1A

9/26/2022

# Topics to Be Covered

- ◆ **Topics to Be Covered**
- ◆ **Purpose of Pre-trial & Case Management Unit**
- ◆ **Definitions/ Pre-Trial & Case Management**
- ◆ **Pre-trial Investigation Process**
- ◆ **Community Supervision Process**
- ◆ **Levels of Pre-trial Release-I, II, III, IV**
- ◆ **Summary**



2

9/26/2022

# Purpose of Pre-trial Investigations & Case Management

◆ Pre-trial Investigations-Provide accurate information, to the courts, on detainees scheduled for Bond Hearings. The information provided to the courts includes criminal histories, demographics, residency, and employment.

◆ Case Management-Releases detainees back into the community, as a pre-trial alternative (while case(s) are pending), and a sentencing alternative-Home Detention, with the proviso that criminal activity will be minimized/eradicated while increasing probability of court appearance/adjudication of case(s)



JA422

9/26/2022

# Definitions

◆ Pre-trial Investigations – unit that interviews all committed defendants, prior to bond hearings, and/or at the request of a member of the Judiciary in order to provide verified information to the Court.

◆ Case Management – this unit's Case Managers are assigned responsibility of supervising pre-trial based detainees.  Levels of Case Management supervision include Level I, Level II, and Level III. (Explain criteria for each level)

◆ Electronic Monitoring/Home Detention – this unit's Case Managers and Investigators monitor pre-trial and sentenced defendants, released in the community under Level IV criteria. (Explain criteria Level IV).

JA423



9/26/2022



# Pre-trial Investigations Process

◆ Computer Research: compile complete criminal histories

◆ Interview detainees

◆ Verification of information

◆ Reporting of criminal history data/one form

◆ Pre-trial Release Review Board

◆ Court liaison

◆ Community Supervision Process

**JA424**

9/26/2022

# Community Supervision Process

- ◆ Criminal History Review/Follow-Up NCIC/MILES-1029, P&P, Warrants
- ◆ Verification of Residence/Employment
- ◆ Victim(s) Notification
- ◆ Appropriate Level of Supervision Assigned
- ◆ Case Manager Assigned & Unit
- ◆ Active Monitoring of Detainee/Inmate
- ◆ Reports filed to courts-Eligibility, Violation, Non-Compliance, Notice of Incarcerations

JA425

9/26/2022



# Levels of Pre-trial/Home Detention Release

◆ Level I – least restrictive level of supervision

◆ Level II – more restrictive level I—drug tested weekly and meets with Case Manager once every other week, but contacts Case Manager weekly by phone

◆ Level III – meets with Case Manager weekly and is drug tested weekly

◆ Level IV – defendants charged with felonies in the most restrictive form, that is, electronic monitoring and home detention

◆ (HAND-OUT provides detailed information)

JA426

9/26/2022



# Summary

◆ Department of Corrections seeks to provide courts with accurate criminal information that allows the Judiciary to make accurate assessments in determining the Pre-trial option.

◆ Pre-trial Release and Case Management provide a valuable tool in restoring families within the community while ensuring safety within the community.

8

JA427

# Prince George's County Department of Corrections
## Population Management Division
## Levels of Supervision

The Prince George's County Department of Corrections (PGCDOC) Pretrial Release Program uses multiple factors to assist with setting the appropriate levels of supervision necessary to effectively monitor defendants based on the defendant's assessed risk.  The Maryland Rule 4-216.2 states consideration of factors include the recommendation of Pretrial Release Services.  In addition, the judicial officer shall consider the following factors:

(A) The nature and circumstances of the offense charged, the nature of the evidence against the defendant, and the potential sentence upon conviction;

(B) The defendant's prior record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings;

(C) The defendant's family ties, employment status and history, financial resources, reputation, character and mental condition, length of residence in the community, and length of residence in the State; Note-PGCDOC uses county residency requirements for Level 4 and county-sentenced Home Detention defendants;

(D) Any request made under Code, Criminal Procedure Article.  § 5-201 (a). for reasonable protections for the safety of an alleged victim;

(E) Any recommendation of an agency that conducts pretrial release investigations;

(F) Any information presented by the State's Attorney and any recommendation of the State's Attorney;

(G) Any information presented by the defendant or defendant's attorney;

(H) The danger of the defendant to an alleged victim, another person, or the community;

(I) The danger of the defendant to himself or herself; and

(J) Any other factor bearing on the risk of a willful failure to appear and the safety of each alleged victim, another person, or the community, including all prior convictions and any prior adjudications of delinquency that occurred within three years of the date the defendant is charged as an adult."

1

**JA428**
EXHIBIT 1B

The following Pretrial Release information provides a brief synopsis of the levels of supervision currently utilized by The PGCDOC's alternative-to-incarceration programs, under the PGCDOC's legal authority provided in Maryland Rule 4-216.2 (a-j):

**Level I**
1. Least restrictive level of supervision.
2. Granted only to those individuals who have been arrested and detained on a non-violent misdemeanor, i.e. (Fishing w/o a License, non-felony MVA case/fine, Trespassing/Vagrancy, etc.).
3. Must also have no criminal history, no failures to appear, and no pending cases.
4. Calls Case Manager weekly.

**Level II**
1. Individuals assigned to this level are more likely to be in jail for the first or second time with a criminal past.
2. Their record must reflect no recent convictions involving felony/violent crimes and they may have up to but no more than three (3) Failures to Appear in court.
3. Contact Case Manager weekly and meet with Case Manager every two weeks.
4. Drug test weekly

**Level III**
1. Individuals assigned to level three meet the same basic criteria as those placed on level two, except for the fact that their case(s) are more serious in nature.
2. Contact and meet with Case Manager weekly.
3. Drug test weekly

**Level IV**
1. Individuals assigned to level four are charged with felonies that require the most restrictive form of an alternative to incarceration, i.e., an electronic device affixed their leg.
2. Global position satellite (GPS) technology is used when deemed necessary to monitor detainee.
3. Monitored by Case Managers and an Investigator daily.

2

**Process of Assigning an Appropriate Level**

1. Prior to all bail reviews (Bond Hearings), Pre-Trial Investigators interview and run full criminal histories from local and federal criminal justice information systems. The interview and criminal history are merged into a **Pre-Trial Intake Fact Sheet**.

2. An internal departmental board that consists of the Case Management Supervisor or designee, Pre-Trial Release Supervisor or designee, and a Pre-Trial Release Court Liaison then reviews current bail cases to assess the defendant's eligibility for pre-trial release consideration and the appropriate level of supervision.

3. Eligibility criteria is based on the following:

   1. Nature of current offense(s) (misdemeanor vs. felony and how many counts and or multiple charges),
   2. Detainers filed by other public safety law enforcement agencies (Federal, State, County, Local etc.) whereby the defendant is wanted,
   3. Is there a victim(s) and do or does the victim(s) fear for his/her safety if the defendant/detainee were to be released.  **A signed victim waiver must be obtained.**
   4. Criminal history (no criminal history to an extensive criminal history is evaluated),
   5. Failures to Appear (FTA) with the courts,
   6. Community ties (how short or long has the defendant resided in Prince George's County, neighboring county, or the District of Columbia),
   7. Institutional behavior (if known for current intake or previous intake(s) and at other penal facilities),
   8. Any violation of pre-trial release within the last five (5) years and the nature of the violation(s),
   9. All Parole and or Probation violations.

4. The PGCDOC Pre-Trial Intake Fact Sheet includes all pertinent eligibility criteria issues. The form is in quadruplicate and distributed as follows:

   a. Original remains affixed alongside the detainee's interview in the Criminal History Report to be kept in Classification if the defendant does not get the option of pre-trial release.
   b. Bond Hearing Judge/Courtroom Clerk.
   c. Office of the Public Defender.
   d. State's Attorney's Office.

5. During Bond Hearing, the Pre-Trial Release Liaison states whether the PGCDOC elects to take the option of pre-trial release or not.

3

6. The Bond Hearing judge decides to approve or deny the pre-trial release option. This decision is then written on the original Pre-Trial Intake Fact Sheet. Most judges recommend pre-trial release and sometimes defendants are court-ordered pre-trial release.

7. At the conclusion of Bond Hearing, a Bond Hearing Summary list is submitted by the court clerk that denotes the judge's rulings regarding the option of pre-trial release.

8. The Pre-Trial Release Liaison submits a copy of the Bond Hearing Summary Report to the Case Management Unit, PGCDOC's Reception Officers, and the Pre-Trial Release Unit.

9. All cases with the option of pre-trial release levels I, II and III are submitted to the Case Management Unit. Level IV cases are submitted to the Monitoring Services Unit.

10. The Case Management Unit supervisor reviews the cases to determine if additional work is needed prior to release and separates the cases by unit, i.e. Case Management Unit and Monitoring Services Unit (Electronic Monitoring).

11. Cases that do not need additional work are distributed to Case Managers.

12. Case Managers and the Case Management supervisor attempt to resolve issues with the cases that have received the option of pre-trial release so these individuals can be released.

13. Cases that received the Level IV option are given to the Monitoring Services Unit supervisor who completes the same process denoted in steps 11-13. Defendants taken out on Electronic Monitoring must be accompanied and driven to their residences by a Monitoring Services Field Investigator.

14. Cases are submitted to Classification, for filing, if they do not receive the option.

## Supervisory Decision Tree Consideration

The levels of supervision and the established criteria are guidelines to be used by Population Management staff, but they are not an absolute. Accurately assessing a defendant is a complex process that includes some of the following mitigating factors:

1. Extensive criminal history;
2. Determining risk to public based on charge(s);
3. Determining risk to victim(s);

4

4. Determining risk to defendant based on psychological and or chemical dependency issues;

5. Assessing defendant's medical health issue(s) which are sometimes acute;

6. Securing adequate housing for the defendant;

7. Weighing multiple factors and some combination of factors 1-6.

## PGCDOC Risk Assessment Instrument (RAI)

The PGCDOC's Risk Assessment Instrument (RAI) provides a numerical score and should be a guide of how defendants are assessed and qualified for a level of pretrial release and/or county-sentenced Home Detention. This RAI does not cover every set of circumstances that occur when attempting to accurately assess a defendant's eligibility. Additionally, research into the efficacy of risk assessment instruments does not appear to completely support or dismiss the value of the use of these instruments when making pretrial release decisions. However, the RAI does provide a numeric score that will easily identify what level, if any, the defendant might be categorized for a level of pretrial release. The use of the RAI should be seen as a starting point for making a release decision during the case review.

Levels of Pretrial Release:

**Level I**

**Level II**

**Level III**

**Level IV** (Electronic Monitoring-pretrial status)

**Level IV** (Home Detention-county sentenced status)

5

## SEE RAI CORRELATIVE ANALYSIS POINTS CHART BELOW



- Prior Pretrial Release & Parole & Probation Status(es)

- Detainers & FTA's within 5 years (1 point per FTA)

Pretrial Release & P&P

FTA's

Prior Charge(s) and Prior Convictions

Current Charge(s) and other Active Cases)

- Pending Case(s)Violent Felony vs. Non Violent Felony vs. Misdemeanor

- Current Charge(s) Violent Felony vs. Non Violent Felony vs. Misdemeanor

6

## RAI CORRELATIVE ANALYSIS POINTS CHART SCORING

The total number of assessed points, to be calculated, will provide a cumulative score for each defendant.  The quadrants are as follows:

**A.  QUADRANT ONE:  Detainers and Failures to Appear with the courts**

1.  Add 5 points for each detainer a defendant has pending with another jurisdiction.  Note - (This category is subjective; therefore, it will have to be reviewed to further determine if the detainer is extraditable or non-extraditable).
2.  Add 1 point for each FTA a defendant has received within the past 3 years.
3.  Add 1 point for each FTA beyond the 3-year mark to a max of 5 points.

---

### SCORING

1.  **Low Risk -** 10 cumulative points or less (a range of 5-9) will be considered a low failure to appear risk for court.
2.  **Medium Risk -** 20 cumulative points or less (a range of 15-19) will be considered a moderate fail to appear risk for court.
3.  **High Risk -** More than 20 cumulative points be considered and deemed a high failure to appear risk for court.

---

**B.  QUADRANT TWO:  Current Charge(s) and their Criminal Classification(s)**

1.  Add 8 points if the defendant has been charged with a violent felony and an additional 4 points for any other current violent felony.
2.  Add 4 points if the defendant has been charged with a non-violent felony and an additional 2 points for any other current non-violent felony.
3.  Add 2 points if the defendant has been charged with a misdemeanor and an additional 1 point for any other current misdemeanor.

---

### SCORING

**Low Risk -** 12 cumulative points or less (a range of 8-11) will be considered low risk if released while his/her case(s) is pending.

**Medium Risk -** 20 cumulative points or a range of 13-19 will be considered a higher but manageable risk if released while his/her case(s) is pending.

**High Risk -** 21 or more cumulative points or a range of 21-higher will be considered the highest risk to manage if released while his/her case(s) is pending.

---

7

**C.  QUADRANT THREE: Prior Charge(s) and Prior Conviction(s)**

1.  Add 4 points if the defendant has a prior violent felony conviction and an additional 2 points for any other prior violent felony convictions.
2.  Add 2 points if the defendant has a prior non-violent felony conviction and an additional 1 point for any other prior non-violent felony convictions.
3.  Add 1 point if the defendant has a pending misdemeanor and no additional points for any other current misdemeanor(s).

---

### SCORING

**Low Risk -** 12 cumulative points or less (a range of 8-11) will be considered a manageable risk if released while his/her case(s) is pending.

**Medium Risk -** 20 cumulative points or less (a range of 13-19) will be considered a higher but manageable risk if released while his/her case(s) is pending.

**High Risk -** 21 or more cumulative points (a range of 21-higher will be considered the highest risk to manage if released while his/her case(s) is pending.

---

**D.  QUADRANT FOUR: Prior Pretrial Release and or Parole & Probation:**

1.  Add 2 points, for each instance whereby the defendant was previously charged with being non-compliant and or was violated by pretrial release or P&P.
2.  Subtract 2 points for each instance whereby the defendant was previously found to comply with pretrial release and or P&P.  Total points assessed, will be subtracted from the cumulative RAI.

---

### SCORING

**Low Risk –** 2 points or less.          **Medium Risk -** 3-5 points.          **High Risk -** 6 or above.

---

### TOTAL COMBINED SCORES

**LOW RISK RANGE (Level II) -** 10-30 cumulative points.

**MODERATE RISK RANGE (Level III) -** 31-60 cumulative points.

**HIGH RISK RANGE (Level IV) -** 61 or more cumulative points.

8

## OVERRIDING CIRCUMSTANCES

Some circumstances may influence a decision for either supporting or denying pretrial release. In such situations, the Population Management Chief will seek additional feedback from the Director and/or Deputy Directors, courts, medical experts, or any other professionals who may appropriately weigh in on a final decision

1. **Victim concerns** – Victims fearing the release of the defendant will be fully considered prior to a pretrial release decision is made. Although subjective, information obtained from victims can affect release at all pretrial levels and, in some case, Home Detention.

2. **Medical Health** – Medical health exigencies will be administratively reviewed. All efforts will be made to attempt to qualify the defendant for an appropriate level of supervision when possible. There may be times that the defendant's medical health concerns make it impossible for the defendant to adhere to supervision requirements.

3. **Mental Health** – Defendants experiencing significant mental illness may be unable to safely return directly to the community. Population Management staff will collaborate with mental health clinicians and the courts when assessing defendants with significant mental illness prior to any release to pretrial supervision. There are times that the defendant's mental status, as determined by licensed clinicians, may be so problematic and dangerous that releasing the defendant back into the community on any level of supervision is inadvisable.



**Department of Corrections**

# COUNTY CORRECTIONAL CENTER
# POLICY AND PROCEDURE MANUAL

| Number: | Chapter: | Subject: |
|---------|----------|----------|
| 20.3 | Release Preparation and Community Release | Pre-trial Investigation Services |

**I.     POLICY:**

The Department of Corrections, by the authority of Maryland Rule 42-16, Annotated Code of Maryland, and in conjunction with the local courts, will conduct extensive pre-trial investigation services, pre-trial release and post conviction supervision services for defendants committed to the Facility.  Each of these services will follow explicit and objective procedures and criteria for the release and supervision of defendants in the community.

Photo identification cards will be issued to all defendants released to a Community Supervision Program or released from the Facility after completing a Vocational Program.  The identification card may be used to acquire shelter or public assistance.  The information contained on the identification card will be based on the information received and verified by the Investigative Profile Unit during the intake process.

**II.    SOURCES:**

ACA:  5B-14

MCCS:  None

**III.   DEFINITIONS:**

A.      A.K.A. - Alias or an assumed name.

B.      Case Manager- a staff person assigned the responsibility of supervising an individual released on a community based supervision program.

C.      Home Detention - a Community Corrections alternative to incarceration, which allows the defendant to remain at home at prescribed times under close supervision.

D.      Identification Card - a white colored card with a plastic outer shell that will display a picture of the defendant, the defendant's inmate identification number, date of issuance and date of expiration.

E.      Laminator - a machine that is used to create a plastic seal over access cards and identification cards.

F.      Pre-Trial Release - the unit that interviews all defendants prior to bond hearings and/or at the request of a member of the Judiciary in order to provide verified information to the Court.

IV.    PROCEDURES:

A.    Pre-Trial Investigation/Release Process

1.    Investigation

Staff members will conduct a Pre-Trial Investigation for all defendants scheduled for a Bond Hearing or at the request of a member of the judiciary.   Steps involved in the investigation process will include:

a.    Completion of a previous criminal justice history exploring all criminal history data banks;

b.    Completion of the defendant's interview;

c.    Completion of the verification process;

d.    Assignment of inmate to appropriate supervision level; and

e.    Preparation of information to present to the Court.

Note:    Such screenings will serve as the basis of any pre-or post-trial community release decisions and as a basis for determining custody levels of inmates while incarcerated.  Instructions for completing the computer inquires are available in the Pre-trial Investigation Section Standard Operating Procedures.

2.    Interview Procedures:

a.    Prior to conducting the interview, Pre-Trial Investigation staff member will check the inmate's wristband to compare the name and I.D. number with that on the initial paperwork.

b.    The staff member will read a Waiver Form (for release of information) to the inmate and request that the defendant sign the form.  Refusal to sign the Wavier Form will be grounds for ceasing the interview, once the Risk Assessment is completed.  The Investigator will also sign the form.

c.    The Investigator will conduct the interview in the multi-purpose or counseling rooms within each housing unit.  Investigators will never enter a cell to conduct an interview.  In some cases, inmates may be interviewed in the Processing Area interview Rooms. (Interview questions appear in the Pre-trial Investigation Section SOPS i.e., Background information, family information and employment information).

d.    If the inmate refuses to be interviewed, the staff member will write "refused interview" on the Pre-trial Intake Fact Sheet. The staff member will sign and date this entry.   The staff member will then attempt to complete the Classification portion of the interview. If the inmate refuses to complete the Classification portion of the interview the staff member will:

i.    Inform the inmate he will be placed on lockdown status;

ii.    Complete an Administrative Segregation Form (forwarding a copy to Classification Unit and placing a copy in the Inmate's Tracking File) and;

iii.      Inform the housing unit officer of the status of the inmate.

e.      The Pre-trial Release Supervisor will determine whether or not another attempt to interview the inmate will be made.

3.    <u>Verification Procedures:</u>

a.      The investigator will verify the inmate's name by comparing the name on the Interview Form with the available computer and reference information and the inmate's wristband. When the identity of the inmate is in question, the Finance Office will be contacted to determine if the inmate entered the facility with an official form of identification.

b.      The inmate's address will be verified via the Haines Cross Directory, inmate's driver's license, employer, probation/parole officer, resident manager, relatives and/or telephone information. The investigator will not make available defendant provided information to friends or relatives. Friends and relatives will be questioned to verify defendant's information. The investigator will not allude to any information already provided by the defendant. The investigator will use the Pre-trial Investigation Section SOPS as a guide when verifying information given by the inmate. He must use the list of questions provided in that document.

c.      The inmate's employment will be verified by calling his employer or examining a recent pay stub (within 2 weeks). In cases where the inmate does not want his employer notified of his incarceration, the Investigator will call the employer and ask for the inmate without stating the Investigator's position or reason for calling. In cases where a waiver to contact the employer is signed, the Investigator will explain to the employer his reason for calling.

d.      The inmate's references will be verified by calling each reference. A query will be made through "411" to confirm residence information on each of these inmate references.

e.      The inmate's probation or parole status will be verified by calling his agent. If the defendant is in compliance with his parole conditions, the agent can verify his address and telephone number if the agent has either mailed documents or visited the defendant's residence in the last 30 days.

f.      The Inmate's reason for failure to appear in court (if any) will also be verified by telephone, if applicable (i.e., the inmate states that he was in another Correctional Facility).

g.      The Investigator will sign the interview form and provide the date and time.

4.    <u>Criminal Record Check Procedures:</u>

a.      The Pre-trial investigator will conduct a criminal background check on all inmates scheduled for Bond Hearing, when the criminal history is not received at intake. This will include a query into the Inmate Accounting System and Court System, Office of the Sheriff (1029), Prince George's County Police Department, Maryland Repository, Parole and Probation, FBI System and the MILES System. A notation will be made on the Pre-trial Intake Fact Sheet or the computer print-out, indicating which data bank if

any, is out of service.

b.   The procedures for retrieval of all data banks is outlined in the Pre-trial Investigations Section SOP Manual.

5.   Preparation of the Pre-Trial Intake Fact Sheet

a.   The staff member verifying the interview information will complete the Pre-trial Intake Fact Sheet.  He will follow the instructions provided in the Pre-trial Investigation Section SOPS in completing this task.

b.   The "Comments" section of this fact sheet will be utilized to indicate the following:

   i.   Information relayed by the inmate but which was unable to be verified;

   ii.   Information relayed by a reference which is misleading or contradictory to that provided by the inmate; and

   iii.   Previous Emergency Petitions;

   iv.   Any unusual or pertinent information.

c.   The space marked "Residence Section", will indicate information ascertained by the verification process.

d.   The "Employment" Section will indicate information ascertained by the verification process. If the inmate did not want his employer called, this fact will be noted in the "Comments" Section and list the manner in which employer was called; (e.g., "Called employer and asked for inmate.  They related he was not in.").

e.   All case numbers going for Bond hearing that day will be listed in the appropriate area;

f.   The type(s) of charge(s), each case's bond amount and conditions will be listed in the appropriate area;

g.   The Pending and Prior Cases Section will include all appropriate case information;

h.   Failure to Appear Section – FTA's will be listed in this area;

i.   The Pre-trial completing the Pre-Trial Intake Fact Sheet will sign and forward it to the Pre-trial Investigations Section supervision duty for review of completeness and accuracy.

6.   Preparing Bond Hearing Paperwork

a.   The Pre-trial Investigator staff member will retrieve the Initial Processing Intake Form from the Male/Female Processing Areas.

b.   He will remove the Application for Statement of Charges from the Inmate Records Section and/or the Processing Area and hand carry them to the

Pre-trial Investigation Section. These documents will be alphabetized and photocopied.

c.    He will arrange each inmate's Bond Hearing paperwork in the following order:

    i.      All copies of the Pre-trial Intake Fact Sheet
    ii.     Continuation Sheet if necessary;
    iii.    If old papers, green copy of Pre-trial Intake Fact Sheet;
    iv.    Local computer work;
    v.     NCIC computer work;
    vi.    Initial Processing Intake Form;
    vii.   Interview Sheet;
    viii.   Photocopy of Statement of Charges;
    ix.    X Form.

d.    He will notify the Administrative Clerk of the Court of the need for an interpreter and arrange the cases in the following order:

    i.      Defendants who need interpreters;
    ii.     Females;
    iii.    Males.

e.    If the defendant is a juvenile he will notify the Office of the States Attorney.

7.    <u>Pre-trial Release Review Board</u>

a.    The Pre-trial Release Review Board will consist of the follow members:

    i.      Pre-trial Investigation Section court representative;
    ii.     Case Management Section supervisor or designee;

c.    Prior to the Bond Hearing the Pre-trial Release Review Board will meet to review all the bond hearing cases, determine if a defendant is eligible for pre-trial release, and assign levels of supervision and conditions of release to each defendant. (The criteria used in making these decisions can be found in the Case Management Standard Operating Procedures. Information resulting from this review board will be noted in the appropriate section of the Pre-trial Release Intake Fact Sheet).

<u>Note</u>:    The various <u>Levels of Supervision</u> and <u>Conditions of Release</u> are outlined in the Case Management SOP Manual. Level IV, the highest level of supervision (crimes of violence cases), requires approval by the Division Chief of Population Management or his designee prior to release. In addition, the Judge may impose additional special conditions, which can only be lifted or amended by the same Judge in writing.

c.    The Pre-trial Release Review Board will also identify cases for the Disposition Court.

8.    <u>Procedures for Staff Appearance in Court</u>

The staff member assigned to court duty will:

a.    Distribute a copy of the criminal record and Pre-trial Intake Fact Sheet (and

other relevant paperwork) on each inmate in the following manner:

    i.      The State's Attorney's Representative;

    ii.     The Public Defender's Representative;

    iii.    The District Court Clerk presiding over the Bond Hearing; and

    iv.    Remaining copies are forwarded to the Pre-trial Release Section.

b.    Answer questions about the defendant posed by the Judge;

c.    Never give criminal background information to any private attorney or bondsman without a signed waiver form from the inmate;

d.    Forward to the Case Management Section Supervisor, case histories for those inmates ordered to supervised release or for those given the option to participate;

e.    Write the Judge's decision under the defendant's charges on the District Court generated Bond Hearing List;

f.    Note on the Bond Hearing List, to the right of the defendant's name, the name of the Population Management staff member assigned to receive the file.

9.    <u>Staff duties after the Bond Hearing</u>

a.    After the Bond Hearing, complete address verifications and Letters of Intent signed by the responsible parties attending court;

b.    If a defendant was given the pre-trial option, attach a copy of the Commitment Pending Hearing to the defendant's file;

c.    Make appropriate number of copies of the District Court generated Bond Hearing results and distribute copies to:
    i.      The Public Defender's Office;
    ii.     Reception Officers at the Correctional Center;
    iii.    Case Management Section; and
    iv.    Pre-trial Release Section;
    v.     Classification Section;
    vi.    Division Chief, Population Management Division.

d.    Pick up mail at the District Court Clerk's Office;

e.    Sign for Commitments and pick up all mail from the Circuit Court Clerk's Office;

f.    Give the District Court Commissioner his copy of the completed case list received from the District Court Bailiff;

g.    Transport all documents to the Correctional Center;

h.    Record the distribution of files on the court generated Bond Hearing List;

i.     Distribute cases (files) with the Pre-trial Release option to the Case Management Section supervisor or designee;

j.     Submit all other completed cases (Level IV Supervision) to the Assistant Division Chief, Population Management Division or his designee;

k.     Complete the Daily Bond Hearing Logbook following the sample provided in the Pre-trial Investigations Section SOP Manual.

10.     **Expedited Court - Expedited/Disposition Court Process Procedure**

a.     Identification of Detainees, whose present cases may qualify them for expedited Court Process, must meet the following criteria:

     i.     Charged with a non-violent crime (i.e., minor drug offense, shoplifting, prostitution, etc.);

     ii.     The expected pretrial periods of detention could be equal to or less than the probable sentence or that expediting the case will effectuate an actual savings for both the judicial system as well as savings for the Department of Corrections.

b.     The identified cases will be screened and reviewed to include the statement of charges, any possible detainers along with the detainee's criminal history.

c.     A qualitative analysis of each inmate/defendant and the related case will be completed in order to make a determination as to whether the criminal justice system should be expediting such a case.

d.     If a preliminary determination is made that the case could be disposed of through the Expedited Court Process, it will be referred by the Expedited Court Assistant to the Office of the State's Attorney and the Public Defender for concurrence

e.     If the Office of the State's Attorney or the Public Defender, disapprove of the recommendation for the Expedited Court Process, the case will then be held for the customary District or Circuit Court processing.

f.     If the Office of the State's Attorney and the Public Defender, concur and approve of the detainee's case for the Expedited Court Process, the case will be further processed by the Department of Correction's Expedited Court Assistant.

11.     **Case Preparation for Expedited Disposition Court Process**

a.     The inmate / defendant will execute a "jury prayer", transmitted through the Expedited Court Assistant, which will move the case to Circuit Court where it will be entered into the Circuit Court System.

b.     A court jacket will be prepared and the case scheduled for a hearing.

12. <u>Expedited Court Hearing</u>

    a.    The hearing will be scheduled for the Department of Corrections courtroom.

    b.    The entire proceedings will be broadcast via closed circuit televised hookup. This will be for the purpose of creating a record of the proceedings and for participation in the entire proceedings by the Office of the State's Attorney and the Public Defender.

13.   <u>Advisement of Inmate / Defendant's Rights</u>

    a.    Prior to the hearing, all detainees, scheduled for a plea, will individually view a video demonstrating the "plea litany".

    b.    All detainees will also be given a waiver of those rights prior to the hearing. The Court will have them acknowledge and sign this waiver in court during the proceedings.

14.   <u>Expedited Court Assistant Responsibilities for Disposition Court</u>

    Note:    Criteria for Disposition Court can be found in the Pre-trial Investigations Section of the SOP Manual.

    **The Expedited Court Assistant will:**

    a.    Review all requests for Disposition Court from inmate and referrals from staff members:

    b.    Transport Pre-trial cases to the District Court Record Clerks;

    c.    Prepare the District Court Docket, 1 day prior to the hearing (alphabetical order, females/males separate);

    d.    If the defendant has motor vehicle charges, complete a Maryland Automated Traffic System (MATS) Form for each motor vehicle charge and place into the District Court Jacket (See the Pre-trial Investigations Section SOP Manual for instructions on completing this form);

    e.    If interpreter is required, advise the Court Administrator's Office;

    f.    Distribute the Disposition Court Docket to the following:

        i.      District Court Records;
        ii.     States Attorney's Office;
        iii.    Public Defender's Office;
        iv.    Inmate Records Section;
        v.     Male/Female Processing Area;
        vi.    Office of the Sheriff ( Deputy next to the Commissioner's Office);
        vii.    Pre-trial Release Section Supervisor;
        viii.    Property Clerk.

    g.    Transport selected cases to the States Attorney's Office for review.

h.    Review the disposition procedure with the defendants before they are transported to the Courthouse (See SOP for specific instructions);

i.    Delete from the docket all defendants who refuse to plead guilty and inform the Transportation Officer;

j.    Represent Pre-trial Investigation Section in court by providing the Judge with information when necessary or requested;

k.    Enter the disposition on Pre-trial cases and the Court docket and return the Pre-trial file to the proper office;

l.    Transport the court generated paperwork to the Inmate Records Section;

m.    The following day, check the computer to ensure all Court Orders have been obeyed.

15.    <u>Circuit Court Referrals/Options/Orders</u>

a.    All Circuit Court cases will be assigned to the Pre-trial Investigation Section Chief for distribution to staff members;

b.    Assignments will be completed within 2 working days;

c.    The assigned Pre-trial Investigation staff member will be responsible for completing all record checks. (Prince George's County Computer System, F.B.I., State Police, etc.);

d.    The staff member will interview the defendant and obtain a signed Court Liaison Division Waiver.

e.    All employers will be contacted and informed of the Investigator's purpose. The inmate's length of employment, position and future status will be obtained;

f.    Residence information will be verified by contact with all references and employer or probation officer if the defendant is in compliance with parole conditions;

g.    The Pre-trial Investigation Section Chief will review all paperwork and the prepared narrative to the Judge and forward it to the Assistant Division Chief of Population Management for approval prior to submission to the Judge.

<u>Note</u>:    The procedures for preparing and reporting the facts to the Judge are discussed in the Pre-trial Investigations Section SOP Manual.

16.    <u>Services Provided to the Classification Section</u>

Pre-trial Investigation Section staff will be responsible for providing the Classification Section with the inmate interviews and computer criminal history for all inmates held at the Correctional Center.

a.    An inmate interview and retrieval of computer criminal history will be completed on all inmates;

b.    The staff member will print the defendant's name and identification number on the tab of the folder, along with the date of entry on the upper right hand side of the folder;

c.    The staff member will log the defendant's name and date of the interview into the Pre-trial/Classification Transfer Logbook.

B.    <u>Case Management Services</u>

1.    <u>Signing out Defendants</u>

The Case Managers will be responsible for signing out defendants assigned to Pre-trial Release.  They will:

a.    Respond to the defendant's housing unit and examine the defendant's wristband to ensure the correct individual is being reviewed;

b.    Verify information on the Interview Form and court documents, (i.e., name, address, telephone number, DOB, POB, mother or father's name, SS#, etc);

c.    Review the Conditions of Release Form and Drug Monitoring Form with the defendant, have the defendant sign the forms.

<u>Note:</u>    Each level of supervision has different conditions of release and forms to complete. Refer to the Case Management Section SOP Manual. If a defendant refuses to sign any paperwork or the Case Manager believes the defendant will not comply with the conditions, the case file will be returned to the Case Management supervisor for review. All defendants must have an initial Drug Monitoring Test. Additional drug tests may be required depending on the conditions of release established for the defendant.

b.    Take a photograph of the defendant or obtain a picture from the Processing Area.

c.    Provide a copy of the Conditions of Release Form to the Inmate Records Section. If the defendant has been incarcerated over 72 hours an NCIC/MILES, Office of the Sheriff -1029 (hard copy), and Inmate Accounting Systems Check (INCS screen and Detainer Screen) will be provided to the Inmate Records Section. If the defendant is below the age of 18 yes, the Juvenile Data Bank will also be queried;

f.    If the defendant is on Level IV supervision and 72 hours has lapsed since the last records check, complete a new Criminal History Check in all data banks;

g.    Obtain the signature on the Bail Review Summary, Drug Monitoring Referral and Electronic Monitoring form (as required by the circumstances) and issue copies to the defendant; and

h.    Instruct the defendant to call in to the Case Management Staff on the next business day after release from custody.  The defendant should be directed to call the assigned Case Manager;

i.    Notify the victim by telephone if it is a crime of violence, giving the assigned

Case Manager's name and telephone number. (If the victim can not be reached by telephone or any other means within the first 48 hours, a letter will be sent to the victims last known address);

j.    The Case Manager responsible for releases will maintain a list of all defendants released into the program each day. Copies will be given to:

  i.    **Division Chief, Population Management;**

  ii.   **Case Management Section Chief;**

  iii.  Each Case Manager;

  iv.   District Court Administrative Aide;

  v.    Data Entry Operator; and

  vi.   District and/or Circuit Court Criminal Records Section (fax).

2.    <u>Case Manager's Responsibilities after Defendant Enters a Program</u>

After the defendant is placed into the Pre-trial Release Program the Case Manager will:

a.    Conduct a face-to-face interview during the first drug monitoring appointment; (Content of this interview may be found in the Case Management SOP Manual).

b.    Document all contacts with the defendant in the case notes and document any special information requested by the Courts (i.e. curfew calls, contact with the victim, etc.).

c.    Coordinate referrals for all defendants who request or are sanctioned to treatment and obtain progress reports from treatment providing sources;

d.    Notify the Case Management Section supervisor of any violation of program conditions by completing a Violation Report form; (A copy will be placed in the defendant's file and will be forwarded to the Court through the supervisor);

e.    Complete a Request for Court Action and forward to the Section supervisor when requesting a Bench Warrant be issued; (For Circuit Court cases, a copy of the Conditions of Release Form and a Memorandum form will be used, directing the Criminal Records Office to send the file to the appropriate Judge);

f.    Ensure the defendant prepares for his court appearance (i.e. remind to obtain counsel, arrange for transportation, etc.);

g.    Prepare a written report to the Court 2 weeks before the court date, summarizing the defendant's participation in the Pre-trial Release Program;

h.    Submit to the Case Management Section Chief a total number of vacancies in his caseload each week.

Note: For responsibilities associated with Pre-trial release participants on electronic monitoring see the Home Detention Section SOP Manual.

3.  Case Management Section Supervisor Responsibilities

The Case Management Supervisor will be responsible for:

a.  Assignment of all cases to Case Managers, clearly indicating on the defendant's file the level of supervision;

b.  Forwarding the a copy of the defendant's Conditions of Release Form to the appropriate Criminal Court Records Office;

c.  Reviewing case file of previous Pre-trial participants who had cases closed out in unsatisfactory status and or whose cases was satisfactorily closed but drug screens were not in compliance who are currently being considered for pre-trial release;

d.  Review with the Division Chief, Population Management Division or his designee, all cases involving participants rearrested on new charge(s) and receive instructions/guidance;

e.  Assigning a Case Manager to maintain a waiting list of defendant's requiring Level IV supervision;

f.  Meet weekly with all Case Managers to review cases ensuring defendant contact and compliance;

g.  Obtain daily vacancy figures from each Case Manager and report the number of available slots to the Division Chief, Division of Population

Management or his designee;

h.  Close out cases after receiving court dispositions from the Case Managers and completing a list of all closed cases weekly;

i.  Maintain data and complete all statistical reports reflecting program effectiveness, monthly;

j.  Provide the Drug Testing Laboratory with drug testing schedules for Pre-trial Release participants (to include changes in schedules, reinstatements, etc.);

k.  Notify the Assistant Division Chief, Division of Population Management whenever a defendant has a violation which requires immediate court notification and ensure the proper paperwork has been completed by the Case Manager;

k.  Maintain a tickler file of all Court Notifications in which action is requested and track these cases for disposition.

4.  Initial Call-In

a.  The initial call-in will be used to reiterate supervised release requirements to the defendant, to assign him specific call-in days, to verify address and telephone numbers, to confirm defendant's court date if one has been

assigned, and to advise the defendant of any special conditions of release that may have been ordered by the Court or the Case Management Staff (e.g., undergoing substance abuse treatment, staying away from complainant, etc.). The Case Manager will document this call-in the front of the defendant's file.

b.  The Case Management Staff will be equipped with a telephone answering system to receive defendant calls after business hours and during weekends and holidays. The defendant will be instructed by the system to provide his name and the date during each call-in. (Instructions for using this system may be found in the Case Management Section SOP Manual).

5.  Regularly Scheduled Calls

a.  Each morning a Case Management staff member will obtain the Master Call -In List and the Daily Call-In List from the Inmate Records Section. 1 copy of each will be forwarded to the Case Management Section supervisor and the other will be forwarded to the Drug Monitoring Laboratory;

b.  On a daily basis, each Case Manager will retrieve all call-ins and log them into the participant's case notes as they are received. They will note the name of the defendant and his court date. Routinely, the computer will remind the defendant of the court date during the call-in.

c.  If a defendant fails to call-in on the assigned day, the Case Manager must make every effort to contact the defendant and remind him of his responsibility to comply with the conditions of release and the scheduled court date;

d.  The Case Management Section supervisor will review each Case Manager's caseload twice each month to ensure contact was made and that the defendants are complying with their conditions of release.

6.  Client Turn-in Procedures

a.  Initial Call-In Non-Compliance – In the event a defendant fails to make the initial call the Case Manager must attempt to contact the defendant. After **3 working days** (non-violent offender) or 1 working day (violent offender), a Violation Report will be completed by the assigned Case Manager and forwarded to the Case Management Section supervisor for review and follow-up notification to the courts. The Division Chief of Population Management or his designee must be verbally notified, immediately. (Generally, the judge will issue a Bench Warrant for the defendant's arrest).

b.  Regularly Scheduled Call-In Non-Compliance

i.  Non-violent case – In the event a defendant fails to call-in on his assigned day, the assigned Case Manager will attempt to contact the defendant by telephone. If this attempt fails, he will call the defendant's family, employer attorney, etc. If the defendant has still not been contacted on the fourth day, a Non-compliance Letter will be mailed to the defendant advising him to call-in or a bench warrant will be issued. A copy of this letter will be placed into the defendant file and forwarded to the Case Management Section supervisor.. If the defendant does not resume calling within 5 days

after the letter is sent, the supervisor will notify the Court.   If the defendant contacts the Case Management Staff after the letter has been sent, the Division Chief of Population Management, or his designee will determine whether or not to contact the Court and request a recall of the ensuing Bench Warrant.

ii.    Crime of violence case - If a defendant involved in a crime of violence, fails to call-in on the assigned day the Case Manager will immediately attempt to contact the defendant by telephone.    If unsuccessful, he will attempt to contact the defendant through a third party (i.e., family, attorney). If contact has not been made by Day #2, the Case Manager will immediately notify the Division Chief of Population Management or his designee. The Court will be notified by the Division Chief and a Letter of Non-compliance will be sent to the defendant's address.  If the defendant makes contact with the Case Manager after the letter has been issued, the Division Chief or designee will decide whether or not to initiate a Bench Warrant Request.  A violent offender will not be told of any Bench Warrant Request, but will be told to report to the Correctional Center.

c.    Non-Compliance with Special Conditions - A staff member will advise the Case Management Section supervisor regarding a defendant's non-compliance with special conditions (e.g., drug monitoring appointments, counseling, treatment, electronic monitoring, etc.) for a determination of proper action(s) to be taken. (Instructions for documenting violations and completing the Notice of Violation and Sanction Form may be found in the Case Management Section SOP Manual). Procedures for handling participants with violent crimes will be in accordance with Section b. ii. above.

7.    Notification of Incarceration While on Pre-trial Release

When a defendant is rearrested while on Pre-trial Release and is not returned to supervised release, the Case Manager will:

a.    Complete a quiry to obtain the details of the new charge (i.e. location of the incarceration, offense, etc.);

b.    Complete a Notification of Incarceration Form and forward it to the Court Criminal Records Office (Instructions for completing this form may be found in the Case Management Section SOP Manual);

Note:    All correspondence to the court must be reviewed and approved by the Division Chief, Population Management Division or his designee.

8.    Closing Out Cases

a.    If the defendant satisfies all of the conditions of his release imposed by the Court and the Program, and appears for trial on the court date(s), the defendant will be terminated from the program and the case will be considered satisfactorily closed. If the defendant appears in court, but has violated conditions of release, the case will be closed satisfactorily with "not in compliance" noted.

b.  All instances of defendant turn-ins due to non-compliance will be considered to be with prejudice and statistically categorized a satisfactory closure. Should a defendant fail to appear for scheduled court appearance(s), the case will be closed and designated as unsatisfactory. Defendants whose cases have been closed unsatisfactorily or with prejudice will not be eligible for the program in the future unless approval is obtained from the Division Chief of Population Management or his designee.

c.  The Case Manager will obtain a computer print-out showing the disposition of all cases in order that they may be closed out. He will give the print-out and the case files to the Case Management supervisor for final close-out and file storage.

d.  The Administrative Aide to the Division Chief will enter and close all cases in the Main frame computer, noting the type of closure (i.e. Satisfactory or Unsatisfactory). For details on determining the type of closure see Case Management Section SOP Manual.

9.  <u>Record-Keeping of Defendant Information and Files</u>

a.  The Case Management Staff will maintain a complete file of all present and previous program defendants in accordance with the Departmental Records Retention Schedule. Each file will contain all information, notes and correspondence relative to the defendant. Additionally, supervision staff will periodically track defendant's status with regard to court matters via the County Court Computer System.

b.  The Case Management Staff will also function as the program's liaison between the Courts, other agencies and the defendant. All inquiries concerning a past or present client will be forwarded to the Case Management Staff Supervisor. Finally, staff will provide monthly defendant statistics, including closed cases, number of referrals, and new cases, to the Division Chief of Population Management. These monthly statistics will remain on file in the office of the Division Chief, Population Management and will also become a part of the departmental Quarterly Report.

C.  <u>Home Detention/Electronic Monitoring</u>

1.  <u>Selection of Home Detention Participants</u>

Participants assigned to Home Detention will be identified in 1 of the following ways:

a.  The sentencing Judge orders a defendant into Home Detention;

b.  The sentencing Judge recommends the sentence, or a portion of it, be served in Home Detention status;

c.  Home Detention staff requests the Court place the defendant into Home Detention status after a complete background investigation.

2.  <u>Eligibility Criteria</u>

Participants must meet the following criteria to be placed into Home Detention status. He must:

a. Be County sentenced;
b. Be a non-violent offender (unless approved by the Division Chief, Population Management Division or designee);
c. Be a Prince George's County resident;
d. Have no open detainers, warrants, or pending charges;
e. Have a verifiable address;
f. Have and maintain an operable telephone;
g. Be employed or willing to be placed in full-time employment/ education and training;
h. Reside with a cooperative family willing to accept the rules and regulations of Home Detention.

3. Screening Home Detention Participants

a. The Inmate Records Section Chief will notify the Home Detention Section Chief of any commitments for sentenced inmates that recommend or court order Home Detention.

b. The Home Detention staff member will conduct a complete criminal justice record check following the same format as that discussed in IV. A. 4. - Criminal Records Check Procedure. The Pre-sentence Investigation will also be reviewed if it is available.

c. The Home Detention Section Chief or designee will interview the inmate, completing the Home Detention Interview Form. If the defendant is currently or has previously been involved in Pre-trial Release, he will obtain a copy of the defendant's drug test results and a Compliance Report signed by the Case Manager. Any information obtained from the Case Manager will be included in the report to the Court.

Note: If an interview/criminal history was completed for Pre-trial Release a new interview will not be required. An updated Criminal History Report and verification must be done.

d. Home Detention staff will verify residence and employment. The employer will be advised of the participant's status unless the sentencing Judge directs otherwise. If the Court orders that the employer not be notified, the Division Chief of Population Management will determine how this verification will be accomplished.

e. If during any phase of the investigation/verification process discrepancies appear, the Home Detention Section Chief will, with approval from the Division Chief of Population Management, notify the Judge in writing. The Judge will make the final decision.

f. Once the verification process is complete the Section Chief will review and forward the defendant's paperwork to the Division Chief for final approval.

4. Releasing the Inmate to Home Detention

a. The Home Detention Section Chief will forward a Home Detention Release Form to the Inmate Records Section along with a 1029 and MILES query (All aliases must be queried in both data banks);

    b.    The Inmate Records Section will begin the process of releasing the inmate;

        i.    The Home Detention staff member will call the residence to ensure someone is home prior to transporting the participant;

        ii.    Once the inmate has arrived in the Processing Area, the Home Detention staff member will escort him to the Release Office for release clearance;

        iii.    The Home Detention staff member will transport the participant to his residence, connect the electronic monitoring equipment, ensure the equipment is operational and review the orientation material, before leaving the residence.

5.    <u>Home Detention Orientation and Agreement</u>

Prior to placing the inmate on Home Detention, the Home Detention Section Chief will give both the inmate and family members an orientation.  The participant must sign the home Detention Agreement (representing their understanding of the rules), prior to being released.  Areas covered in the orientation can be found in the Home Detention Section SOP Manual.

<u>Note:</u>    Various types of court commitments are discussed in the Home Detention SOP Manual.  Individuals who are court ordered to serve their sentence on Home Detention will be interviewed and verified on a priority basis.

6.    <u>Pre-Sentence Investigation - Home Detention Pre- approval</u>

When ordered by the Judge, the defendant, while in a pre-sentence status, will schedule an interview with the Home Detention Section Chief. The interview, verification and criminal history process will be completed and submitted to the Division Chief of Population Management for approval. In addition, the Home Detention Section Chief will prepare and forward through the Division Chief a written recommendation to the Judge.

7.    <u>Deferred Commitments</u>

    a.    The Inmate Records Section will forward a copy of all deferred commitments ordering defendants to Home Detention status, to the Home Detention Section. When a defendant's sentence has been deferred, the Home Detention Section Chief, upon receipt of the commitment will contact the defendant and schedule an interview prior to the start date of the sentence.  Procedures for handling these types of commitments can be found in the Home Detention SOP Manual.

    b.    The Home Detention Section Chief will maintain an index file of all Deferred Commitments to ensure they report to the facility as directed by the Court.

        i.    If the defendant fails to report on the designated date, the Home Detention Section Chief will notify the Inmate Records Section supervisor;

        ii.    The Inmate Records Section supervisor will complete a Request for Bench Warrant and forward to the sentencing Judge.

8.   Violation of Home Detention Rules or Court Ordered Restrictions

   a.   Any violation of Home Detention rules or court ordered restrictions will result in disciplinary action which may range from counseling to re-incarceration.

   b.   All disciplinary actions must be reviewed and approved by the Home Detention Section Chief or his designee.

   c.   The procedures for handling disciplinary actions will vary between the court ordered and the staff selected Home Detention participant.  (See details of the disciplinary process in the Home Detention SOP Manual).

   d.   In court ordered cases, the sentencing Judge must be notified and must agree with the decision to re-incarcerate any defendant before that defendant is re-incarcerated.

9.   Supervision Requirements

   a.   All Home Detention participants and all Pre-trial Release participants requiring Level IV supervision will be electronically monitored 24 hours each day, 7 days a week.

   b.   Home Detention staff will conduct random visits with the participants to supplement the electronic surveillance.

   c.   If a participant leaves the confines of his home or attempts to disable the system, the Home Detention computer will be electronically notified.

10.   Drug Testing and Substance Abuse Treatment

   a.   Participants on Home Detention must remain drug and alcohol free.

   b.   Participants will be required to report to the Department's Drug Laboratory for drug testing, as directed.

   c.   The Drug Monitoring Laboratory will notify the Home Detention Section Chief within 48 hours of any violation.  Violations will be handled according to the disciplinary procedures discussed in the Home Detention Section SOP Manual.

      i.   Whenever a Home Detention staff member suspects a violation he will notify the Home Detention Section Chief who will arrange a random drug test.

      ii.   The Drug Monitoring Laboratory will notify the Home Detention Section Chief of any positive urine samples.

   e.   Counseling with substance abuse treatment agencies may be required for some participants.  Enrollment and attendance must be verified by Home Detention staff.

11.   Location Verifications

   a.   Staff members assigned to the Home Detention Section will conduct location verifications and maintain appropriate documentation on all

participants on a daily basis. This will include:

   i.    Making random home visits;

   ii.    Contacting participants by telephone;

   iii.   Maintaining electronic equipment;

   iv.   Completing Incident/Infraction Reports reflecting all suspected violations or questionable activity to be forwarded to the Home Detention Section Chief.

b.    For security/safety reasons, Home Detention staff members must follow the established radio procedures found in Policy and Procedure 9.4 - Electronic Communications System, while conducting on-site visits. (The Home Detention SOP Manual provides additional discussion on the use of departmental radios for this purpose).

c.    The Home Detention supervisor will provide all investigators, the Shift Commander and the Central Control Officer with an updated weekly roster of all Home Detention participants to be used by investigators making random home visits.

d.    Investigators will advise the Central Control Officer when they arrive at an assigned location and when they leave that location. The participant's assigned Home Detention Case number will be used instead of a name.

e.    All procedures outlined in the Home Detention SOP Manual describing these random checks and security precautions must be followed to ensure staff safety and to avoid unnecessary calls for police assistance.

12.    <u>Responsibilities of the Home Detention Section Chief</u>

a.    Examine the home Detention Roster on a daily basis;

b.    Review the logs submitted by investigators reflecting home visits from the previous evening to include noted violations and Incident/Infraction Reports;

c.    Review all court ordered and court referred commitments;

d.    Maintain accurate documentation on all Home Detention participants on the Chronological History Report for sentenced defendants;

<u>Note</u>:    Documentation for participants involved in Pre-trial Release electronic monitoring is the responsibility of the assigned Case Manager.

e.    Periodically examine all Home Detention cases for accurate and complete documentation;

f.    Approve and forward to the Division Chief of Population Management or his designee, all cases that will be electronically monitored;

g.    Ensure disciplinary actions and adjustment procedures are followed by staff;

h.    Notify the Division Chief or his designee,

i.      On a daily basis, submit to the division Chief of Population Management all logs prepared by Home Detention staff covering on-site visits;

j.      Submit monthly statistical reports reflecting Home Detention activities to the Division Chief;

k.      Upon request, provide computer summaries of all electronic monitoring Pre-trial Release defendants to the Case Management Section Chief.

l.      Maintain a tickler file of cases to be terminated, added to the program, reinstated to the program, and all deferred commitments.

13.    <u>Responsibilities of the Home Detention Staff</u>

     a.      Identify and compile a list of Home Detention participants scheduled for home visits and submit to the Home Detention Section Chief for approval;

     b.      Perform periodic home visits to monitor participants who are not available during the assigned investigator's tour of duty;

     c.      Receive and respond to all special requests from the Home Detention participants such as requests to go to Barber, Beauty Salon, Church, Grocery Shopping, etc.

         i.      Electronic monitoring participants will be referred to the Case Manager;

         ii.      Requests must be made no later than 7 days prior to the date requested and information must include business name, address, telephone number and mode of transportation;

         iii.      There must be a legitimate need, the business must be close to the residence and the request must pose no violation of the court order.

         iv.      The staff member must maintain accurate documentation and follow-up verification of the requests granted.

         i.      Maintain a drug monitoring file on all participants;

         j.      Transport and hook-up electronic equipment for new participants;

         k.      Change participant's faulty equipment as directed by the Home Detention Section Chief;

         l.      Conduct random checks of employers, household members, etc., to verify compliance;

         m.      Submit Daily Check Log to the Section Chief for review.

14.   <u>Use of Identification Cards</u>

     a.      Prior to releasing an individual on a community based supervision program, the Case Manager will ask the individual if he possess any type of photo identification that could be used to acquire benefits from the community (i.e. access to shelter,

public assistance, Social Security benefits, medical assistance, medications, etc.)

b.  The Case Manager will issue an identification card for a defendant only after it has been determined the defendant will be released on a community based supervision program (i.e. Pre-trial, Home Detention, Day Reporting, etc.) and has no form of photo identification.

c.  The Case Manager will prepare the card by affixing a photograph of the individual to the card and by writing in the following information:

i.  Defendant's name;

ii.  Defendant's identification number;

iii.  Issuance date; and

iv.  Expiration Date.

d.  The issuance date of the identification card will be the day the sign-out is conducted and the expiration date will be 6 months from the date of issuance.  The Case Manager will reissue another identification card if the defendant is still involved in the program past the 6-month period.

e.  After the picture and information have been placed on the identification card, the Case Manager will use the laminator machine located in the Inmate Records Unit to cover and protect the card.

f.  The Case Manager from the Supervised Release Program initiating the release will submit the identification card to the Release Team.  The card will be issued only after the defendant has been cleared for release. Releases will be conducted by the Release Team.


_Barry L. Stewart_
Director



**PRINCE GEORGE'S COUNTY GOVERNMENT**
**Department of Corrections**

Angela D. Alsobrooks
County Executive

September 7, 2022

| | |
|---|---|
| **TO:** | **The Honorable Erik H. Nyce** |
| **FROM:** | **Tanya Law, Unit Chief, Monitoring Services** |
| **DEFENDANT:** | **Jordan K. Brown** |
| **CASE/CHARGE:** | **[1. CR5E00716763 Regulated Firearm: Illegal Possession]** |

[ X ]   The above defendant has been evaluated for program placement;

[  ]   The above defendant is being reconsidered for pretrial release;

[ x ]   The above defendant is no longer eligible for pretrial release;

[  ]   The above defendant violated "Conditions of Release";

[  ]   The above defendant's whereabouts are currently unknown/absconded;

**STATUSES**

1.   [  ]   **Victim Fears**

2.   [x]   **Pending Case (s)/Detainer (s) VA Parole & Probation Case#
CR13001557-00 Possession of Handgun & Counterfeit Money.
Expire 9-2-2025.   Prince George's County Parole Case#CT011310B Theft
Expire 2-1-2028.**

3.   [ ]   **Criminal History**

4.   [ ]   **No Verifiable Address**

5.   [ ]   **Mental Health Issue / Evaluation Pending**

6.   [ ]   **Medical Health Issue(s)**

7.   [ ]   **Violated "Conditions of Release"**

8.   [ ]   **Federal Hold or State Hold**

9.   [ ]   **Other-See Explanation**

**EXPLANATION:**

13400 Dille Drive, Upper Marlboro, Maryland 20772
(301) 952-4800 • 711 Maryland Relay Service • www.princegeorgescountymd.gov

**JA458**
EXHIBIT 1D

cc:    Lisa Hall Johnson, Administrative Judge
       PGCDOC-Corenne Labbe, Director
       PGCDOC-Guy Merritt,  Deputy Director, Bureau of Administration
       PGCDOC-Elizabeth Coker-Nnam, Acting Division Chief, Community Corrections *ECN*

# PRINCE GEORGE'S COUNTY GOVERNMENT
## Department of Corrections

**Angela D. Alsobrooks**
**County Executive**

July 7, 2022

| | |
|---|---|
| **TO:** | The Honorable Robert Wilson Heffron |
| | The District Court of Maryland |
| **THRU:** | Corenne D. Labbé, Director |
| **THRU:** | Guy Merritt, Deputy Director, Bureau of Administration |
| **THRU:** | Elizabeth Coker-Nnam, Acting Chief, Community Corrections |
| **FROM:** | Tanya Law, Unit Chief, Monitoring Services Unit |
| **RE:** | Younas Muhammad – CR3E00676910 (Violation of Protective Order) |

On June 21, 2022, the above defendant was committed to the Prince George's County Department of Corrections (PGCDOC) on case CR3E00676910 (Violation of Protective Order). On June 22, 2022, Defendant Smith was Court-Ordered for release through the PGCDOC's Electronic Monitoring Program-Level IV.

One of the PGCDOC's Electronic Monitoring pre-release protocols is that contact must be made with the alleged victim(s). On July 6, 2022, the Monitoring Services Unit was able to contact Ms. Bushra Kahn, (alleged victim-please See Attached Statement of Charges) using PGCDOC Officer Mustapha #1178 as the interpreter. Ms. Kahn stated that she feared for life if the defendant were to be released.

Does the Court still want the PGCDOC to comply with the initial Court-Order, by releasing the defendant on and through Electronic Monitoring? Please contact me at 301-952-7064, if you require additional information. Thank you.

( )   **Yes - Release Defendant Younas Muhammad on Electronic Monitoring Level IV**

( )   **No - DO NOT RELEASE Defendant Younas Muhammad**

**Signature and Date**_____

**The Honorable Robert Wilson Heffron**

cc:   Kevin M. Easton, Acting Assistant Division Chief, Community Corrections
       Kenneth W. Gray, Section Chief, Community Supervision

AFFIDAVIT OF CORENNE LABBÉ

My name is Corenne Labbé. I am over 18 years of age and am competent to testify. The following statements are based upon my personal knowledge.

I am the Director of the Prince George's County Department of Corrections (PGCDOC). I was appointed to this position by the County Executive for Prince George's County on February 9, 2021. Prior to that time, I held the positions of Deputy Director, Bureau of Administration and Division Chief, Support Services I have been employed by the Department of Corrections in Prince George's County since 1988.

The County Department of Corrections is created by the County Charter as a division of County government in the executive branch. It has a single correctional facility located at 13400 Dille Drive, Upper Marlboro, Maryland. The jail has a capacity of 1524, and the average daily population is 929 (as of 9/20/22). As Director, I oversee the operations of the jail including its preparation of an annual budget that, by County law, must be approved by the legislative branch of the County, its County Council. I also submit a proposed budget that is subject to review and approval by the County Council. Further, the number of employee positions allocated to PGCDOC is established by County law. A request that an additional position be created and funded can be made through the budget submission process, however, the approval of additional positions must be enacted through legislation by the County Council.

Most of the detainees at the facility are pre-trial detainees and are charged with felonies. They are in the facility only because of a commitment order to our facility issued by the District or Circuit Court for Prince George's County and either have no bail, cannot or have not posted a set bail, or do not qualify for a level of pre-trial release.

PGCDOC maintains several programs as alternatives to incarceration. These programs are the pre-trial release program, home detention program for sentenced detainees, and a work release program (?). The purpose of these programs is offer detainees an alternative to incarceration, allow the courts to have more flexibility in determining the conditions of a detainee's commitment to the department, and for the facility to manage its population. PGCDOC has no interest in housing any more detainees than necessary because additional detainees require additional resources – clothing, laundry service, food, provisions for hygiene, medical care, etc.

Presently, PGCDOC has 652 positions budgeted to operate the department's pre-trial services program. The positions are for investigators who research a detainee's criminal record, family, employment, residence, charges, victim (if any) etc. to determine whether a pre-trial detainee may qualify for one of four levels of pre-trial release (the levels have various degrees of supervision by the pre-trial staff once a detainee is released), and for case managers who supervise the detainees upon their release.

The pre-trial services program in Prince George's County was an initiative of the Department in the 1980's. It was informally created following a collaboration among and between the Department, the Circuit and District Courts, the State's Attorney's Office, and the Office of

1

the Public Defender. I am unaware of any County, State or Federal law that requires the Department to maintain a pre-trial services program. It is funded by the County. As a member of the Maryland Correctional Administrators' Association, which is an association of local jail administrators and sheriffs, I know that one quarter of the State of Maryland -six counties-do not offer a pre-trial release program. Those counties are Allegheny, Cecil, Charles, Garrett, Somerset and Wicomico. I also know that in Maryland the local jails are administered by an appointed administrator, like me, in the case of Chartered Home Rule counties and in other counties by the local elected Sheriff. In all instances the administrator, or Sheriff as the case may be, establish the criteria for pre-trial release and administer them as programs of their facility. Prince George's County is not unique in this manner. On the contrary, it is consistent with the practice in all other counties that offer a pre-trial release program.

In response to the COVID-19 pandemic, the former Director of PGCDOC, Mary Lou McDonough, worked with the Circuit and District Courts, the State's Attorney's Office (SAO), and the Office of the Public Defender (OPD), and private attorneys to lower the jail populations. From March 2020 to May 2020, the jail populations decreased by 25%. (See Case No. 8:20-cv-01028-PX, ECF 63-1.) The lower jail population was also result of the lower arrest rate during that time. However, as the restrictions have lifted, the crime rate has increased resulting in an increase in the number of arrests and jail populations, none of which PGCDOC controls. Prince George's County has recently experienced a spike in violent crimes that has contributed to the increase in arrests and the jail population. (See https://wtop.com/prince-georges-county/2022/04/prince-georges-co-sees-violent-crime-spike/ .)

I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS CONTAINED HEREIN ARE TRUE AND BASED UPON MY PERSONAL KNOWLEDGE.

_____

Corenne Labbé

9/21/22 _____

Date

**JA462**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT FRAZIER, ET AL., | * |
| *Plaintiffs*, | * |
| v. | * |
| | No. 8:22-cv-01768-PJM |
| PRINCE GEORGE'S COUNTY, ET AL., | * |
| *Defendants*. | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*

### MOTION TO DISMISS OF THE JUDGE DEFENDANTS, LAKEECIA R. ALLEN, BRYON S. BEREANO, JOHN A. BIELIC, SCOTT M. CARRINGTON, ADA E. CLARK-EDWARDS, STACEY M. COBB SMITH, BRIAN C. DENTON, ROBERT W. HEFFRON, JR., DONNAKA V. LEWIS, GREGORY C. POWELL, <u>AND CATHY H. SERRETTE</u>

Defendants, the Honorable LaKeecia R. Allen, the Honorable Bryon S. Bereano, the Honorable John A. Bielic, the Honorable Scott M. Carrington, the Honorable Ada E. Clark-Edwards, the Honorable Stacey M. Cobb Smith, the Honorable Brian C. Denton, the Honorable Robert W. Heffron, Jr., the Honorable Donnaka V. Lewis, the Honorable Gregory C. Powell, and the Honorable Cathy H. Serrette (the "Judge Defendants"), move pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss the complaint.   Defendants are entitled to this relief for the following reasons:

(1)     This Court lacks jurisdiction;

(2)     Plaintiffs' claims against the Judge Defendants are barred by Eleventh Amendment immunity;

(3)     Plaintiffs' claims against the Judge Defendants are barred by absolute judicial immunity;

**JA463**

(4)     This Court should abstain from exercising jurisdiction;

(5)     Plaintiffs' claims against the Judge Defendants are moot;

(6)     Plaintiffs fail to set forth a cause of action for declaratory relief against the Judge Defendants and this Court should decline jurisdiction; and

(7)     Plaintiffs solely seek declaratory relief and not monetary damages or attorneys' fees and costs against the Judge Defendants;

WHEREFORE, and for the reasons more fully explained in the accompanying memorandum, the Judge Defendants respectfully request that this Court dismiss Plaintiff's Complaint against them with prejudice.   A proposed Order is attached.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Kevin M. Cox

_____
KEVIN M. COX
Federal Bar No. 29012
JAMES O. SPIKER IV
Federal Bar No. 30189
Assistant Attorneys General

200 Saint Paul Place, 20th Floor
Baltimore, Maryland   21202
kcox@oag.state.md.us
jspiker@oag.state.md.us
(410) 576-6388
(410) 576-6393 (facsimile)

September 26, 2022                     Attorneys for the Judge Defendants

2

**JA464**

# EXHIBIT 1

| Plaintiff | Arrest Date | Most Serious Charge | Initial Appearance and Bail Reviews[1] | Detention Status | Judge Defendants Claimed Against | Current Court and Case Status |
|---|---|---|---|---|---|---|
| Frazier | 5/28/22 | Firearm poss. w/ felony conviction | District Court: 5/29/22; 5/31/22; 6/21/22; 6/28/22<br><br>Circuit Court: 8/16/22; 8/25/22 | Not detained | Bereano Clark-Edwards | Circuit Court Trial – 11/21/22 |
| Hernandez | 6/22/22 | CDS import into state | District Court: 6/23/22; 6/24/22; 7/25/22 | Not detained | Allen | District Court Trial – 10/20/22 |
| D.P. | 6/16/22 | Armed robbery | District Court: 6/16/22; 6/21/22; 6/28/22; 8/17/22 | Not detained | Clark-Edwards Denton | Hearing – 11/2/22 |
| Butler | 10/27/21 | Murder, 2nd deg. | District Court: 10/27/21; 10/28/21; 10/29/21<br><br>Circuit Court: 2/18/22; 7/26/22 | Detained | Serrette | Circuit Court Trial – 1/17/23 |
| Williams | 6/30/22 | Firearm/Drug traff. crime | District Court: 7/1/22; 7/5/22; 8/12/22 | Detained | Powell | District Court Trial – 11/17/22 |
| Davis | 10/9/20 | Assault, 1st deg. | District Court: 10/8/20; 10/9/20; 11/9/20; 12/16/20 | Not detained | Heffron Jr.<br><br>Cobb Smith | Case Closed |
| Sharp | 6/11/21 | Assault, 2nd deg. | District Court: 6/12/21; 6/14/21; 6/24/21; 7/14/21 | Not detained | Carrington Varner Lewis | Case Closed |
| Laguan-Salinas | 3/15/22 | Assault, 1st deg. | District Court: 3/16/22; 3/17/22; 5/12/22; 6/17/22 | Not detained | Cobb Smith | Circuit Court Trial – 12/6/22 |
| Worthington | 12/23/21 | Assault, 1st deg. | District Court: 12/24/21; 12/28/21; 2/9/22 | Not detained | Bielec | Case Closed |

---

[1] Despite Plaintiffs' general and vague contention that "motions for subsequent bail review hearings are often denied without a hearing," ECF No. 1, Compl. ¶ 59, not a single request for bail review by any Plaintiffs has ever been denied.

# EXHIBIT

## AFFIDAVIT OF JEFFERY LOGAN

My name is Jeffery Logan. I am over 18 years of age and am competent to testify. The following statements are made from my personal knowledge:

I employed by the Prince George's County Department of Corrections ("PGCDOC" or "DOC"). I am the Division Chief of the Population Management Division. I have served in this capacity since 2010. Prior to that I was employed as the Assistant Division Chief for 3 years. My division administers programs that are alternatives to incarceration by detainees and pre-trial detainees following their commitment to PGCDOC by orders of the District and Circuit Courts for Prince George's County. The programs offered by the Population Management Division to qualified detainees are pre-trial release, home detention, and work release. The population management division exists to manage the jail's in-house population by offering detainees alternatives to incarceration and limit the number of detainees at the jail. Limiting the number of detainees is in PGCDOC's interest because of the strain on resources needed to house them.

All detainees at PGCDOC are there because of a court order committing them to the custody of PGCDOC. The jail has no control over the incidence of crime in the county, the seriousness of the crimes, the arrest rates by police or the number of commitment orders from the court.

The pre-trial release program, offered and administered by the population management division of PGCDOC, is intended to offer pre-trial detainees committed to the custody of PGCDOC, an alternative to spending their pre-trial or county sentenced time behind the four walls of the county correctional facility. Both divisions are integral to the facility managing its population. The pre-trial release program offered by the jail began sometime in the 1980's and its criteria were vetted with the Courts, the State's Attorney's Office, and the Public Defender's Office. Each entity has been acutely aware of the program, its criteria and the jail's administration of it through the daily application of it via bond review hearings in the courts. The Public Defender's Office has been trained on the pre-trial release program. The training created by the Population Management Division outlines the purpose of the Pre-trial and Case Management Division, defines key terms, outlines the Pre-trial investigative process, outlines the Community Supervision Process and outlines the four (4) levels of pre-trial release (see Power Point Training Outline attached as exhibit 1.) The training is provided periodically to new members of the Court, the State's Attorney's Office and the Public Defender's Office. I personally gave the training to the Public Defender's Office on June 2, 2021.

The PGCDOC has established four (4) levels of pre-trial release and the criteria needed to be established for successful participation in each. The goals of the criteria are to allow a vetted and approved program participant the opportunity to spend his/her time awaiting trial outside of the correctional facility while also ensuring public safety and the detainee's presence in the next scheduled court hearing. These levels are published in PGCDOC's operating procedures and available to anyone who wishes to review them. The levels of pre-trial release, their criteria and the process for making an eligibility determination are outlined in the attached paper titled "Prince George's County Department of Corrections Population Management Division Levels of Supervision" (attached as exhibit 2). I created this document in March of 2001 for the benefit of a Pre-trial release work group that was formed by and between the Circuit Court, Public Defender's Office, and State's Attorney's Office to review ways to reduce the jail population at the beginning of the COVID pandemic.

1

**JA468**

Unfortunately, due the serious nature of the crimes alleged against most of the pre-trial detainees at PGCDOC, the most restrictive level (level IV) is most often considered by the courts when ordering or referring a detainee to the jail's pre-trial release program. At this level approved detainees released on pre-trial released are fitted with a GPS monitoring device and are monitored frequently by case investigators and investigators that check on defendants in the community. Under this level, PGCDOC requires specific information that must be collected in a prescreening interview with a defendant and verified prior to any defendant's release on Pretrial Release Level IV:

    a. Non-violent offense (unless otherwise ordered or approved by the court )

    b. Inmate's identity, address and telephone number;

    c. Full criminal history check to ensure no open warrants, detainers or pending charges (other than the intake case, and that all pending cases allow pretrial release);

    d. Residence in Prince George's County, MD;

    e. Employment/school address and schedule;

    f. Have and maintain an operable telephone;

    g. Ability to reside with a cooperative family member willing to accept program rules;

    h. Be employed or willing to participate in full-time employment, education and/or training;

    i. References to establish community ties;

    j. Employment history;

    k. Past and present substance usage and abuse;

    l. Medical information (for any medication compliance requirements);

    m. Any other conditions ordered by the court, such as victim contacts, social media information, internet access, .etc.)

This process is outlined in PGCDOC Policy and Procedure 20.3 Pre-Trial Investigation Services (attached as exhibit 3). This information is required in order to determine the proper parameters of electronic monitoring for each individual defendant. Without proper home address verification, for example, GPS monitoring of a defendant's location would be meaningless, especially if there are stay-away orders or restrictions, established by the court, regarding the defendant's activities once the detainee is released. The time it takes to obtain this information can vary for each defendant, as it is based on the amount of time responses are received from external sources and involved individuals, such as employers and alleged victims. The time it takes also varies due to the limited number of case managers employed in the pre-trial services unit which is 3 permanent staff persons. Each case manager/investigator manages approximately 50 cases (detainees) at any given period of time which is a tremendously time-consuming caseload. Once PGCDOC determines that a defendant who has been ordered to pretrial release cannot satisfy one or more of these criteria, PGCDOC informs the court that issued the order for pretrial release ("the issuing court") and awaits further instructions.

A member of DOC's pre-trial services program, oftentimes it has been me , attends the courts' daily bond/bail review hearings. Prior to the hearings, the pre-trial services division investigators, working with very little time because the detainees were often arrested just a day or two earlier, attempt to gather as much information about a detainee as possible (home address, criminal record history, employment status, etc.) in order to provide the courts with necessary information upon their consideration of whether to refer (or "order" depending the vernacular used by the individual judges) a detainee to the pre-trial services program and at which level. The pre-trial services representative (pretrial investigations liaison) will often advise the court whether it is

2

**JA469**

likely or unlikely that a particular individual, based on the investigation conducted at that time, will qualify for a particular level of pre-trial release. Every effort is made to qualify individuals for pre-trial release because of the resources required to house detainees at the correctional facility.

Following a bond review hearing the Court sets a bail amount or, alternatively, no bail, and may refer or order the detainee to DOC's pre-trial release program for consideration of participation in the program and often at a specified level. Whether the Courts use the term "refer" or "order" it is universally understood that DOC will conduct an investigation and ultimately determine whether a detainee may participate in the pre-trial release program. Regardless, unless and until a detainee is ordered to be released by a judge, and/or posts a specified bail, the detainee is committed to the custody of DOC. If, following the Court's order, the Population Community Management Division and/or the Population Management Division determines that a detainee does not qualify for a level of pre-trial release, the division then notifies the court, in writing, of its determination. (attached as exhibit 4.) Counsel for the detainees may then request another bond review hearing and often do. When a detainee successfully qualifies for a level of pre-trial release, they are released from confinement within the correctional facility and can await their next court date from outside of the facility. However, there remains a commitment order from the court committing the detainee to the custody of DOC. Accordingly, the detainees are monitored by a case manager until the detainee's case is resolved or his/her commitment is changed. Even if a defendant is "court-ordered" for pretrial release, PGCDOC must ensure that its Electronic Monitoring criteria, as well as any additional criteria set by the court, are met prior to release in order to properly effectuate electronic monitoring. Pretrial release is conditional on meeting those criteria. This has been the practice for decades. The Courts are aware of this, as are criminal defense counsel. If defense counsel disagrees with the Unit's application of release criteria or contests its findings, they will seek court intervention. If an inmate ordered to pre-trial release does not qualify for it, the Court is notified and may then order the release anyway or revisit the inmate's bond status. The PGCDOC Community Supervision staff work exhaustively, attempting to find reasonable ways to effectuate releasing defendants, not the opposite.

Currently, there are 160 persons on pre-trial release level IV and a total of 90 on levels II and III (there are almost never any detainees on level I). The PGCDOC administration of a pre-trial release program is typical of others in the state. See for example, Anne Arundel County's which sets similar levels of pre-trial release, establishes its criteria and administers them. Their program can be viewed at https://www.aacounty.org/services-and-programs/pretrial-services.

All local jails to my knowledge that offer alternatives to incarceration establish and administer their criteria. In Prince George's County, no detainee is required to participate in the pre-trial release program – it is a program offered and funded by the PGCDOC. Because the Courts are familiar with its criteria and administration they often consider the jail's pre-trial release program as a potential acceptable alternative to incarceration for a detainee on an individual and particularized basis.

It has been my experience that in recent years, given the public safety concerns from a number of publicized cases, the Courts are very careful in their consideration of detainees for pre-trial release in certain cases, and DOC is also very careful in its investigations to determine qualifications for pre-trial release. A number of highly publicized tragedies have occurred as a result of detainees released on pre-trial release. Some of those were the subject of media articles found at the following:

2

**JA470**

https://www.wusa9.com/article/news/investigations/sylvia-matthews-michael-garrett-stalking-murder-investigation/65-8342ecc3-84cb-43a5-af72-79dee8129e65

https://www.washingtonpost.com/crime-law/2020/08/06/released-jail-height-pandemic-alexandria-rape-suspect-allegedly-killed-his-accuser/

https://www.washingtonpost.com/local/public-safety/darrell-moore-second-murder-charge/2021/05/12/3786cf54-b2a6-11eb-ab43-bebddc5a0f65_story.html

https://wtop.com/loudoun-county/2021/10/va-man-charged-in-hammer-death-of-wife-was-awaiting-trial-for-domestic-abuse/

In my capacity as Division Chief of the Population Management Division, I have general familiarity with the underlying criminal proceedings of each Plaintiff in *Frazier, et al. v. Prince George's County, Maryland, et al.*, United States District Court of Maryland, Case No. 8:22-cv-01768-PJM (the "Lawsuit"). Each Plaintiff is a current or former person detained in Prince George's County Detention Center. As of the writing of this affidavit, and with respect to the criminal proceedings discussed in the Lawsuit, the detention status of each Plaintiff is as follows:

Plaintiff Robert Frazier's status was altered in the Circuit Court on or about August 16, 2022 by the Honorable Judge Lawrence V. Hill, Jr. to release-on-recognizance so that he could be transferred to Virginia to handle a pending detainer. Mr. Frazier was transferred to Virginia on August 24, 2022, and released that same day after addressing the detainer. After returning to the Circuit Court, and following a bail review on August 25, 2022, Mr. Frazier was released.

Plaintiff Anibal Hernandez had a bond of $5,000 set by the Honorable Judge Katina Steuart at a bail hearing on or about July 25, 2022. After the bond was paid, Mr. Hernandez was released.

Plaintiff D.P. had a bond of $15,000 set by the Honorable Judge Jonas D. Legum at a bail hearing on or about August 17, 2022. After the bond was paid, D.P. was released. D.P.'s case was transferred to the Circuit Court and is scheduled for a hearing on November 2, 2022.

Plaintiff Christopher Butler is currently incarcerated in the Prince George's County jail. Plaintiff Christopher Daniel Butler had a No Bond set by the Honorable Ada Clark-Edwards at a bail hearing on or about October 28, 2021. The defendant had another bail review on or about February 18, 2022, and the judge court-ordered pretrial release only if the defendant was found eligible. However, the defendant was found ineligible due to the nature of the pending charge coupled with the defendant's mental health status. The defendant's attorney, Assistant Public Defender Ms. Allison Hedgepath, has filed a motion, for the defendant to have a reconsideration of bail, that is to be held sometime during November 2022.

Plaintiff Miramba Williams is currently incarcerated in the Prince George's County jail. Mr. Williams was found to be ineligible for release to Pretrial Services because of his active probation status and a detainer from Montgomery County, Maryland.

3

**JA471**

Plaintiff Donnell Davis remained detained through trial.  On January 7, 2021, Mr. Davis was found not guilty at trial and released.

Plaintiff Leslie Sharp was released on or about July 22, 2021, after the State of Maryland dismissed all charges against Mr. Sharp on the date of trial.

Plaintiff Elmer Laguan-Salinas had an unsecured bond set by the Honorable Patrice Lewis at a bail review on or about June 17, 2022.  Mr. Laguan-Salinas was then released.

Plaintiff Adrienne Worthington had an unsecured bond set by the Honorable Robert Heffron Jr. at a bail review on or about February 9, 2022.  Ms. Worthington was then released.

I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND BASED UPON MY PERSONAL KNOWLEDGE.

Jeffrey Logan

September 26, 2022
Date

4

# EXHIBIT

DISTRICT COURT OF MARYLAND
Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **3E00714640**   Tracking No: **190001224711**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **02**
Document Type: **STATEMENT OF CHARGES**   Issued Date: **05/29/2022**
Case Status: **CLOSED**   Case Disposition: **FORWARDED TO CIRCUIT COURT**

## Defendant Information

Defendant Name: **FRAZIER, ROBERT SYLVESTER**
Race: **BLACK, AFRICAN AMERICAN**
Sex: **M**   Height: **509**   Weight: **140**   DOB: **03/09/1982**
Address: **11 61ST NE #102**
City:     **WASHINGTON**   State: **DC**   Zip Code: **20019 - 0000**

## Charge and Disposition Information

Case transferred to Circuit Court. See Circuit Court case.

### Related Person Information

*(Each Person related to the case other than the Defendant is shown)*

Name:**WOODRUFF, OFFC**
Connection:**COMPLAINANT/POLICE OFFICER**
Agency Code: **DA**   Agency Sub-Code: **DIS3**   Officer ID: **3756**

Name:**PRYCE, MELISSA**
Connection:**ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
         **14735 MAIN ST., ROOM 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

### Event History Information

| Event Date | | Comment |
|---|---|---|
| DOCI | 05/29/2022 | **SC ISSUED 220529** |
| INIT | 05/29/2022 | **220529;00000000.00;HWOB;100; ;5235** |
| CMIT | 05/29/2022 | **DEFENDANT COMMITTED;220529;PGD** |
| BALR | 05/31/2022 | **220531;00000000.00;HWOB;100; ;0DD** |
| CMIT | 05/31/2022 | **DEFENDANT COMMITTED;220531;PGD;** |
| CMIT | 06/21/2022 | **DEFENDANT COMMITTED;220621;PGD** |
| CMIT | 06/28/2022 | **DEFENDANT COMMITTED;220628;PGD** |
| CCNO | 07/14/2022 | **CT220860X ;CIRCUIT COURT CASE NO.** |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**JA474**

# EXHIBIT

Circuit Court of Maryland

[Go Back Now](#)

**Case Information**

Court System:**Circuit Court for Prince George's County - Criminal System**
Case Number:**CT220860X**
Case Description:**Robert Sylvester Frazier**
Case Type:**Criminal Appeal**
Filing Date:**07/14/2022**
Case Status:**Active Status**

**Defendant/Respondent Information**

Party Type: **Defendant**   Party No.: **1**
Name: **Robert Sylvester Frazier**
Address: **11 61st St NE #102**
City:       **Washington**   State: **DC**   Zip Code: **20019**

**Other Party Information**

Party Type: **Victim Witness Coordinator**   Party No.: **4**
Name: **Sklyer J. Haug**

**Court Scheduling Information**

Event Type: **Initial Arraignment**
Event Date: **08/05/2022**   Start Time: **11:00:00**
Result:       **Initial Arraignment Moot**   Result Date: **07/18/2022**

Event Type: **Bond Hearing**
Event Date: **08/25/2022**   Start Time: **09:00:00**
Result:       **Bond Hearing Held**   Result Date: **08/25/2022**

Event Type: **Hearing**
Event Date: **08/16/2022**   Start Time: **13:30:00**
Result:       **Hearing Held**   Result Date: **08/16/2022**

Event Type: **Motions Hearing**
Event Date: **09/23/2022**   Start Time: **08:00:00**
Result:       Result Date:

Event Type: **Trial - Carry Over**
Event Date: **11/22/2022**   Start Time: **09:00:00**
Result:       Result Date:

Event Type: **Hicks Date**
Event Date: **01/14/2023**   Start Time: **09:00:00**
Result:       Result Date:

Event Type: **Trial**
Event Date: **11/21/2022**   Start Time: **09:00:00**
Result:       Result Date:

**Charge and Disposition Information**

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No.: **1**

**JA476**

Charge: **Firearm Posses w/ Felony Convi**

Charge Code: **PS5-133C**

Offense Date: **05/28/2022**

Arrest Tracking No: **190001224711**

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **2**

Charge: **Reg Firearm Illegal Possession**

Charge Code: **PS5-133B**

Offense Date: **05/28/2022**

Arrest Tracking No: **190001224711**

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **3**

Charge: **Transport Handgun on Roadway et al**

Charge Code: **4-203(A)(1)(II){t}**

Offense Date: **05/28/2022**

Arrest Tracking No: **190001224711**

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **4**

Charge: **Carry Handgun**

Charge Code: **4-203(A)(1)(I){c}**

Offense Date: **05/28/2022**

Arrest Tracking No: **190001224711**

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **5**

Charge: **Knowingly Alter Firearm ID Number**

Charge Code: **PS5-144(a)(2)**

Offense Date: **05/28/2022**

Arrest Tracking No: **190001224711**

*Disposition*

Disposition:    Disposition Date:

---

**Dockets**

*(Each Document listed. Documents are listed in Document No./Sequence No. order)*

Date:    **07/14/2022**

Document Name: **Indictment Grand Jury Ref PD**

Date:    **07/14/2022**

Document Name: **Presentment and Indictment for**

Date:    **07/18/2022**

Document Name: **Motion Filed**

Date:    **07/20/2022**

Document Name: **Sum w/cpy Indct Gvn Sherf Fd**

Date:    **07/18/2022**

Document Name: **Initial Arraignment Moot**

Date:    **07/22/2022**

Document Name: **PD Line, JT, Man/Disc Mot, fd**

**JA477**

| | |
|---|---|
| Date: | **07/22/2022** |
| Document Name: | **Statement of Charges Fd** |

| | |
|---|---|
| Date: | **07/22/2022** |
| Document Name: | **Commitment Pending Hearing** |

| | |
|---|---|
| Date: | **07/22/2022** |
| Document Name: | **No Contact/Stay Away-Victim** |

| | |
|---|---|
| Date: | **08/02/2022** |
| Document Name: | **Order of Court, filed** |

| | |
|---|---|
| Date: | **08/16/2022** |
| Document Name: | **Hearing Held** |

| | |
|---|---|
| Date: | **08/16/2022** |
| Document Name: | **Adult Daily Sheet, Filed** |

| | |
|---|---|
| Date: | **08/25/2022** |
| Document Name: | **Bond Hearing Held** |

| | |
|---|---|
| Date: | **08/25/2022** |
| Document Name: | **Adult Daily Sheet, Filed** |

| | |
|---|---|
| Date: | **08/30/2022** |
| Document Name: | **Order of Court, filed** |

| | |
|---|---|
| Date: | **09/09/2022** |
| Document Name: | **Conditions of Release, fd** |

| | |
|---|---|
| Date: | **09/16/2022** |
| Document Name: | **Motion Suppress Search/Seizure** |

| | |
|---|---|
| Date: | **09/21/2022** |
| Document Name: | **Motion for Continuance, fd** |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

# EXHIBIT

DISTRICT COURT OF MARYLAND
Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **5E00715391**   Tracking No: **190001145902**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **02**
Document Type: **STATEMENT OF CHARGES**   Issued Date: **06/23/2022**
Case Status: **ACTIVE**

## Defendant Information

Defendant Name: **HERNANDEZ, ANIBAL ERICK JR**
Race: **WHITE, CAUCASIAN, ASIATIC INDIAN, ARAB**
Sex: **M**   Height: **509**   Weight: **170**   DOB: **02/09/1993**
Address: **6815 DECATUR ST**
City:   **HYATTSVILLE**   State: **MD**   Zip Code: **20784 - 0000**

## Court Scheduling Information

Trial Date: **10/20/2022**   Trial Time: **10:00 AM**   Room: **262**
Trial Type:
Trial Location: **COURTHOUSE,14735 MAIN STUPPER MARLBORO 20772-3042**

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **003**   Description: **CDS: POSSESS-NOT MARIJUANA**
Statute:        Description:
Amended Date:    CJIS Code: **1 1111**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/22/2022**   To: **06/22/2022**   Victim Age:

Charge No: **004**   Description: **CDS: POSS MARIJUANA 10 GM+**
Statute:        Description:
Amended Date:   CJIS Code: **1 1564**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/22/2022**   To: **06/22/2022**   Victim Age:

Charge No: **005**   Description: **HANDGUN ON PERSON**
Statute:        **CR.4.203**   Description: **HANDGUN ON PERSON**
Amended Date: **08/24/2022**   CJIS Code: **1 5212**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/22/2022**   To: **06/22/2022**   Victim Age:

### Related Person Information

*(Each Person related to the case other than the Defendant is shown)*

Name: **MITCHELL, OFFR**
Connection: **COMPLAINANT/POLICE OFFICER**
Agency Code: **DA**   Agency Sub-Code: **NED**   Officer ID: **2723**

Name: **PRYCE, MELISSA**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address:  **DISTRICT PUBLIC DEFENDER**
          **14735 MAIN ST, ROOM 272B**

**JA480**

City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

Name: **EARNEST, RON**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
   **14735 MAIN ST., ROOM 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

**Event History Information**

| Event | Date | Comment |
|-------|------|---------|
| DOCI | 06/23/2022 | SC ISSUED 220623 |
| INIT | 06/23/2022 | 220623;00000000.00;HWOB;100; ;5098 |
| CMIT | 06/23/2022 | DEFENDANT COMMITTED;220623;PGD |
| BALR | 06/24/2022 | 220624;00000000.00;HWOB;100; ;0CX |
| CMIT | 06/24/2022 | DEFENDANT COMMITTED;220624;PGD; |
| BALR | 07/25/2022 | 220725;00005000.00;HDOB;010; ;0BI |
| CMIT | 07/25/2022 | DEFENDANT COMMITTED;220725;PGD |
| BOND | 07/25/2022 | 220725;00005000.00;PCT ; ; ;010 |
| RELS | 07/25/2022 | DEFENDANT RELEASED FROM COMMITMENT |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

# EXHIBIT

Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **5E00704415**   Tracking No: **180001450543**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **02**
Document Type: **STATEMENT OF CHARGES**   Issued Date: **10/27/2021**
Case Status: **CLOSED**   Case Disposition: **FORWARDED TO CIRCUIT COURT**

## Defendant Information

Defendant Name: **BUTLER, CHRISTOPHER DANIEL**
Race: **BLACK, AFRICAN AMERICAN**
Sex: **M**   Height: **508**   Weight: **120**   DOB: **09/13/1989**
Address: **500 QUARRY AVE**
City:   **CAPITOL HEIGHTS**   State: **MD**   Zip Code: **20743 - 0000**

## Charge and Disposition Information

| Case transferred to Circuit Court. See Circuit Court case. |
| --- |

### Related Person Information

*(Each Person related to the case other than the Defendant is shown)*

Name:**DEERE, SEAN**
Connection:**COMPLAINANT/POLICE OFFICER**
Agency Code: **DA**   Agency Sub-Code: **DIS4**   Officer ID: **1761**

Name:**HELDRETH, ALLISON**
Connection:**ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
            **14735 MAIN ST., ROOM 272**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

Name:**PRYCE, MELISSA**
Connection:**ASSISTANT PUBLIC DEFENDER**
Address: **14735 MAIN STREET, STE 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

### Event History Information

| Event | Date | Comment |
| --- | --- | --- |
| DOCI | 10/27/2021 | SC ISSUED 211027 |
| INIT | 10/27/2021 | 211027;00000000.00;HWOB;100; ;5231 |
| CMIT | 10/27/2021 | DEFENDANT COMMITTED;211027;PGD; |
| BALR | 10/28/2021 | 211028;00000000.00;HWOB;100; ;0BP |
| CMIT | 10/28/2021 | DEFENDANT COMMITTED;211028;PGD; |
| BALR | 10/29/2021 | 211029;00000000.00;HWOB;100; ;0BB |
| CMIT | 10/29/2021 | DEFENDANT COMMITTED;211029;PGD; |
| CCNO | 11/23/2021 | CT-211239X ;CIRCUIT COURT CASE NO. |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case*

*record into an electronic format.*

# EXHIBIT

Circuit Court of Maryland

<u>Go Back Now</u>

**Case Information**

Court System:**Circuit Court for Prince George's County - Criminal System**
Case Number:**CT211239X**
Case Description:**Christopher Daniel Butler**
Case Type:**Criminal Appeal**
Filing Date:**11/18/2021**
Case Status:**Active Status**

**Defendant/Respondent Information**

Party Type: **Defendant**   Party No.: **1**
Name: **Christopher Daniel Butler**
Address: **500 Quarry Avenue**
City:     **Capitol Heights**   State: **MD**   Zip Code: **20743**

## Attorney Information

Name:          **Allison Heldreth**
Attorney Type: **Attorney**
Address:       **Office of the Public Defender**
City:          **Upper Marlboro**   State: **MD**   Zip Code: **20772**

**Other Party Information**

Party Type: **Victim Witness Coordinator**   Party No.: **5**
Name: **Debbie-Ann K Burton**

**Court Scheduling Information**

Event Type: **Hicks Date**
Event Date: **05/23/2022**   Start Time: **09:00:00**
Result:     **Good Cause**   Result Date: **02/18/2022**

Event Type: **Initial Arraignment**
Event Date: **12/10/2021**   Start Time: **11:00:00**
Result:     **Initial Arraignment Moot**   Result Date: **11/24/2021**

Event Type: **Status Hear Specially Assign**
Event Date: **02/18/2022**   Start Time: **10:00:00**
Result:     **Assign Status Held in Chambers**   Result Date: **02/18/2022**

Event Type: **Bond Hearing**
Event Date: **07/26/2022**   Start Time: **13:30:00**
Result:     **Bond Hearing Cont in Court**   Result Date: **07/26/2022**

Event Type: **Bond Hearing**
Event Date: **02/18/2022**   Start Time: **10:00:00**
Result:     **Bond Hearing Held**   Result Date: **02/18/2022**

Event Type: **Hearing**
Event Date: **07/28/2022**   Start Time: **11:00:00**
Result:     **Hearing Held**   Result Date: **07/28/2022**

Event Type: **Motions Hear Specially Assign**

**JA486**

Event Date: **06/29/2022**   Start Time: **09:00:00**
Result:        **Assigned Motions Cont/In Court**   Result Date: **06/29/2022**

Event Type: **Motions Hear Specially Assign**
Event Date: **07/25/2022**   Start Time: **13:30:00**
Result:        **Assigned Motions Cont/In Court**   Result Date: **07/25/2022**

Event Type: **Motions Hear Specially Assign**
Event Date: **07/26/2022**   Start Time: **13:30:00**
Result:        **Assigned Motions Cont/In Court**   Result Date: **07/26/2022**

Event Type: **Motions Hear Specially Assign**
Event Date: **01/05/2023**   Start Time: **09:00:00**
Result:        Result Date:

Event Type: **Trial - Carry Over**
Event Date: **01/19/2023**   Start Time: **09:00:00**
Result:        Result Date:

Event Type: **Motions Hear Specially Assign**
Event Date:    Start Time:
Result:        Result Date:

Event Type: **Trial - Carry Over**
Event Date: **01/18/2023**   Start Time: **09:00:00**
Result:        Result Date:

Event Type: **Trial Specially Assigned**
Event Date: **01/17/2023**   Start Time: **09:00:00**
Result:        Result Date:

Event Type: **Bond Hearing**
Event Date:    Start Time:
Result:        Result Date:

Event Type: **Motions Hear Specially Assign**
Event Date:    Start Time:
Result:        Result Date:

**Charge and Disposition Information**

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **1**
Charge: **Common Law Murder**
Charge Code:        **CL114**
Offense Date:        **10/26/2021**
Arrest Tracking No: **180001450543**
*Disposition*
Disposition:    Disposition Date:

Charge No: **2**
Charge: **Use Handgun/Crime Of Viol/Comm**
Charge Code:        **4-204**
Offense Date:        **10/26/2021**
Arrest Tracking No: **180001450543**
*Disposition*
Disposition:    Disposition Date:

**Dockets**

**JA487**

*(Each Document listed. Documents are listed in Document No./Sequence No. order)*

| Date: | 11/18/2021 |
|---|---|
| Document Name: | **Indictment Grand Jury Ref PD** |

| Date: | 11/18/2021 |
|---|---|
| Document Name: | **Presentment and Indictment for** |

| Date: | 11/23/2021 |
|---|---|
| Document Name: | **Sum w/cpy Indct Gvn Sherf Fd** |

| Date: | 11/24/2021 |
|---|---|
| Document Name: | **Initial Arraignment Moot** |

| Date: | 11/24/2021 |
|---|---|
| Document Name: | **PD Line, JT, Man/Disc Mot, fd** |

| Date: | 11/30/2021 |
|---|---|
| Document Name: | **Statement of Charges Fd** |

| Date: | 11/30/2021 |
|---|---|
| Document Name: | **Commitment Pending Hearing** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Discovery, filed** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Mot Discovery & Inspection, fd** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Letter from Sao, filed.** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Letter from Sao, filed.** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Answer, filed** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Opposition Bill of Particulars** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Opposition to Def/Mot/Dism** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Notice of Intent Self Auth...** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Notice of Intent Self Auth...** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Not of Expert Witness Fd** |

| Date: | 12/10/2021 |
|---|---|
| Document Name: | **Not of Expert Witness Fd** |

| Date: | 12/14/2021 |
|---|---|
| Document Name: | **Memo: from State's Atty, filed** |

| Date: | 12/14/2021 |
|---|---|
| Document Name: | **Demand Bill of Particulars Fd** |

| Date: | 12/27/2021 |
|---|---|
| Document Name: | **Opposition / Answer** |

**JA488**

Date:               01/06/2022
Document Name: **Motion Filed**

Date:               02/01/2022
Document Name: **Order of Court, filed**

Date:               02/01/2022
Document Name: **Order of Court, filed**

Date:               02/18/2022
Document Name: **Bond Hearing Held**

Date:               02/18/2022
Document Name: **Assign Status Held in Chambers**

Date:               02/18/2022
Document Name: **Adult Daily Sheet, Filed**

Date:               02/18/2022
Document Name: **Adult Daily Sheet, Filed**

Date:               02/18/2022
Document Name: **Good Cause**

Date:               06/29/2022
Document Name: **Assigned Motions Cont/In Court**

Date:               06/29/2022
Document Name: **Adult Daily Sheet, Filed**

Date:               06/30/2022
Document Name: **Line, filed**

Date:               07/13/2022
Document Name: **Order of Court, filed**

Date:               07/22/2022
Document Name: **Order of Court, filed**

Date:               07/25/2022
Document Name: **Assigned Motions Cont/In Court**

Date:               07/25/2022
Document Name: **Adult Daily Sheet, Filed**

Date:               07/26/2022
Document Name: **Bond Hearing Cont in Court**

Date:               07/26/2022
Document Name: **Assigned Motions Cont/In Court**

Date:               07/28/2022
Document Name: **Hearing Held**

Date:               07/28/2022
Document Name: **Adult Daily Sheet, Filed**

Date:               08/16/2022
Document Name: **Notice of Intent, fd**

Date:               08/22/2022
Document Name: **Response, filed.**

Date:                08/22/2022
Document Name:   **Motion to Compel**

Date:                09/19/2022
Document Name:   **Order of Court, filed**

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**JA490**

# EXHIBIT

DISTRICT COURT OF MARYLAND
Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **2E00715535**   Tracking No: **180001569952**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **02**
Document Type: **STATEMENT OF CHARGES**   Issued Date: **07/01/2022**
Case Status: **ACTIVE**

## Defendant Information

Defendant Name: **WILLIAMS, MIRAMBA KINTE**
Race: **BLACK, AFRICAN AMERICAN**
Sex: **M**   Height: **603**   Weight: **180**   DOB: **10/03/1994**
Address: **2516 DAREL DR #102**
City:   **SUITLAND**   State: **MD**   Zip Code: **20746 - 0000**

## Court Scheduling Information

Trial Date: **11/17/2022**   Trial Time: **08:45 AM**   Room: **262**
Trial Type:
Trial Location: **COURTHOUSE,14735 MAIN STUPPER MARLBORO 20772-3042**

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **001**   Description: **CDS: POSS MARIJUANA 10 GM+**
Statute:      Description:
Amended Date:   CJIS Code: **1 1564**   MO/PLL:   Probable Cause:
Incident Date From: **06/30/2022**   To: **06/30/2022**   Victim Age:

Charge No: **003**   Description: **HANDGUN IN VEHICLE**
Statute:      **CR.4.203**   Description: **HANDGUN IN VEHICLE**
Amended Date:   CJIS Code: **1 0175**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/30/2022**   To: **06/30/2022**   Victim Age:

Charge No: **006**   Description: **REG FIREARM:ILLEGAL POSSESSION**
Statute:      **PS.5.133.(b)**   Description: **REG FIREARM:ILLEGAL POSSESSION**
Amended Date:   CJIS Code: **1 1106**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/30/2022**   To: **06/30/2022**   Victim Age:

Charge No: **007**   Description: **LOADED HANDGUN IN VEHICLE**
Statute:      Description:
Amended Date:   CJIS Code: **1 1454**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/30/2022**   To: **06/30/2022**   Victim Age:

Charge No: **008**   Description: **ILLEGAL POSS AMMO**
Statute:      **PS.5.133.1**   Description: **ILLEGAL POSS AMMO**
Amended Date:   CJIS Code: **1 1285**   MO/PLL:   Probable Cause: **X**
Incident Date From: **06/30/2022**   To: **06/30/2022**   Victim Age:

**Related Person Information**

**JA492**

*(Each Person related to the case other than the Defendant is shown)*

Name: **WIGMORE, OFFR**
Connection: **WITNESS/POLICE OFFICER**
Agency Code: **DA**  Agency Sub-Code: **DIS8**  Officer ID: **4163**

---

Name: **GUEVARA, OFFR**
Connection: **WITNESS/POLICE OFFICER**
Agency Code: **DA**  Agency Sub-Code: **DIS8**  Officer ID: **4139**

---

Name: **CLARK, CPL**
Connection: **WITNESS/POLICE OFFICER**
Agency Code: **DA**  Agency Sub-Code: **DIS8**  Officer ID: **3299**

---

Name: **GROCE, OFFR**
Connection: **COMPLAINANT/POLICE OFFICER**
Agency Code: **DA**  Agency Sub-Code: **DIS8**  Officer ID: **4210**

---

Name: **PRYCE, MELISSA**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
        **14735 MAIN ST SUITE 272B**
City: **UPPER MARLBORO**  State: **MD**  Zip Code: **20772 - 0000**

---

Name: **D'APPOLITO, ALAN D**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
        **14735 MAIN ST SUITE 272B**
City: **UPPER MARLBORO**  State: **MD**  Zip Code: **20772 - 0000**

---

**Event History Information**

| Event | Date | Comment |
|---|---|---|
| DOCI | 07/01/2022 | SC ISSUED 220701 |
| INIT | 07/01/2022 | 220701;00000000.00;HWOB;100; ;5197 |
| CMIT | 07/01/2022 | DEFENDANT COMMITTED;220701;PGD |
| BALR | 07/05/2022 | 220705;00000000.00;HWOB;100; ;0AG |
| CMIT | 07/05/2022 | DEFENDANT COMMITTED;220705;PGD; |
| BALR | 08/12/2022 | 220812;00000000.00;HWOB;100; ;9H5 |
| CMIT | 08/12/2022 | DEFENDANT COMMITTED;220812;PGD |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**JA493**

# EXHIBIT

DISTRICT COURT OF MARYLAND
Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **1E00721379**   Tracking No: **211001246374**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **01**
Document Type: **WARRANT**   Issued Date: **07/09/2021**
Case Status: **CLOSED**   Case Disposition: **FORWARDED TO CIRCUIT COURT**

## Defendant Information

Defendant Name: **LAGUAN-SALINAS, ELMER URIEL**
Race: **WHITE, CAUCASIAN, ASIATIC INDIAN, ARAB**
Sex: **M**  Height: **505**  Weight: **155**  DOB: **11/17/1991**
Address: **5200 FLINTRIDGE DRIVE**
City:     **HYATTSVILLE**   State: **MD**   Zip Code: **20783 - 0000**

## Charge and Disposition Information

| Case transferred to Circuit Court. See Circuit Court case. |
| --- |

### Related Person Information

*(Each Person related to the case other than the Defendant is shown)*

Name: **HERNANDEZ, PVT**
Connection: **COMPLAINANT/POLICE OFFICER**
Agency Code: **CC**   Agency Sub-Code: **HPD**   Officer ID: **0261**

Name: **STUART, CHRISTOPHER**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
         **14735 MAIN ST., ROOM 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

Name: **PRYCE, MELISSA**
Connection: **ASSISTANT PUBLIC DEFENDER**
Address: **DISTRICT PUBLIC DEFENDER**
         **14735 MAIN ST., ROOM 272B**
City: **UPPER MARLBORO**   State: **MD**   Zip Code: **20772 - 0000**

### Event History Information

| Event |  Date | Comment |
| --- | --- | --- |
| WARI | 07/09/2021 | 210709;ZP 16 ;1;ARR;D21009518-5 |
| WARS | 03/16/2022 | 220316;D21009518-5; |
| INIT | 03/16/2022 | 220316;00000000.00;HWOB;100; ;5219 |
| CMIT | 03/16/2022 | DEFENDANT COMMITTED;220316;PGD |
| BALR | 03/17/2022 | 220317;00000000.00;HWOB;100; ;0DA |
| CMIT | 03/17/2022 | DEFENDANT COMMITTED;220317;PGD; |
| CMIT | 04/15/2022 | DEFENDANT COMMITTED;220415;PGD |
| CMIT | 05/12/2022 | DEFENDANT COMMITTED;220512;PGD |
| BOND | 06/17/2022 | 220617;00025000.00;UPB ; ; ;100 |
| BALR | 06/17/2022 | 220617;00025000.00;HDOB;100;UPB ;9H5 |

**CMIT**   06/17/2022   **DEFENDANT COMMITTED;220617;PGD;**
**RELS**   06/17/2022   **DEFENDANT RELEASED FROM COMMITMENT**
**CCNO**   08/25/2022   **CT-221040X ;CIRCUIT COURT CASE NO.**

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

# EXHIBIT 1

Circuit Court of Maryland

Go Back Now

**Case Information**

Court System: **Circuit Court for Prince George's County - Criminal System**
Case Number: **CT221040X**
Case Description: **Elmer Uriel Laguan Salinas**
Case Type: **Criminal Appeal**
Filing Date: **08/16/2022**
Case Status: **Active Status**

**Defendant/Respondent Information**

Party Type: **Defendant**   Party No.: **1**
Name: **Elmer Uriel Laguan Salinas**
Address: **5200 Flintridge Drive**
City:   **Hyattsville**   State: **MD**   Zip Code: **20781**

## Attorney Information

Name:        **Allison Heldreth**
Attorney Type: **Attorney**
Address:      **Office of the Public Defender**
City:        **Upper Marlboro**   State: **MD**   Zip Code: **20772**

**Other Party Information**

Party Type: **Victim Witness Coordinator**   Party No.: **7**
Name: **Nina D. Castro**

**Court Scheduling Information**

Event Type: **Initial Arraignment**
Event Date: **09/12/2022**   Start Time: **11:00:00**
Result:        **Initial Arraign Cont in Court**   Result Date: **09/12/2022**

Event Type: **Motions Hearing**
Event Date: **11/10/2022**   Start Time: **08:00:00**
Result:        Result Date:

Event Type: **Initial Arraignment**
Event Date:   Start Time:
Result:        Result Date:

Event Type: **Trial**
Event Date: **12/06/2022**   Start Time: **09:00:00**
Result:        Result Date:

Event Type: **Trial - Carry Over**
Event Date: **12/07/2022**   Start Time: **09:00:00**
Result:        Result Date:

**Charge and Disposition Information**

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **1**
Charge: **Assault 1st Degree**

**JA498**

Charge Code:        **3-202**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **2**

Charge: **Use Handgun/Crime Of Viol/Comm**

Charge Code:        **4-204**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **3**

Charge: **Firearm Posses w/ Felony Convi**

Charge Code:        **PS5-133C**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **4**

Charge: **Reg Firearm Illegal Possession**

Charge Code:        **PS5-133B**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **5**

Charge: **Restrictions on possession of ammunition**

Charge Code:        **PS5-133.1**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **6**

Charge: **Assault 2nd Degree**

Charge Code:        **3-203**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **7**

Charge: **Reckless Endangerment**

Charge Code:        **3-204**
Offense Date:       **10/04/2020**
Arrest Tracking No: 211001246374

*Disposition*

Disposition:    Disposition Date:

---

Charge No: **8**

Charge: **Attempt - Home Invasion**

Charge Code:        **CL98**
Offense Date:       **10/04/2020**

**JA499**

Arrest Tracking No: **211001246374**

*Disposition*

Disposition:   Disposition Date:

---

Charge No: **9**

Charge: **Carry Handgun**

Charge Code:        **4-203(A)(1)(I){c}**

Offense Date:        **10/04/2020**

Arrest Tracking No: **211001246374**

*Disposition*

Disposition:   Disposition Date:

---

Charge No: **10**

Charge: **Wearing, carrying, or transporting a handgun loaded with ammunition**

Charge Code:        **4-203(a)(1)(v)**

Offense Date:        **10/04/2020**

Arrest Tracking No: **211001246374**

*Disposition*

Disposition:   Disposition Date:

---

**Dockets**

*(Each Document listed. Documents are listed in Document No./Sequence No. order)*

Date:        **08/16/2022**

Document Name:  **Indictment Grand Jury BW issue**

Date:        **08/16/2022**

Document Name:  **Presentment and Indictment for**

Date:        **08/19/2022**

Document Name:  **Bnch War Cpy Indct Gvn Sher Fd**

Date:        **08/18/2022**

Document Name:  **Motion to Amend Indictment, fd**

Date:        **08/24/2022**

Document Name:  **Order of Court, filed**

Date:        **08/26/2022**

Document Name:  **PD Line, JT, Man/Disc Mot, fd**

Date:        **09/10/2022**

Document Name:  **Bench Warrant Served**

Date:        **09/12/2022**

Document Name:  **Letter from Sao, filed.**

Date:        **09/12/2022**

Document Name:  **Initial Arraign Cont in Court**

Date:        **09/12/2022**

Document Name:  **Adult Daily Sheet, Filed**

Date:        **09/14/2022**

Document Name:  **Letter from Defendant Fd**

---

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

**JA500**

# EXHIBIT 11

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
 2                     SOUTHERN DIVISION

 3   _____
                                     )
     ROBERT FRAZIER, et al.,         )
 4                                   )
                        Plaintiffs,  )
 5                                   )
        v.                           )  Case No. 8:22-cv-01768-PJM
 6                                   )
     PRINCE GEORGE'S COUNTY,         )
 7   MARYLAND, et al.                )
                                     )
 8                     Defendants.   )
     _____)
 9
                                     Greenbelt, Maryland
10                                   August 17, 2022
                                     2:31 p.m.
11
                             TELEPHONE CONFERENCE
12              BEFORE THE HONORABLE PETER J. MESSITTE

13                   A P P E A R A N C E S

14   ON BEHALF OF THE PLAINTIFFS:

15        CIVIL RIGHTS CORPS
          1601 Connecticut Avenue, N.W., Suite 800
16        Washington, D.C.  20001
          BY:  ELLORA THADANEY ISRANI, ESQUIRE
17             (202) 894-6132
               ellora@civilrightscorps.org
18        BY:  JEREMY DAKOTA CUTTING, ESQUIRE
               (202) 844-4975
19             cody@civilrightscorps.org, ESQUIRE
          BY:  RYAN DOWNER, ESQUIRE
20             (202) 844-4975
               ryan@civilrightscorps.org
21
          INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
22        600 New Jersey Avenue, N.W.
          Washington, D.C.  20001
23        BY:  SETH DANIEL TYCHSEN WAYNE, ESQUIRE
               (415) 516-4939
24             sw1098@GEORGETOWN.EDU, ESQUIRE

25                        (Continued)
```

```
 1              A P P E A R A N C E S  (Cont'd)

 2        WilmerHale
          1875 Pennsylvania Avenue, N.W.
 3        Washington, D.C.  20006
          BY:  EDWARD HENDERSON WILLIAMS II, ESQUIRE
 4             (202) 663-6487
               Ed.Williams@wilmerhale.com
 5
          WILMER CUTLER PICKERING HALE AND DORR LLP
 6        1899 Pennsylvania Avenue, N.W.
          Washington, D.C.  20006
 7        BY:  MATTHEW T. MARTENS, ESQUIRE
               (202) 663-6921
 8             matthew.martens@wilmerhale.com

 9   ON BEHALF OF THE DEFENDANTS:

10        PRINCE GEORGE'S COUNTY OFFICE OF LAW
          Wayne K. Curry Administration Building
11        1301 McCormick Drive, Suite 4100
          Largo, Maryland  20774
12        (301) 952-5225
          BY:  ANDREW J. MURRAY, DEPUTY COUNTY ATTORNEY
13             (301) 952-3071
               ajmurray@co.pg.md.us
14        BY:  SHELLEY LYNN JOHNSON, ASSOCIATE COUNTY ATTORNEY
               (301) 952-5225
15             sljohnson@co.pg.md.us

16        OFFICE OF THE ATTORNEY GENERAL (Maryland)
          COURTS & JUDICIAL AFFAIRS DIVISION
17        200 St. Paul Place, 20th Floor
          Baltimore, Maryland  21202
18        BY:  KEVIN M. COX, CHIEF COUNSEL
               (410) 576-6388
19             kcox@oag.state.md.us
               JAMES O. SPIKER IV, DEPUTY CHIEF COUNSEL
20             (410) 576-6389
               jspiker@oag.state.md.us
21

22

23                  PATRICIA KLEPP, RMR
                   Official Court Reporter
24              6500 Cherrywood Lane, Suite 200
                  Greenbelt, Maryland  20770
25                     (301) 344-3228
```

**JA503**

1          THE COURT:  Sorry, my mistake.

2          MS. ISRANI:  Your Honor, I'm not sure where you cut

3    out.  I don't know if you want me to --

4          THE COURT:  Well, I gather you're saying some people

5    have been authorized for release and they're still being

6    detained; is that the short of it?

7          MS. ISRANI:  That's the short of it.  They're not

8    getting the relief that they have been asking for in state

9    court.  It's my understanding that almost all of them have had

10   multiple bail hearings, Mr. Frazier and D.P. as recently as

11   yesterday and today, and it sounds like, you know, the upshot of

12   that is that they are being detained.  And there are some other

13   details that I'm happy to go into, but we're just asking the

14   Court to take more immediate action.

15         I believe Your Honor said at the last conference that

16   you're concerned about the named plaintiffs, as we are too, and

17   we're procedurally prepared to do whatever the Court wants to

18   effectuate the -- you know, file a more formal motion, do

19   expedited briefing, resolve it here today, do mediation,

20   whatever it is, for this -- document for more immediate relief

21   for these four folks involved and authorized through an order of

22   release.

23         THE COURT:  I gather, though, that you've got the

24   letter dated August 4, 2022 that indicates -- makes reference to

25   various of the detainees.  Is it signed by Ms. Johnson?

**JA504**

1  weeds on this, but Mr. Frazier did have a hearing in state court

2  yesterday.  My understanding is that the upshot is, he remains

3  detained, but there was extensive conversation about the fact

4  that this is a traffic warrant and there was no deliberate

5  intent to flee; he just thought the warrant was -- he just -- he

6  thought the case was closed.

7          So all of this is to say, you know, this is a

8  conversation about the merits of whether, you know, the detainer

9  warrant is ongoing detention in Prince George's County.  This is

10  a conversation that should have been had in open state court in

11  Prince George's County, with consideration of alternatives, with

12  a discussion of whether this traffic warrant relates to

13  community safety or flight risk, and it is not a decision for

14  Pretrial Services to make behind closed doors.  This should have

15  happened in court, and it did not, which is why we're in federal

16  court in the first place.

17          THE COURT:  Well, before I comment -- no need to

18  comment more on that.  Is there somebody else who's subject to a

19  detainer that you want to address, Mr. Murray or Ms. Johnson?

20          MS. JOHNSON:  D.P. is also subject to a detainer, but

21  I believe that he actually had a bond review hearing yesterday,

22  and a $15,000 bond was set for him.  So if he -- if any of his

23  family satisfy that bond, then he will be released, and the

24  detainer -- I guess, whatever, the, you know, jurisdiction has

25  been notified so they can --

1          THE COURT:  No, wait a minute; I want to hear the rest

2     from the defendant, for Prince George's.  Anyone else that is

3     subject to a detainer that's still being held?

4          MS. JOHNSON:  No, I do not believe so, Your Honor.

5          THE COURT:  Okay.  All right, Ms. Israni?

6          MS. ISRANI:  Yes.  I just wanted to clarify a couple

7     of things.  First of all, I believe D.P.'s warrants are out of

8     Fairfax, and second of all, I don't know that his -- whether his

9     family can afford a $15,000 bond.

10          THE COURT:  Well, Ms. Israni, I'm amazed that you are

11     raising this issue with a federal judge.  These are issues that

12     get raised with the state court.  You have a right to appeal to

13     the Court of Special Appeals on this, and you're asking me to

14     second-guess what the trial judge said or did, and you're asking

15     me to second-guess whether or not the detainer is extraditable

16     or not.

17          I've never done that.  In 37 years on the bench, I've

18     never heard of this sort of thing, where I have to go back and

19     check each individual, as you're asking now, to see whether

20     someone is validly subject to a detainer.  One of the reasons

21     I'm asking the defendant now is, if they've got a document,

22     they're worried about whether there's a detainer, where it's

23     from and what it's for, they can demonstrate that to you.

24          I want to be clear to you now, I'm not going to say

25     that someone should be released when they're subject to a

1    cannot honor detainers from other jurisdictions.

2          What the circumstances are is that our clients are

3    being held by the Prince George's County defendants on

4    Prince George's County orders, on Prince George's County bail

5    orders.  I mean, because of those Prince George's County bail

6    orders, they can't go to the other jurisdictions to resolve them

7    other than here.

8          There -- the subtlety there is, they've been facing

9    that Prince George's County, behind closed doors, despite

10   authorization from the Court, is -- they refuse to release

11   folks, is, they're saying that one of their criteria for -- for

12   bail release in Prince George's County is their own decision

13   that a detainee is someone who has bail in Prince George's

14   County, funding within Prince George's County, regardless of

15   what happens in that other jurisdiction.

16         THE COURT:  Yes.  Well, somebody, presumably, wants to

17   respond to that statement.  Mr. Murray, Ms. Johnson from the AG?

18         MS. JOHNSON:  Yes, Your Honor.

19         THE COURT:  Who's speaking?

20         MS. JOHNSON:  This is Shelley Johnson.  I think what I

21   have submitted to this Court shows that each warrant of an

22   individual has had numerous, not one, not two, not three, but

23   several bond issues, where all of this information about

24   detainers, and probation, and the charges have been brought up

25   by their, you know, public defendant.  And they have -- and they

1  made those arguments that Plaintiff is making now, and they have

2  been rejected by the Court.  And they have been helped or they

3  have been told that they need to have -- they need to meet

4  certain criteria.  So this -- the decision is not made behind

5  closed doors, and I think that phrasing is confusing and is not

6  accurate.

7      What the process is and what I wanted and my opinion

8  is that -- it just is not being accepted -- is that the Court

9  referred plaintiffs to Pretrial Services for evaluation.  If

10  they have found they met the criteria, they are -- they are not,

11  they are referred back to the Court to indicate the reasons why

12  they are not meeting the criteria.  Then the Judge makes the

13  decision on whether or not that is acceptable or not.  We are

14  not -- the County is not holding anybody that has bail.

15      And that was what the Court's ultimate question was,

16  you know.  In our last telephone conference hearing, you

17  wanted -- the Court wanted to know if we were holding anybody in

18  violation of a court order, telling them to waive.  The filings

19  that I have and the documents that I submitted show, clearly,

20  that we are not finished yet, and every day, these individuals

21  are having another bond hearing where these arguments that

22  Plaintiffs' counsel is making can be made to the state judge,

23  who has the jurisdiction and has the authority to make those

24  decisions.

25      And what the -- and what we are hearing, defense

1    plaintiffs, I think, it's only those four.  If -- as Ms. Johnson

2    was saying, if there are other reasons behind -- besides the

3    detainers that these people are being held, that can be

4    assessed.

5         I -- we did not see that in the filing anywhere, and

6    so we did request those explanations quickly, but more than

7    that, all we're asking the Court to do is to require that these

8    people receive -- you know, it doesn't matter how many

9    constitutionally insufficient bail hearings these people get.

10   All we're asking is for them to get some more immediate relief

11   from the current briefing schedule and for them, you know, not

12   to be held because of the very fact that they have a detainer,

13   which, as think Mr. Wayne explained, is not -- we believe is

14   illegal.

15        THE COURT:  Well, again, I'm not sure why we're in

16   federal court on this at all, frankly.  I mean, you've got a

17   situation where obviously, your clients and counsel are not

18   satisfied with the answers you're getting from the Judge.  And

19   the Judge is frankly ordinarily not authorized to simply ignore

20   a detainer and say, I don't think this is a very serious matter,

21   I think I'll let this person go, even though there's a detainer

22   for what looks to be like a traffic offense.

23        I just never heard that argument, in 37 years, ever

24   made.  Maybe you're going to be the first to make it, but if

25   that's what you're asking for, you've got a steep hill ahead,

1    and --

2         MR. WILLIAMS:  Your Honor --

3         THE COURT:  Who's speaking, please?

4         MR. WILLIAMS:  I apologize, Your Honor; I didn't mean

5    to cut you off.

6         THE COURT:  Who is speaking, please?  Who's speaking?

7         MR. WILLIAMS:  This is Mr. Williams, Your Honor.

8         THE COURT:  All right, go ahead.  Go ahead.

9         MR. WILLIAMS:  Your Honor, I want to be clear, because

10   I think this is -- I believe you've been [AUDIO GAP] on this,

11   and I want to make sure that we're not giving the Court the

12   wrong impression, but they are not being held -- per our

13   argument -- and we're not taking their -- we aren't taking

14   [AUDIO GAP] detainer from another jurisdiction and can't hold

15   someone because of the detainer.

16        And that is not why [AUDIO GAP] that they're being

17   held. They aren't being held simply on detainers from other

18   jurisdictions.  They're being held on -- by the Prince George's

19   County defendants following an authorization for release.

20   I think that the Prince George's County Judges have authorized

21   the Prince George's County defendants to release people on their

22   bail order or on Prince George's County bail conditions.  In

23   that case, if they do have a detainer from another jurisdiction,

24   if they're released, they could go to that other jurisdiction

25   and resolve that case.

```
1              THE COURT:  Well, wait a minute, that's not way it
2    works.  They actually are transferred.  You're not ordinarily
3    released and you walk out and do what you do and show up on the
4    detainer; you're often removed right from the jurisdiction A to
5    jurisdiction B.  You're held in the end.
6              MR. WILLIAMS:  Yeah, yeah, I know.
7              THE COURT:  So I'm not sure what you're saying.
8              MR. WILLIAMS:  Yeah, Your Honor -- I apologize, Your
9    Honor.  I --
10             THE COURT:  Let -- travel -- travel with me -- look,
11   travel with me a little bit, here.  You've got somebody subject
12   to a detainer who may be wanted for a major felony in another
13   jurisdiction.  They are not reasonably going to be let out by
14   jurisdiction A and find their way to jurisdiction B to answer a
15   detainer.  They're going to be transported at some point, a
16   reasonable point, mind you, from A to B.  They're not going to
17   be out on the street in the meantime, and I wouldn't consent to
18   that myself.  I don't care what they --
19             MR. WILLIAMS:  I -- I --
20             THE COURT:  Let me say something to you beyond that.
21   We haven't even gotten to the briefing, but whether you think a
22   Prince George's County Judge has authority to ignore a detainer,
23   regardless of what other conditions he puts on, that's a serious
24   question.
25             I seriously doubt that a Prince George's County trial
```

1  judge or any Circuit Court judge has authority to say, I'm not

2  going to honor a detainer from another jurisdiction.  I've never

3  heard that argument.  It sure is fairly briefed by the defendant

4  that that kind of -- and look, whether or not there are other

5  reasons, as Ms. Johnson suggests, that they're being held, so be

6  it.  The detainer itself is sufficient, from my standpoint, to

7  justify their continued detention until the detainer is honored,

8  but how they actually make the transport, whether they want to

9  let the person out and show up for his detainer, the answer to

10  that is maybe, but the answer is also maybe not.

11          So again, I'm not quite sure where -- look --

12          MR. WAYNE:  I -- I think I can clarify this,

13  hopefully.

14          THE COURT:  Who is -- tell me who's speaking, please.

15          MR. WAYNE:  This is Mr. Wayne.  Mrs. Isani --

16          THE COURT:  All right.

17          MR. WAYNE:  I'm not here to -- I certainly agree with

18  Your Honor, in the case of detainers, some folks are not

19  released and we have to transfer to the jurisdiction.

20  Regardless, the detainer will be the basis for their detention

21  and will result in them getting transferred, and that detainer

22  will be handled per process of law as a standard detainer

23  situation.  We're certainly not arguing that that can't take

24  place, and we're not arguing that the Court should not honor

25  detainers from other jurisdictions.  That is not our argument.

1   or not someone gets pretrial bail is made by a County person and

2   not by the Judge, that that decision is unconstitutional, and

3   that's why we're seeking relief for these defendants.  And there

4   were -- our ask is simply that either we find an expedited way

5   to find relief, whether that's to file a new motion, or doing

6   some other process later on for these named plaintiffs

7   specifically.

8          THE COURT:  Response from the defendant?  I haven't

9   heard from the Attorney General, but perhaps this is still with

10  the County.  But I'd like a response.

11         MS. JOHNSON:  Your Honor, this is Shelley Johnson

12  again.  Using [AUDIO GAP] as an example, and I think I just

13  pulled up -- I think we'll pull up her documents [AUDIO GAP],

14  the argument that plaintiff's counsel had made, again, has been

15  made in state court, and we have filed motions for bond review

16  hearings where we typically have stated that the Court has

17  ordered pretrial release but the criminal defendant is not being

18  released, and the Circuit Court held a hearing on that matter

19  and denied the request.

20         They have -- Office of Public Defender has also filed

21  motions to show cause because the Office of the Public Defender

22  has made that argument that they are being held, they've been

23  ordered released, and in fact, they have not, they've been

24  ordered to be reviewed by Pretrial Services, and the Court has

25  had BOP show up and explain in open court the same thing that I

1  have explained here and in my papers, that this is a referral to

2  be evaluated, and if they meet their terms, they are released;

3  if not, they go back to Circuit Court and the Court reviews it

4  again.

5          So these arguments that they are making are not new

6  arguments.  They are the same arguments the Office of the Public

7  Defender has unsuccessfully made in state court, and that's why

8  Plaintiffs now -- are now again trying to circumvent and have

9  the federal court skip over this function for -- and I mean,

10  essentially, that's what they're asking you to do; they're

11  asking you to have an expedited bond hearing and for your order

12  to overrule what the state court has already evaluated and made

13  a decision about.

14          THE COURT:  All right.  I don't want to --

15          MS. JOHNSON:  When you ask --

16          THE COURT:  No, I really don't want to -- sorry,

17  folks, I don't want to spend any more time on this now.  You've

18  got to remember, there's a lawsuit pending.  Whether the federal

19  court even has jurisdiction to do anything in this case hasn't

20  even been decided yet.  As a practical matter, I did ask a very

21  narrow question before, which was whether anybody was being held

22  with an order to be released and there was no other reason for

23  holding them, and the answer is, there's nobody subject to that.

24          Now, whether or not the County is looking at the

25  reasons for denying release, if there is a detainer in effect,

1  that's a good -- good enough for me right now.  I am not going

2  to say someone subject to a detainer should be released because

3  a Prince George's County trial judge said something or the

4  department that has some authority said something else.

5       If there's a detainer, and certainly, the defendant

6  can show the paperwork that there is, that person, pending the

7  outcome of the case and maybe ever after, until the detainer is

8  discharged, will remain in custody.  I'm not going to make any

9  kind of interim, week-by-week kind of decision about these

10  folks.

11       All I wanted to do was be clear that there was nobody

12  being detained who didn't have a reason for their detention.

13  And again, I am not recognizing that even if this were the

14  case -- and Ms. Johnson says it's not -- that the trial judge in

15  Prince George's County says, Release him, and we're not going to

16  pay attention to the detainer -- I'm sure that in all the bond

17  hearings that have allegedly been held recently, the Judges have

18  heard this, that there's a detainer, but the standard practice

19  is, if there's a detainer, it's honored, whether it's done by an

20  administrative officer or by the Judge.  That trumps everything

21  else.  And that's where we are.

22       And certainly, on an interim basis now, there's no

23  reason for this Court to interfere in what the state court

24  judges are deciding.  If you've got a really appealable

25  constitutional issue, try interlocutory appeal through the Court

**JA515**

1  Pretrial Services to be reviewed for eligibility for release.

2  He was not ordered to be released, and those are two very

3  important distinctions, and no matter how much Plaintiff's

4  counsel wants to point to his order, that is not what those

5  orders mean, and every public defender in Prince George's County

6  knows that and has known that for over a decade.

7  THE COURT:  Well, look, let's take Butler and wrap

8  this up, if that's his case, as quickly as we can.  If there's

9  some confusion about whether this man, notwithstanding the

10  nature of the charges, which are about as serious as you could

11  get, that has been ordered by Judge Serrette to be released, I

12  suggest that either the prosecutor -- and maybe Mr. Cox, you've

13  got to get one of your people to do this, get on the case, or

14  someone from the County's Attorney's Office, get on the case and

15  get a clarification in any event to determine why, in the face

16  of these charges, the argument is being made that he should be

17  released.  If I had authority, and I don't know that I do, I

18  would never order release of this man, now, given the nature of

19  the charges.

20  There might have been an oversight by the Judge, or as

21  Mr. Cox says, it may pertain to something entirely different,

22  but this is the kind of thing which on the fly -- which is what

23  we're doing today; we've never even gotten anywhere near the

24  merits of the case -- I'm asked to makes a decision.  And I

25  shouldn't be doing this.  I mean, I was trying to take, I felt,

## AFFIDAVIT OF GUY MERRITT AS TO
## PLAINTIFF ELMER LAGUAN-SALINAS

My name is Guy Merritt. I am over 18 years of age and am competent to testify. The following statements are made from my personal knowledge:

In my capacity as Deputy Director of Prince George's County Department of Corrections, I have general familiarity with the underlying criminal proceedings of each Plaintiff in *Frazier, et al. v. Prince George's County, Maryland, et al.*, United States District Court of Maryland, Case No. 8:22-cv-01768-PJM (the "Lawsuit"). As a supplement to Jeffrey Logan's September 26, 22 affidavit in this matter, the detention status of Plaintiff Elmer Laguan-Salinas is that he is currently being held without bond by Court Order in case of CT221040X, which prior to his indictment on August 16, 2022 and arrest on September 10, 2022, was District Court Case No. 1E00721379. Plaintiff has been detained and held without bond since on or about September 10, 2022.

I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND BASED UPON MY PERSONAL KNOWLEDGE.

_____
Guy Merritt

_____
10/7/2022
Date

**JA517**

# EXHIBIT 1

## AFFIDAVIT OF GUY MERRITT AS TO
## PLAINTIFF ELMER LAGUAN-SALINAS

My name is Guy Merritt. I am over 18 years of age and am competent to testify. The following statements are made from my personal knowledge:

In my capacity as Deputy Director of Prince George's County Department of Corrections, I have general familiarity with the underlying criminal proceedings of each Plaintiff in *Frazier, et al. v. Prince George's County, Maryland, et al.*, United States District Court of Maryland, Case No. 8:22-cv-01768-PJM (the "Lawsuit"). As a supplement to Jeffrey Logan's September 26, 22 affidavit in this matter, the detention status of Plaintiff Elmer Laguan-Salinas is that he is currently being held without bond by Court Order in case of CT221040X, which prior to his indictment on August 16, 2022 and arrest on September 10, 2022, was District Court Case No. 1E00721379. Plaintiff has been detained and held without bond since on or about September 10, 2022.

I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND BASED UPON MY PERSONAL KNOWLEDGE.

_____
Guy Merritt

_____
10/7/2022
Date

**JA519**

# EXHIBIT 2

| Plaintiff | Arrest Date | Most Serious Charge | Initial Appearance and Bail Reviews[1] | Detention Status | Judge Defendants Claimed Against | Current Court and Case Status |
|---|---|---|---|---|---|---|
| Frazier | 5/28/22 | Firearm poss. w/ felony conviction | District Court: 5/29/22; 5/31/22; 6/21/22; 6/28/22<br><br>Circuit Court: 8/16/22; 8/25/22 | Not detained | Bereano Clark-Edwards | Circuit Court Trial – 11/21/22 |
| Hernandez | 6/22/22 | CDS import into state | District Court: 6/23/22; 6/24/22; 7/25/22 | Not detained | Allen | District Court Trial – 10/20/22 |
| D.P. | 6/16/22 | Armed robbery | District Court: 6/16/22; 6/21/22; 6/28/22; 8/17/22 | Not detained | Clark-Edwards Denton | Hearing – 11/2/22 |
| Butler | 10/27/21 | Murder, 2nd deg. | District Court: 10/27/21; 10/28/21; 10/29/21<br><br>Circuit Court: 2/18/22; 7/26/22 | Detained | Serrette | Circuit Court Trial – 1/17/23 |
| Williams | 6/30/22 | Firearm/Drug traff. crime | District Court: 7/1/22; 7/5/22; 8/12/22 | Detained | Powell | District Court Trial – 11/17/22 |
| Davis | 10/9/20 | Assault, 1st deg. | District Court: 10/8/20; 10/9/20; 11/9/20; 12/16/20 | Not detained | Heffron Jr.<br><br>Cobb Smith | Case Closed |
| Sharp | 6/11/21 | Assault, 2nd deg. | District Court: 6/12/21; 6/14/21; 6/24/21; 7/14/21 | Not detained | Carrington Varner Lewis | Case Closed |
| Laguan-Salinas | 3/15/22 | Assault, 1st deg. | District Court: 3/16/22; 3/17/22; 5/12/22; 6/17/22 | Detained | Cobb Smith | Circuit Court Trial – 12/6/22 |
| Worthington | 12/23/21 | Assault, 1st deg. | District Court: 12/24/21; 12/28/21; 2/9/22 | Not detained | Bielec | Case Closed |

---

[1] Despite Plaintiffs' general and vague contention that "motions for subsequent bail review hearings are often denied without a hearing," ECF No. 1, Compl. ¶ 59, not a single request for bail review by any Plaintiffs has ever been denied.

# EXHIBIT 4

DocuSign Envelope ID: 49C8600E-30CE-4C7F-A3F4-A04CB8E25983

## DECLARATION OF DYAN OWENS

I, Dyan Owens, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant Public Defender and District Court Supervisor at the Maryland Office of the Public Defender ("OPD") in Montgomery County. Previously, I was a public defender in Washington County and Baltimore City. I have worked at OPD for five years.

2. As an Assistant Public Defender, among other duties, I represent clients at bail review hearings and supervise other public defenders at bail review hearings. In my five years at OPD, I have represented hundreds of clients at bail review hearings.

3. When a person is arrested and charged with a crime in Montgomery County, they appear in front of a Commissioner for an initial appearance. If the person remains detained after that initial appearance, they appear in front of a judge for a bail review hearing on the next business day.

4. Pretrial supervision in Montgomery County is conducted by the Pretrial Services Unit ("PTSU") of the County Department of Corrections.

5. At bail review hearings, a representative from the PTSU is present and makes a recommendation to the court about whether the arrested person should be released under the PTSU's supervision.

6. The PTSU representative also lists, at the hearing, any conditions of release that the unit thinks would be necessary in addition to PTSU supervision, *e.g.*, a curfew or GPS monitoring.

7. At bail review hearings, after the court has heard from both parties and the PTSU, the court sets bail in the case. Possible outcomes are a secured or unsecured cash bond (with or

without non-financial conditions), hold without bond, and release with or without PTSU supervision.

8. If the judge orders PTSU-supervised release, the judge will state at the bail review hearing if there are going to be additional conditions attendant to supervised release—for example, a stay-away order or mental health or substance abuse counseling.

9. Sometimes, the judge will say they are ordering release but leave certain specifics of the conditions up to the PTSU—for example, the judge will impose a curfew but leave the time of the curfew up to the PTSU—or say that the PTSU can impose additional conditions that it deems necessary. However, in these circumstances, the court still makes the release decision, not the PTSU.

10. While the court values PTSU's input, it may decide against it. In some cases, the court orders release on PTSU supervision even though the PTSU representative at the hearing has stated that the unit recommends against supervised release. In such instances, despite their objection, PTSU still releases and supervises the person.

11. As such, if the court orders release on PTSU supervision, the PTSU is not allowed to not release the person (unless specific conditions previously ordered by the court itself have not been met).

12. The main obstacle to release after a bail review hearing (on PTSU supervision or otherwise) is if the PTSU is unable to verify an address for the person. If that happens, a case manager at the jail notifies defense counsel, or the PTSU notifies the detained person themselves. Defense attorneys are then generally able to file motions and be heard in court within a few days, and the court generally works with us to try and get our clients released through other means.

DocuSign Envelope ID: 49C8600E-30CE-4C7F-A3F4-A04CB8E25983

13. It is the court's criteria, not the PTSU's, that determine release. Sometimes the PTSU will object to supervised release at the bail review hearing because the detained person resides outside Montgomery County, and the PTSU prefers not to supervise out-of-county residents. In such instances, the court sometimes still orders PTSU to release and monitor someone, even if the PTSU has recommended against participation in PTSU.

14. When I worked in Baltimore City, which has its own pretrial supervision unit, it was sufficient for people to provide an address in order to be released. Pretrial did not have to "verify" the address.

15. If a person who is "released" from Montgomery County's jurisdiction, on PTSU supervision or otherwise, has an out-of-county detainer, they are transported to that other jurisdiction in order to deal with that detainer. The fact that someone has a detainer is not a reason that a person cannot be released on PTSU supervision; it just means that instead of being released into the community, the person will be released into the other jurisdiction's custody or instructed to turn themselves in to the other jurisdiction's custody within a set time period.


I declare under penalty of perjury that this declaration is true and correct.

Executed on ___10/7/2022_____.

Dyan S. Owens
Assistant Public Defender

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM ORDER

TO:        Counsel of Record

FROM:      Judge Peter J. Messitte

RE:        Fraizer v. Prince George's County, Md.
           No. 22-cv-1768

DATE:      October ⟨25⟩, 2022

* * *

For the reasons stated on the record during today's hearing on Defendants' Motions to Dismiss (ECF Nos. 64, 66), the Court hereby **ORDERS**:

1.  The County Defendants' Motion to Dismiss (ECF No. 64) is **GRANTED** with respect to the Individual County Defendants Correnne Labbé, Jeffrey Logal, Kenneth Gray, and Tanya Law, who were sued only in their official capacities.

2.  Ruling on the Motions to Dismiss of the County and the Judges (ECF Nos. 64, 66) is **DEFERRED** in all other respects.

3.  The hearing on Plaintiffs' Motion for Preliminary Injunction originally scheduled for November 8–9, 2022 is **CANCELLED**. The Court will consider the extent to which, if at all, hearing on the Motion will be re-scheduled.

4.  Within thirty (30) days of entry of this Order, counsel for Plaintiffs shall provide copies of the following documents to the Court and to counsel for Defendants with respect to each of the named Plaintiffs:

    a.  All petitions for all bail reviews;

    b.  Transcripts of all bail review hearings;

    c.  All written judicial decisions regarding bail determinations by any Judge Defendant;

    d.  All worksheets and final forms prepared or compiled by Pre-Trial Release authorities relative to the named Plaintiffs.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Peter J. Messitte
United States District Judge

CC:    Court file
       Counsel of Record