IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

ROBERT FRAZIER, *et al.*, individually and on behalf of a class of similarly situated persons,

           Plaintiffs,

           v.

PRINCE GEORGE'S COUNTY, MARYLAND, *et al.*,

           Defendants.

Case No. _____

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs, on behalf of themselves and those similarly situated, have moved for a Preliminary Injunction against Defendants Prince George's County; Corenne Labbé, in her official capacity as Director of the Prince George's County Department of Corrections; Jeffrey Logan, in his official capacity as Division Chief of the Prince George's Population Management Division; Kenneth Gray, in his official capacity as Section Chief of the Prince George's Supervision Management Section; and Tanya Law, in her official capacity as Unit Chief of the Prince George's County Monitoring Services Unit (collectively, "County Defendants"). Evidence in the record demonstrates that Plaintiffs are likely to succeed on the merits of their claims that County Defendants do not comply with the due process requirements of the Fourteenth Amendment to the U.S. Constitution or Article 24 of the Maryland Declaration of Rights. The remaining factors also

1

favor the issuance of an injunction. As such, Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**.

It is hereby **ORDERED** that the County Defendants are enjoined from detaining at the Prince George's County Detention Center any person who has been arrested for a criminal offense and who has not received, at a minimum, the following procedural and substantive safeguards:

A. **Timing.** A person who has been arrested must receive a meaningful, individualized hearing within a reasonable time period after arrest, and no later than 48 hours after arrest, at which a judicial officer determines whether the person's ongoing detention is necessary using the standard and policies outlined below. If no judicial officer has determined that the person's ongoing detention is necessary after a reasonable time period, no more than 48 hours, the person must be released.

B. **Substantive Standard.** No person may be detained prior to conviction unless a judicial officer has made a finding, after complying with all procedural requirements in subsection C of this order, that no condition or combination of conditions of release will reasonably protect the safety of the community or ensure that the person returns to court and has issued an order mandating detention. No referral of a case to the County Defendants by a judicial officer that gives discretion to the County Defendants to determine whether, when, and under what circumstances to release the person shall be construed as an order meeting the substantive and procedural requirements for detention.

C. **Procedural Requirements.** In order to determine whether a person's ongoing detention is necessary in accordance with the standard above, the person must be given a meaningful, individualized hearing that includes:

1. Representation by counsel;

2. Notice to the individual of the purpose of the hearing;

3. A neutral and detached decision-maker, *i.e.*, a judicial officer;

4. The opportunity to be heard and present evidence;

5. The opportunity to rebut evidence presented by the State;

6. A clear-and-convincing evidentiary burden, borne by the State;

7. Consideration of the necessity of detention in relation to the State's compelling interests (*i.e.*, protecting community safety and against non-appearance);

8. Consideration of the least restrictive conditions of release that will reasonably protect community safety and ensure return to court;

9. Verbal or written findings of fact and a statement of reasons for the outcome.

It is further **ORDERED** that the security requirement in Fed. R. Civ. P. 65(c) is hereby waived.

**SO ORDERED**, this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE